Philip Nelson, OSB No. 013650
phil@slindenelson.com
Keith A. Pitt, OSB No. 973725
keith@slindenelson.com
Theodore E. James III, OSB No. 213748
ted@slindenelson.com
SLINDE NELSON
425 NW 10th Avenue Suite 200
Portland, OR  97209
Telephone: (503) 417-7777
    *Of Attorneys for Defendant Heather Schiappacasse*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| VERITAS ALLIES LLC, an Oregon Limited Liability Company,<br><br>                              Plaintiffs,<br><br>        v.<br><br>CYNTHIA FREE, an individual, and HEATHER SCHIAPPACASSE, an individual,<br><br>                              Defendants. | Case No.: 3:22-cv-00903 YY<br><br>**NOTICE OF REMOVAL** |

        Pursuant to 28 U.S.C. § 1441 *et seq.*, Defendant Heather Schiappacasse ("Ms.

Schiappacasse") removes the above-entitled case from the Circuit Court of Multnomah County,

Oregon, to the United States District Court for the District of Oregon, Portland Division.[1]  In

support of this Notice, Ms. Schiappacasse states as follows:

---

[1] In the interest of clarity, Ms. Schiappacasse does not consent to this Court's personal jurisdiction, in the State of Oregon, over Plaintiff's claims. By removing, Ms. Schiappacasse does not waive any such defense. *Webb v. Sitzes*, 82 F.3d 424, 1996 WL 169298, *3 (9th Cir. Apr. 10, 1996) (unpublished); *Freeney v. Bank of Am. Corp*., No. CV1502376MMMPJWX, 2015 WL 4366439, at *20 (C.D. Cal. July 16, 2015) (collecting cases and explaining that "[a] defendant's election to remove a case to federal court does not waive a personal jurisdiction defense."). Further,

1.      A civil action denominated as Veritas Allies, LLC v. Cynthia Free and Heather Schiappacasse, Case No. 21CV47955, was commenced in the Circuit Court of Multnomah County, Oregon on December 17, 2021.  A true and accurate copy of the Circuit Court's file, including Plaintiff's original Complaint is attached hereto as Exhibit A.  These papers constitute all process, pleadings, and orders served in the state court action.

2.      No answer has been filed in this case.

3.      This case become removable on June 3, 2022, when Plaintiff voluntarily filled a Stipulated Limited Judgment of Dismissal dismissing Defendant Cynthia Free, leaving the citizenship of the remaining parties, Plaintiff and Ms. Schiappacasse, completely diverse. *See* Exhibit A, Stipulated Judgment of Dismissal.   As such, pursuant to 28 U.S.C. § 1446(b), the Notice of Removal is filed within 30 days of the case becoming removable and is therefore timely.

4.      This Court has original jurisdiction of this action pursuant to 28 U.S.C §1332, and the action is removable pursuant to 28 U.S.C. § 1441 because (1) the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs; and (2) there is complete diversity of citizenship between the Parties.

5.      The United States District Court for the District of Oregon, Portland Division, is the appropriate venue for removal of Plaintiff's state court action pursuant to 28 U.S.C. § 1441, which permits any civil action brought in any state court in which the District Courts of the United States have original jurisdiction to be removed to the District Court of the United States for the district and division embracing the place where the state court action is pending.[2]

---

Ms. Schiappacasse does not waive, and specifically reserves, any and all objections as to jurisdiction and any and all other available defenses.

[2] Ms. Schiappacasse denies Plaintiff has suffered damages and only repeats Plaintiff's allegation herein for the purposes of evaluating the amount in controversy.

6.    In the Complaint, Plaintiff brings two claims for relief against Ms. Schiappacasse. In the First Claim for Relief, Plaintiff alleges Intentional Interference with Economic Relations by Ms. Schiappacasse.  *See* Exhibit A, Plaintiff's Complaint at ¶¶ 14-18.  In the Second Claim for Relief, Plaintiff similarly alleges Intentional Interference with Economic Relations by Ms. Schiappacasse. *See* Exhibit A, Plaintiff's Complaint at ¶¶ 19-23.  Plaintiff has indicated the Claim for Relief alleging "Defamation" was a typographical error. *See* Exhibit A, Plaintiff's Response to Schiappacasse's Motion to Dismiss at p. 9, line 21-23.

## AMOUNT IN CONTROVERSY

7.    Section 1332(a) requires that the amount in controversy in diversity actions exceed $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a). To demonstrate that the jurisdictional amount has been met, a removing party must only prove that it is more likely than not the amount in controversy exceeds $75,000. *City of Portland v. Uber Techs., Inc*., No. 3:14-CV-01958-SI, 2014 WL 7146927, at *1 (D. Or. Dec. 15, 2014); *see also* 28 U.S.C. § 1446(c)(2)(B) ("[R]emoval of the action is proper on the basis of the amount in controversy . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]").

8.    The amount in controversy in this case exceeds $75,000.  Plaintiff's prayer for relief, as stated in the Complaint, is $350,000.  *See* Exhibit A, Plaintiff's Complaint. In the First Claim for Relief, Plaintiff states that they seek $350,000 for damages resulting from Ms. Schiappacasse's alleged Intentional Interference with Economic Relations. *See* Exhibit A, Plaintiff's Complaint at ¶ 18. In the Second Claim for Relief, Plaintiff states that they seek $350,000 for damages resulting from Ms. Schiappacasse's alleged Intentional Interference with Economic Relations. *See* Exhibit A, Plaintiff's Complaint at ¶ 23.

9.      Therefore, Plaintiff's prayer for relief is in excess of the amount in controversy requirement.  In addition, for the First Claim for Relief, Plaintiff states they seek costs, disbursements, and prejudgment interest.[3] *See* Exhibit A, Plaintiff's Complaint, p. 7, lines 3-7. For the Second Claim for Relief Plaintiff states they seek costs, disbursements, attorneys' fees, and prejudgment interest. *See* Exhibit A, Plaintiff's Complaint, p. 7, lines 8-11.

10.      In sum, Plaintiff's claims for relief clearly satisfy the statutory amount in controversy of $75,000 for diversity jurisdiction.   *See* 28 U.S.C. § 1446(c).

## DIVERSITY OF CITIZENSHIP

11.      Section 1332(a) requires complete diversity of citizenship among all plaintiffs and defendants in diversity actions. 28 U.S.C. § 1332(a)(1). "[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)

12.      Citizenship of the parties is determined by their citizenship status at the commencement of the action.  28 U.S.C.  § 1332(d)(7).

13.      A corporation is a citizen of any state where it is incorporated and where its principal place of business is located. 28 U.S.C. §1332 (c)(1).

14.      At the time of the commencement of this action, and at all relevant times, Plaintiff is an Oregon limited liability company, incorporated in Oregon, with its principal place of business in Oregon, and is therefore a citizen of Oregon for the purposes of 28 U.S.C. § 1332 and 28 U.S.C. § 1441.  *See* Exhibit A, Plaintiff's Complaint at ¶ 1.

---

[3] Ms. Schiappacasse does not waive, and specifically reserves, any and all objections and arguments regarding venue.

15.     At the time of the commencement of the action, and at all relevant times, Ms. Schiappacasse is an individual domiciled in the State of Texas and is therefore a citizen of Texas for the purposes of 28 U.S.C. § 1332 and 28 U.S.C. § 1441. *See* Exhibit A, Defendant Heather Schiappacasse's Motion to Dismiss, p. 4, lines 14-18. *See also* Declaration of Heather Schiappacasse in Support of Motion to Dismiss, at ¶ 2.

16.     In sum, because Plaintiff is a citizen of Oregon for purposes of 28 U.S.C. § 1332 and 28 U.S.C. § 1441, and Ms. Schiappacasse is a citizen of Texas for purposes of 28 U.S.C. § 1332 and 28 U.S.C. § 1441, there is complete diversity of citizenship among all plaintiffs and defendants.

## THIS NOTICE OF REMOVAL IS TIMELY FILED

17.     If a case, as stated in the four corners of the initial pleading, is not removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

18.     "[R]emovability is governed by the 'voluntary/involuntary rule.'" *People of State of Cal. By & Through Lungren v. Keating*, 986 F.2d 346, 348 (9th Cir. 1993). This "rule provides that a suit which, at the time of filing, could not have been brought in federal court must 'remain in state court unless a "voluntary" act of the plaintiff brings about a change that renders the case removable.'" *Id.* (quoting *Self v. General Motors*, 588 F.2d 655, 657 (9th Cir. 1978)). Courts have found that receipt of a signed, notarized settlement agreement between a plaintiff and the nondiverse defendant constitutes both a voluntary act of a plaintiff and "other paper" sufficient to put the diverse defendant on notice that a case has become removable. See *Fernando Garcia v.*

*MVT Servs., Inc.*, 589 F. Supp. 2d 797, 803-04 (W.D. Tex. 2008) ("The receipt by Defendant of a settlement agreement between Plaintiffs and the nondiverse defendant, which the Plaintiffs signed and had notarized, is a 'voluntary act by the plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction' and does not represent merely 'subjective knowledge' on behalf of Defendant MVT Services.").  See also *Nancy Doty, Inc. for Miranda-Soto v. Fox Head, Inc.,* No. 3:19-CV-0405-SL, 2019 WL 4237760, at *2 (D. Or. Sept. 6, 2019) (A suit which at the time of filing, could not have bene brought in Federal Court becomes removable when a "voluntary" act of the plaintiff, in this case a settlement agreement resulting in complete diversity of the remaining parties, brings about a change that renders the case removable.).

19.    This case, as stated in the four corners of the initial pleading, was not removable at the commencement of the action, because Defendant Cynthia Free is an individual domiciled in Portland, Oregon and is therefore a citizen of Oregon for the purposes of 28 U.S.C. § 1332 and 28 U.S.C, § 1441.  See Exhibit A, Plaintiff's Complaint at ¶ 2. Plaintiff is an Oregon limited liability company, incorporated in Oregon, with its principal place of business in Oregon, thus also a citizen of Oregon for the purposes of 28 U.S.C. § 1332 and 28 U.S.C. § 1441.  *See* Exhibit A, Plaintiff's Complaint at ¶ 1. Therefore, because both Plaintiff and Cynthia Free are both citizens of the same state, Oregon, the parties were non-diverse and the case not removable at commencement.

/ / /

/ / /

/ / /

20.    However, this case become removable on June 2, 2022, when Plaintiff voluntarily filled a Stipulated Limited Judgment of Dismissal dismissing Defendant Cynthia Free from this suit, with prejudice, signed and entered by the Multnomah County Circuit Court on June 21, 2022.  *See* Exhibit A, Stipulated Judgment of Dismissal.   This voluntary act by Plaintiff resulted in the citizenship of the two remaining parties, Plaintiff, a citizen of Oregon, *see* Exhibit A, Plaintiff's Complaint at ¶ 1, and Ms. Schiappacasse, a citizen of Texas, *see* Exhibit A, Defendant Heather Schiappacasse's Motion to Dismiss, p. 4, lines 14-18, completely diverse.

21.    Therefore, because the Notice of Removal is filed within 30 days of Plaintiff filing their Stipulated Limited Judgment of Dismissal dismissing the non-diverse party, at which point this case became removable, pursuant to 28 U.S.C. § 1446(b), the Notice of Removal is filed within 30 days of the case becoming removable and is therefore timely.

## <u>CONCLUSION</u>

22.    Ms. Schiappacasse removes this case to federal court pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties, Plaintiff and Ms. Schiappacasse, and the amount in controversy exceeds $75,000.

23.    Ms. Schiappacasse's Notice of Removal is timely because it is filed within 30 days of the case becoming removable.

24.    Ms. Schiappacasse reserves the right to amend or supplement the Notice of Removal.

25.    By filling the Notice of Removal, Ms. Schiappacasse does not waive her objection to jurisdiction, venue, or any defenses that may be available to her.

/ / /

/ / /

26.     Upon filing this Notice of Removal. Ms. Schiappacasse will provide written

notice to Plaintiff and file a copy of the Notice of Removal with the Clerk of the Circuit Court of

Multnomah County, Oregon.

DATED: June 21, 2022.

SLINDE NELSON

By: _ /s/ Philip Nelson_____
Philip Nelson, OSB No. 013650
phil@slindenelson.com
Keith A. Pitt, OSB No. 973725
keith@slindenelson.com
Theodore E. James III, OSB No. 213748
ted@slindenelson.com
*Attorneys for Defendant Heather
Schiappacasse*

# REGISTER OF ACTIONS
## CASE NO. 21CV47955

| | | |
|---|---|---|
| **Veritas Allies LLC vs Cynthia Free, Heather Schiappacasse** | § <br> § <br> § <br> § <br> § | Case Type:   **Tort - General** <br> Date Filed:   **12/17/2021** <br> Location:   **Multnomah** |

---

### PARTY INFORMATION

| | | | Attorneys |
|---|---|---|---|
| **Defendant** | **Free, Cynthia** | | ~~PETER S HICKS~~ <br> ~~*Retained*~~ <br> ~~541 797-2079(W)~~ |
| | Dismissed | | ~~Daniel S Sharp~~ <br> ~~*Retained*~~ <br> ~~503 598-5593(W)~~ |
| **Defendant** | **Schiappacasse, Heather** | | **PHIL NELSON** <br> *Retained* <br> 503 417-7777(W) |
| | | | ~~Seth R Tangman~~ <br> ~~*Retained*~~ <br> ~~503 778-5247(W)~~ |
| | | | Theodore E James III <br> *Retained* <br> 503 709-4981(W) |
| **Plaintiff** | **Veritas Allies LLC** | | **Grant T Engrav** <br> *Retained* <br> 971 339-2737(W) |

---

### EVENTS & ORDERS OF THE COURT

| | |
|---|---|
| | **DISPOSITIONS** |
| 06/21/2022 | **Judgment - Limited Dismissal** (Judicial Officer: Matarazzo, Judith H) <br>    Party(Free, Cynthia) <br>    Created: 06/21/2022 12:59 PM |
| | **OTHER EVENTS AND HEARINGS** |
| 12/17/2021 | **Complaint** <br> *Intentional Interference With Economic Relation, Defamation: NOT SUBJECT TO MANDATORY ARBITRATION* <br> Created: 12/17/2021 9:54 AM |
| 12/17/2021 | **Service** |

| | Served | 01/27/2022 |
|---|---|---|
|    Free, Cynthia | Returned | 01/28/2022 |
|    Schiappacasse, Heather | Served | 12/30/2021 |
| | Returned | 01/05/2022 |

| | |
|---|---|
| | Created: 12/17/2021 9:54 AM |
| 01/05/2022 | **Proof - Service** <br> Created: 01/11/2022 4:43 PM |
| 01/28/2022 | **Proof of Service - Substitute** <br> Created: 02/01/2022 11:32 AM |
| 02/02/2022 | **Proof - Service** <br> Created: 02/03/2022 4:36 PM |
| 02/15/2022 | **Request - Admission** <br> Created: 02/18/2022 8:20 AM |
| 02/23/2022 | **Motion - Dismissal** <br> Created: 02/25/2022 9:38 AM |
| 02/23/2022 | **Declaration** <br> *of Seth Tangman ISO Motion* <br> Created: 02/25/2022 9:38 AM |
| 02/23/2022 | **Declaration** <br> *of Heather Schiappacasse ISO Motion* <br> Created: 02/25/2022 9:38 AM |
| 03/03/2022 | **Motion - Dismiss with Prejudice** <br> Created: 03/14/2022 10:26 AM |

| | | |
|---|---|---|
| 03/03/2022 | **Declaration** | |
| | Created: 03/14/2022 10:26 AM | |
| 03/03/2022 | **Declaration** | |
| | Created: 03/14/2022 10:26 AM | |
| 03/07/2022 | **Response** | |
| | Created: 03/10/2022 5:13 PM | |
| 03/07/2022 | **Declaration** | |
| | *Of David Vizzini in response to Motion to Dismiss* | |
| | Created: 03/17/2022 11:22 AM | |
| 03/07/2022 | **Declaration** | |
| | *Of Shane Barnes ISO Response* | |
| | Created: 03/17/2022 11:22 AM | |
| 03/14/2022 | **Letter** | |
| | *Relation Back Date* | |
| | Created: 03/17/2022 11:22 AM | |
| 03/15/2022 | **Admission** | |
| | Created: 03/18/2022 11:38 AM | |
| 03/16/2022 | **Notice - Default** | |
| | Created: 03/21/2022 9:27 AM | |
| 03/17/2022 | **Reply** | |
| | Created: 03/22/2022 9:56 AM | |
| 03/29/2022 | **Notice** | |
| | *Appointing Judge as Motions Judge* | |
| | Created: 03/29/2022 8:01 AM | |
| 03/29/2022 | **Order** (Judicial Officer: Marshall, Christopher J ) | |
| | *Appointing Judge Jenna Plank as Motions Judge* | |
| | Signed: 03/29/2022 | |
| | Created: 03/29/2022 8:01 AM | |
| 04/04/2022 | **Response** | |
| | Created: 04/12/2022 3:49 PM | |
| 04/04/2022 | **Declaration** | |
| | Created: 04/12/2022 3:49 PM | |
| 04/07/2022 | **Notice - Substitution of Attorney** | |
| | Created: 04/08/2022 12:59 PM | |
| 04/14/2022 | **Reply** | |
| | Created: 04/20/2022 12:51 PM | |
| 06/02/2022 | **Judgment - Proposed** | |
| | **Unsigned** | |
| | Created: 06/03/2022 8:35 AM | |
| 06/03/2022 | **Hearing - Motion** (11:00 AM) (Judicial Officer Plank, Jenna) | |
| | *ORCP 21 for Motion to Dismiss. Requested by Ted James. Stipulated by parties. Webex Video link: https://oregonjudicial.webex.com/oregonjudicial/e.php?MTID=m58f02911da1596b66bf0ef39e9400400 or call #503-388-9555. Code 1464399964.* | |
| | Result: Held | |
| | Created: 04/27/2022 11:55 AM | |
| 06/03/2022 | CANCELED    **Hearing - Motion** (11:30 AM) (Judicial Officer Plank, Jenna) | |
| | *Withdrawn* | |
| | *ORCP 21 for Motion to Dismiss. Requested by Daniel Sharp. Stipulated by parties. Webex Video link: https://oregonjudicial.webex.com/oregonjudicial/e.php?MTID=m58f02911da1596b66bf0ef39e9400400 or call #503-388-9555. Code 1464399964.* | |
| | Created: 04/27/2022 11:56 AM | |
| 06/21/2022 | **Digitized Judgment Document** (Judicial Officer: Matarazzo, Judith H ) | |
| | *Limited Dismissal as to Cynthia Free* | |
| | Signed Date: 06/21/2022 | |
| | Created: 06/21/2022 12:59 PM | |
| 06/21/2022 | **Notice - Judgment Entry** | |
| | Created: 06/21/2022 1:00 PM | |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant** Free, Cynthia | | | |
| | Total Financial Assessment | | | 594.00 |
| | Total Payments and Credits | | | 594.00 |
| | **Balance Due as of 06/21/2022** | | | **0.00** |
| 03/03/2022 | Transaction Assessment | | | 594.00 |
| 03/03/2022 | Phone Payment | Receipt # 2022-151380 | Service Center | (594.00) |
| | | | | |
| | **Defendant** Schiappacasse, Heather | | | |
| | Total Financial Assessment | | | 594.00 |
| | Total Payments and Credits | | | 594.00 |
| | **Balance Due as of 06/21/2022** | | | **0.00** |
| 02/25/2022 | Transaction Assessment | | | 594.00 |
| 02/25/2022 | xWeb Accessed eFile | Receipt # 2022-121884 | Schiappacasse, Heather | (594.00) |
| | | | | |
| | **Plaintiff** Veritas Allies LLC | | | |
| | Total Financial Assessment | | | 594.00 |
| | Total Payments and Credits | | | 594.00 |

| | | | |
|---|---|---|---|
| | **Balance Due as of 06/21/2022** | | **0.00** |
| 12/17/2021 | Transaction Assessment | | 594.00 |
| 12/17/2021 | xWeb Accessed eFile | Receipt # 2021-781672      Veritas Allies LLC | (594.00) |

**Exhibit A Page 3 of 197**

1

2

3

4                    IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                        FOR THE COUNTY OF MULTNOMAH

6                                           )     Case No.
     VERITAS ALLIES LLC, an Oregon          )
7    Limited Liability Company,             )     COMPLAINT (Intentional Interference
                                            )     with Economic Relations, Defamation)
8                         Plaintiff,        )
                                            )     Fee Authority: ORS 21.160(1)(c)
9         v.                                )
                                            )     CLAIM NOT SUBJECT TO
10   CYNTHIA FREE; an individual; and       )     MANDATORY ARBITRATION
     HEATHER SCHIAPPACASSE                  )
11   ─────────────────────────────────────  )     Prayer: $350,000
                                            )
12                        Defendants.       )
                                            )
13                                          )
                                            )
14

15        Plaintiff Veritas Allies LLC (hereinafter, "Veritas Allies" or "Plaintiff") alleges:

16                                          1.

17        Plaintiff at all material times was an Oregon entity performing business in Multnomah

18   County.

19                                          2.

20        Ms. Cynthia Free ("Ms. Free"), is an individual, who resides in Portland, Oregon and has

21   significant ties to Multnomah County.

22                                          3.

23

Page 1 – COMPLAINT

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

1           Heather Schiappacasse ("Ms. Schiappacasse"), is an individual, who, upon information and

2    belief travelled to Portland, Oregon to coordinate with Ms. Free and perform certain allegations

3    detailed in this Complaint.

4                                                4.

5           Starting on October 2nd, 2021, representatives of Veritas Allies attended the Self Insurance

6    Institute of America conference ("the Conference") in Austin Texas. The Conference was attended

7    by major companies and high-level executives in the health care industry.

8                                                5.

9           In addition to others, the following Veritas Allies representatives attended the conference:

10   David Vizzini, CEO and Shane Barnes, General Counsel.

11                                               6.

12          The conference was also attended by Ms. Schiappacasse, who is the managing partner of

13   HC Consulting LLC, and the Vice President of Sales at Payermatrix. Throughout the conference,

14   Ms. Schiappacasse continually tracked and harassed the representatives of Veritas Allies,

15   particularly David Vizzini.

16                                             7.

17          On October 2nd, 2021, attendees of the conference gathered at the Marriott Hotel bar,

18   located in the main lobby of the hotel. David Vizzini, Shane Barnes, and Heather Schiappacasse

19   were in attendance at the bar.

20                                             8.

21          At the bar, Ms. Schiappacasse appeared to be considerably intoxicated. Ms. Schiappacasse

22   approached Mr. Barnes and, among several outlandish statements, informed Mr. Barnes that she

23

Page 2 – COMPLAINT

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

**Exhibit A Page 5 of 197**

1    was going to embarrass Mr. Vizzini, who was having a conversation with several individuals that

2    represented potential business opportunities for Veritas Allies.

3                                                              9.

4            After making the statements to Mr. Barnes, Ms. Schiappacasse proceeded to interrupt the

5    group by assaulting Mr. Vizzini and made advances towards Mr. Vizzini.  Mr. Vizzini did his best

6    to calm Ms. Schiappacasse and exited the bar.  Ms. Schiappacasse then returned to Mr. Barnes and

7    informed him among other things that she would ruin Mr. Vizzini and his business.

8                                                             10.

9            After the Conference, Ms. Schiappacasse followed through on her threat to make efforts to

10    ruin Veritas Allies. Specifically, Ms. Schiappacasse communicated false, negative facts about

11    Veritas and its CEO, Mr. Vizzini, to potential clients and colleagues in the industry. The false

12    statements involved Mr. Vizzini's sexual orientation, that he had allegedly embezzled hundreds of

13    thousands of dollars from his own company, and that Veritas had committed unethical acts as a

14    corporation. Upon information and belief, Ms. Schiappacasse made additional false statements

15    about Veritas and its representatives to current clients of Veritas Allies, as well as potential clients,

16    and to other key players in the self-insured industry.

17                                                             11.

18            In the days following the conference, Ms. Schiappacasse continued to search for ways to

19    deliver on her threat and ultimately made contact with Mr. Vizzini's ex-wife, Ms. Cynithia Free.

20    Ms. Schiappacasse coordinated with Ms. Free on ways to damage Veritas Allies, LLC. Ultimately,

21    the two agreed that Ms. Free would attempt to harm Veritas Allies by appropriating the Veritas

22    Allies' Oregon Secretary of State business registration.

23                                                             12.

Page 3 – COMPLAINT

**ENGRAV LAW OFFICE, LLP**
1500 SW First Avenue, Suite 1170
Portland, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

1      On October 8th, 2021, Ms. Free moved forward with the plan and falsely reported to the

2      Oregon Secretary of State that she was the President of Veritas Allies, LLC, and filed an amended

3      Articles of Organization.

4                                           13.

5      Upon information and belief, Ms. Free has informed members in the industry of material,

6      factually incorrect statements about Veritas Allies and Mr. Vizzini.

7

8      **First Claim for Relief against Defendant Schiappacasse**
       **Intentional Interference with Economic Relations or Prospective Economic Relations**
9

10     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1

11     through 13 as if set out fully herein.

12                                          14.

13     Plaintiff's representatives attended the Conference for the purpose of making a positive

14     impression on potential clients who attended the conference. Plaintiff's networking and business

15     development efforts were intentionally thwarted by Defendant Schiappacasse's actions at the

16     conference.

17                                          15.

18     There is no reasonable business purpose for Ms. Schiappacasse's actions at the conference,

19     nor the actions taken thereafter. Ms. Schiappacasse's actions of assault and making false

20     statements about Veritas's representatives demonstrated that Defendant Schiappacasse acted with

21     an improper motive and that her intention was to interfere and sabotage Plaintiff Veritas Allies.

22     As a result of Defendant Schiappacasse's actions, and upon information and belief, Plaintiff

23

Page 4 – COMPLAINT

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

**Exhibit A Page 7 of 197**

1    Veritas' business relationships, prospective economic relationships, existing contracts, and

2    potential contracts were lost or harmed.

3                                         16.

4           Defendant Schiappacasse made false communications of fact to members of the health

5    insurance industry about Veritas Allies, and its CEO, David Vizzini.

6                                         17.

7           As a result of Defendant Schiappacasse's actions, Plaintiff Veritas was forced to redirect

8    employees away from their revenue generating services and focus their efforts on remedying the

9    damage created by Ms. Schiappacasse's actions.

10                                        18.

11          Plaintiff alleges that Defendant Schiappacasse's actions resulted in an amount to be proven

12   at trial, but estimated to be no more than:

13          a)  Damages in the amount of $200,000 in prospective contractual arrangements.

14          b)  Damages in the amount of $100,000 for the loss of existing contracts or contracts that

15              will fail to renew as expected.

16          c)  Damages in the amount of $50,000 for loss of labor, and expenses incurred in

17              responding to the interference.

18

19                              **Second Claim for Relief –**
     **(Intentional Interference with Economic Relations Against Cynthia Free and Heather**
20                                **Schiappacasse)**

21

22                                        19.

23

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

1    Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1

2    through 18 as if set out fully herein.

3                                      20.

4    Plaintiff's principal place of business is the State of Oregon, where it has filed its public

5    business registration to do business as a Limited Liability Company.

6                                      21.

7    Defendant Free, in coordination with Defendant Schiappacasse, intentionally made a

8    misrepresentation to the Oregon Secretary of State and procured a fraudulent registration in the

9    name of Veritas Allies, LLC. Ms. Free procured the business registration in coordination with

10   Defendant Schiappacasse and at her instruction.   Upon information and belief, Ms. Free held

11   herself out as the owner of Veritas.

12                                     22.

13   As a result of Defendant's actions, Plaintiff Veritas was forced to redirect employees away

14   from their revenue generating services and focus their efforts on remedying the damage created.

15                                     23.

16   Plaintiff alleges that Defendants' actions resulted in an amount to be proven at trial, but

17   estimated to be no more than:

18        d)  Damages in the amount of $200,000 in prospective contractual arrangements.

19        e)  Damages in the amount of $100,000 for the loss of existing contracts or contracts that

20             will fail to renew as expected.

21        f)  Damages in the amount of $50,000 for loss of labor, and expenses incurred in

22             responding to the actions of Defendant Free.

23

Page 6 – COMPLAINT

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

1

**PRAYER**

2      WHEREFORE, Plaintiff prays for relief from Defendant as follows:

3      (a)      On the FIRST CLAIM FOR RELIEF:  Judgment against Defendant Schiappacasse

4 for damages arising from intentional interference with economic relations or prospective economic

5 relations at termination in the amount of $350,000 or such other amount as may be established by

6 discovery and proved at trial; costs; disbursements; pre-judgment interest at the statutory rate from

7 October 1, 2021; post-judgment interest at the statutory rate from the date judgment is entered.

8      (c)      On the SECOND CLAIM FOR RELIEF: Judgment against Defendants for

9 defamation damages in the amount of $350,000; costs; disbursements; reasonable attorney fees;

10 pre-judgment interest at the statutory rate from October 1, 2021; post-judgment interest at the

11 statutory rate from the date judgment is entered.

12      (d)      Such other relief as the court deems just and proper.

13 Dated this 16th day of December, 2021.

14                              ENGRAV LAW OFFICE, LLP

15                              By:  /s/ Grant T. Engrav
16                                   Grant T. Engrav, OSB No. 133517
                                     Of Attorneys for Plaintiff
17

18                              Trial Attorney: Grant T. Engrav
                               OSB No. 133517
19

20

21

22

23

Page 7 – COMPLAINT

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

## CAUSE NO. 21CV47955

| Veritas Allies LLC, an Oregon Limited Lisbility Company | § | IN THE COURT OF |
|---|---|---|
| Plaintiff, | § | |
| VS. | § | COUNTY OF MULTNOMAH CIRCUIT COURT STATE OF OREGON |
| Cynthia Free, and individual; and Heather Schiappacasse | § | |
| Defendant. | § | MULTNOMAH COUNTY, |

### AFFIDAVIT OF SERVICE

"The following came to hand on Dec 30, 2021, 9:00 am,

### SUMMONS AND COMPLAINT,

and was executed at 1337 Benavites Dr, Little Elm, TX 75068 within the county of Denton at 09:44 AM on Thu, Dec 30 2021, by delivering a true copy to the within named

### HEATHER SCHIAPPACASSE

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

My name is Heather Mckenzie, my date of birth is xx-xx-1984, and my address is 683 Cotley Dr, Frisco, Tx 75036, and United States of America. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Collin County, State of Texas, on December 30, 2021.

Heather Mckenzie
Certification Number: PSC_12162
Certification Expiration: 07-31-2023

1

2

3

4

5                 IN THE CIRCUIT COURT OF THE STATE OF OREGON

6                     FOR THE COUNTY OF MULTNOMAH

7

8 **VERITAS ALLIES LLC, an Oregon limited liability company**

                                         Case No. 21CV47955

9                 **PLAINTIFF,**

10

11       v.                                 **SUMMONS**

12 **CYNTHIA FREE, an individual; and HEATHER SCHIAPPACASSE**

13                 **DEFENDANTS**

14

15

16 TO:     Heather Schiappacasse

17         1337 Benavites Dr.
        Little Elm, TX 75068

18

19

20                       **NOTICE TO DEFENDANT**

21                    **READ THESE PAPERS CAREFULLY!**

22 You are hereby required to appear and defend the Complaint filed against you in the above entitled action within thirty (30) days from the date of service of this Summons upon you, and in case of your failure to do so, for

23 want thereof, Plaintiff will apply to the court for the relief and complaint demanded in the Complaint.

24 **NOTICE TO DEFENDANTS: READ THESE PAPERS CAREFULLY: YOU MUST APPEAR IN THIS CASE OR PLAINTIFF WILL WIN AUTOMATICALLY. TO APPEAR YOU MUST FILE WITH THE**

25 **COURT A LEGAL PAPER CALLED A "MOTION" OR "ANSWER." THE MOTION OR ANSWER MUST BE GIVEN TO THE COURT CLERK OR ADMINISTRATOR WITHIN THIRTY DAYS**

26 **ALONG WITH THE REQUIRED FILING FEE, IF ANY. IT MUST BE IN PROPER FORM AND HAVE PROOF OF SERVICE ON PLAINTIFF'S ATTORNEY.**

SUMMONS

1    IF YOU HAVE QUESTIONS YOU SHOULD SEE AN ATTORNEY IMMEDIATELY. NEED HELP
2    FINDING AN ATTORNEY, YOU MAY CALL THE OREGON STATE BAR'S LAWYER REFERRAL
     SERVICE AT 503-684-3763 OR TOLL-FREE IN OREGON AT 800-452-7736.

3           I, Grant Engrav, certify that the foregoing is an exact and complete copy of the Complaint filed with the
4    Multnomah County Circuit Court in the above-entitled action. **To Persons Serving this Summons**: You are
     hereby directed to serve a true copy of this summons, together with a true copy of the Complaint mentioned
5    herein, upon the individual to whom this summons is directed, and to file proof of service with the Court clerk.

6                              /s/ Grant Engrav
                               Grant Engrav
7                              Trial Attorney for Plaintiff
                               OSB No. 13317
8                              1500 SW 1st Avenue, Suite 1170
                               Portland, Oregon 97201
9                              503 320 6863
                               grantengrav@engravlawoffice.com
10
                               December 29, 2021
11                             Date

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SUMMONS

# AFFIDAVIT OF SERVICE

**State of Oregon**                **County of Multnomah**                              **Circuit Court**

Case Number: 21CV47955

Plaintiff:
**Veltas Allies LLC, an Oregon Limited Liability Company,**

vs.

Defendant:
**Cynthia Free; an Individual; and Heather Schlappacasse,**

Received by RUSH PROCESS SERVICE, INC. to be served on **Cynthia Free, 15033 SE Francesca Ln, Happy Valley, OR 97086.**

I, Mike Kennedy, being duly sworn, depose and say that on the **8th day of January, 2022** at **7:58 pm**, I:

**SUBSTITUTE SERVED** the within named person(s) by leaving a true copy of the **Summons; Complaint** at their usual place of abode with **Jalden Fetty, Son/Co-Occupant** who is a person over the age of 14 years of age residing in the dwelling house or usual place of abode of the person(s) being served.

**CERTIFICATION OF MAILING:** On **1/27/2022** true copy/copies of the above document(s) together with a statement of the date, time and place at which sub-service was made was mailed by regular U.S. Postal Service mail, first class, postage prepaid, to the above defendant(s) at the above address. If mailed by other than server: X_____

I am a competent person 18 years of age or older and a resident of the state of service or this state and am not a party to nor an officer, director or employee of, nor attorney for any party, corporate or otherwise; and the person, firm, or corporation served is the identical one named in the action.

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

Subscribed and Sworn to before me on the __27__ day of _January_, 2022 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

**Mike Kennedy**
Process Server

**Date**   1/27/2022

**RUSH PROCESS SERVICE, INC.**
2014 N.E. Sandy Blvd., Suite 204
Portland, OR 97232
(503) 232-3667

Our Job Serial Number: SKS-2021011610

OFFICIAL STAMP
CHRISTOPHER JOHN PFEIFFER
NOTARY PUBLIC - OREGON
COMMISSION NO: 974470
MY COMMISSION EXPIRES MAY 10, 2022

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2d

**Exhibit A Page 14 of 197**

1

2

3

4

5                        IN THE CIRCUIT COURT OF THE STATE OF OREGON

6                                FOR THE COUNTY OF MULTNOMAH

7

8   VERITAS ALLIES LLC, an Oregon limited
    liability company
9                          PLAINTIFF,                        Case No. 21CV47955

10

11          v.                                              SUMMONS

12  CYNTHIA FREE, an individual; and
    HEATHER SCHIAPPACASSE
13                          DEFENDANTS

14

15

16  TO:    Cynthia Free
17         15033 SE Francesca Ln.
           Happy Valley, OR 97086
18

19

20                              NOTICE TO DEFENDANT

21                          READ THESE PAPERS CAREFULLY!

22  You are hereby required to appear and defend the Complaint filed against you in the above entitled action within
    thirty (30) days from the date of service of this Summons upon you, and in case of your failure to do so, for
23  want thereof, Plaintiff will apply to the court for the relief and complaint demanded in the Complaint.

24  NOTICE TO DEFENDANTS: READ THESE PAPERS CAREFULLY: YOU MUST APPEAR IN THIS
    CASE OR PLAINTIFF WILL WIN AUTOMATICALLY.  TO APPEAR YOU MUST FILE WITH THE
25  COURT A LEGAL PAPER CALLED A "MOTION" OR "ANSWER."  THE MOTION OR ANSWER
    MUST BE GIVEN TO THE COURT CLERK OR ADMINISTRATOR WITHIN THIRTY DAYS
26  ALONG WITH THE REQUIRED FILING FEE, IF ANY.  IT MUST BE IN PROPER FORM AND
    HAVE PROOF OF SERVICE ON PLAINTIFF'S ATTORNEY.


SUMMONS

1    IF YOU HAVE QUESTIONS YOU SHOULD SEE AN ATTORNEY IMMEDIATELY. NEED HELP
2    FINDING AN ATTORNEY, YOU MAY CALL THE OREGON STATE BAR'S LAWYER REFERRAL
     SERVICE AT 503-684-3763 OR TOLL-FREE IN OREGON AT 800-452-7736.

3        I, Grant Engrav, certify that the foregoing is an exact and complete copy of the Complaint filed with the
4    Multnomah County Circuit Court in the above-entitled action. To Persons Serving this Summons: You are
     hereby directed to serve a true copy of this summons, together with a true copy of the Complaint mentioned
5    herein, upon the individual to whom this summons is directed, and to file proof of service with the Court clerk.

6                        /s/ Grant Engrav
                         Grant Engrav
7                        Trial Attorney for Plaintiff
                         OSB No. 13317
8                        1500 SW 1st Avenue, Suite 1170
                         Portland, Oregon 97201
9                        503 320 6863
                         grantengrav@engravlawoffice.com
10

11                       December 29, 2021
                         Date

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SUMMONS

**FILED**

**FEB 0 2 2022**

Circuit Court
Multnomah County, Oregon

*Verified Correct Copy of Original 2/3/2022.*

### IN THE CIRCUIT COURT FOR THE STATE OF OREGON
### COUNTY OF MULTNOMAH

| | | |
|---|---|---|
| VERITAS ALLIES LLC | ) | Court Case No: 21CV47955 |
| | ) | |
| Plaintiff | ) | **SHERIFF'S RETURN OF SERVICE** |
| vs | ) | |
| CYNTHIA FREE, ET AL. | ) | |
| | ) | |
| Defendant | ) | SHERIFF'S NO: 22-000060/1 |

I hereby certify that I received the within:

SUMMONS,
COMPLAINT

on the 6th day of January 2022 at 1:29 PM.

I further certify I served a true copy of the papers within the State and County on the 31st day of January, 2022 at 12:05 PM upon

CYNTHIA FREE, PERSONALLY and in person

at 15033 SE FRANCESCA LANE, HAPPY VALLEY, Oregon.

ANGELA BRANDENBURG, SHERIFF
CLACKAMAS COUNTY, OREGON

By: RIPPE #31350, Deputy

**Exhibit A Page 17 of 197**

RECEIVED
CLACKAMAS CNTY SHERIFF

22 JAN -6 PM 1: 29

_Verified Correct Copy of Original 2/3/2022_

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

**VERITAS ALLIES LLC, an Oregon limited liability company**

           **PLAINTIFF,**

    v.

**CYNTHIA FREE, an individual; and HEATHER SCHIAPPACASSE**

           **DEFENDANTS**

Case No. 21CV47955

**SUMMONS**

TO:   Cynthia Free
      15033 SE Francesca Ln.
      Happy Valley, OR 97086

**NOTICE TO DEFENDANT**

**READ THESE PAPERS CAREFULLY!**

You are hereby required to appear and defend the Complaint filed against you in the above entitled action within thirty (30) days from the date of service of this Summons upon you, and in case of your failure to do so, for want thereof, Plaintiff will apply to the court for the relief and complaint demanded in the Complaint.

**NOTICE TO DEFENDANTS: READ THESE PAPERS CAREFULLY: YOU MUST APPEAR IN THIS CASE OR PLAINTIFF WILL WIN AUTOMATICALLY. TO APPEAR YOU MUST FILE WITH THE COURT A LEGAL PAPER CALLED A "MOTION" OR "ANSWER." THE MOTION OR ANSWER MUST BE GIVEN TO THE COURT CLERK OR ADMINISTRATOR WITHIN THIRTY DAYS ALONG WITH THE REQUIRED FILING FEE, IF ANY. IT MUST BE IN PROPER FORM AND HAVE PROOF OF SERVICE ON PLAINTIFF'S ATTORNEY.**

SUMMONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**IF YOU HAVE QUESTIONS YOU SHOULD SEE AN ATTORNEY IMMEDIATELY. NEED HELP FINDING AN ATTORNEY, YOU MAY CALL THE OREGON STATE BAR'S LAWYER REFERRAL SERVICE AT 503-684-3763 OR TOLL-FREE IN OREGON AT 800-452-7736.**

    I, Grant Engrav, certify that the foregoing is an exact and complete copy of the Complaint filed with the Multnomah County Circuit Court in the above-entitled action. **To Persons Serving this Summons**: You are hereby directed to serve a true copy of this summons, together with a true copy of the Complaint mentioned herein, upon the individual to whom this summons is directed, and to file proof of service with the Court clerk.

Grant Engrav
Trial Attorney for Plaintiff
OSB No. 13317
1500 SW 1st Avenue, Suite 1170
Portland, Oregon 97201
503 320 6863
grantengrav@engravlawoffice.com

December 29, 2021
Date

SUMMONS

1

2

3

4          IN THE CIRCUIT COURT OF THE STATE OF OREGON

5              FOR THE COUNTY OF MULTNOMAH

6

7    VERITAS ALLIES LLC, and Oregon limited          Case No. 21CV47955
     liability company,

8                                                    DEFENDANT CYNTHIA FREE'S
                  Plaintiff,                          REQUEST FOR ADMISSIONS TO
9                                                    PLAINTIFF, SET ONE
           v.
10

11   CYNTHIA FREE and HEATHER
     SCHIAPPACASSE,
12
                  Defendants.
13

14

15         PROPOUNDING PARTY: Defendant CYNTHIA FREE

16         RESPONDING PARTY: Plaintiff VERITAS ALLIES, LLC

17         SET NUMBER: ONE

18         Pursuant to ORCP 45, Propounding requests that Responding Party admit the truth of the

19   following within 30 days of service hereof.

20         **FAILURE TO SERVE A WRITTEN ANSWER OR OBJECTION WITHIN THE**

21   **TIME ALLOWED BY ORCP 45 (B) WILL RESULT IN ADMISSION OF THE**

22   **FOLLOWING REQUESTS. PLEASE TAKE NOTE THAT PROPOUNDING PARTY**

23   **INTENDS TO PURSUE PROPOUNDING PARTY'S RIGHTS TO RECOVER ALL**

24   **REASONABLE EXPENSES, INCLUDING ATTORNEY FEES INCURRED IN PROVING**

25   **ANY FACT NOT ADMITTED HEREIN, PURSUANT TO ORCP 46 (C).**

26

Page 1 –  DEFENDANT CYNTHIA FREE'S REQUEST
          FOR ADMISSIONS TO PLAINTIFF, SET ONE

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
55863-79885 4880-6879-8733.1

1          **<u>REQUESTS FOR ADMISSIONS</u>**

2     <u>REQUEST FOR ADMISSION NO. 1</u>:

3          Admit that "Veritas Allies, LLC." (Oregon Secretary of State registry no. 1685608-95) was

4     administratively dissolved on August 19, 2021.

5     <u>RESPONSE TO REQUEST FOR ADMISSION NO. 1</u>:

6

7     <u>REQUEST FOR ADMISSION NO. 2</u>:

8          Admit that at the time of the October 2, 2021 "Conference" referred to in paragraph 4 of

9     the Complaint, "Veritas Allies, LLC." (Oregon Secretary of State registry no. 1685608-95) had

10    been administratively dissolved for over six weeks.

11    <u>RESPONSE TO REQUEST FOR ADMISSION NO. 2</u>:

12

13    <u>REQUEST FOR ADMISSION NO. 3</u>:

14         Admit that David Vizinni was a managing member of "Veritas Allies, LLC." (Oregon

15    Secretary of State registry no. 1685608-95) prior to that company's dissolution.

16    <u>RESPONSE TO REQUEST FOR ADMISSION NO. 3</u>:

17

18    <u>REQUEST FOR ADMISSION NO. 4</u>:

19         Admit that "Veritas Allies, LLC." (Oregon Secretary of State registry no. 1685608-95) can

20    be reinstated within five years of dissolution pursuant to ORS 63.654.

21    <u>RESPONSE TO REQUEST FOR ADMISSION NO. 4</u>:

22

23    <u>REQUEST FOR ADMISSION NO. 5</u>:

24         Admit that "Veritas Allies, LLC."  (Oregon Secretary of State registry no. 1685608-95)

25    did not apply for reinstatement before the filing of this lawsuit.

26    <u>RESPONSE TO REQUEST FOR ADMISSION NO. 5</u>:

Page 2 –  DEFENDANT CYNTHIA FREE'S REQUEST
          FOR ADMISSIONS TO PLAINTIFF, SET ONE

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
55863-79885 4880-6879-8733.1

**Exhibit A Page 21 of 197**

1

2   REQUEST FOR ADMISSION NO. 6:

3       Admit that from August 19, 2021 to the date of these requests "Veritas Allies, LLC."

4   (Oregon Secretary of State registry no. 1685608-95), as an administratively dissolved company,

5   was limited by ORS 63.651(3) to engaging only in activities that were necessary or appropriate to

6   wind up and liquidate the company's business and affairs and provide notification to claimants.

7   RESPONSE TO REQUEST FOR ADMISSION NO. 6:

8

9   REQUEST FOR ADMISSION NO. 7:

10       Admit that "Veritas Allies, LLC" (Oregon Secretary of State registry no. 1879585-91) was

11   organized on October 8, 2021, more than seven weeks after "Veritas Allies, LLC." (Oregon

12   Secretary of State registry no. 1685608-95) was dissolved.

13   RESPONSE TO REQUEST FOR ADMISSION NO. 7:

14

15   REQUEST FOR ADMISSION NO. 8:

16       Admit that David Vizzini has no AFFILIATION with the named plaintiff in this matter

17   "Veritas Allies, LLC" (Oregon Secretary of State registry no. 1879585-91).

18       For purposes of these requests, the term "AFFILIATION" means, but is not limited to,

19   holding or having ever held an ownership or membership interest, being a principal, officer,

20   manager, employee, contractor and/or agent of "Veritas Allies, LLC" (Oregon Secretary of State

21   registry no. 1879585-91).

22   RESPONSE TO REQUEST FOR ADMISSION NO. 8:

23

24   REQUEST FOR ADMISSION NO. 9:

25       Admit that Defendant Cynthia Free did not appropriate the business registration for

26   "Veritas Allies, LLC." (Oregon Secretary of State registry no. 1685608-95).

Page 3 – DEFENDANT CYNTHIA FREE'S REQUEST
       FOR ADMISSIONS TO PLAINTIFF, SET ONE

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
55863-79885 4880-6879-8733.1

1    RESPONSE TO REQUEST FOR ADMISSION NO. 9:

2

3    REQUEST FOR ADMISSION NO. 10:

4        Admit that Defendant Cynthia Free never reported to the Oregon Secretary of State that

5    she was the president of "Veritas Allies, LLC." (Oregon Secretary of State registry no. 1685608-

6    95).

7    RESPONSE TO REQUEST FOR ADMISSION NO. 10:

8

9    REQUEST FOR ADMISSION NO. 11:

10        Admit that no Amended Articles of Organization were ever filed with the Oregon Secretary

11    of State for "Veritas Allies, LLC." (Oregon Secretary of State registry no. 1685608-95).

12    RESPONSE TO REQUEST FOR ADMISSION NO. 11:

13

14    REQUEST FOR ADMISSION NO. 12:

15        Admit that no Amended Articles of Organization were ever filed with the Oregon Secretary

16    of State for "Veritas Allies, LLC" (Oregon Secretary of State registry no. 1879585-91)

17    RESPONSE TO REQUEST FOR ADMISSION NO. 12:

18

19        DATED this 10th day of February, 2022.

20                                    JORDAN RAMIS PC
                                       Attorneys for Defendant Cynthia Free
21

22
                                       By:    /s Daniel S. Sharp
23                                            Daniel S. Sharp, OSB #161559
                                              daniel.sharp@jordanramis.com
24                                            Peter S. Hicks, OSB #933057
                                              peter.hicks@jordanramis.com
25

26    Trial Attorney: Peter S. Hicks, OSB #933057


Page 4 –  DEFENDANT CYNTHIA FREE'S REQUEST
          FOR ADMISSIONS TO PLAINTIFF, SET ONE

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
55863-79885 4880-6879-8733.1

Exhibit A Page 23 of 197

1       **CERTIFICATE OF SERVICE**

2           I hereby certify that on the date shown below, I served a true and correct copy of the

3   foregoing DEFENDANT CYNTHIA FREE'S REQUEST FOR ADMISSIONS TO PLAINTIFF,

4   SET ONE on:

5   Grant T. Engrav
    Engrav Law Office, LLP
6   1500 SW First Ave, Suite 1170
    Portland, OR 97201
7   E-Mail: grant@engravlawoffice.com

8       Of Attorneys for Plaintiff

9   ☐       by first class mail, postage prepaid.

10  ☐       by overnight mail.

11  ☐       by hand delivery.

12  ☐       by facsimile transmission.

13  ☐       by facsimile transmission and first class mail, postage prepaid.

14  ☐       by electronic transmission.

15  ☒       by electronic transmission and first class mail, postage prepaid.

16      DATED:  February 10, 2022.

17                                      */s Daniel S. Sharp*
                                        _____
18                                      Daniel S. Sharp, OSB #161559
                                        daniel.sharp@jordanramis.com
19                                      Attorneys for Defendant Cynthia Free

20

21

22

23

24

25

26

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
55863-79885 4880-6879-8733.1

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| VERITAS ALLIES LLC, an Oregon Limited Liability Company,<br><br>         Plaintiffs,<br><br>   v.<br><br>CYNTHIA FREE, an individual, and HEATHER SCHIAPPACASSE, an individual,<br><br>         Defendants. | Case No. 21CV47955<br><br>**DEFENDANT HEATHER SCHIAPPACASSE'S MOTION TO DISMISS** |

## ORAL ARGUMENT REQUEST INFORMATION

Pursuant to UTCR 5.050, the undersigned hereby requests oral argument as follows.

| | | |
|---|---|---|
| A. | Time required for oral argument: | 1 Hour |
| B. | Official court reporting services: | Requested |
| C. | Appearance by telecommunication: | Requested |
| D. | More than 25 miles from the courthouse. | No |

## CERTIFICATE OF COMPLIANCE WITH UTCR 5.010

In accordance with UTCR 5.010, Defendant Heather Schiappacasse ("Ms. Schiappacasse") by and through her attorneys, conferred telephonically with counsel Plaintiff Veritas Allies LLC, ("Veritas") on the issues raised in Defendant Heather Schiappacasse's Motion to Dismiss (the "Motion"). The parties were unable to resolve the issues identified in the Motion.

## MOTION

Ms. Schiappacasse moves for an order dismissing the Veritas's Complaint on four grounds. *First*, pursuant to ORCP 21 A(1)(b) the Court lacks personal jurisdiction over Ms. Schiappacasse and therefore may not hear the case. *Second*, pursuant to ORCP 21 A(1)(d), Plaintiff lacks standing

Page 1 – **DEFENDANT HEATHER SCHIAPPACASSE'S MOTION TO DISMISS**

**SLINDE NELSON**
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

to bring the lawsuit. **Third**, pursuant to ORCP 21 A(1)(f), Veritas is not the real party in interest. **Fourth**, pursuant to ORCP 21 A(1)(h), neither of Plaintiff's two claims in the Complaint state ultimate facts sufficient to constitute a claim. Further, during counsel's meet-and-confer, Veritas's counsel was informed of the defects in the Complaint but refused to replead. Accordingly, under ORS 20.105, the Court should award Ms. Schiappacasse attorneys' fees and incurred in bringing the Motion.

The Motion is supported by the record, declarations[1] filed contemporaneously with the Motion, all exhibits attached thereto, which are incorporated by reference, and the arguments below.

## **INTRODUCTION**

This case is a dispute between former romantic partners—Ms. Schiappacasse and David Vizzini ("Mr. Vizzini"), the latter of whom was the former principal of Veritas, a dissolved entity which purports to bring this lawsuit. Ms. Schiappacasse and Mr. Vizzini's relationship had an acrimonious end. Rather than let the relationship die, Mr. Vizzini wants the Court to intercede and impose civil liability on Ms. Schiappacasse for spurious claims of tortious interference arising out of purported allegations that Ms. Schiappacasse was bad mouthing Mr. Vizzini—not the dissolved entity Veritas—and that Ms. Schiappacasse "coordinated" with Mr. Vizzini's ex-wife, Cynthia Free ("Ms. Free") to reregister the Plaintiff entity.

Mr. Vizzini's Complaint, however, suffers fatal defects because the entity through which he sues is dissolved, is not the real party in interest, and lacks standing to bring the lawsuit because it is not related to the winding up of its affairs. The Complaint also fails to state ultimate facts

---

[1] Filed contemporaneously with the Motion is the Declaration of Seth R. Tangman in Support of Defendant Heather Schiappacasse's Motion to Dismiss (the "Tangman Dec.") and the Declaration of Heather Schiappacasse in Support of Defendant Heather Schiappacasse's Motion to Dismiss (the "Schiappacasse Dec.").

Page 2 – **DEFENDANT HEATHER SCHIAPPACASSE'S MOTION TO DISMISS**

**SLINDE NELSON**
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

1  claim upon which relief can be granted for tortious interference or defamation, the latter of which

2  is purportedly being abandoned by the Plaintiff.

3         More seriously, however, the Complaint is an abusive tactic to harass Ms. Schiappacasse,

4  a Texas resident who conducts no business in Oregon and was last in Oregon seven years ago. Mr.

5  Vizzini and the Complaint recognize this—the Complaint does not include a single allegation that

6  Ms. Schiappacasse was ever in Oregon, or otherwise purposefully availed herself of the state.

7  Rather, the Complaint alleges that Ms. Schiappacasse got drunk at a professional conference in

8  Texas and said mean things about Mr. Vizzini personally in Texas. Simply, Ms. Schiappacasse has

9  no sufficient minimum contacts with Oregon such that the Court may exercise jurisdiction over

10  her. For the reasons and the reasons below, the Court should dismiss the Complaint and shift

11  attorneys' fees pursuant to ORS 20.105.

## POINTS AND AUTHORITIES

13         The Complaint should be dismissed for four reasons: (1) the Court lacks personal

14  jurisdiction over Ms. Schiappacasse; (2) Veritas lacks standing to bring the lawsuit; (3)Veritas is

15  not the real party in interest; (4) none of the claims in the Complaint state ultimate facts sufficient

16  to constitute a claim. Further, attorneys' fees and costs should be shifted pursuant to ORS 20.105

17  because Veritas failed to replead its Complaint as requested by Ms. Schiappacasse.

18  **1.     The Court lacks personal jurisdiction over Ms. Schiappacasse, a Texas**
19         **resident who has not purposefully availed herself of the State of Oregon and**
           **who lacks sufficient minimum contacts**

20         In order to exercise personal jurisdiction over a nonresident defendant, jurisdiction must

21  be authorized under Oregon's long-arm statute found at ORCP 4 and be "compatible with the Due

22  Process Clause of the Fourteenth Amendment to the United States Constitution."[2] "[A] state's

23  exercise of jurisdiction over a nonresident defendant comports with due process if sufficient

24  contacts exist between the defendant and the forum state such that maintaining suit in the state

25  _____

26  [2] *Cox v. HP Inc.*, 368 Or 477, 480-81, 492 P3d 1245 (Or 2021) (quotations and citations omitted).

Page 3 – **DEFENDANT HEATHER SCHIAPPACASSE'S**
**MOTION TO DISMISS**

**SLINDE NELSON**
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

would not offend traditional notions of fair play and substantial justice"[3] "Another way of articulating the rule is that due process is satisfied if the defendant's conduct and connection with the forum State are such that he or she should reasonably anticipate being haled into court there."[4] "For those defendants whose contacts with Oregon are not so substantial as to give rise to so-called general jurisdiction, which would permit Oregon to exercise personal jurisdiction over the defendant even on causes of actions arising from dealings entirely distinct from the defendant's Oregon activities, those Oregon contacts may permit the state to exercise personal jurisdiction over the defendant in a specific case before it."[5] "Specific jurisdiction covers defendants less intimately connected with a State than does general jurisdiction, but only as to a narrower class of claims."[6] "The justification for permitting a state to exercise specific personal jurisdiction is rooted in the principle that, when a nonresident defendant engages in business [or tortious] activity in the forum state, it is reasonable and just according to our traditional concept of fair play and substantial justice to permit the state to enforce the obligations which [a defendant] incurred there."[7]

Here, the Court may not exercise general jurisdiction over because Ms. Schiappacasse lacks minimum contacts with Oregon because she is a Texas resident, conducts no business in Oregon, and owns no property in Oregon.[8] Indeed, the last time Ms. Schiappacasse was in Oregon was seven years ago for reasons unrelated to any of the parties to this lawsuit or to any of the allegations in the Complaint.[9]

---

[3] *Id.* at 481 (quotations and citations omitted).

[4] *Id.* quotations and citations omitted).

[5] *Id.* at 481-82 (quotations and citations omitted).

[6] *Id.* at 482 (quotations and citations omitted).

[7] *Id*. (quotations and citations omitted).

[8] Schiappacasse Dec. at ¶ 2.

[9] *Id.* at ¶ 3.

Page 4 – **DEFENDANT HEATHER SCHIAPPACASSE'S MOTION TO DISMISS**

**SLINDE NELSON**
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

1

2          Specific jurisdiction is also improper because the allegations alleged in the Complaint do

3  not trigger any ability to exercise jurisdiction over Ms. Schiappacasse under Oregon's long-arm

4  statute found at ORCP 4. The Complaint only contains ultimate fact allegations that Ms.

5  Schiappacasse acted boorishly in Texas at a professional conference.[10] The sole allegations that

6  could potentially allow the Court to exercise personal jurisdiction over Ms. Schiappacasse, is that

7  Ms. Schiappacasse purportedly "coordinated" with Ms. Free to harm Veritas by registering Veritas

8  Allies LLC with the Oregon Secretary of State business registration, because the registration was

9  available because Veritas Allies LLC had been administratively dissolved.[11] Those allegations do

10  not allege ultimate facts sufficient to constitute a claim and fail Oregon's pleading standards for

11  the reasons set forth in Section 4 of the Motion and, in any event, Ms. Schiappacasse denies that

12  she ever coordinated with Ms. Free to register any business entity in Oregon.[12] Simply, Veritas

13  may not rely on conclusory allegations and is required under Oregon law to allege specific facts

14  showing that the requirements of the long-arm statute have been met, and must disregard any

allegations that are solely conclusions of law.[13]

15          Simply, It would offend the notions of fair play and substantial justice to allow Veritas to

16  bootstrap jurisdiction onto Ms. Schiappacasse on threadbare allegations of "coordination" and pull

17  her into Court 2,000 miles away from her home in Texas and 2,000 miles away from the location

18  where the only properly alleged allegations occurred. Veritas failed to meet the burden of

19  establishing jurisdiction in the Complaint. Indeed, Veritas does even not include a statement of

20  jurisdiction in the Complaint and identifies no basis under the long-arm statute to establish

21  jurisdiction. Accordingly, the Court does cannot exercise personal jurisdiction over Ms.

22  Schiappacasse and must dismiss the Complaint pursuant to ORCP 21 A(1)(b).

23  _____

24  [10] Complaint at ¶¶ 4-10.

25  [11] *Id.* at ¶¶ 11, 21.

[12] Schiappacasse Dec. at ¶ 3.

26  [13] *Showalter v. Edwards and Associates, Inc.*, 112 Or App 472, 476-77, 831 P2d 58 (1992).

Page 5 – **DEFENDANT HEATHER SCHIAPPACASSE'S
MOTION TO DISMISS**

**2.    Veritas lacks standing and the legal capacity to bring this lawsuit**

In order to properly maintain this lawsuit, Veritas must have standing to bring the claims against Ms. Schiappacasse.[14] "Standing is the concept that identifies whether a party to a legal proceeding possess a status or qualification necessary for the assertion, enforcement, or adjudication of legal rights or duties."[15] "The legislature defines who possesses the required status or qualification in each statutory scheme that provides for the assertion, enforcement, or adjudication of legal rights or duties."[16] "In other words, when the legislature provides a cause of action in a statute, it also specifies the group of people who may prosecute that cause of action."[17]

Here, Veritas only has standing to bring lawsuits that are necessary or appropriate to wind up or liquidate Veritas's business and affairs because it is a ***dissolved*** entity.[18] The entity purporting to be the Plaintiff was administratively dissolved.[19] Because it was dissolved and then re-registered by Ms. Free[20] (and the re-registered entity does not purport to sue), the entity Plaintiff in this action only has standing conferred by the legislature to sue related to the winding up or dissolution of the entity. The Plaintiff entity, however, asserts no such claims against Ms. Schiappacasse. Accordingly, the Court must dismiss the Complaint for lack of standing under ORCP 21 A(1)(d).

**3.    Veritas is not the real party in interest; the real party in interest is Mr. Vizzini**

In Oregon, the Court must dismiss a lawsuit when the plaintiff bringing the suit is not the real party in interest.[21] In Oregon, a real party in interest is the person who has the right to pursue

---

[14] *Nordbye v. BRCP/GM Ellington*, 271 Or App 168, 175, 349 P3d 639 (2015).

[15] *Id.* (quotations and citations omitted).

[16] *Id.* (quotations and citations omitted).

[17] *Id.* (quotations and citations omitted).

[18] ORS 63.651(3).

[19] Oregon Secretary of State Registry No. 1685609-95.

[20] Complaint at ¶ 21;

[21] ORCP 21 A(1)(f).

Page 6 – **DEFENDANT HEATHER SCHIAPPACASSE'S MOTION TO DISMISS**

**SLINDE NELSON**
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

1   the remedy sought in the lawsuit and "the party who is to be benefited or injured by the judgment

2   in the case."[22]

3       Here, the only non-conclusory allegations sufficient to maintain a claim in the Complaint

4   relate to purported boorish behavior by Ms. Schiappacasse **to Mr. Vizzini**, not to the dissolved

5   entity Veritas.[23] Thus, it is Mr. Vizzini for whom the Complaint could ostensibly maintain a

6   benefit, not Veritas. Further, the Veritas entity purportedly bringing the lawsuit was

7   administratively dissolved.[24] The current and active entity is registered to Ms. Free.[25] Veritas,

8   however, purports to sue Ms. Free despite the fact that the attorneys filing the Complaint are not

9   Ms. Free's attorneys, do not have any attorney-client relationship with Ms. Free, or alleged in any

10  way that Ms. Free intended to sue herself. The only plausible explanation for this oversight is that

11  Mr. Vizzini and his counsel filed the lawsuit on behalf of the wrong party or that they intentionally

12  filed a lawsuit without authority or consent from Ms. Free. Accordingly, the Court must dismiss

13  the Complaint pursuant to ORCP 21 A(1)(f).

14      **4.    The Complaint fails to state ultimate facts sufficient to constitute a claim for
        tortious interference or defamation**

15

16      Veritas is required to allege ultimate facts establishing each of the elements of a *prima*

17  *facie* case for a recognized claim for relief in its Complaint.[26] The Complaint fails to state ultimate

18  facts sufficient to constitute a claim for: (a) it two claims for intentional interference with economic

19  relations; and (b) its purported defamation claim found in the caption and the prayer to which has

20  purportedly been abandoned by Plaintiff.

21

22

23  ———————————

[22] *Feehely v. Rogers*, 159 Or 372, 376 (1938); see also *Pulkrabek v. Bankers' Mortg. Corp*, 115 Or 378, 384-385 (1925).

24  [23] Complaint at ¶¶ 4-10.

[24] Oregon Secretary of State Registry No. 1685609-95.

25  [25] Oregon Secretary of State Registry No. 1879585-91.

26  [26] ORCP 18 A; see, e.g., *Moore v. Willis*, 307 Or 254, 257, 767 P2d 62

Page 7 – **DEFENDANT HEATHER SCHIAPPACASSE'S
MOTION TO DISMISS**

**SLINDE NELSON**
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

1

2

### a. The claims for intentional interference with economic relations must be dismissed because Veritas has neither alleged a wrongful act, nor identified economic relationships or damages that are collectible under its allegations

3    To allege a *prima facie* claim for intentional interference with economic relations, Veritas

4    was required to plead "(1) the existence of a professional or business relationship (which could

5    include, e.g., a contract or a prospective economic advantage), (2) intentional interference with

6    that relationship, (3) by a third party, (4) accomplished through improper means or for an improper

7    purpose, (5) a causal effect between the interference and damage to the relationship or prospective

8    advantage, and (6) damages." Veritas was required to allege the "existence of an actual

9    professional or business relationship" and actual "damages."[27] Speculative allegations of potential

10   future damages are insufficient to establish the damage requirement. [28]

11   Here, with respect to the tortious interference claim directed solely at Ms. Schiappacasse

12   Veritas failed to allege the existence of a qualifying business relationship, causation, and damages.

13   Instead, Plaintiff alleges they were thwarted in their "purpose of making a positive impression on

14   potential clients and colleagues" at the conference[29] and speculates that unidentified contracts may

15   fail to renew at some point in the future, "as expected."[30] Plaintiff hoped they would create

16   favorable impressions and potentially retain new clients, but those hopes are not sufficient to

17   establish a business relationship with which Ms. Schiappacasse could have interfered. Further,

18   Veritas alleges no damages suffered from Ms. Schiappacasse's purported boorish behavior,[31] and

19   cannot prove causation because no contracts have ***actually*** failed to renew as feared, nor are

20   damages for potential clients recoverable. Simply, a tortious interference claim must fail on a

21   motion to dismiss where the only identified damages are a speculative injury at some point in the

22

23   [27] *NV Transport, Inc. v. V&Y Horizon, Inc.,* 302 Or App 707, 711, 462 P3d 278 (2020).

     [28] *Benaron v. Simic*, 2021 WL 4464176, at *8 (D. Or. Sept. 29, 2021).

24   [29] Complaint at ¶ 14.

25   [30] Complaint at ¶ 18.

26   [31] It is not clear if the purportedly boorish behavior was improper for purposes of a tortious interference claim.

Page 8 – **DEFENDANT HEATHER SCHIAPPACASSE'S MOTION TO DISMISS**

**SLINDE NELSON**
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

future which fails under Oregon law to constitute an injury and therefore fails to prove causation. Even more, due to the purely speculative nature of the injuries alleged, it is not clear how Veritas quantified its damages.

With respect to the tortious interference claim directed at Ms. Schiappacasse and Ms. Free jointly, that claim also fails for the exact same reasons set forth above concerning injury and causation, and also because Veritas has failed to allege that Ms. Schiappacasse and Ms. Free acted improperly. First, Ms. Schiappacasse denies ever "coordinating" with Ms. Free[32] and that allegation is a mere conclusory allegation insufficient to sustain a claim because it pleads no actual facts, ultimate or otherwise. Second, the improper act with which Ms. Schiappacasse allegedly "coordinate" is not an improper act. It is not improper to register an entity with the Oregon Secretary of State and Veritas alleged no ultimate facts that Ms. Free's registration of Veritas Allies LLC caused any actual damages or interfered with any alleged relationship, established or prospective. Accordingly, because both tortious interference claims failed to allege ultimate facts sufficient to constitute a claim, the claims must be dismissed under ORCP 21 A(1)(h).

### b. Veritas's defamation claim must be dismissed because Veritas alleges no defamatory allegations made against Veritas and because Veritas abandoned the claim

To allege a *prima facie* claim for defamation, Veritas must allege that "(1) [The defendant communicated a fact about the plaintiff; (2) What the defendant communicated was false and defamatory; (3) The defendant published the communication to a third person; (4) The third person reasonably understood both that the communication was about the plaintiff and had a defamatory meaning; and (5) The defendant's communication damaged the plaintiff"."[33]

Here, the only purportedly defamatory statements alleged in the Complaint pertain only to Mr. Vizzini who is not a plaintiff in this lawsuit and the Complaint fails to state that Ms.

---

[32] Schiappacasse Dec. at ¶ 2.

[33] Uniform Civil Jury Instruction No. 53A.04; *see also Wallulis v. Dymowski,* 323 Or 337, 342-343 (1996); *see also* Restatement (Second) of Torts § 558 (1977).

Page 9 – **DEFENDANT HEATHER SCHIAPPACASSE'S MOTION TO DISMISS**

**SLINDE NELSON**
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

Schiappacasse defamed Veritas. Further, the only damages alleged are speculative and improper as described in Section 4(a) of the Motion, and are not actual damages. Additionally, even if the defamatory statements were directed at Veritas—which they were not—those statements could not sustain a defamation claim because Veritas did not exist at the time of the purported defamation because it was administratively dissolved.[34]

Counsel for Veritas indicated that the defamation claim is being abandoned and not pursued, but the defamation claim nonetheless still exists in the caption and in the prayer for relief in the Complaint.[35] This fact alone meant that Veritas should have complied with Ms. Schiappacasse's request that the Complaint be repleaded. Accordingly, the defamation claim against Ms. Schiappacasse—if one exists—must be denied under ORCP 21(A)(1)(h).

### 5. The Court should award Ms. Schiappacasse attorneys' fees and costs under ORS 20.105 because Veritas filed a Complaint replete with fatal defects and failed to replead when requested by Ms. Schiappacasse

ORS 20.105 provides basis for an award of attorneys' fees when, "there was no objectively reasonable basis for asserting the claim." A party has "no objectively reasonable basis" for asserting a claim if "the party's position is entirely devoid of legal or factual support" when the claim was made.[36] Whether a party has an objectively reasonable basis for asserting a claim is a function of the substantive law governing the claim."[37] Claims are not objectively reasonable when they are "clearly barred" by established existing law.[38] Claims are not required to be brought in bad faith for purposes of shifting fees under ORS 20.105.[39]

---

[34] *See* Oregon Secretary of State Registry No. 1685609-95.

[35] Tangman Dec. at ¶ 7.

[36] *Dimeo v. Gesik*, 195 Or App 362, 371, 98 P3d 397 (2004).

[37] *Id.*

[38] *Id.*

[39] *Secor Invs., LLC v. Anderegg*, 188 Or App 154, 174, 71 P3d 538 (2003).

Page 10 – **DEFENDANT HEATHER SCHIAPPACASSE'S MOTION TO DISMISS**

**SLINDE NELSON**
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

1    ORS 20.075 sets forth several factors for a court to consider when contemplating shifting

2    fees, most relevant of which is "[t]he objective reasonableness of the claims and defenses asserted

3    by the parties," and, "[t]he objective reasonableness of the parties and the diligence of the parties

4    and their attorneys during the proceedings."

5    Here, as discussed in Sections 1 through 4 of the Motion, Veritas' Complaint had fatal

6    defects related to personal jurisdiction, standing, being a real party in interest, and failed to

7    adequately plead its claims, thereby rendering the Complaint devoid of factual and legal support.

8    Ms. Schiappacasse's counsel conferred with Veritas's counsel concerning the foundational

9    standing, party in interest, jurisdictional, and pleading deficiencies in the Complaint and requested

10   that Veritas replead.[40] Ms. Schiappacasse's counsel even pointed out that Veritas sought to impose

11   liability on defamation against Ms. Schiappacasse despite not having alleged any such allegations

12   or having included it as a claim for relief, but rather requests defamation damages in its prayer *ipse*

13   *dixit*.[41]

14   Veritas declined to replead its Complaint and instead told Ms. Schiappacasse to proceed

15   with her motion to dismiss if that was the election she chose.[42] Simply, Veritas was informed of

16   all the deficiencies discussed in this Motion, was given an opportunity to address those

17   deficiencies, but declined to do so. Instead, Veritas forced Ms. Schiappacasse to incur attorneys'

18   fees in bringing the Motion. Exacerbating this situation is the fact that the real party in interest,

19   Mr. Vizzini, is apparently using an Oregon lawsuit as an abusive and harassing tactic against a

20   Texas resident, and it appears that the animus underlying the lawsuit relates to a personal animosity

21   caused by the acrimonious end of Mr. Vizzini and Ms. Schiappacasse's romantic relationship.

22

23

24   _____

25   [40] Tangman Dec. at ¶¶ 2-8.

     [41] *Id.* at ¶ 7.

26   [42] *Id.* at ¶ 8.

Page 11 – **DEFENDANT HEATHER SCHIAPPACASSE'S MOTION TO DISMISS**

**SLINDE NELSON**
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

1

2    Veritas had no reasonable basis—objectively or otherwise—to assert the claims as

3    constituted and apparently conducted no diligence on what was required to properly assert its

4    claims. When confronted about these issues, Veritas forced Ms. Schiappacasse to incur attorneys'

5    fees to defend herself from the abuse. Accordingly, the Court should award Ms. Schiappacasse

6    attorneys' fees under ORS 20.105.

### **CONCLUSION**

7    For the foregoing reasons the Court should dismiss the Complaint and award Defendant

8    Heather Schiappacasse attorneys' fees and costs under ORS 20.105.

9    DATED: February 15, 2022.

10

11                                              SLINDE NELSON

                                                By:  */s/ Seth R. Tangman*
12                                              Seth R. Tangman, OSB No. 211456
                                                moe@slindenelson.com
13                                              Theodore E. James III, OSB No. 213748
                                                ted@slindenelson.com
14                                              *Attorneys for Defendant Heather*
                                                *Schiappacasse*

15

16

17

18

19

20

21

22

23

24

25

26

Page 12 – **DEFENDANT HEATHER SCHIAPPACASSE'S
MOTION TO DISMISS**

**SLINDE NELSON**
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

1

## CERTIFICATE OF SERVICE

2

3    I hereby certify that I served the attached **DEFENDANT HEATHER SCHIAPPACASSE'S

4    MOTION TO DISMISS** on the following person(s) on the date indicated below:

5    Grant T. Engrav                          Peter S. Hicks
     Engrav Law Office, LLP                   Daniel S. Sharp
6    1500 SW First Avenue, Suite 11700        Jordan Ramis PC
     Portland, OR 97201                       Two Centerpointe Drive
7    grantengrav@engravlawoffice.com          6th Floor
     *Attorney for Plaintiff Veritas Allies LLC*   Lake Oswego, OR 97035
8                                             peter.hicks@jordanramis.com
                                              daniel.sharp@jordanramis.com
9                                             *Attorneys for Defendant Cynthia Free*

10   by the following indicated method(s):

11   ☐    by notice of electronic filing using the Odyssey E-File and Serve System (UTCR 21.010).

12   ☐    by **faxing** full, true, and correct copies thereof to said attorney to the fax number noted
13        above, which is the last-known fax number for said attorney, on the date set forth below.

14   ☒    by **emailing** full, true, and correct copies thereof to said attorney to the email address noted
          above, which is the last known email address for said attorney, on the date below.

15   ☒    by causing full, true and correct copies thereof to be **mailed** to the attorney(s) at the
16        attorney(s) last-known office address(es) listed above on the date below.

17   DATED: February 15, 2022.

18                        SLINDE NELSON

19

20                        By:  */s/ Theodore E. James III*
                          Seth R. Tangman, OSB No. 211456
21                        moe@slindenelson.com
                          Theodore E. James III, OSB No. 213748
22                        ted@slindenelson.com
                          *Attorneys for Defendant Heather
23                        Schiappacasse*

24

25

26

Page 13 – **DEFENDANT HEATHER SCHIAPPACASSE'S
MOTION TO DISMISS**

**SLINDE NELSON**
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

1
2
3
4

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

5

FOR THE COUNTY OF MULTNOMAH

6
7

VERITAS ALLIES LLC, an Oregon Limited
Liability Company,

8

Plaintiffs,

9

v.

10
11

CYNTHIA FREE, an individual, and
HEATHER SCHIAPPACASSE, an
individual,

12

Defendants.

Case No.  21CV47955

DECLARATION OF SETH R. TANGMAN
IN SUPPORT OF DEFENDANT HEATHER
SCHIAPPACASSSE'S MOTION TO
DISMISS

13
14

I, Seth R. Tangman, under penalty of perjury, state as follows:

15

1.    I am one of the attorneys for Defendant, Heather Schiappacasse. I make this

16

Declaration based on facts known to me.  I am over the age of 18 and competent to testify.  This

17

declaration is submitted in support of Defendant Heather Schiappacasse's Motion to Dismiss (the

18

"Motion") in the above-captioned matter.

19

2.    On February 1, 2022, I conferred with Plaintiff's Counsel, Grant T. Engrav. During

20

the conferral, I expressed to Mr. Engrav several foundational issues with the Complaint that

21

rendered it improper, and that Ms. Schiappacasse would be moving to dismiss unless the

22

Complaint was repleaded. ***First***, I pointed out to Mr. Engrave that the Complaint purports to sue

23

my client and Defendant Cynthia Free on behalf of Veritas Allies LLC ("Veritas"), but that Veritas

24

is registered by Ms. Free with the Oregon Secretary of State as alleged in the Complaint. The

25

Complaint lacks any allegations that Ms. Free is suing herself through her entity, and therefore the

26

Page 1 – **DECLARATION OF SETH R. TANGMAN IN
SUPPORT OF DEFENDANT HEATHER SCHIAPACASSSE'S
MOTION TO DISMISS**

Veritas entity that purports to bring the claims in the Complaint lacks standing to bring the lawsuit and that the Complaint is really being brought by David Vizzini ("Mr. Vizzini").

3.    **Second**, I expressed to Mr. Engrav that the Complaint does not allege any allegations of conduct by Ms. Schiappacasse that occurred in Oregon, that Ms. Schiappacasse is not an Oregon resident, and that Ms. Schiappacasse does not have sufficient minimum contacts with Oregon such that the Court has the ability to exercise personal jurisdiction over Ms. Schiappacasse.

4.    **Third**, I expressed to Mr. Engrav that the Complaint's First Claim for Relief for intentional interference with economic relations against Ms. Schiappacasse fails to state a claim upon which relief may be granted because it fails to adequately allege the elements necessary for that claim. Specifically, it fails to identify a single actual relationship interfered with and fails to allege Plaintiff has suffered actual damages. Further, all of the alleged conduct supporting the First Claim for Relief was alleged in the Complaint to have occurred solely in Texas, further underscoring the jurisdictional defects of the Complaint and bringing into question whether venue is proper in Oregon to adjudicate this claim as all of the evidence and witnesses to the purported conduct are in Texas.

5.    **Fourth**, I expressed that the Complaint's Second Claim for Relief similarly fails to state a claim for relief for intentional interference with economic relations against Ms. Schiappacasse because all of the conduct is alleged to have been undertaken by Ms. Free, and even if it cold be sustained against Ms. Schiappacasse—which it cannot—the Second Claim for Relief fails to state allegations sufficient to sustain any claim for the intentional interference of economic relationships. Specifically, it fails to identify a single actual relationship interfered with and fails to allege that Plaintiff has suffered actual damages.

6.    **Fifth**, also in connection with the Second Claim for Relief, I expressed that the only means through which the Second Claim for Relief appears to concern Ms. Schiappacasse is

Page 2 – **DECLARATION OF SETH R. TANGMAN IN SUPPORT OF DEFENDANT HEATHER SCHIAPACASSSE'S MOTION TO DISMISS**

**SLINDE NELSON**
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

through an *ipse dixit* reference to an alleged "coordination" to which Ms. Schiappacasse is purportedly a party but that lacks any factual allegations sufficient to satisfy the pleading standards set forth in ORCP 18. That deficient allegation—on its face—is not sufficient to sustain the claim against Ms. Schiappacasse and cannot improperly bootstrap personal jurisdiction onto Ms. Schiappacasse for any of Plaintiff's claims, including the First Claim for Relief.

7.      **Sixth**, I expressed a concern over the purported defamation claim that was referenced in the caption of the Complaint and also present in the prayer for relief, but to which no allegations nor Claim for Relief were pleaded. Mr. Engrav told me that for reasons not disclosed to me that he and his client had alleged a defamation claim in a prior draft of the Complaint but had ultimately decided to forgo pleading the defamation claim. Mr. Engrav then indicated that any references to a defamation claim were inadvertently left in the final version of the Complaint but that Plaintiff not pursuing a defamation claim.

8.      At the conclusion of the conferral, I once again requested that Mr. Engrav replead the Complaint in order to cure the defects in the Complaint or else Ms. Schiappacasse would be forced to file a motion to dismiss pursuant to ORCP 21. Mr. Engrav refused to replead and the Motion followed.

**I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY**

DATED: February 15, 2022.

SLINDE NELSON

By:   */s/ Seth R. Tangman*
Seth R. Tangman, OSB No. 211456
moe@slindenelson.com
*Attorney for Defendant Heather Schiappacasse*

Page 3 – **DECLARATION OF SETH R. TANGMAN IN SUPPORT OF DEFENDANT HEATHER SCHIAPACASSSE'S MOTION TO DISMISS**

1

**CERTIFICATE OF SERVICE**

2

3    I hereby certify that I served the attached **DECLARATION OF SETH R. TANGMAN IN
SUPPORT OF DEFENDANT HEATHER SCHIAPACASSSE'S MOTION TO DISMISS** on

4    the following person(s) on the date indicated below:

5    Grant T. Engrav                                    Peter S. Hicks
Engrav Law Office, LLP                              Daniel S. Sharp
6    1500 SW First Avenue, Suite 11700                  Jordan Ramis PC
Portland, OR 97201                                 Two Centerpointe Drive
7    grantengrav@engravlawoffice.com                    6th Floor
*Attorney for Plaintiff Veritas Allies LLC*          Lake Oswego, OR 97035
8                                                       peter.hicks@jordanramis.com
                                                    daniel.sharp@jordanramis.com
9                                                       *Attorneys for Defendant*
                                                    *Cynthia Free*
10

11    by the following indicated method(s):

12    ☐    by notice of electronic filing using the Odyssey E-File and Serve System (UTCR 21.010).

13    ☐    by **faxing** full, true, and correct copies thereof to said attorney to the fax number noted
above, which is the last-known fax number for said attorney, on the date set forth below.
14

15    ☒    by **emailing** full, true, and correct copies thereof to said attorney to the email address noted
above, which is the last known email address for said attorney, on the date below.

16    ☒    by causing full, true and correct copies thereof to be **mailed** to the attorney(s) at the
attorney(s) last-known office address(es) listed above on the date below.
17

18    DATED: February 15, 2022.

19                                    SLINDE NELSON

20

21                                    By:  */s/ Theodore E. James III*
                                   Seth R. Tangman, OSB No. 211456
22                                    moe@slindenelson.com
                                   Theodore E. James III, OSB No. 213748
23                                    ted@slindenelson.com

24

25

26

Page 4 – **DECLARATION OF SETH R. TANGMAN IN
SUPPORT OF DEFENDANT HEATHER SCHIAPACASSSE'S
MOTION TO DISMISS**

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| VERITAS ALLIES LLC, an Oregon Limited Liability Company,<br><br>                Plaintiffs,<br><br>    v.<br><br>CYNTHIA FREE, an individual, and HEATHER SCHIAPPACASSE, an individual,<br><br>                Defendants. | Case No. 21CV47955<br><br>DECLARATION OF HEATHER SCHIAPPACASSE IN SUPPORT OF DEFENDANT HEATHER SCHIAPACASSSE'S MOTION TO DISMISS |

I, Heather Schiappacasse, under penalty of perjury, state as follows:

1.    I make this Declaration based on facts known to me.  I am over the age of 18 and competent to testify herein.   This declaration is submitted in support of Defendant Heather Schiappacasse's Motion to Dismiss in the above-captioned matter.

2.    I am a resident of Texas. I was served with this complaint in Texas. I conduct no business in Oregon. I own no property in Oregon. I never coordinated with Cynthia Free to register a business entity in Oregon.

3.    The last time I was physically in Oregon was seven years ago. In 2015 I was in Oregon for reasons completely unrelated to Veritas Allies LLC, David Vizzini, or any of the actions described in the Complaint.

4.    David Vizzini and I formerly had a romantic relationship that is now terminated.

///

///

///

Page 1 – **DECLARATION OF HEATHER SCHIAPPACASSE IN SUPPORT OF DEFENDANT HEATHER SCHIAPACASSSE'S MOTION TO DISMISS**

**SLINDE NELSON**
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

1   **I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF**

2   **MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE**

3   **AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.**

4

5       DATED February 15, 2022.

6

7   By: _____
    Heather Schiappacasse

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SLINDE NELSON
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

**CERTIFICATE OF SERVICE**

I hereby certify that I served the attached **DECLARATION OF HEATHER SCHIAPPASSE IN SUPPORT OF DEFENDANT HEATHER SCHIAPACASSSE'S MOTION TO DISMISS** on the following person(s) on the date indicated below:

Grant T. Engrav  
Engrav Law Office, LLP  
1500 SW First Avenue, Suite 11700  
Portland, OR 97201  
grantengrav@engravlawoffice.com

*Attorney for Plaintiff Veritas Allies LLC*

Peter S. Hicks  
Daniel S. Sharp  
Jordan Ramis PC  
Two Centerpointe Drive  
6th Floor  
Lake Oswego, OR 97035  
peter.hicks@jordanramis.com  
daniel.sharp@jordanramis.com

*Attorneys for Defendant Cynthia Free*

by the following indicated method(s):

☐ by notice of electronic filing using the Odyssey E-File and Serve System (UTCR 21.010).

☐ by **faxing** full, true, and correct copies thereof to said attorney to the fax number noted above, which is the last-known fax number for said attorney, on the date set forth below.

☒ by **emailing** full, true, and correct copies thereof to said attorney to the email address noted above, which is the last known email address for said attorney, on the date below.

☒ by causing full, true and correct copies thereof to be **mailed** to the attorney(s) at the attorney(s) last-known office address(es) listed above on the date below.

DATED: February 15, 2022.

SLINDE NELSON

By: _/s/ Theodore E. James III_____  
Seth R. Tangman, OSB No. 211456  
moe@slindenelson.com  
Theodore E. James III, OSB No. 213748  
ted@slindenelson.com

Page 3 – **DECLARATION OF HEATHER SCHIAPPACASSE IN SUPPORT OF DEFENDANT HEATHER SCHIAPACASSSE'S MOTION TO DISMISS**

1

2

3

4                        IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                            FOR THE COUNTY OF MULTNOMAH

6    VERITAS ALLIES LLC, an Oregon limited        Case No. 21CV47955
     liability company,
7                                                 **DEFENDANT CYNTHIA FREE'S**
                                                  **ORCP 21 MOTION TO DISMISS AND**
8                    Plaintiff,                   **FOR ORS 20.105 ATTORNEY FEES.**

9        v.

10   CYNTHIA FREE, an individual, and
     HEATHER SCHIAPPACASSE, an individual,
11
12                   Defendants.

13

14                            **UTCR 5.050 STATEMENT**

15          Defendant Free requests oral argument. The estimated time for argument is sixty (60)

16   minutes.  Defendant Free requests official court reporting services and to appear remotely either

17   by way of videoconferencing and/or telephone.

18               **UTCR 5.010 CERTIFICATE OF COMPLIANCE**

19          Counsel for Defendant Free certifies that he conferred in good faith with Plaintiff's

20   counsel, but the parties did not reach agreement regarding the matters at issue in this Motion. *See*

21   Declaration of Daniel S. Sharp, Ex. 4, Paragraphs 6 & 7.

22                                  **MOTION**

23          Defendant Free moves this Court for an Order dismissing Plaintiff's Complaint and an

24   award of her attorney fees pursuant to ORS 20.105 based on the following grounds:

25          1.      Pursuant to ORCP 21(A)(1)(f), the named Plaintiff is not the real party in interest;

26          2.      Pursuant to ORCP 21(A)(1)(d), any lawsuit by David Vizzini's dissolved

Page 1 –  DEFENDANT CYNTHIA FREE'S ORCP 21
          MOTION TO DISMISS AND FOR ATTORNEY
          FEES.

                              JORDAN RAMIS PC
                               Attorneys at Law
                          Two Centerpointe Dr., 6th Floor
                            Lake Oswego, Oregon 97035
                     Telephone: (503) 598-7070 Fax: (503) 598-7373
                            55863-79885 4861-1792-4880.1

**Exhibit A Page 45 of 197**

1    company, "Veritas Allies, LLC.", fails due to that entity's lack of legal capacity to sue;

2        3.        Pursuant to ORCP 21(A)(1)(h), the complaint fails to state facts sufficient to

3    constitute claims for defamation and tortious interference; and

4        4.        There is no objectively reasonable basis for Plaintiff to assert the claims made in

5    the Complaint and/or the claims were presented for an improper purpose such as to harass, cause

6    unnecessary delay or needlessly increase the cost of this litigation.

7        This Motion is supported by the attached Declarations of Defendant Free and Defendant

8    Free's counsel Daniel S. Sharp filed concurrently with this motion, all attached supporting

9    exhibits, the files and records in this action, and any further evidence or argument that the Court

10   may properly receive at or before the hearing.

11                                **<u>INTRODUCTION</u>**

12       The Complaint appears to be an intentional and thinly veiled effort by David Vizzini to

13   gain leverage in a pending attorney fee dispute stemming from his dissolution proceedings with

14   Defendant Free.

15       Though the Complaint could be "cleaned up" through minimal amendment, Plaintiff has

16   opted instead to force Defendant Free to file the instant motion and unnecessarily incur

17   substantial attorney fees.  Specifically, the Complaint purposefully misstates/fails to distinguish

18   the different names of the distinct and separate entities associated with Mr. Vizzini and

19   Defendant Free and omits material facts known to Plaintiff's counsel concerning the status of

20   Mr. Vizzini's former company, that if properly alleged, would either bar the real party in interest

21   from filing suit and/or present obvious defenses to the Complaint.  Plaintiff's counsel opted to

22   proceed with the Complaint despite being placed on notice by counsel for both Defendants that

23   the Complaint is both inaccurate and misleading.

24       For the reasons set forth below, the Court should dismiss the complaint and issue an

25   award of attorney's fees to Defendant Free pursuant to ORS 20.105 and/or upon the Court's own

26   motion pursuant to ORCP 17 (D) (2).

Page 2 –   DEFENDANT CYNTHIA FREE'S ORCP 21
           MOTION TO DISMISS AND FOR ATTORNEY
           FEES.

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
55863-79885 4861-1792-4880.1

1        **STATEMENT OF FACTS**

2        Defendant Free and David Vizzini were previously married and are currently involved in

3    dissolution proceedings. (*See* Declaration of Cynthia Free, ¶2, hereinafter "Free Dec.")

4    Defendant Free has a pending ORCP 68 fee petition against David Vizzini in the minimum

5    amount of approximately $78,283[1] which is set for hearing on May 25, 2022.  (Free Dec,¶ 3) The

6    Complaint at issue was filed approximately three weeks after Defendant Free received a

7    favorable ruling on the fee issue, allowing for an extension of time to file her ORCP 68 fee

8    petition. (Free Dec.,¶ 4)

9        David Vizzini was apparently a member manager and CEO of a company with the name

10    "Veritas Allies, LLC." (with corresponding Oregon Secretary of State Registry No. 1685608-

11    95).  (*See* Ex. 1, Declaration of Daniel Sharp,¶¶3-4, hereinafter "Sharp Dec."; see also Free

12    Dec.,¶6). "Veritas Allies, LLC." (Registry No. 1685608-95) was administratively dissolved on

13    August 19, 2021 and was not subsequently reinstated. (Ex.2, Sharp Dec., ¶4).  Throughout the

14    entire timeframe set forth in the Complaint, Mr. Vizzini's former company "Veritas Allies,

15    LLC." (Registry No. 1685608-95) was administratively dissolved and therefore barred from any

16    activity not specifically authorized by statute.[2]

17        On October 8, 2021, seven weeks after Mr. Vizzini's company had been dissolved,

18    Defendant Free formed a new company distinct from Mr. Vizzini's dissolved company, with the

19    name "Veritas Allies, LLC" (with corresponding Oregon Secretary of State Registry No.

20    187958591).  (Free Dec.,¶6; *see also* Ex. 3, Sharp Dec., ¶5)  During Mr. Vizzini and Defendant

21    Free's dissolution, Mr. Vizzini was required to disclose all of his assets to Defendant Free so that

22    the Court could adjudicate issues concerning distribution of the marital estate per ORS

23    107.105(1)(f).  The September 21, 2021 Stipulated Judgment of Dissolution to which Mr.

24

25    ───────────────
[1] Defendant Free has incurred subsequent fees to be included in an amended petition.

26    [2] *See* ORS 63.651(3).

Page 3 –   DEFENDANT CYNTHIA FREE'S ORCP 21
           MOTION TO DISMISS AND FOR ATTORNEY
           FEES.

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
55863-79885 4861-1792-4880.1

1    Vizzini agreed, referenced four companies to which he held all rights, title and interests.

2    "Veritas Allies, LLC." was never disclosed in the proceedings and not listed in the Judgment.

3    (Ex 1, Free Dec., ¶5)

4        The Complaint inaccurately refers to David Vizzini as the CEO of "Veritas Allies, LLC"

5    (Registry No. 187958591). (Complaint ¶5). David Vizzini has never been a member, manager or

6    officer of that newly formed company.[3]  (Free Dec.,¶8) "Veritas Allies, LLC" the only existing

7    company in Oregon with that name, has not had any existing or prospective business

8    relationships, let alone any that were supposedly the subject of tortious interference by its

9    owner/sole member Defendant Free. (Free Dec.,¶8s).

10        Plaintiff's counsel was notified of the above errors and issues by way of detailed

11    correspondence and in subsequent meet and confer conversations, yet refused to amend the

12    Complaint. (Sharp Dec.,¶¶6-7).

13                    <u>**MEMORANDUM OF POINTS & AUTHORITIES**</u>

14    **I.    "VERITAS ALLIES, LLC" IS NOT THE REAL PARTY IN INTEREST.**

15        ORCP 21 provides for a motion to dismiss when the party asserting the claim is not the

16    real party in interest. ORCP 21 (A)(1)(f). The real party in interest is the person who has the right

17    to pursue the remedy being sought and "the party who is to be benefited or injured by the

18    judgment in the case." *Feehely v. Rogers*, 159 OR 372, 376 (1938); see also *Pulkrabek v.*

19    *Bankers' Mortg. Corp*, 115 Or 378, 384-385 (1925).

20        In this matter, "Veritas Allies, LLC" is improperly identified as the named plaintiff and

21    would not benefit or be injured by the judgment in this case.  Per the Oregon Secretary of State's

22    website, that company (with Registry No. 1879585-91) was formed on October 12, 2021 and is

23

24

25    [3] For clarification, the name of the dissolved company for which Mr. Vizzini was the CEO/Manager contained
punctuation in the form of a period (".") at the end of the company name or "Veritas Allies, LLC**.**" (emphasis
added).  The company formed approximately two months after that administrative dissolution, "Veritas Allies, LLC"

26    contains no punctuation at the end of the company's name.

Page 4 –   DEFENDANT CYNTHIA FREE'S ORCP 21
MOTION TO DISMISS AND FOR ATTORNEY
FEES.

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
55863-79885 4861-1792-4880.1

**Exhibit A Page 48 of 197**

1    separate and distinct from "Veritas Allies, LLC." (Registry No. 1685609-951), the now dissolved

2    company actually associated with Mr. Vizzini. (*See* Exhibits 1-3, Sharp Dec.)  It appears

3    Plaintiff's counsel either erroneously filed suit on behalf of the wrong entity or intentionally filed

4    suit without authority or consent on behalf of an entity owned by Defendant Free that did not

5    suffer any of the damages alleged.  Either way, when presented with the opportunity to correct

6    any confusion or misleading allegations through the simple act of adding punctuation specific to

7    Mr. Vizzini's company in the Complaint, and specifying that that there are actually two similarly

8    named companies, he opted not to do so.   Any characterization by Plaintiff that such a

9    distinction is "trivial" or a "typographical error" still does not explain why Plaintiff's counsel

10    would not simply agree to correct his errors and avoid further confusion/costs. Moreover, had

11    Plaintiff's counsel properly  stated the correct name of Mr. Vizzini's company, defenses relating

12    to that company's dissolved status (addressed in greater detail below) would be readily apparent

13    and subject the Complaint to dismissal.  Finally, given that the company that Mr. Vizzini was a

14    member/owner of has been dissolved and is no longer in existence, Mr. Vizzini himself appears

15    to be the real party in interest.

16        Accordingly, the Complaint should be dismissed because the named plaintiff is not the

17    real party in interest.[4]

18    **II.    "VERITAS ALLIES, LLC." LACKS CAPACITY TO BRING THIS LAWSUIT.**

19        Assuming Plaintiff's counsel intended to bring suit on behalf of the dissolved entity for

20    which David Vizzini was actually a member, manager and CEO – "Veritas Allies, LLC." –  the

21    Complaint should still be dismissed because that company was and is barred from filing suit, in

22

23     ———————————

[4] Similarly, the named Plaintiff "Veritas Allies, LLC" lacks standing to bring the suit at issue. Standing refers to the

24    requirement that the litigant actually be injured by the complained-of action. Oregon Civil Pleading and Litigation, Chapter 7, Individual Parties and Representative Capacity, §7.1-2(c) (2020 ed.). Standing "is a legal term that

25    identifies whether a party to a legal proceeding possesses a status or qualification necessary for the assertion, enforcement, or adjudication of legal rights or duties." *Kellas v. Dep't of Corr.,* 341 Or. 471, 476–77 (2006). Given

26    that "Veritas Allies, LLC" was a company formed by Cynthia Free approximately two months after the company associated with Mr. Vizzini was administratively dissolved, it has suffered no actual injury as alleged in the complaint.

Page 5 –  DEFENDANT CYNTHIA FREE'S ORCP 21
             MOTION TO DISMISS AND FOR ATTORNEY
             FEES.

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
55863-79885 4861-1792-4880.1

1    addition to the other acts attributed to it in the Complaint, as a result of its administratively

2    dissolved status.

3         ORCP 21 provides for dismissal when the plaintiff lacks the legal capacity to sue. ORCP

4    21 A(1)(d).  An administratively dissolved company may not carry on any activities except those

5    activities that are necessary or appropriate to wind up and liquidate the company's business and

6    affairs. ORS 63.651(3).

7         The Complaint alleges that in October of 2021, Mr. Vizzini, as CEO for the company,

8    attended a conference involving major companies in the health care industry, conversed with

9    individuals that represented potential business opportunities for "Veritas Allies" for purposes of

10   networking and business development all of which were thwarted by co-defendant Heather

11   Schiappacasse.  (Complaint ¶¶ 5, 8 and 14).  Defendant Free's alleged actions in forming a new

12   limited liability company more than seven weeks after Vizzini's company dissolved, supposedly

13   forced "Veritas" to "redirect employees away from their revenue generating services and focus

14   their efforts on remedying the damage created." (Complaint ¶22).

15        Significantly, all the of the alleged actions in the Complaint took place at least six or

16   more weeks after Vizzini's company "Veritas Allies, LLC." was administratively dissolved.  The

17   alleged activities by Vizzini (including attendance at a conference, networking, etc.), and the

18   employees referred to in ¶ 22 of the Complaint, were not necessary or appropriate to wind up and

19   liquidate the company's business. Similarly, initiation of this lawsuit against Defendant Free by

20   an administratively dissolved entity for "tortious interference" is not necessary or appropriate to

21   wind up and liquidate the company's business and a similarly unauthorized activity for "Veritas

22   Allies, LLC." under ORS 63.651.

23        Accordingly, even if Plaintiff's counsel had intended to bring this lawsuit naming the

24   correct company associated with Mr. Vizzini, it would be barred on account of that company's

25   dissolved status and lack of legal capacity.  Accordingly, Defendant's Motion to Dismiss should

26   be granted.

Page 6 –  DEFENDANT CYNTHIA FREE'S ORCP 21
             MOTION TO DISMISS AND FOR ATTORNEY
             FEES.

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
55863-79885 4861-1792-4880.1

1   **III.    THE COMPLAINT FAILS TO STATE CLAIMS FOR DEFAMATION OR
    INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS.**

2

3   ORCP 21 provides for dismissal for "failure to state ultimate facts sufficient to constitute

4   a claim." ORCP 21 (A)(1)(h).  On a motion to dismiss for failure to state ultimate facts, the court

5   accepts "all well-pleaded allegations of the complaint as true and give[s] plaintiffs the benefit of

6   all favorable inferences that may be drawn from the facts alleged." *Stringer v. Car Data Sys.,*

7   *Inc.*, 314 Or 576, 584 (1992); *Scovill v. City of Astoria*, 324 Or 159, 164 (1996). To survive a

8   motion for failure to state facts constituting a claim for relief, a claim must include some

9   allegation of material fact regarding each and every material element of the claim.  *Fuhrer v.*

10   *Gearhart-By-The-Sea, Inc.*, 306 Or 434, 442 (1988).  In *Fuhrer v. Gearhart-By-The-Sea,*

11   *Inc.*, 306 Or 434 (1988) the Oregon Supreme Court upheld a dismissal of the plaintiff's claim

12   that a hotel failed to warn a guest who later drowned of the hazards of ocean surf, noting that

13   even if the plaintiff could prove all facts as alleged in the complaint, it would still not be able to

14   prove one element necessary for recovery (the defendant's knowledge of a dangerous condition).

15   *Fuhrer v. Gearhart-By-The-Sea, Inc.* at 441-442.

16   **A.  Plaintiff's Defamation Claim.**

17   To establish a claim for defamation, a plaintiff must show: "(1) The defendant

18   communicated a fact about the plaintiff; (2) What the defendant communicated was false and

19   defamatory; (3) The defendant published the communication to a third person; (4) The third

20   person reasonably understood both that the communication was about the plaintiff and had a

21   defamatory meaning; and (5) The defendant's communication damaged the plaintiff"." Uniform

22   Civil Jury Instruction No. 53A.04; see also *Wallulis v. Dymowski,* 323 Or 337, 342-343 (1996);

23   see also Restatement (Second) of Torts § 558 (1977).

24   The Complaint references defamation as a cause of action in the caption, but necessary

25   ultimate facts concerning (or any actual cause of action) for defamation are missing. While many

26   of the alleged statements made by Defendant Schiappacasse appear to pertain specifically to Mr.

Page 7 –  DEFENDANT CYNTHIA FREE'S ORCP 21
          MOTION TO DISMISS AND FOR ATTORNEY
          FEES.

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
55863-79885 4861-1792-4880.1

1    Vizzini, who is not a plaintiff, there are no facts pleaded as to any damages to "Veritas Allies,

2    LLC." caused by Co-Defendant Schiappacasse's alleged statements. Further, the Complaint fails

3    to plead any ultimate facts concerning any false or defamatory statement made by Defendant

4    Free to any third party, nor any damages.  Plaintiff's counsel has since represented in a telephone

5    call and in writing that this cause of action is not being pursued and was erroneously listed, but

6    still refused to withdraw this claim and amend the Complaint, forcing Defendant to bring this

7    motion.  Because it still remains listed in the caption of the Complaint it should be dismissed.

8          Accordingly, Plaintiff's Complaint fails to state ultimate facts sufficient to constitute a

9    claim for Defamation and should be dismissed.

10          **B.  Plaintiff's claim for Intentional Interference with Economic Relations.**

11          To establish a claim for intentional interference with economic relations, a plaintiff must

12    prove the following six elements: (1) The existence of a professional or business relationship; (2)

13    Intentional interference with that relationship; (3) By a third party; (4) Accomplished through

14    improper means or for an improper purpose; (5) A causal effect between the interference and

15    damage to the economic relationship; and (6) Damages. *Mannex Corp. v. Bruns,* 250 Or. App.

16    50, 53 (2012).

17          Plaintiff's second claim for intentional interference with economic relations alleged as to

18    Defendant Free contains no alleged ultimate facts showing how the entirely legal and appropriate

19    registration of any company by Defendant Free interfered with or caused any damage to any

20    alleged relationship (including prospective) belonging to the Plaintiff.  Similarly, the Complaint

21    contains no ultimate facts showing any causal effect between the interference and damage to any

22    economic relationship.  Like the complaint in *Fuhrer v. Gearhart-By-The-Sea, Inc.*, Plaintiff's

23    Complaint fails to state necessary allegations of material fact regarding each and every material

24    element of a claim for intentional interference with economic relations, and must therefore be

25    denied.

26

Page 8 –   DEFENDANT CYNTHIA FREE'S ORCP 21
           MOTION TO DISMISS AND FOR ATTORNEY
           FEES.

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
55863-79885 4861-1792-4880.1

**Exhibit A Page 52 of 197**

1    **IV.    ATTORNEY FEES ARE APPROPRIATE PURSUANT TO ORS 20.105.**

2         The Court should issue an award of attorney fees jointly and severally against Plaintiff's

3    counsel and the proper Plaintiff "Veritas Allies, LLC." because there was no objectively

4    reasonable basis to assert the claims made in the Complaint.

5         ORS 20.105 provides in pertinent part that:

6         "In any civil action, suit or other proceeding in a circuit court … the court shall
          award reasonable attorney fees to a party against whom a claim… is asserted, if
7         that party is a prevailing party in the proceeding and to be paid by the party asserting
          the claim… upon a finding by the court that the party willfully disobeyed a court
8         order or that there was no objectively reasonable basis for asserting the claim… ."
9         ORS 20.105(1).

10        A claim lacks an objectively reasonable basis when it is entirely devoid of legal or factual

11   support. *Minihan v. Stiglich*, 258 Or. App. 839, 861 (2013); see also *Olson v. Howard*, 237 Or.

12   App. 256, 269 (2010). "It is possible that a claim that was objectively reasonable when asserted

13   may become unreasonable when viewed in light of additional evidence or changes in the law."

14   *Dimeo v. Gesik*, 197 Or. App. 560, 562 (2005). A "party has a continuing duty to evaluate its

15   position throughout the course of litigation." *Dimeo v. Gesik* at 562. In finding that a claim was

16   asserted without any objectively reasonable basis and awarding attorney fees to the prevailing

17   party, the Court is not required to make any finding concerning the losing party's motivation,

18   state of mind or bad faith. *IDS Prop. Cas. Ins. Co. v. Mullins*, 726 F. App'x 597, 598–99 (9th

19   Cir. 2018). It is "well established that a party's subjective state of mind is not relevant to our

20   analysis of the propriety of a fee award under ORS 20.105, even 'bad faith and improper motives

21   are not relevant considerations in determining whether an award of attorneys fees is required

22   under ORS 20.105(1).'" *Minihan v. Stiglich*, 258 Or. App. 839, 862 (2013), quoting *Hunt v. City*

23   *of Eugene*, 249 Or. App. 410, 432, rev. den., 353 Or. 103 (2012).

24        Here, there is no objectively reasonable basis for Plaintiff to assert the claims alleged in

25   the Complaint. First, the named Plaintiff is either erroneously named or Plaintiff's counsel,

26   without any authority, intentionally named a company owned by and created by Defendant Free

Page 9 –  DEFENDANT CYNTHIA FREE'S ORCP 21
          MOTION TO DISMISS AND FOR ATTORNEY
          FEES.

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
55863-79885 4861-1792-4880.1

1    as Plaintiff.  Assuming Plaintiff's counsel had intended to name Mr. Vizzini's dissolved

2    company "Veritas Allies, LLC." as the plaintiff, he would have been required to disclose that

3    that company was administratively dissolved both during the times alleged in the Complaint and

4    at the time of filing. In either circumstance there is no way any intentional interference claim

5    could be objectively reasonable.  The  company affiliated with Mr. Vizzini is and was dissolved

6    at all relevant times.  The named Plaintiff is a company that did not exist until Defendant Free

7    created it in October of 2021, has no connection to David Vizzini, has no business relations that

8    were interfered with and has not suffered any damages. The real party in interest, if any, is David

9    Vizzini. Plaintiff's counsel was promptly notified of these issue in detailed correspondence and

10   during conferral, but has opted to proceed with the claims as asserted in the Complaint.

11        Given the lack of an objectively reasonable basis for pursuing the claims asserted in the

12   Complaint, and Plaintiffs' counsel's refusal to amend or dismiss, Defendant Free should be

13   awarded attorney fees.

14                                                   **<u>CONCLUSION</u>**

15        For the reasons set forth above Defendant Free respectfully requests that this Court

16   dismiss Plaintiff's Complaint and issue a finding that: (1) The named Plaintiff is not the real

17   party in interest (2) That any lawsuit meant to be brought by Mr. Vizzini's former company

18   "Veritas Allies, LLC." is barred due to its lack of capacity; (3) That there was no objectively

19   reasonable basis for asserting the claims in the Complaint; and (4) That Defendant Free is the

20   prevailing party per ORS 20.105 and entitled to fees to be addressed in subsequent ORCP 68 fee

21   petition.

22   ///

23   ///

24   ///

25   ///

26   ///

Page 10 – DEFENDANT CYNTHIA FREE'S ORCP 21
              MOTION TO DISMISS AND FOR ATTORNEY
              FEES.

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
55863-79885 4861-1792-4880.1

**Exhibit A Page 54 of 197**

1    DATED this 3rd day of March, 2022.

2
                                    JORDAN RAMIS PC
3                                   Attorneys for Defendant Free

4

5                          By:      /s/ *Daniel S. Sharp*
6                                   Peter S. Hicks, OSB #933057
                                    peter.hicks@jordanramis.com
7                                   Daniel S. Sharp, OSB #161559
                                    daniel.sharp@jordanramis.com
8

9    Trial Attorney: Peter S. Hicks, OSB #933057

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 11 –DEFENDANT CYNTHIA FREE'S ORCP 21
         MOTION TO DISMISS AND FOR ATTORNEY
         FEES.

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
55863-79885 4861-1792-4880.1

1

**CERTIFICATE OF SERVICE**

2       I hereby certify that on the date shown below, I served a true and correct copy of the

3   foregoing DEFENDANT CYNTHIA FREE'S ORCP 21 MOTION TO DISMISS AND FOR

4   ORS 20.105 ATTORNEY FEES. on:

5

Grant T. Engrav
6   Engrav Law Office, LLP
    1500 SW First Ave, Suite 1170
7   Portland, OR 97201
    E-Mail: grant@engravlawoffice.com
8       Of Attorneys for Plaintiff

9

10   ☐     by first class mail, postage prepaid.

11   ☐     by overnight mail.

12   ☐     by hand delivery.

13   ☐     by facsimile transmission.

14   ☐     by facsimile transmission and first class mail, postage prepaid.

15   ☐     by electronic transmission.

16   ☒     by electronic transmission and first class mail, postage prepaid.

17       DATED:  March 3, 2022.

18

19                                  */s/Daniel S. Sharp*
                                    Daniel S. Sharp, OSB #161559
20                                  daniel.sharp@jordanramis.com
                                    Attorneys for Defendant CYNTHIA FREE

21

22

23

24

25

26

Page 1 –  CERTIFICATE OF SERVICE

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
55863-79885 4861-1792-4880.1

**Exhibit A Page 56 of 197**

1

2

3

4            IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                 FOR THE COUNTY OF MULTNOMAH

6    VERITAS ALLIES LLC, an Oregon limited        Case No. 21CV47955
     liability company,
7                                                 **DECLARATION OF CYNTHIA FREE
                   Plaintiff,                      IN SUPPORT OF ORCP 21 MOTION
8                                                  TO DISMISS AND FOR ATTORNEY
9            v.                                    FEES.**

10   CYNTHIA FREE, an individual, and
     HEATHER SCHIAPPACASSE, an individual,
11
                   Defendants.
12

13

14         I, Cynthia Free, hereby declare and state as follows:

15         1.  I am the declarant and make all of the statements herein of my personal knowledge,

16   except as to those matters stated on information and belief, and as to those matters, believe them

17   to be true, and if called as a witness, could and would testify competently thereto.

18         2.  I was briefly married to David Vizzini in December of 2018 before filing for dissolution

19   in October of 2019 (*In the Matter of the Marriage of Cynthia Free and David Vizzini;* Clackamas

20   County Circuit Court Case No. 19DR200072).  The dissolution proceedings have been

21   contentious and difficult due to Mr. Vizzini's refusal to cooperate.  During these proceedings,

22   Mr. Vizzini was ordered to produce documents after my counsel was forced to move to compel

23   and substituted new attorneys to represent him twice after hiring his first attorney.

24         3.  A Judgment of Dissolution was entered on September 21, 2021. Attached as **Exhibit 1** is

25   a true and correct copy of the September 21, 2021 Judgment signed by Judge VanRysselberghe.

26   The Judgment did not address the issue of my attorney fees which remains at issue and is

Page 1 –  DECLARATION OF CYNTHIA FREE IN
          SUPPORT OF ORCP 21 MOTION TO DISMISS
          AND FOR ATTORNEY FEES.

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
55863-79885 4860-4341-0447.1

1   currently set for hearing on May 25, 2022.  My attorney fees, costs and other fees I have

2   petitioned to recover in that matter totaled approximately $78,283.00 as of October 2021.  It is

3   my understanding that those fees and costs have since increased and exceed $80,000.00.

4        4.   The Complaint in this matter was filed approximately three weeks after the Court in the

5   dissolution proceedings ruled in my favor on a motion to extend the deadline for filing an ORCP

6   68 Statement for Attorney Fees.

7        5.   During our dissolution proceedings, Mr. Vizzini did not disclose any ownership interest,

8   employment or other affiliation with a company that included the word "Veritas" in its name.  In

9   the September 21, 2021 Stipulated Judgment, Mr. Vizzini was awarded all rights and title in

10   several businesses, none of which included the name or word "Veritas."

11        6.   I formed a company named "Veritas Allies, LLC" (Oregon Secretary of State Registry

12   No. 187958591) on approximately October 12, 2021.  David Vizzini has no membership interest

13   or other affiliation with this company.

14        7.   It is my understanding that Mr. Vizzini claims he was the CEO of a company called

15   "Veritas Allies, LLC." (Registry No. 1685608-95) which was dissolved by the Oregon Secretary

16   of State approximately two months before "Veritas Allies, LLC" (Oregon Secretary of State

17   Registry No. 187958591) was formed[1].

18        8.   The named Plaintiff in this matter, "Veritas Allies, LLC" is the company I formed and

19   own.  None of the allegations in the lawsuit apply to the company "Veritas Allies, LLC".  For

20   instance, David Vizzini is not and never has been the CEO of the company and it has not had any

21   existing or prospective business relationships, let alone any that were supposedly the subject of

22   tortious interference. I have not authorized the company to file suit and certainly would not use it

23

24   _____

25   [1] For clarification, the name of the dissolved company for which Mr. Vizzini was the CEO/Manager contained
punctuation in the form of a period (".") at the end of the company name or "Veritas Allies, LLC." (**emphasis added**).
The company formed approximately two months after that administrative dissolution, "Veritas Allies, LLC" contains

26   no punctuation at the end of the company's name.

Page 2 –   DECLARATION OF CYNTHIA FREE IN
           SUPPORT OF ORCP 21 MOTION TO DISMISS
           AND FOR ATTORNEY FEES.

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
55863-79885 4860-4341-0447.1

1   to file suit against myself.

2   **9.** I believe that this lawsuit was filed for an improper purpose, such as to harass me and/or

3   needlessly increase the cost of this litigation and as part of a greater effort to gain leverage in

4   negotiations concerning the pending issue of my attorney fees in the dissolution proceedings.

5   **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE**
    **STATE OF OREGON THAT THE FOREGOING IS TRUE AND CORRECT TO THE**
6   **BEST OF MY KNOWLEDGE.**

7   DATED this $3$ ___ day of March, 2022.

8

9   By: _____
10   CYNTHIA FREE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 3 –   DECLARATION OF CYNTHIA FREE IN
           SUPPORT OF ORCP 21 MOTION TO DISMISS
           AND FOR ATTORNEY FEES.

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
55863-79925\4800\4341.0447.1

1

2        IN THE CIRCUIT COURT OF THE STATE OF OREGON

3            FOR THE COUNTY OF CLACKAMAS

4               Family Law Department

|  |  |
|---|---|
| 5   In the Matter of the Marriage of: | ) |
| 6   CYNTHIA G. VIZZINI, | )   Case No. 19DR20072 |
| 7                Petitioner, | ) |
| 8     and | )   GENERAL JUDGMENT OF DISSOLUTION OF MARRIAGE (MONEY AWARD) |
| 9   DAVID C. VIZZINI, | ) |
| 10              Respondent. | ) |
| 11 | ) |

12      THIS MATTER came before the court on the stipulation the parties.  Petitioner,

13 Cynthia G. Vizzini ("Wife"), is represented by Kristin Winnie Eaton of Eaton Family Law

14 & Mediation, LLC.  Respondent, David C. Vizzini ("Husband"), is represented by

15 Christopher J. Graves of Graves & Swanson, LLC.  Based upon the stipulations of the

16 parties, the Order After Binding Arbitration Re: Personal Property Distribution and Debts,

17 and the record and file herein, the court makes the following

                          <u>FINDINGS OF FACT:</u>

18      1.     The parties were married on December 29, 2018, in Portland, Multnomah

19 County, Oregon, and ever since have been and now are Husband and Wife.

20      2.     There is no other domestic relations suit or support petition pending

21 between the parties in this or any other state.

22      3.     Both parties have been residents of and domiciled in the state of Oregon

23 continuously for at least six months immediately prior to the filing of the Petition for

24 Dissolution of Marriage.

25      4.     Irreconcilable differences have arisen between the parties which have

26 caused the irremediable breakdown of their marriage.

Page 1 – GENERAL JUDGMENT OF DISSOLUTION OF MARRIAGE (MONEY AWARD)
EATON FAMILY LAW & MEDIATION, LLC
Attorneys at Law
21790 Willamette Drive • P.O. Box 446
West Linn, Oregon 97068
(503) 850-6994

Exhibit 1
Page 1 of 36
**Exhibit A Page 60 of 197**

5.    Relevant data is as follows:

1

2    <u>DATE AND PLACE OF MARRIAGE</u>    :    December 29, 2018
                                                Portland, Multnomah County, Oregon

3    <u>PETITIONER</u>                              CYNTHIA G. VIZZINI
4          Residence                        :    15033 SE Francesca Lane
                                                Happy Valley, OR 97086

5

6          Social Security Number           :    xxx-xx-0077
           Age/Date of Birth                :    47/1974
7          Maiden Name                      :    Filed Separately in CIF
           Former Legal Names               :    Filed Separately in CIF

8

9    <u>RESPONDENT</u>                              DAVID C. VIZZINI
10         Residence                        :    8708 NW Terraceview Court
                                                Portland, OR 97229

11

12         Social Security Number           :    xxx-xx-7049
           Age/Date of Birth                :    47/1973
13         Maiden/Former Legal Name         :    n/a

14   <u>CHILDREN OF THE PARTIES</u>           :    NONE

15        6.    There have been no children born of this marriage, and Wife is not now

16

17   pregnant.

18        7.    No spousal support is awarded to either party.

19        8.    Husband and Wife acknowledge that the disposition of property, was

20   determined through binding arbitration. The parties each acknowledge that they have

21   been adequately represented by counsel, or had the right to do so, during these

22   proceedings and fully understand their respective rights and liabilities.

23        9.    In order to obtain agreement that Wife would not object to a postponement

24   of the early December 2020 trial date, Husband agreed to participate in mediation with

25   Senior Judge Kathryn Tennyson on December 31, 2020, and to participate in binding

26   arbitration with Judge Tennyson thereafter as to any issues unresolved at mediation on

Page 2 – GENERAL JUDGMENT OF DISSOLUTION OF MARRIAGE (MONEY AWARD)
EATON FAMILY LAW & MEDIATION, LLC
Attorneys at Law
21790 Willamette Drive • P.O. Box 446
West Linn, Oregon 97068
(503) 850-6994

Exhibit 1
Page 2 of 36
Exhibit A Page 61 of 197

1  December 31, 2020. A copy of the written agreement, signed by Husband and his legal

2  counsel, and also by Wife's attorney, is attached hereto as **Exhibit A.**

3      10.    The parties participated in mediation on December 31, 2020 and agreed to

4  certain terms that constituted less than a full agreement of all terms. The agreements

   were:

5             A.    The marital residence would be listed and sold;

6             B.    Neither party would seek to obtain an award of spousal support;

7  and

8             C.    Each party would receive all business interests and obligations in his

9  or her individual name, free and clear of any claim by the other party, with no

10 associated value in the final allocation of property division in this case.

11     11.    At mediation, Wife requested the appointment of a receiver to accomplish

12 the sale of the marital residence, but Husband was resistant to such an appointment.

13 When the parties experienced impasse with mechanics of sale, Judge Tennyson ordered

14 that the parties appoint a receiver to accomplish the sale of the marital residence.

15     12.    On February 11, 2021, the Honorable Todd L. VanRysselberghe signed the

16 Stipulated Order Appointing Receiver (Includes Restraining Order) to appoint James

17 Schaaf as the receiver to accomplish the sale of the marital property.

18     13.    On March 14, 2021, the Honorable Todd L. VanRysselberghe signed a

19 corrected Stipulated Order Appointing Receiver (Includes Restraining Order) to correct an

20 issue with the property address in the first order.

21     14.    The terms of the corrected Stipulated Order Appointing Receiver (Includes

22 Restraining Order) specify that after the sale of the marital residence, including all liens of

23 record, costs of sale, Receiver's commission and fees, and reimbursement to a party for

24 expenses paid in connection with the marital property, the Receiver "shall hold the

25 remaining funds to be distributed pursuant to the terms of the General Judgment of

   Dissolution of Marriage." Paragraph 11.f.

26

Page 3 – GENERAL JUDGMENT OF DISSOLUTION OF MARRIAGE (MONEY AWARD)

EATON FAMILY LAW & MEDIATION, LLC
Attorneys at Law
21790 Willamette Drive • P.O. Box 446
West Linn, Oregon 97068
(503) 850-6994

Exhibit 1
Page 3 of 36
**Exhibit A Page 62 of 197**

15.     A copy of the Order After Binding Arbitration Re:  Personal Property

Distribution and Debts following binding arbitration with the Honorable Kathryn

Tennyson, is attached hereto as **Exhibit B**, and is incorporated by this reference as if fully

restated herein.

16.     The Order After Binding Arbitration Re:  Personal Property Distribution and

Debts specifies that

> "Further proceedings may be required to determine the issues related to the
> distribution of the sale proceeds from the sale of the jointly owned real
> property.  Jurisdiction is specifically reserved to finalize those issues.  If
> further proceedings are necessary, the findings and conclusions shall enter
> herein as a Supplemental Judgment."

17.     Husband was personally served with the Petition for Dissolution of

Marriage, and the other necessary pleadings in this case on October 30, 2019.

*****

NOW, THEREFORE, having made the above findings of fact, the court adjudges

and enters the following

**ORDER:**

1.     <u>TERMINATION DATE</u>.  The marriage of the parties is immediately

dissolved upon the court's execution of this Stipulated General Judgment.

2.     <u>BENEFICIARY REVOCATION</u>.

A.     <u>Wills</u>.  Any provision in a party's will that is now in force and effect

that benefits the now former spouse shall be deemed revoked in accordance with

the provisions of ORS 112.315.  This revocation shall cause the will to be

interpreted as if the former spouse did not survive the testator.

B.     <u>Trusts</u>.  Any provision in any trust created by or for the benefit of a

party that is now in force and effect that benefits the now former spouse shall be

deemed revoked, and the trust shall be interpreted as if the former spouse did

not survive the decedent.  The intent of this provision is to prevent the former

EATON FAMILY LAW & MEDIATION, LLC
Attorneys at Law
21790 Willamette Drive • P.O. Box 446
West Linn, Oregon 97068
(503) 850-6994

Exhibit 1
Page 4 of 36
**Exhibit A Page 63 of 197**

1   spouse from having any involvement in the trust in any capacity, including as a

2   trustee or a beneficiary of the trust.

3          C.    <u>Other Benefits</u>.  Except as otherwise provided herein, any

4   designation of the now former spouse as a beneficiary of any governing

5   instrument, including but not limited to, retirement benefits, IRA accounts, life

6   insurance policies, annuities, or other assets where a party is able to designate a

7   beneficiary to receive the proceeds of that asset upon the death of that party, that

8   was in place on or before the date of this judgment, shall be deemed to have been

9   revoked as provided in ORS 107.121.  The benefit shall be paid to the secondary

10  or contingent beneficiary or, if no beneficiary is named, then to the decedent's

11  estate.  The surviving former spouse shall cooperate with the decedent's estate in

12  assuring this directive is completed, specifically including the affirmative

13  responsibility to disclaim, in writing, and within nine months of the date of death

14  to assure that the surviving former spouse does not receive any benefit as a result

15  of the decedent's failure to modify the beneficiary designation of the above-

16  described assets.

17  3.    <u>SPOUSAL SUPPORT</u>.  Neither party is awarded spousal support.

18  4.    <u>REAL PROPERTY TO BE HELD JOINTLY</u>.  Husband and Wife are

19  awarded the real property as equal co-tenants in common and without the right of

20  survivorship located at 8708 NW Terraceview Court, Portland, OR 97229 ("Property"),

21  and more particularly described as follows:

**Lot 3, TOGETHER WITH an undivided 1/6 interest in Tract "B", Pinnacle Pointe, in the City of Portland, County of Multnomah and State of Oregon.**

       A.    The parties shall fully comply with the directives of the court-appointed Receiver, James Schaaf, to accomplish the sale of the Property.

       B.    The Property shall remain continuously listed for sale until sold.

\ \ \

Page 5 – GENERAL JUDGMENT OF DISSOLUTION OF MARRIAGE (MONEY AWARD)

EATON FAMILY LAW & MEDIATION, LLC
Attorneys at Law
21790 Willamette Drive • P.O. Box 446
West Linn, Oregon 97068
(503) 850-6994

Exhibit 1
Page 5 of 36
**Exhibit A Page 64 of 197**

C.    The proceeds from the sale of the Property shall be distributed in the following order of priority:

(1)    Payment of the debt due on the mortgage.  Said debt is secured by an interest in the Property.

(2)    Payment of all costs of sale including, but not limited to: title reports, closing costs, real estate sales commissions and property taxes due/unpaid.

(3)    Receiver Schaaf's commission ($14,350) and fees ($911.96 on 04/01/21, and $162.50 on 06/03/21), totaling $15,424.46).

(4)    Reimbursement to Husband for $2,923 in expenses paid at the direction of Receiver Schaaf to prepare the property for listing.

(5)    Equalizing award to Wife in the amount of $71,013.

(6)    Remaining proceeds to be equally divided, but held either by Receiver Schaaf or in the client trust account of one of the parties' attorneys for ultimate distribution after the parties agree or the court orders the final allocation of attorney fees and Receiver Schaaf's fees and commission. Wife's money award in Paragraph 15, below, in the sum of $37,489, shall expressly be paid from Husband's share of the proceeds before distribution to Husband.

D.    Husband shall have exclusive right to use and occupy the Property until it is sold, unless the parties otherwise agree.  Since Husband has actual exclusive use of the Property, he shall be solely responsible for the expenses listed below, except as otherwise indicated.

(1) Except as otherwise provided in Paragraph 4.C.(4), all repairs to the Property.  "Repairs" are defined as ordinary and routine services necessary to keep the Property in its present condition and state of marketability.

\ \ \

Page 6 – GENERAL JUDGMENT OF DISSOLUTION OF MARRIAGE (MONEY AWARD)

EATON FAMILY LAW & MEDIATION, LLC
Attorneys at Law
21790 Willamette Drive • P.O. Box 446
West Linn, Oregon 97068
(503) 850-8994

Exhibit 1
Page 6 of 36
Exhibit A Page 65 of 197

(2) The mortgage, fire and casualty loss insurance, and utility bills as they become due.

(3) Each party shall be entitled to take advantage of one-half (1/2) of any tax benefit which may arise out of the parties ownership of the Property during the pendency of this proceeding and up to the closing of the sale, including, but not limited to the deduction of mortgage interest, real property taxes, depreciation, repairs and maintenance expenses.

(4) Husband shall fully cooperate with all real estate sales agents in showing the Property to prospective buyers and to any real estate sales agents who might want to familiarize themselves with it. Husband shall at all times maintain the Property in a clean and orderly manner so as to make it as attractive to potential buyers as possible through ordinary care.

E.   Each party shall be responsible for assuming and reporting to the appropriate taxing authorities 50% of the net gain resulting from or relating to the sale of the Property. Each party shall be responsible for reporting and paying all taxes, interest, and penalties, if any, arising from or relating to each party's assumption of 50% of the total gain. Each party shall indemnify and hold the other party harmless from that party's 50% of the total gain.

F.   Husband and Wife shall have the right to mutually agree to vary any term of the provisions of this General Judgment relating to the mechanics of the sale of the Property.

G.   If any issue pertaining to the Real Property becomes a matter of dispute, any such issue in dispute shall be submitted for resolution to binding arbitration with Senior Judge Tennyson to serve as arbitrator.

12.   PROPERTY AWARDED TO WIFE. Wife is awarded as her sole and separate property, the assets listed in paragraphs 12.A. to 12.J., below. She takes this property subject to any encumbrances:

Page 7 – GENERAL JUDGMENT OF DISSOLUTION OF MARRIAGE (MONEY AWARD)
EATON FAMILY LAW & MEDIATION, LLC
Attorneys at Law
21790 Willamette Drive • P.O. Box 446
West Linn, Oregon 97068
(503) 850-6994

Exhibit 1
Page 7 of 36
Exhibit A Page 66 of 197

A.    All right, title and interest in the business known as HR Annie, Inc.

B.    Her bank accounts at JP Morgan Chase:

(1)    Checking x8778; and

(2)    Checking x8301.

C.    Custodianship of the UTMA account at OnPoint Community Credit Union for her minor child, Jaiden, account x4003-0001.

D.    The Jaguar F-Pace vehicle that she purchased post-separation, VIN SADCM2FVXKA393443.

E.    The entire balance of her CapGroup IRA that was created entirely post-separation.

F.    The personal property in her possession as identified on the Personal Property Inventory and Exhibit Index attached hereto as **Exhibit C.**

G.    The sum of 175,000 air miles to be transferred to Wife from Husband.

H.    The sum of 205,000 hotel points to be transferred to Wife from Husband.

I.    All air miles and hotel points in her individual name.

J.    All of her premarital property and any assets received by her as gift or inheritance.

13.    <u>PROPERTY AWARDED TO HUSBAND</u>.  Husband is awarded as his separate property, the assets listed in paragraphs 13.A. to 13.L. below.  He takes this property subject to any encumbrances:

A.    All right, title and interest in the following businesses:

(1)    Equitas DX, LLC;

(2)    Equitas HP, LLC;

(3)    ServisCare, LLC; and

(4)    Medicus Stat, LLC.

B.    The following OnPoint community Credit Union accounts:

Page 8 – GENERAL JUDGMENT OF DISSOLUTION OF MARRIAGE (MONEY AWARD)
EATON FAMILY LAW & MEDIATION, LLC
Attorneys at Law
21790 Willamette Drive • P.O. Box 446
West Linn, Oregon 97068
(503) 850-6994

Exhibit 1
Page 8 of 36
**Exhibit A Page 67 of 197**

(1)    Member x3039 (formerly joint):

    a.    Interest checking -0008; and

    b.    Savings -0001;

(2)    Member x2987 (Vizz accounts):

    a.    Vizz Checking -0008; and

    b.    Vizz Savings -0001;

(3)    Member x4475:

    a.    Basic Checking -0008; and

    b.    Savings -0001;

(4)    Member x7664 (Equitax DX):

    a.    Business Checking -0022; and

    b.    Business Savings x0001.

C.    Custodianship of the following UTMA accounts at OnPoint Community Credit Union for his minor children:

(1)    Lincoln, Savings x3050-0001;

(2)    Nixon, Savings x3119-0001

D.    The following accounts at JP Morgan Chase

(1)    Personal Checking account x5188;

(2)    Equitas DX Total Business Checking account x0717; and

(3)    Equitas DX Business Total Savings account x9250.

E.    KeyBank Hassle Free Account x9825.

F.    2019 Infiniti QX80 that he purchased post-separation, VIN unknown.

G.    2018 Polaris Razr, VIN 3NSVFE928JF936200, or the replacement thereto.

H.    Montgomery & Graham 401K at John Hancock, Contract No. 113179.

I.    The personal property in his possession as identified on the Personal Property Inventory and Exhibit Index attached hereto as **Exhibit C.**

EATON FAMILY LAW & MEDIATION, LLC
Attorneys at Law
21790 Willamette Drive • P.O. Box 446
West Linn, Oregon 97068
(503) 850-6994

Exhibit 1
Page 9 of 36
**Exhibit A Page 68 of 197**

J.      All remaining air miles in his name after transferring 175,000 miles to Wife, as provided in Paragraph 12.G., above.

K.      All remaining hotel points in his name after transferring 205,000 points to Wife, as provided in paragraph 12.H., above.

L.      All of his premarital property and any assets received by him as gift or inheritance.

14.      DEBTS. When there is an assignment of a debt to one party of a debt in the other party's name within this General Judgment, the person to whom the debt is assigned shall indemnify and hold the other party absolutely harmless from such debt. The court will retain jurisdiction to award any joint debt not specifically listed.

A.      Wife shall pay and indemnify Husband from all debts in her individual name, and the debts associated with the purchase of assets awarded to her, including without limitation the following debts:

(1)      All debts associated with HR Annie, Inc., as that business is awarded to her in Paragraph 12.A., above.

(2)      The Consolidated Federal Credit Union loan x1482-0041 on her 2019 Jaguar F-Pace that is awarded to her in Paragraph 12.D., above, which she purchased post-separation.

(3)      The Alaska Airlines VISA x1122.

(4)      The Delta Skymiles American Express x21004.

(5)      All debts incurred in her individual name.

B.      Husband shall pay and indemnify Wife from all debts in his individual name, and any debts associated with the purchase of assets awarded to him, including without limitation the following debts:

(1)      All debts associated with Equitas DX, LLC, as that business is awarded to him in Paragraph 13.A.(1), above.

\ \ \

EATON FAMILY LAW & MEDIATION, LLC
Attorneys at Law
21790 Willamette Drive • P.O. Box 446
West Linn, Oregon 97068
(503) 850-6994

Exhibit 1
Page 10 of 36
Exhibit A Page 69 of 197

(2)    All debts associated with Equitas HP, LLC, as that business is awarded to him in Paragraph 13.A.(2), above.

(3)    All debts associated with ServisCare, LLC, as that business is awarded to him in Paragraph 13.A.(3), above.

(4)    All debts associated with Medicus State, LLC, as that business is awarded to him in Paragraph 13.A.(4), above.

(5)    OnPoint Community Credit Union loan x3039-0145 on his 2019 Infiniti QX80 that is awarded to him in Paragraph 13.F., above, which he purchased post-separation.

(6)    OnPoint Community Credit Union PPP Loan for Member 7664 (Equitas DX, LLC).

(7)    Hilton Honors American Express x11003.

(8)    Delta Skymiles American Express x11000.

(9)    Platinum American Express x62002.

(10)    American Express Loan x61008.

(11)    All student loans in Husband's name, which are premarital.

(12)    All debts incurred in his individual name.

C.    Each party shall have judgment against the other for any debt he or she has to pay which is not his or her responsibility in this General Judgment. This judgment may be entered by filing with the court a motion, affidavit, and order to show cause, with notice to the other party, setting forth the amount of payment and proof of such payment. The judgment shall bear interest at the statutory rate of nine percent (9%) per annum simple. The interest shall begin to accrue at the time one party pays the debt which the other is required to pay under the terms of this General Judgment.

D.    The court shall reserve jurisdiction to award any marital debt not specifically listed above, for which the parties later become aware.

Page 11 – GENERAL JUDGMENT OF DISSOLUTION OF MARRIAGE (MONEY AWARD)

EATON FAMILY LAW & MEDIATION, LLC
Attorneys at Law
21790 Willamette Drive • P.O. Box 446
West Linn, Oregon 97068
(503) 850-6994

Exhibit 1
Page 11 of 36
Exhibit A Page 70 of 197

15.    MONEY AWARD TO WIFE.  Husband shall pay to Wife and Wife shall have a money award against Husband for the sum of $37,489, representing the total of the following sums:

A.    The stimulus check for Wife that Husband retained, $1,111;

B.    One-half of the parties' homeowners insurance refund, $1,916;

C.    One-half of the difference in the parties' housing costs during the pendency of this case, $16,962; and

D.    One-half of the parties' savings liquidated by Husband at the time the parties separated, $17,500.

This award shall be paid from Husband's share of the house sale proceeds in Paragraph 4.C.(6), above, before any funds are distributed to Husband.  The bases for the above sums and the distribution of this estate are further set forth in the Distribution of Assets and Liabilities attached hereto as **Exhibit D.**  Wife shall sign a satisfaction of judgment immediately upon receipt of funds.

16.    ATTORNEY FEES, COSTS, AND DISBURSEMENTS.  Each party reserves the right to seek an award of his or her reasonable attorney fees and costs under the provisions of ORCP 68 in this initial marital dissolution, which shall include the right to seek re-allocation of the Receiver's commission and fees.

17.    NECESSARY DOCUMENTS AND CONVEYANCES.  No later than thirty (30) days after entry of this General Judgment, each party shall execute or cause to be executed whatever documents necessary to accomplish the terms of this General Judgment.  Should either party fail to transfer or execute such documents, this General Judgment shall operate to convey title to the party to whom such property is awarded.

18.    DELIVERY OF PERSONAL PROPERTY.  Each party shall transfer or cause to be transferred all personal property (including airline miles and hotel points) awarded to the other party not later thirty (30) days after the entry of this General Judgment, unless the parties otherwise agree to a different timeline.

EATON FAMILY LAW & MEDIATION, LLC
Attorneys at Law
21790 Willamette Drive • P.O. Box 446
West Linn, Oregon 97068
(503) 850-6994

Exhibit 1
Page 12 of 36
**Exhibit A Page 71 of 197**

19.    <u>NON-USE OF OTHER'S CREDIT</u>.  Neither Husband nor Wife shall hereafter incur any debts or obligations upon the credit of the other, and each shall indemnify, defend, and hold the other absolutely harmless from any debt or obligation so charged or otherwise incurred.  To that end, all joint credit cards and joint bank accounts shall be immediately closed, unless the parties otherwise cooperate to remove one party's name from an account so that the account can be maintained by only one party without liability to the other party.

20.    <u>RETURN OF RECORDS.</u>   Within 30 days after the court signs this General Judgment, each party shall return all documents and records in his or her possession or control relating to all assets awarded to the other party in this General Judgment.  Further, each party shall provide all documents and information required by the other party that are necessary to the preparation or defense of any tax filings, no later than 30 days after receiving a written request for such documents and information.

Neither party has an obligation to return to the other party documents produced during the pendency of this dissolution of marriage proceeding.

21.    <u>INDEMNIFICATION</u>. When this General Judgment provides that one party will assume and pay an obligation, that party must indemnify and hold the other party harmless from being responsible for paying such obligation, and from all reasonable attorney fees and costs incurred by the other party as the result of such party's default or failure to pay the obligation.  The parties intend that an obligation of a party to pay certain debts and to indemnify and hold the other harmless as set forth in this General Judgment is a support obligation not subject to discharge in bankruptcy as to the other party to 11 USC section 523(5) or any successor statute.

22.    <u>ENFORCEMENT OF THIS JUDGMENT</u>.  Each party is ordered to comply with all of the provisions of this General Judgment.  In the event either party does not fulfill all or any of his or her obligations strictly in accordance with this General Judgment, in any action to enforce any term or terms of this General Judgment, the party

EATON FAMILY LAW & MEDIATION, LLC
Attorneys at Law
21790 Willamette Drive • P.O. Box 446
West Linn, Oregon 97068
(503) 850-6994

Exhibit 1
Page 13 of 36
**Exhibit A Page 72 of 197**

who prevails in such action is entitled to a supplemental judgment for his or her reasonable attorney fees and costs, including, but not limited to, fees of experts and paralegal fees, and attorney fees and costs on appeal, in addition to any remedy provided by law or equity, as determined by the court. The term "any action" includes, but is not limited to, a demand to comply with a term or terms of this General Judgment, any garnishment or other collection proceeding, enforcement of a judgment lien, arbitration, any civil proceeding filed in circuit court, and any appeal therefrom.

This supplemental judgment may be entered by filing with the court an appropriate motion and supporting affidavit with notice to the other party, setting forth the amount of attorney fees and costs. The documents shall be served on the other party in the manner provided by ORCP 7.

For purposes of this section, "the party who prevails" is defined as follows: if the action results in the party against whom the action is taken being required to pay any money or to take any affirmative action required by the judgment, such as signing a deed, title, or transferring personal property, the person bringing the action is the prevailing party. If the party against whom the action was taken is not required to pay any money or to take any affirmative action required by the judgment, he or she is the prevailing party.

If a suit, proceeding, or action is filed and tried, heard, or decided, the amount of such attorney fees and costs shall be determined by the arbitrator, court, or courts in which the suit, proceeding, or action including any appeal is tried, heard or decided.

23.    NON-WAIVER OF STRICT PERFORMANCE. The failure of either party to insist on strict performance of any provision of this General Judgment is not a waiver of any right to insist on strict performance of such provision or of any other provision of this General Judgment at any time. Any waiver by either party as to any breach of any

EATON FAMILY LAW & MEDIATION, LLC
Attorneys at Law
21790 Willamette Drive • P.O. Box 446
West Linn, Oregon 97068
(503) 850-6994

Exhibit 1
Page 14 of 36
Exhibit A Page 73 of 197

provision is not a waiver of any succeeding breach of that provision or any other provision.

24.    <u>CONTINUING JURISDICTION OF THE COURT</u>.  The court in the above-entitled proceeding retains jurisdiction to enforce all of the provisions of this Stipulated General Judgment.

25.    <u>INTERPRETATION OF THIS JUDGMENT</u>. The rule of construction that a written agreement is construed against the party preparing or drafting such agreement are specifically not applicable to interpretation of this General Judgment or any documents executed and delivered under the terms of this General Judgment.  Each party has been represented by counsel in the negotiation and preparation of this General Judgment or has had the right to be so represented.  No presumption will exist (1) in favor of a party by reason of authorship of any provision of the General Judgment by the other party's counsel or (2) against a party by reason of authorship of any provision of the General Judgment by that party's counsel.

26.    <u>LEGAL REPRESENTATION</u>.

    A.    <u>Husband's Attorney</u>.  Wife acknowledges that the firm of Graves & Swanson, LLC and Christopher J. Graves have represented only Husband as to this marital dissolution, and this General Judgment, and acknowledges that the above-named firm and lawyer have not provided her with any advice regarding this General Judgment.

    B.    <u>Wife's Attorney</u>.  Husband acknowledges that the firm of Eaton Family Law & Mediation, LLC and Kristin Winnie Eaton have represented only Wife as to this marital dissolution, and this General Judgment, and acknowledges that the above-named firm and lawyer have not provided him with any advice regarding this General Judgment.

27.    <u>APPLICABLE LAW</u>.  This General Judgment shall be construed in accordance with the laws of the state of Oregon.

28.    <u>BINDING ON THE SUCCESSORS</u>.  Every provision of this General Judgment shall inure to the benefit of and shall be binding upon the heirs, assigns,

Page 15 – GENERAL JUDGMENT OF DISSOLUTION OF MARRIAGE (MONEY AWARD)

EATON FAMILY LAW & MEDIATION, LLC
Attorneys at Law
21790 Willamette Drive • P.O. Box 446
West Linn, Oregon 97068
(503) 850-6994

Exhibit 1
Page 15 of 36
**Exhibit A Page 74 of 197**

1  personal representatives and all the successors in interest of the parties.

2      29.    <u>PARAGRAPH HEADINGS.</u> The headings of particular paragraphs are

inserted only for convenience and are not part of this General Judgment or a limitation

3  of the scope of the particular paragraph to which the paragraph heading refers.

4      30.    <u>CONTINUING JURISDICTION OF THE COURT</u>.  The court in this action

5  shall retain jurisdiction over both parties to enforce all of the provisions of this General

6  Judgment.

7      31.    <u>RESTORE FORMER LEGAL NAME.</u>  Wife is restored to her former legal

8  name, Cynthia G. Free.

9  <p align="center">* * * * *</p>

10  <p align="center"><u>MONEY AWARD PURSUANT TO ORS 18.042</u><br><u>Does NOT Include Support Award</u></p>

11

12  1.    Creditor:                    CYNTHIA G. VIZZINI
        Address:                    15033 SE Francesca Lane

13                                         Happy Valley, OR 97086

14  2.    Creditor's Attorney:     Kristin Winnie Eaton, OSB #982199
        Address:                    Eaton Family Law & Mediation, LLC

15                                         21790 Willamette Drive · P.O. Box 446

16                                         West Linn, Oregon 97068
        Telephone:               (503) 850-6994

17

18  3.    Debtor:                       DAVID C. VIZZINI
        Address:                    8708 NW Terraceview Court

19                                         Portland, OR 97229

20

21          SSN:                      xxx-xx-7049; Filed in CIF
        Age/Year of Birth:       47/1973

22          ODL:                    xxx____; Filed in CIF

23  4.    Debtor's Attorney:      Christopher J. Graves, OSB #136087
        Address:                    Graves & Swanson, LLC

24                                         707 SW Washington Street, Suite 600

25                                         Portland, OR 97205
        Telephone:               (503) 406-2140

26

Page 16 – GENERAL JUDGMENT OF DISSOLUTION OF MARRIAGE (MONEY AWARD)

Exhibit 1<br>Page 16 of 36<br>**Exhibit A Page 75 of 197**

1

5.    Money Award –

2        A.    Amount:                $37,489

3        B.    Date Due:            Immediately Upon Entry of Judgment

4

6.    Prejudgment Interest:        None

5

7.    Post-judgment Interest:      Nine percent (9%) per annum simple on the
6                                   unpaid principal balance from the date due
7                                   and payable, until paid.

8

8.    Attorney Fees Awarded:      TBD

9

9.    Court Costs Awarded:        TBD

10

11

12

13                                              Signed: 9/21/2021 11:31 AM

14

15                                      *Todd L. Van Rysselberghe*

16                                      Circuit Court Judge Todd VanRysselberghe

17

18    **IT IS SO ORDERED:**

19

20    _July 20, 2021_                   *Kahn Tennyson*

21    Date                             Katherine Tennyson, Senior Judge
                                        Arbitrator

22        **The Arbitrator reviewed all documentation provided, including the email from Mr.
23        Graves on July 20, 2021 and determined that the time for objections to form had
          expired.

24            **SEE FOLLOWING PAGE FOR ATTORNEY APPROVALS**

25

26

Page 17 – GENERAL JUDGMENT OF DISSOLUTION OF MARRIAGE (MONEY AWARD)

EATON FAMILY LAW & MEDIATION, LLC
Attorneys at Law
21790 Willamette Drive • P.O. Box 446
West Linn, Oregon 97068
(503) 850-6994

Exhibit 1
Page 17 of 36
**Exhibit A Page 76 of 197**

1

**APPROVED AS TO FORM:**          **PREPARED AND SUBMITTED BY:**

2                                  EATON FAMILY LAW & MEDIATION, LLC

3

4   _GENERALLY OBJECTS_

5   Christopher J. Graves, OSB #136087      Kristin Winnie Eaton, OSB #982199
    Of Attorneys for Respondent/Husband     Of Attorneys for Petitioner/Wife
6   E-mail: cj@graves-swanson.com           E-mail: kristin@eaton-familylaw.com

7

8

9              **CERTIFICATE OF READINESS UNDER UTCR 5.100**

10      I certify this proposed judgment/order is ready for judicial signature because:

11
    I have **served** (complete service section below) a copy of this judgment/order and the
12  *Notice of Proposed Judgment/order* to all parties entitled to service. **And:**

13
        X  No objection has been served on me within the 7-day time frame.
14

15      □  I received objections that I could not resolve with the other party despite
        reasonable efforts to do so.  I have filed with the court a copy of the objections
16      I received and indicated which objections remain unresolved.

17      □  After conferring about objections, the other party agreed to file any
18      remaining objection with the court.

19      DATED this ___ day of August, 2021.

20                                  EATON FAMILY LAW & MEDIATION, LLC

21

22                                  Kristin Winnie Eaton, OSB #982199
23                                  Of Attorneys for Petitioner/Wife
                                    kristin@eaton-familylaw.com
24

25

26

Page 18 – GENERAL JUDGMENT OF DISSOLUTION OF MARRIAGE (MONEY AWARD)
EATON FAMILY LAW & MEDIATION, LLC
Attorneys at Law
21790 Willamette Drive • P.O. Box 446
West Linn, Oregon 97068
(503) 850-6994

Exhibit 1
Page 18 of 36
**Exhibit A Page 77 of 197**



Kristin Winnie Eaton
Jennifer B. Sackett
Leigh S. Stainken

Direct Tel. 503.447.8645
Main Tel. 503.850.6994
www.eaton-familylaw.com

December 1, 2020

**VIA EMAIL ONLY**
**cj@graves-swanson.com**

CJ Graves
Graves & Swanson, LLC
707 SW Washington Street, Suite 600
Portland, OR 97205

RE:  *Vizzini and Vizzini*
Clackamas County Case No. 19DR20072
Our File: 20-042

Dear CJ:

I am so pleased to learn that you are joining this case, albeit in a limited capacity, unless or until you can assure that a postponement is granted. When we spoke last night, I expressed to you my concern that Ms. Vizzini was very unlikely to respond favorably to your request for a postponement and for mediation because she has been waiting for responses to her March 2020 and July 2020 settlement proposals, as well as a response to her Second Request for Production of Documents and several requests to mediate, given that this is a very short term marriage of less than a year prior to separation. This case has been pending for over a year, and the parties lived together as a married couple! To assure that there would be no delay, Ms. Vizzini incurred costs to obtain the court's order to waive the mediation requirement, and objected to withdrawal of Mr. Vizzini's previous attorney, Sean Stephens, on the basis that it appeared that the withdrawal could be for the sole purpose of delay.

Notwithstanding my fears that Ms. Vizzini would be reticent to release the trial date for this case that has been pending for over a year, I remained hopeful after speaking with you that your involvement would provide this case with the movement necessary to propel forward toward completion. When I spoke with my co-counsel, Lucinda Giorgetti, and Ms. Vizzini, we developed enthusiasm at the possibility that your involvement could bring forth the possibility of negotiating a somewhat amicable resolution. This, however, was shaded by fear that a postponement of the trial date could cause needless delay and further expense for Ms. Vizzini, when there is already an end in sight through the less favorable means of litigation.

21780 WILLAMETTE DRIVE | PO BOX 446 | WEST LINN | OR | 97068

Exhibit A
Vizzini and Vizzini, 19DR20072
Page 1 of 3
Exhibit 1

Page 19 of 36
Exhibit A Page 78 of 197

CJ Graves
December 1, 2020
Page 2

In a show of good faith, indeed a leap of faith, Ms. Vizzini has agreed to support your request for her cooperation with Mr. Vizzini seeking a postponement of the trial date on the following conditions:

1. Underline{Mediation.} The parties will mediate with Judge Kathryn Tennyson on December 31, 2020, and Judge Tennyson's mediation fees will be paid by Mr. Vizzini. If that date is no longer available with Judge Tennyson once this agreement is confirmed, the parties will nonetheless mediation on or before December 31, 2020, with one of the following retired judges: Judge Kathryn Tennyson, Judge Eve Miller, or Judge Robert Herndon.

2. Issues Unresolved by Mediation. If, at the end of the day of mediation, the parties have any remaining unresolved issues, since Judge Tennyson (or alternate mediator as identified above) will have a firm grasp of the details by that time, the parties expressly agree that the judge-mediator will be authorized to make a binding decision on those issues, as well as retaining jurisdiction to resolve any issues with the form of judgment or potential mechanics of carrying out the final details of the judgment (ie., QDRO, sale of marital home, appointment of a receiver, etc.).

3. Liquidated Damages. Since Ms. Vizzini fears that what appears to be the sudden agreement to mediate could simply be a ploy to delay this matter, she is asking for a good faith agreement from Mr. Vizzini for liquidated damages if he fails to mediate as scheduled. If the parties do not follow through with mediation on or before December 31, 2020, with Judge Tennyson (or Judge Eve Miller or Judge Robert Herndon) through no fault of Ms. Vizzini's, Mr. Vizzini will owe the sum of $10,000 to Ms. Vizzini as liquidated damages associated with the harm to her resulting from the needless delay of this case beyond the December 10, 2020 trial date this is presently scheduled.

4. Attorney Fees and Costs. Ms. Vizzini is expressly excepting from anticipated settlement at mediation the issue of attorney fees, which will need to be addressed expressly as a separate term of settlement, or left to the ORCP 68 process for the court to decide after entry of the judgment. Due to the well-documented delays in this case, she believes she has a very strong claim for an award of attorney fees and costs. If it turns out that Mr. Vizzini is able to document that the significant delays have been a result of his prior counsel's failure to communicate, and not his own delinquency, Ms. Vizzini will cooperate, as will both myself and Ms. Giorgetti, with any claim Mr. Vizzini chooses to assert against his former counsel as a result of such failure to communicate. Such a claim would potentially include not only the attorney fees actually incurred by Mr. Vizzini with his former legal counsel, but also potentially his responsibility for Ms. Vizzini's legal fees and the costs of mediation.

Exhibit A
Vizzini and Vizzini, 19DR20072
Page 2 of 3
Exhibit 1
Page 20 of 36
Exhibit A Page 79 of 197

CJ Graves
December 1, 2020
Page 3


It is my understanding that Mr. Vizzini has agreed to the conditions above, and authorized you to communicate to me that agreement. However, prior to Lucinda Giorgetti or I communicating to the court our consent to a postponement of the December 10, 2020, trial date, we will need to receive a copy of this letter signed and dated by both you and Mr. Vizzini, below, to confirm the terms of this agreement.

I truly appreciate the movement you have already been able to provide for this case that has been stagnant for many months, despite the efforts of Ms. Giorgetti and Ms. Vizzini.

Very truly yours,

EATON FAMILY LAW & MEDIATION, LLC

Kristin Winnie Eaton

CC:    Cindi Vizzini (email)
       Lucinda Giorgetti (email)

ENUMERATED CONDITIONS 1-4, above, are AGREED. Respondent/Husband expressly does NOT agree with the expression of background information preceding such enumerated conditions:

David Vizzini, Respondent/Husband

Date: December 1, 2020

CJ Graves, OSB #136087
Limited Attorney for Respondent/Husband
Date: December 1, 2020

Exhibit A
Vizzini and Vizzini, 19DR20072
Page 3 of 3
Exhibit 1
Page 21 of 36
Exhibit A Page 80 of 197

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS

| | | |
|---|---|---|
| In the Matter of the Marriage of: | ) | |
| | ) | Case No. 19DR20072 |
| CYNTHIA VIZZINI, | ) | |
| | ) | |
| Petitioner, | ) | ORDER AFTER BINDING ARBITRATION |
| | ) | RE: PERSONAL PROPERTY DISTRIBUTION |
| and | ) | AND DEBTS |
| | ) | |
| DAVID VIZZINI, | ) | |
| | ) | |
| Respondent | ) | |

This matter is before the Arbitrator on the stipulation of the parties to binding arbitration regarding disputes of the parties not resolved in mediation. Petitioner (Wife) is represented by Kristin Winnie Eaton and Lucinda Giorgetti; Respondent (Father) is represented by C.J. Graves. The parties in conjunction with this Arbitrator, agreed to a process by which each side would submit a Pre-Hearing Statement of Proof, along with Exhibits. Each side would then have an opportunity to respond. Finally, this matter was set for argument on March 18, 2021. The parties further stipulated that based upon that the memoranda, exhibits and argument, the Arbitrator could then issue an order resolving the issues of the parties. At argument, the parties further stipulated that all exhibits tendered by either party are deemed received.

The Arbitrator finds as follows:

1.   There is no doubt that this case has been an exercise in frustration for the parties. This frustration is caused by multiple factors, including the Pandemic which has slowed efficient, fair court access to a crawl for either party. Lack of responsive and timely document production, the uncertain economy and all manner of disagreement over process flowed from that lack of access. This case should have been a relatively easy division of assets from this brief relationship and even shorter marriage. Be that as it may, the parties find themselves unable to agree on the ownership, value and distribution of the personal property acquired during that relationship and this disagreement prevents entry of the General Judgment.

///
///

**1—ORDER AFTER BINDING ARBITRATION RE: PERSONAL PROPERTY AND DEBTS**

Exhibit B
Vizzini and Vizzini, 19DR20072
Page 1 of 4
Exhibit 1
Page 22 of 36
**Exhibit A Page 81 of 197**

2.  One procedural issue herein is entirely of Husband's making. The issue related to Husband's failure to file a timely responsive pleading to Wife's Request for Admissions provides an illustration both of the pervasive frustration discussed above, but also an interesting question of Civil Procedure. There is no doubt that Requests 1-30 are deemed admitted. The issue lies with Requests 31-39 which are outside the number of requests allowable by rule without leave of court. The issue presented is one of first impression with no relevant case law. On one hand, Wife argues that Husband waived any objection by his failure to respond; on the other hand, Husband argues that Wife could not ask for so many admissions by plain reading of the rule. It can also be said that Husband's failure to respond actually deprived Wife of the opportunity to correct the problem, if a judge had been available to hear the motion. This Arbitrator finds that certain rulings herein obviate the need for a decision on this issue at this time. This issue may become relevant is in the determination of an award of attorney fees, if any, so it is preserved for further argument.

3.  The parties established a joint account in August 2016, shortly after they began their relationship. The parties deposited their incomes. Wife also deposited her child support and other sums from her assets into that account. From that account, the parties paid mutual expenses including credit card expenses as well as Husband's child support obligation. This Arbitrator finds that although the respective deposits into this account may not be equal, this account proves that the parties intended to co-mingle their finances in such a way as to create a partnership for anything purchased through that account.

4.  No credible evidence on this record indicates that their intention was otherwise. Neither party produced accountings as exhibits to demonstrate a reconciliation of who owed who based upon monthly expenses specifically designated as separate expenses of either party. Both parties used this account freely to spend on anything they wanted. An example of their intention to jointly act with regard to their finances is reflected in Husband's failure to pay Wife rent pursuant to a formal rental agreement. Husband suggests that if Wife wants to collect now, she can sue him. Husband misses the point. These two people were not concerned with strict compliance on written agreements because they had **combined their finances.**

5.  It is from this finding, that the parties intended to create a financial partnership, that the remainder of the findings and conclusions herein flow.

6.  After combining their finances in August, 2016, the parties married in December 2018. The parties separated in October 2019, but continued to make the joint house payment through their joint account for a couple of months after their separation.

7.  Husband received, through this relationship, tremendous financial benefit. Wife on the other hand, did not. The often stated goal of "restoration" of parties to their previous financial state in extremely short term marriages is an impossibility given how these two handled their finances. They changed the nature and character of their separate property and debts within a very short time period. As a result, there is truly nothing left that resembles what they each had in 2016.

///

2—ORDER AFTER BINDING ARBITRATION RE: PERSONAL PROPERTY AND DEBTS

Exhibit B
Vizzini and Vizzini, 19DR20072
Page 2 of 4
Exhibit 1
Page 23 of 36
**Exhibit A Page 82 of 197**

8. With the exception of findings noted below, Wife's 8.010 is adopted by this Arbitrator as a equitable distribution of property. The 8.010 will need to be adjusted by the remainder of the findings herein.

9. The divisible value of the personal property should be 25% (not 50%) of the gross values in Wife's list. This number more accurately reflects the incredible depreciation of property once it is "pre-owned" and absent testimony on the actual fair market value, this Arbitrator adopts Husband's suggestion of the appropriate reduction to use. Wife has received neither an equal nor an equitable distribution of the personal property of the parties. It is appropriate to include the calculation, as adjusted, in Wife's 8.010. Each party is awarded the personal property in their possession with no additional exchanges required.

10. The Sonos system and the hot tub stay with the house without additional value to either party. To the extent that the purchasers of the house do not want either item, Wife can have the hot tub at no value; Husband can have the Sonos system at no value. The Polaris Razr is a joint asset the value of which needs to be divided between the parties.

11. There shall be no offset for the $10,000 "loan" Husband claims he gave to Wife prior to their marriage. In addition to previous findings herein related to the combination of finances, this Arbitrator observes that there is insufficient proof that there was any intention on the part of either party to consider it a loan.

12. Wife acknowledges she is equally responsible for the mortgage payments on the joint property. Many of these payments were deferred and will be satisfied from the sale proceeds when the house is sold. This Arbitrator accepts Wife's assertion related to her own living expenses once the parties separated. Wife shall receive the credit requested in her 8.010 as recognition that she had additional living expenses because she was unable to reside in property she co-owned. This request if equitable. Further, the other offsets, including the funds for money unilaterally taken by Husband from the joint savings are allowed.

13. With those adjustments, the distribution of property is just and proper in all the circumstances.

14. When the house sells, the proceeds shall be used to pay the costs of sale, including mortgage, realtor, receiver, and closing fees and costs. The remainder shall be held pending determination of the respective claims of the parties relative to their performance under the order appointing the receiver and/or disputes related to costs of sale. Those issues are specifically reserved for further arbitration should it become necessary to do so, absent agreement.


IT IS THEREFORE ORDERED:

A. A General Judgment shall entered consistent with the above findings. Ms. Eaton shall prepare the Judgment.

B. Further proceedings may be required to determine the issues related to the distribution of the sale proceeds from the sale of the jointly owned real property. Jurisdiction is specifically reserved to finalize those issues. If further proceedings are necessary, the findings and conclusions shall enter herein as a Supplemental Judgment.

3—ORDER AFTER BINDING ARBITRATION RE: PERSONAL PROPERTY AND DEBTS

Exhibit B
Vizzini and Vizzini, 19DR20072
Page 3 of 4
Exhibit 1
Page 24 of 36
Exhibit A Page 83 of 197

C.  An award of attorney fees, if any, shall be determined pursuant to ORCP 68.

_Katherine Tennyson_

Katherine Tennyson
Arbitrator
April 25, 2021

A copy of this order was provided to each lawyer by email on April 25, 2021

4—ORDER AFTER BINDING ARBITRATION RE: PERSONAL PROPERTY AND
DEBTS

Exhibit B
Vizzini and Vizzini, 19DR20072
Page 4 of 4
Exhibit 1

Page 25 of 36
Exhibit A Page 84 of 197

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Master Bedroom** | | | | | | | |
| 1 | Restoration Hardware Console 1 of 2 | 08/19/2018 | $1,571.00 | $1,178.25 | $392.75 | | $392.75 |
| 2 | Restoration Hardware Console 2 of 2 | 08/19/2018 | $1,571.00 | $1,178.25 | $392.75 | $392.75 | |
| 3 | Restoration Hardware Nightstand 1 of 2 | 08/19/2018 | $562.00 | $421.50 | $140.50 | | $140.50 |
| 4 | Restoration Hardware Nightstand 2 of 2 | 08/18/2018 | $562.00 | $421.50 | $140.50 | | $140.50 |
| 5 | Closet Table from Nadau | 08/18/18 | $1,099.00 | $824.25 | $274.75 | | $274.75 |
| 6 | Television | 09/01/2018 | $1,819.93 | $1,364.95 | $454.98 | | $454.98 |
| 7 | Sonos Surround TV System | 09/14/2019 | $1,013.00 | Stays with home, or zero value to Husband | | | X |
| 8* | Wall Artwork | Various | $500.00 | $375.00 | $125.00 | | $125.00 |
| **Attic** | | | | | | | |
| 9* | Halloween Decorations (lot) | 10/2018 | $300.00 | $225.00 | $75.00 | $37.50 | $37.50 |
| 10* | GAMO Pellet Gun | 2019 | $100.00 | $75.00 | $25.00 | | $25.00 |
| **Movie Room/Office** | | | | | | | |
| 11 | Restoration Hardware, Desk 1 of 2 | 08/19/2018 | $1,563.00 | $1,172.25 | $390.75 | | $390.75 |
| 12 | Restoration Hardware, Desk 2 of 2 | 08/19/2018 | $1,563.00 | $1,172.25 | $390.75 | $390.75 | |
| **Jaiden's Room** | | | | | | | |
| 13 | Single Bed with Trundle | 01/28/2018 | $600.00 | $450.00 | $150.00 | $150.00 | |
| 14 | Mattress/heater/sheets | 01/28/2018 | $295.97 | $221.98 | $73.99 | $73.99 | |
| **Lincoln's Room** | | | | | | | |
| 15 | Single Bed with Trundle | 01/28/2018 | $600.00 | $450.00 | $150.00 | | $150.00 |
| 16 | Dania Dresser | 05/16/2016 | $1,497.00 | $1,122.75 | $374.25 | | $374.25 |
| 17 | Mattress/heater/sheets | 01/28/2018 | $295.97 | $221.98 | $73.99 | | $73.99 |
| **Laundry Room** | | | | | | | |
| 18 | Samsung Washing Machine | 01/27/2018 | $1,619.97 | Stayed With Home | | | |
| 19 | Samsung Clothes Dryer | 01/27/2018 | $1,699.97 | | | | |
| 20 | Dyson Handheld Vacuum | 02/02/2019 | $399.00 | $299.25 | $99.75 | $99.75 | |
| 21 | Dyson Vacuum (Costco) | 2016 | $499.00 | $374.25 | $124.75 | | $124.75 |
| **Hallway** | | | | | | | |
| 22 | Restoration Hardware Table | 08/19/2018 | $712.00 | $534.00 | $178.00 | $178.00 | |
| **Main Living Room** | | | | | | | |
| 23 | TV | 09/18/2018 | $1,079.97 | $809.98 | $269.99 | | $269.99 |

Exhibit 1 Page 26 of 36

Exhibit A Page 85 of 197

| # | | 12/20/2018 | | | | | |
|---|---|---|---|---|---|---|---|
| 27 | Restoration Hardware Sofa | Summer 2018 | $9,392.00 | $7,044.00 | $2,348.00 | | $2,348.00 |
| 28* | Coffee Table (from Craigslist) | Spring 2018 | $50.00 | $37.50 | $12.50 | | $12.50 |
| 29 | *empty* | | | | | | |
| 30 | Restoration Hardware Console | 2018/2019 | $2,437.00 | $1,827.75 | $609.25 | | $609.25 |
| **Kitchen** | | | | | | | |
| 31* | Craislist/West Elm Table/Bench | Early 2018 | $700.00 | $525.00 | $175.00 | $175.00 | |
| 32 | Dania Counter Stools (Pair) | 08/08/2019 | $598.00 | $448.50 | $149.50 | $149.50 | |
| 33* | Juicer 1 of 2 | 2018 | $100.00 | $75.00 | $25.00 | | $25.00 |
| 34* | Juicer 2 of 2 | 2018 | $100.00 | $75.00 | $25.00 | $25.00 | |
| | | | | | | | |
| **Main Dining Room** | | | | | | | |
| 35 | West Elm Table/Bench | 2016 | $1,300.00 | $975.00 | $325.00 | | $325.00 |
| 36 | Z Gallery End Chairs (pair) | 09/05/2016 | $1,103.30 | $827.48 | $275.82 | | $275.82 |
| 37 | Z Gallery Banquet | 09/05/2016 | $1,104.15 | $828.11 | $276.04 | | $276.04 |
| 38 | Samsung Cyclone Vacuum | 03/02/2018 | $1,119.98 | $839.99 | $279.99 | | $279.99 |
| **Basement Living Room** | | | | | | | |
| 39 | West Elm Brown Leather Sofa | 07/14/2019 | $4,800.00 | $3,600.00 | $1,200.00 | $1,200.00 | |
| 40 | Dania Orange Chairs (Pair) | 08/08/2019 | $638.00 | $478.50 | $159.50 | $159.50 | |
| 41 | West Elm Outdoor Furniture | 08/14/2019 | $2,637.00 | $1,977.75 | $659.25 | | $659.25 |
| 42 | Hot Tub | 2016 | $13,000.00 | Stays with home, or zero value to Wife | | X | |
| 43* | Deck Container Box | Summer 2019 | $200.00 | $150.00 | $50.00 | | $50.00 |
| **Basement Kitchen** | | | | | | | |
| 44 | Wine Collection | Various | $11,178.47 | $8,383.85 | $2,794.62 | | $2,794.62 |
| | | | | | | | |
| | | | | | | | |
| **Garage/Other:** | | | | | | | |
| 45 | Yakima Rack | 08/16/2019 | $569.05 | $426.79 | $142.26 | | $142.26 |
| 46 | DeWalt Tools (Lot) | Various | $3,671.50 | $2,753.62 | $917.88 | | $917.88 |
| 47 | Rigid Tools (Lot) | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | Note: some exhibit pages have more than one line item of purchase from Home Depot. In those instances, the total value is listed for that page. | | | | | | |
| 52 | Kayaks (x2) | 06/24/2017 | $1,927.45 | $1,445.59 | $481.86 | | $481.86 |
| 53 | Phantom Drone | 12/2017 | $2,370.00 | $1,777.50 | $592.50 | | $592.50 |
| 54 | Segway Scooter, 1 of 2 | 06/29/2019 | $599.99 | $449.99 | $150.00 | $150.00 | |
| 55 | Segway Scooter, 2 of 2 | 06/29/2019 | $599.99 | $449.99 | $150.00 | $150.00 | |
| 56 | Veito Stand-Up Heaters (6) | 04/14/2019 | $2,394.00 | $1,795.50 | $598.50 | $199.50 | $399.00 |
| 57 | Razr Side-by-Side | 1st Winter 2017, replaced 03/28/18 | $24,562.98 | $18,422.23 | $6,140.75 | | $6,140.75 |
| 58 | Winch | 10/22/19 | $1,358.59 | $1,018.94 | $339.65 | | $339.65 |
| 59 | Cargo Trailer | 12/18/2017 | $5,000.00 | $3,750.00 | $1,250.00 | | $1,250.00 |
| 60 | Adirondack Chairs (4) | 08/04/2018 | $600.00 | $450.00 | $150.00 | | $150.00 |
| 61 | Air Mlieage Points | Various | | | | Wife's miles on 3 cards: 19,305 mi | |
| | NOTE: Stopped reflecting miles earned on statements starting January 2019, and Husband never produced documentation of air mileage. | Wife requests that Husband be required to transfer 175,000 miles to her | | | | | Husband's miles on single credit card through 12/2018: 337,394 |
| 62 | Hotel Points | Wife requests that Husband be required to transfer 205,000 points to her | | | | | Husband's hotel points, single card: 409,899 |
| 63* | White Serving Dishes (Lot) | Various | $100.00 | $75.00 | $25.00 | | $25.00 |
| 64* | Pots & Pans, Cast Iron (Lot) | Various | $200.00 | $150.00 | $50.00 | | $50.00 |
| 65 | Pots & Pans, Costco | 06/29/2019 | $200.00 | $150.00 | $50.00 | | $50.00 |
| 66 | Weed Sprayer | 07/15/2018 | $53.05 | $39.79 | $13.26 | | $13.26 |

| # | Item | Date | | | | | |
|---|------|------|---|---|---|---|---|
| 70 | Outdoor ... | marital | $550.00 | $412.50 | $137.50 | | $137.50 |
| 71 | Road Bike (Husband) | 06/24/2017 | $9,312.97 | $6,984.73 | $2,328.24 | | $2,328.24 |
| **Piano Room** | | | | | | | |
| 72* | Goat Rug | 2016 | $100.00 | $75.00 | $25.00 | $25.00 | |
| **Miscellaneous** | | | | | | | |
| 73 | West Elm Bedding/Décor | 07/29/2019 | $886.90 | $665.17 | $221.73 | | $221.73 |
| 74 | MacBook | 08/03/2017 | $752.00 | $564.00 | $188.00 | | $188.00 |
| 75 | Les Schwab Wheels/Tires | 10/22/2019 | $1,796.00 | $1,347.00 | $449.00 | | $449.00 |
| 76 | Sonos Speakers, Basement | 09/14/2019 | $1,013.00 | $759.75 | $253.25 | | $253.25 |
| 77 | Two (2) Computers, speakers, accessories | 08/02/2017 | $6,782.80 | $5,087.10 | $1,695.70 | | $1,695.70 |
| 78 | Computer and accessories | 09/12/2019 | $2,840.90 | $2,130.67 | $710.23 | | $710.23 |
| 79 | Apple Products for Home | 09/12/19 | $795.00 | $596.25 | $198.75 | | $198.75 |
| 80 | | | | | | | |
| | **TOTAL** | | **$126,850.88** | **$95,138.16** | **$31,712.72** | **$3,556.24** | **$28,156.48** |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Exhibit 1
Page 29 of 36

Exhibit A Page 88 of 197

1

2

3

4    IN THE CIRCUIT COURT OF THE STATE OF OREGON

5    FOR THE COUNTY OF CLACKAMAS

Family Law Department

In the Matter of the Marriage of:           )    Case No.  19DR20072
                                            )
CYNTHIA G. VIZZINI,                          )
                                            )
                    Petitioner,              )    DISTRIBUTION OF ASSETS AND
                                            )    LIABILITIES (UTCR 8.010)
        and                                  )
                                            )    *07/05/2021*
DAVID C. VIZZINI,                            )
                                            )
                    Respondent.              )

| ASSETS | COMMENTS | VALUE | HUSBAND | WIFE |
|---|---|---|---|---|
| **REAL PROPERTY** | | | | |
| 1  8708 NW Terraceview Court Portland, OR | | | | |
| Proceeds after costs of sale, Including $15,424 to receiver, mortgage, overdue interest, etc. | $195,803 | | | |
| Less Sale Prep. Reimbursemt | $2,923 | X | X | |
| Net Proceeds for Distribution | $192,880 | | | |
| Less Equalizing Award to W | $71,013 | $71,013 | | $71,013 |
| Final Proceeds for Distribution | $121,867 | $121,867 | $60,934 | $60,934 |
| **BUSINESSES** | | | | |
| 2  HR Annie, Inc. | Premarital | X | | X |
| 3  Equitas DX, LLC | | X | X | |
| 4.  Equitas HP, LLC | | X | X | |
| 5.  ServisCare, LLC | | X | X | |
| 6.  Medicus Stat, LLC | | X | X | |

Page 1 – DISTRIBUTION OF ASSETS AND LIABILITIES

Exhibit D
Vizzini and Vizzini, 19DR20072
Page 1 of 7
Exhibit 1
Page 30 of 36
Exhibit A Page 89 of 197

| | | INVESTMENTS/BANK ACCOUNTS | | | | |
|---|---|---|---|---|---|---|
| 7 | | OnPoint Community Credit U Member x3039 (H, former Jt) | | | | |
| | A. | Interest Checking -0008 (10/31/20) | | $3,752 | $3,752 | |
| | B. | Savings -0001 (10/31/20) | | $212 | $212 | |
| 8 | | OnPoint Community Credit U Member x2987 (H) | | | | |
| | A. | Vizz Checking -0008 (09/08/20) | | $0 | $0 | |
| | B. | Vizz Savings -0001 (09/08/20) | | $0 | $0 | |
| 9 | | OnPoint Community Credit U Member 4475 (H) | | | | |
| | A. | Basic Checking -0008 (08/16/19) | | $0 | $0 | |
| | B. | Savings -0001 (08/16/19) | | $0 | $0 | |
| 10 | | OnPoint Community Credit U Member x3050 (Lincoln UTMA) Savings -0001 (10/31/20) | $3,603 | X | X | |
| 11 | | OnPoint Community Credit U Member x3119 (Nixon UTMA) Savings -0001 (10/31/20) | $3,588 | X | X | |
| 12 | | OnPoint Community Credit U Member x7664 (Equitas DX) 10/31/20 | | | | |
| | A. | Business Checking -0022 | $16,717 | X | X | |
| | B. | Business Savings -0001 | $5 | X | X | |
| 13 | | JP Morgan Chase (Wife) Checking x8778 (12/04/20) | | $13,704 | | $13,704 |
| 14 | | JP Morgan Chase (Wife) Savings x8301 (11/09/20) | | $13,001 | | $13,001 |
| 15 | | JP Morgan Chase (Husband) Checking x5188 (12/30/20) | | $28,962 | $28,962 | |
| 16 | | JP Morgan Chase (Equitas DX) Checking x0717 (12/30/20) | $62,757 | X | X | |
| 17 | | JP Morgan Chase (Equitas DX) Total Savings (08/30/19) | $0 | X | X | |
| 18 | | OnPoint Community Credit U Member x4003 (Jaiden UTMA) Savings -0001 (09/21/20) | $0 | X | | X |

Page 2 – DISTRIBUTION OF ASSETS AND LIABILITIES

Exhibit D
Vizzini and Vizzini, 19DR20072
Page 2 of 7
Exhibit 1
Page 31 of 36
Exhibit A Page 90 of 197

| 19 | KeyBank (Husband) (10/15/19) Hassle Free Account x9825 | | $22,307 | $22,307 | |
|---|---|---|---|---|---|
| | **VEHICLES** | | | | |
| 20 | 2019 Jaguar F-Pace and loan at Consolidated Federal CU | Post-Separation | X | | X |
| 21 | 2019 Infiniti QX80 and loan at OnPoint x3039-145 | Post-Separation | X | X | |
| 22 | Polaris Razr joint purchase, totaled by H and boss, replaced by boss | Addressed separately with personal property | | | |
| | **RETIREMENT** | | | | |
| 23 | Montgomery & Graham 401K at John Hancock (H) (10/28/19) Marital, cashed in by H at separation | | $17,299 | $17,299 | |
| 24 | JP Morgan Chase Retirement (03/04/16 liquidated into jt acct) | Exhibit | 0 | | 0 |
| 25 | CapGroup IRA (W) (11/27/20) $6,279 (entirely post-separation) | | X | | X |
| | **PERSONAL PROPERTY** | | | | |
| 24 | Furniture and Furnishings (purchase price, depreciated by 50%) | See separate personal property spreadsheet | $31,713 | $28,156 | $3,557 |
| 25 | Premarital property (Wife) | | X | | X |
| 26 | Premarital property (Husband) | | X | X | |
| 27 | Hot Tub and associated debt (working off in trade) | Included in separate discussion of personal property spreadsheet and exhibits | | | |
| | **TOTAL ASSETS** | | $323,830 | $161,622 | $162,209 |

Page 3 – DISTRIBUTION OF ASSETS AND LIABILITIES

Exhibit D
Vizzini and Vizzini, 19DR20072
Page 3 of 7
Exhibit 1
Page 32 of 36
**Exhibit A Page 91 of 197**

| | | LIABILITIES | | | | |
|---|---|---|---|---|---|---|
| 1 | 1 | OnPoint Community Credit U Member 7664 (Equitas DX) PPP Loan | ($16,625.00) | X | X | |
| 2 | Hilton Honors AmEx x11003 (Husband) (10/20/19) | | ($962) | ($962) | |
| 3 | Delta Skymiles AmEx x11000 Husband (10/18/19) | | ($71) | ($71) | |
| 4 | Platinum AmEx x62002 (Husband) (10/16/19) | | -0- | -0- | |
| 5 | American Express Loan x61008 (Husband)(12/22/19) | Post-Separation $15,000 | X | X | |
| 6 | Student Loans (Husband) | Pre-Marital | X | X | |
| 7 | Alaska Airlines Visa x1122 (Wife) (10/23/19) | backed out $5,300 atty fees from total | ($203) | | ($203) |
| 8 | Delta Skymiles AmEx x21004 (Wife) (10/15/19) | | ($1,416) | | ($1,416) |
| | TOTAL LIABILITIES | | ($2,652) | ($1,033) | ($1,619) |

| | | TOTAL | HUSBAND | WIFE |
|---|---|---|---|---|
| ASSETS | | $323,830 | $161,622 | $162,208 |
| LIABILITIES | | ($2,652) | ($1,033) | ($1,619) |
| INITIAL DISTRIBUTION | | $321,178 | $160,589 | $160,589 |
| Stimulus Check Reimburse Jdgmt | Note 1 | | ($1,111) | $1,111 |
| Homeowners Insurance Refund | Note 2 | | ($1,916) | $1,916 |
| One-Half Rent Reimbursement | Note 3 | | ($16,962) | ($16,962) |
| One-Half Reimburse for Savings | Note 5 | | ($17,500) | $17,500 |
| JUDGMTS FROM NOTES 1, 2, 3, 5 | | | ($37,489) | $37,489 |
| FINAL ALLOCATIONS | | | $123,100 | $198,078 |

## IMPORTANT ADJUSTMENTS

From Husband's estimated proceeds of sale of the home of $63,857 ($60,934 half proceeds + $2,923 sale preparation reimbursement), Wife will receive an additional $37,489 due to his misappropriation of funds in the above-referenced manners, leaving an estimated $26,368 to be awarded to Husband, but shall be held "pending determination of the respective claims of the parties relative to their performance under

Page 4 – DISTRIBUTION OF ASSETS AND LIABILITIES

Exhibit D
Vizzini and Vizzini, 19DR20072
Page 4 of 7
Exhibit 1
Page 33 of 36
Exhibit A Page 92 of 197

1   the order appointing the receiver and/or disputes related to costs of sale" and attorney fees.

2

3   Wife's estimated proceeds of sale of the home of $131,947 ($60,934 half proceeds + $71,013 equalizing award) will be adjusted upward by $37,489 due to Husband's misappropriation of funds in the above-referenced manners, leaving an estimated $169,436 to be awarded to Wife, but shall be held "pending determination of the respective claims of the parties relative to their performance under the order appointing the receiver and/or disputes related to costs of sale" and attorney fees.

4

5

6

7

8   NOTE #1:   Husband received Wife's stimulus check on 4/15/20 for $1,110.85 and did not provide it to her. **Wife is awarded a judgment against Husband for the full $1,110.85**, as Husband was not eligible for the stimulus check, given his high income.

9

10

11   NOTE #2:   The parties' mortgage continued to be paid through March 2020.  Wife paid half for the months of October, November and December 2019, even though she had vacated the home in October 2019 and was incurring rental expense for an apartment and a storage unit.  Husband paid the mortgage payment (principal, interest, taxes and insurance) for January, February, and March 2020 and then placed the mortgage into forbearance, despite having sufficient income to pay the mortgage.  Since the lender had an escrow account, they paid the $3,832.16 to renew the homeowners insurance policy, but Husband cancelled the policy and received a refund of the full $3,832.16.

12

13

14

15

16

17

18   **Wife is awarded a judgment against Husband for one-half of the homeowners insurance refund, $1,916.08.**

19

20   NOTE #3:   When Wife vacated the marital residence, she began incurring expense for rental of first an apartment and storage unit, and then a house.  She is continuing to pay rent, while Husband has incurred no housing expenses since March 2020, since he is living in the marital home to the exclusion of Wife.

21

22

23

24   Pursuant to her Rental Agreement for her current rental home, from September 2020 through May 2021 (9 months), Wife has paid $3,396 per month in rent, totaling $30,564.

25

26   Page 5 – DISTRIBUTION OF ASSETS AND LIABILITIES

Exhibit D
Vizzini and Vizzini, 19DR20072
Page 5 of 7

Exhibit 1
Page 34 of 36
**Exhibit A Page 93 of 197**

1    Wife's previous rental agreement, for her apartment, ran from 10/22/2019
     through October 2020. Her monthly rent was $1,740, and therefore totaled
2    $20,880 during those 12 months.

3    Since the apartment was not of sufficient size to store her belongings and
4    those of her children, Wife also needed to rent a storage through
     November 2020 when she was able to move everything from the storage
5    unit to her rental home. The Rental Agreement specified a monthly rate of
6    $171. From October 2019 through November 2020 (14 months), she paid
     $2,394.
7
     In total, from October 2019 through May 2021, Wife has paid $53,838 in
8    rent, while Husband paid $19,799 (mortgage for January 2020 through
9    March 2020) to live in the marital residence through the date of sale in
     June 2021. The parties equally shared the mortgage on the marital
10   residence through December 2020.

11   **Wife is awarded a judgment against Husband for one-half of the total**
12   **sum of her rent, $17,020, as an equitable resolution to Husband's marital**
13   **waste.**

14   NOTE #4:    Husband has claimed that he should receive most of the proceeds from
                 sale of the home and essentially all of the personal property purchased by
15               the parties during both their domestic partnership and their brief
16               marriage, presumably because he earned more than Wife did. He has
                 admitted that the earnest money payments (two) and down payment both
17               came from the parties' joint OnPoint bank account x3039, as did the
18               payment for the credit cards they used to purchase substantial personal
                 property. He has admitted that both parties deposited their income from
19               all sources into that bank account. It is true, however, that Husband
20               earned substantially more than Wife did. At the same time, it is also true
                 that in addition to depositing her income and her child support receipts
21               into the joint account, Wife also deposited the proceeds from the
                 following, which totals $179,270.31:
22
23               1.  Sale of her pre-marital property on Main Avenue, Beaverton –
                     Proceeds $46,044.25
24               2.  Sale of her pre-marital property on Rogers Lane, Clackamas
                     Proceeds $93,253.97
25               3.  Liquidation of her JP Morgan Chase IRA x1244
26

Page 6 – DISTRIBUTION OF ASSETS AND LIABILITIES

Exhibit D
Vizzini and Vizzini, 19DR20072
Page 6 of 7
Exhibit 1
Page 35 of 36
**Exhibit A Page 94 of 197**

1

Proceeds $23,289.54, less $0.35 = $23,289.19 received
4.  Liquidation of her children's 529 accounts at MFS
    Jaiden Fetty $9,434.12; Morgan Fetty $7,248.78 = $16,682.90

2

3  NOTE #5:    When the parties separated, Husband took $35,000 from the parties' joint

4            savings account at OnPoint Community Credit Union, all on October 10,
             2019.  This was a pre-distribution of marital assets to Husband, for which

5            **Wife is awarded a judgment against him for one-half, $17,500.**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 7 – DISTRIBUTION OF ASSETS AND LIABILITIES

Exhibit D
Vizzini and Vizzini, 19DR20072
Page 7 of 7
Exhibit 1
Page 36 of 36
**Exhibit A Page 95 of 197**

**CERTIFICATE OF SERVICE**

1

2          I hereby certify that on the date shown below, I served a true and correct copy of the

3   foregoing DECLARATION OF CYNTHIA FREE IN SUPPORT OF ORCP 21 MOTION TO

4   DISMISS AND FOR ATTORNEY FEES. on:

5

Grant T. Engrav
6   Engrav Law Office, LLP
1500 SW First Ave, Suite 1170
7   Portland, OR 97201
E-Mail: grant@engravlawoffice.com
8      Of Attorneys for Plaintiff

9

10   ☐      by first class mail, postage prepaid.

11   ☐      by overnight mail.

12   ☐      by hand delivery.

13   ☐      by facsimile transmission.

14   ☐      by facsimile transmission and first class mail, postage prepaid.

15   ☐      by electronic transmission.

16   ☒      by electronic transmission and first class mail, postage prepaid.

17          DATED:  March 3, 2022.

18

19                                          /s/Daniel S. Sharp
                                            Daniel S. Sharp, OSB #161559
20                                          daniel.sharp@jordanramis.com
                                            Attorneys for Defendant Cynthia Free
21

22

23

24

25

26

Page 1 –  CERTIFICATE OF SERVICE

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
55863-79885 4860-4341-0447.1

**Exhibit A Page 96 of 197**

1

2

3

4               IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| 6   VERITAS ALLIES LLC, an Oregon limited liability company,<br>7<br>8           Plaintiff,<br>9   v.<br>10   CYNTHIA FREE, an individual, and HEATHER SCHIAPPACASSE, an individual,<br>11<br>12           Defendants. | Case No. 21CV47955<br><br>**DECLARATION OF DANIEL SHARP IN SUPPORT OF DEFENDANT CYNTHIA FREE'S ORCP 21 MOTION TO DISMISS AND FOR ATTORNEY FEES.** |

13

14       I, Daniel S. Sharp, hereby declare and state as follows:

15       1.      I am the declarant and make all of the statements herein of my personal

16 knowledge, except as to those matters stated on information and belief, and as to those matters,

17 believe them to be true, and if called as a witness, could and would testify competently thereto.

18       2.      I am an attorney at Jordan Ramis PC representing Defendant CYNTHIA FREE in

19 the above captioned case. I make this declaration in support of Defendant's Motion to Dismiss

20 and for Attorney Fees.

21       3.      Attached as **Exhibit 1** are true and correct copies of the Articles of Organization

22 for "Veritas Allies, LLC." (Registry No. 1685608-95) and an Information Change as obtained

23 from the Oregon Secretary of State's website indicating that David Vizzini was a member

24 manager  and CEO of that company.

25       4.      Attached as **Exhibit 2** is a true and correct copy of the Oregon Secretary of

26 State's website pertaining to the status of "Veritas Allies, LLC." (Registry No. 1685608-95) as

Page 1 –  DECLARATION OF DANIEL SHARP IN
           SUPPORT OF DEFENDANT CYNTHIA FREE'S
           ORCP 21 MOTION TO DISMISS AND FOR
           ATTORNEY FEES.

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
55863-79885 4881-8656-6159.1

1   of February 18, 2022.  Per Exhibit 2, "**Veritas Allies, LLC.**" (Registry No. 1685608-95) **was**

2   **administratively dissolved on August 19, 2021**.

3       5.      Attached as **Exhibit 3** are true and correct copies of the Articles of Organization

4   for "Veritas Allies, LLC" (Registry No. 187958591)[1] the entity named as the Plaintiff in this

5   matter as obtained from the Oregon Secretary of State's website.   The Articles were filed on

6   October 12, 2021.  There is no information indicating that Mr. Vizzini is at all or ever was

7   affiliated with the company or conducted any business using this company at any time prior to

8   the Articles of Organization being filed.

9       6.      On February 10, 2022, I sent a letter to Plaintiff's counsel, Grant Engrav,

10  detailing numerous errors, defects and inaccuracies contained within the Complaint.  My letter

11  requested that Plaintiff's counsel withdraw or least amend the Complaint and concluded with a

12  request that he provide his availability to meet and confer if he was not willing to take the

13  reasonable action of amending the Complaint.  Attached as **Exhibit 4** to this Complaint is a true

14  and correct copy of my February 10, 2022 letter to Plaintiff's counsel.

15      7.      I spoke with Mr. Engrav on February 24, 2022 in an effort to meet and confer and

16  reiterated Defendant's positions as set forth in my February 10, 2022 correspondence.  I further

17  noted that counsel for the other Defendant in this matter, Heather Schiappacasse, had also taken

18  issue with the errors, defects and inaccuracies contained within the Complaint and had already

19  filed a Rule 21 Motion.  I asked why Plaintiff would not simply amend the Complaint to address

20  at least some of the more glaring errors, such as the reference to a defamation cause of action

21  (which Mr. Engrave indicated had been abandoned) to avoid wasting the parties' and Court's

22  time.  He responded that he could and might do that after a hearing on co-Defendant Heather

23

24  _____

25  [1] For clarification, the name of the dissolved company for which Mr. Vizzini was the CEO/Manager contained punctuation in the form of a period (".") at the end of the company name or "Veritas Allies, LLC**.**" (**emphasis added**). The company formed approximately two months after that administrative dissolution, "Veritas Allies, LLC" contains

26  no punctuation at the end of the company's name.

Page 2 –  DECLARATION OF DANIEL SHARP IN
          SUPPORT OF DEFENDANT CYNTHIA FREE'S
          ORCP 21 MOTION TO DISMISS AND FOR
          ATTORNEY FEES.

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
55863-79885 4881-8656-6159.1

1    Schiappacasse's motion.  No actual explanation for the refusal to amend was provided.  ***During***

2    ***this call, I also emphasized to Mr. Engrav, that the allegations of the Complaint in its current***

3    ***form were misleading, if not actually deceitful***.  In response to an inaccurate and sarcastic

4    summary of Defendant's position by Mr. Engrav – that Defendant "was going to file a motion

5    because he didn't put a period at the end of the name of the Plaintiff company" – ***I noted that***

6    ***because Plaintiff failed to accurately state the names of the two separate companies, and***

7    ***specify that there are actually two distinct entities associated with Mr. Vizzini and Ms. Free,***

8    ***one of which  is dissolved, the Court could be misled at a later hearing on the motion***, which

9    raises Oregon Rule of Professional Conduct 3.3(a)(1) issues.  Rather than address this valid

10    concern and simply agree to amend the complaint to remove the defamation cause of action,

11    include allegations that specified two different companies were actually formed and simply put

12    the correct name for his client on the caption, Mr. Engrav would not agree. (*See* **Exhibit 5**

13    consisting of a true and correct copy of Mr. Engrav's February 25, 2022 email to me) Instead, he

14    attempted to inquire into attorney-client privileged communications between myself and my

15    client and shift the conversation towards Defendant's Free's actions which were not germane to

16    the meet and conferral process and defects in the Complaint.  My assumption is that he did this

17    because his decision not to amend and avoid unnecessary expense to all parties is not justifiable.

18        8.    I can think of no objectively reasonable basis or reason why Plaintiff and

19    Plaintiff's counsel would proceed with the Complaint in its current erroneous and disingenuous

20    form, when given the simple and more economical option to amend.  The rational and

21    unfortunate explanation is that it was presented for an improper purpose such as to harass, cause

22    unnecessary delay or needlessly increase the cost of this litigation.

23    ///

24    ///

25    ///

26    ///

Page 3 –  DECLARATION OF DANIEL SHARP IN
SUPPORT OF DEFENDANT CYNTHIA FREE'S
ORCP 21 MOTION TO DISMISS AND FOR
ATTORNEY FEES.

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
55863-79885 4881-8656-6159.1

1    **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE**
**STATE OF OREGON THAT THE FOREGOING IS TRUE AND CORRECT TO THE**
2    **BEST OF MY KNOWLEDGE.**

3    DATED this 3rd day of March, 2022.

4

5

6    By:    _____*/s/ Daniel S. Sharp*_____

7    Daniel S. Sharp, OSB #161559
daniel.sharp@jordanramis.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 4 –   DECLARATION OF DANIEL SHARP IN
SUPPORT OF DEFENDANT CYNTHIA FREE'S
ORCP 21 MOTION TO DISMISS AND FOR
ATTORNEY FEES.

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
55863-79885 4881-8656-6159.1

**Exhibit A Page 100 of 197**

# ARTICLES OF ORGANIZATION

Corporation Division
www.filinginoregon.com

**E-FILED**
Jun 19, 2020
**OREGON SECRETARY OF STATE**

**REGISTRY NUMBER**

168560895

**TYPE**

DOMESTIC LIMITED LIABILITY COMPANY

**1. ENTITY NAME**

VERITAS ALLIES, LLC.

**2. MAILING ADDRESS**

19030 SW JOHNSON STREET
ALOHA OR 97003 USA

**3. PRINCIPAL PLACE OF BUSINESS**

19030 SW JOHNSON STREET
ALOHA OR 97003 USA

**4. NAME & ADDRESS OF REGISTERED AGENT**

SHERRY ALTES

19030 SW JOHNSON STREET
ALOHA OR 97003 USA

**5. ORGANIZERS**

SHERRY ALTES

19030 SW JOHNSON STREET
ALOHA OR 97003 USA

**6. INDIVIDUALS WITH DIRECT KNOWLEDGE**

SHERRY ALTES

19030 SW JOHNSON STREET
ALOHA OR 97003 USA

**7. INITIAL MEMBERS/MANAGERS**

**MANAGER**

SHERRY ALTES

19030
ALOHA OR 97003 USA

**8. DURATION**

PERPETUAL

Exhibit 1
Page 1 of 5

Corporation Division
www.filinginoregon.com

**OREGON SECRETARY OF STATE**

---

**9. MANAGEMENT**

This Limited Liability Company will be manager-managed by one or more managers

**10. OPTIONAL PROVISIONS**

The company elects to indemnify its members, managers, employees, agents for liability and related expenses under ORS 63.160 to 63.170.

I declare, under penalty of perjury, that this document does not fraudulently conceal, fraudulently obscure, fraudulently alter or otherwise misrepresent the identity of the person or any officers, managers, members or agents of the limited liability company on behalf of which the person signs. This filing has been examined by me and is, to the best of my knowledge and belief, true, correct, and complete. Making false statements in this document is against the law and may be penalized by fines, imprisonment, or both.

By typing my name in the electronic signature field, I am agreeing to conduct business electronically with the State of Oregon. I understand that transactions and/or signatures in records may not be denied legal effect solely because they are conducted, executed, or prepared in electronic form and that if a law requires a record or signature to be in writing, an electronic record or signature satisfies that requirement.

**ELECTRONIC SIGNATURE**

**NAME**

SHERRY ALTES

**TITLE**

MANAGER

**DATE SIGNED**

06-19-2020

Exhibit 1

Page 2 of 5

Page 2

**Exhibit A Page 102 of 197**



FILED
FEBRUARY 2 2021
OREGON SECRETARY OF STATE

# Corporation/Limited Liability Company - Information Change

In accordance with Oregon Revised Statute 192.410-192.490, the information on this application is public record. We must release this information to all parties upon request and it will be posted on our website.

**Documents are processed within 5-7 business days. If the filing is rejected, you will receive an email.**

**Registry Number**
168560895

**Entity type**
Domestic

**Business Type**
Limited Liability Company

**Name of Limited Liability Company**
Veritas Allies, LLC.

## Information Update

**Business Activity**
Yes

**Business activity**
Holding Company for various cost containment organizations in the self-insured healthcare industry.

---

**Principal Place of Business Address**
Yes

**Principal Place of Business (street address)**
2175 NW Raleigh Street, Suite 110, Portland, Oregon 97210

---

**Registered Agent or their address**
Yes

Exhibit 1
Page 3 of 5

Exhibit A Page 103 of 197

**The Registered Agent has been changed to:**
David Vizzini

**Registered Agent's publicly available address**
8708 NW Terraceview CT, Portland, Oregon 97229

**The new Registered Agent has consented to this appointment.**
Yes

**The street address of the new registered office and the business address of the registered agent are identical. The entity has been notified in writing of this change.**
Yes

---

**Mailing Address where we send notices**
Yes

**Address where we can send mail notices:**
2175 NW Raleigh Street, Suite 110, Portland, Oregon 97210

---

**Members or Managers**
Yes

# Name(s) and address(es) of LLC Members/Managers

**Is this a Member or Manager?**
Member

| **Name of Member/Manager** | **Address** |
|---|---|
| David Charles Vizzini | 8708 NW Terraceview CT, Portland, Oregon 97229 |

**Is this a Member or Manager?**
Manager

| **Name of Member/Manager** | **Address** |
|---|---|
| David Charles Vizzini | 8708 NW Terraceview CT, Portland, Oregon 97229 |

**Do you have additional member/manager names and addresses to add? Please list whether the addition is a member/manager in the title field.**
No

EXECUTION: I declare as an authorized signer, under penalty of perjury, that this document does not fraudulently conceal, obscure, alter, or otherwise misrepresent the identity of any person including officers, directors, employees, members, managers or agents. This filing has been examined by me and is, to the best of my knowledge and belief, true, correct and complete. Making false statements in this document is

Exhibit 1
Page 4 of 5

**Exhibit A Page 104 of 197**

against the law and may be penalized by fines, imprisonment, or both.

**Signature**

**Name**
CEO David Vizzini

---

**Contact name (to resolve questions with this filing)**
David Vizzini

**Phone of person to contact to resolve questions with this filing.**
(971) 563-1733

Exhibit 1
Page 5 of 5

Exhibit A Page 105 of 197

# Business Registry Business Name Search

## Business Entity Data

New Search

02-18-2022
17:45

| Registry Nbr | Entity Type | Entity Status | Jurisdiction | Registry Date | Next Renewal Date | Renewal Due? |
|---|---|---|---|---|---|---|
| 1685608-95 | DLLC | INA | OREGON | 06-19-2020 | | |
| **Entity Name** | VERITAS ALLIES, LLC. | | | | | |
| **Foreign Name** | | | | | | |

## Associated Names

New Search

| Type | PPB | PRINCIPAL PLACE OF BUSINESS | | | |
|---|---|---|---|---|---|
| **Addr 1** | 2175 NW RALEIGH STREET, SUITE 110 | | | | |
| **Addr 2** | | | | | |
| **CSZ** | PORTLAND | OR | 97201 | **Country** | UNITED STATES OF AMERICA |

*Please click here for general information about registered agents and service of process.*

| Type | AGT | REGISTERED AGENT | **Start Date** | 02-02-2021 | **Resign Date** |
|---|---|---|---|---|---|
| **Name** | DAVID | VIZZINI | | | |
| **Addr 1** | 8708 NW TERRACEVIEW CT | | | | |
| **Addr 2** | | | | | |
| **CSZ** | PORTLAND | OR | 97229 | **Country** | UNITED STATES OF AMERICA |

| Type | MAL | MAILING ADDRESS | | | |
|---|---|---|---|---|---|
| **Addr 1** | 2175 NW RALEIGH STREET, SUITE 110 | | | | |
| **Addr 2** | | | | | |
| **CSZ** | PORTLAND | OR | 97210 | **Country** | UNITED STATES OF AMERICA |

| Type | MEM | MEMBER | | | **Resign Date** |
|---|---|---|---|---|---|
| **Name** | DAVID | CHARLES | VIZZINI | | |
| **Addr 1** | 8708 NW TERRACEVIEW CT, PORTLAND | | | | |
| **Addr 2** | | | | | |
| **CSZ** | PORTLAND | OR | 97229 | **Country** | UNITED STATES OF AMERICA |

| Type | MGR | MANAGER | | | **Resign Date** |
|---|---|---|---|---|---|
| **Name** | DAVID | CHARLES | VIZZINI | | |
| **Addr 1** | 8708 NW TERRACEVIEW CT, PORTLAND | | | | |
| **Addr 2** | | | | | |
| **CSZ** | PORTLAND | OR | 97229 | **Country** | UNITED STATES OF AMERICA |

## Name History

New Search

Exhibit 2
Page 1 of 2

**Exhibit A Page 106 of 197**

| Business Entity Name | | Name Type | Name Status | Start Date | End Date |
|---|---|---|---|---|---|
| VERITAS ALLIES, LLC. | | EN | CUR | 06-19-2020 | |

Please read before ordering Copies.

New Search       Summary History

| Image Available | Action | Transaction Date | Effective Date | Status | Name/Agent Change | Dissolved By |
|---|---|---|---|---|---|---|
| | ADMINISTRATIVE DISSOLUTION | 08-19-2021 | | SYS | | |
| 📄 | AMNDMT TO ANNUAL RPT/INFO STATEMENT | 02-02-2021 | | FI | Agent | |
| 📄 | ARTICLES OF ORGANIZATION | 06-19-2020 | | FI | Agent | |

© 2022 Oregon Secretary of State. All Rights Reserved.

Exhibit 2

Page 2 of 2

# ARTICLES OF ORGANIZATION

Corporation Division
www.filinginoregon.com

**E-FILED**
Oct 12, 2021
**OREGON SECRETARY OF STATE**

---

**REGISTRY NUMBER**
187958591

**TYPE**
DOMESTIC LIMITED LIABILITY COMPANY

**1. ENTITY NAME**
VERITAS ALLIES, LLC

**2. MAILING ADDRESS**
4949 S MACADAM AVE
PORTLAND OR 97239 USA

**3. PRINCIPAL PLACE OF BUSINESS**
4949 S MACADAM AVE
PORTLAND OR 97239 USA

**4. NAME & ADDRESS OF REGISTERED AGENT**
CYNTHIA GAIL FREE

4949 S MACADAM AVE
PORTLAND OR 97239 USA

**5. ORGANIZERS**
ANA BRADY

4949 S MACADAM AVE
PORTLAND OR 97239 USA

**6. INDIVIDUALS WITH DIRECT KNOWLEDGE**
ANA BRADY

4949 S MACADAM AVE
PORTLAND OR 97239 USA

ANA BRADY

4949 S MACADAM AVE
PORTLAND OR 97239 USA

**7. DURATION**
PERPETUAL

Exhibit 3
Page 1 of 2

Corporation Division
www.filinginoregon.com

**OREGON SECRETARY OF STATE**

---

**8. MANAGEMENT**

This Limited Liability Company will be manager-managed by one or more managers

I declare, under penalty of perjury, that this document does not fraudulently conceal, fraudulently obscure, fraudulently alter or otherwise misrepresent the identity of the person or any officers, managers, members or agents of the limited liability company on behalf of which the person signs. This filing has been examined by me and is, to the best of my knowledge and belief, true, correct, and complete. Making false statements in this document is against the law and may be penalized by fines, imprisonment, or both.

By typing my name in the electronic signature field, I am agreeing to conduct business electronically with the State of Oregon. I understand that transactions and/or signatures in records may not be denied legal effect solely because they are conducted, executed, or prepared in electronic form and that if a law requires a record or signature to be in writing, an electronic record or signature satisfies that requirement.

**ELECTRONIC SIGNATURE**

**NAME**

CYNTHIA G FREE

**TITLE**

PRESIDENT

**DATE SIGNED**

10-08-2021

Exhibit 3
Page 2 of 2
Page 2
**Exhibit A Page 109 of 197**



Daniel S. Sharp
daniel.sharp@jordanramis.com
Direct Dial: (503) 598-6016

Two Centerpointe Dr., 6th Floor
Lake Oswego, OR 97035
**T** (503) 598-7070
**F** (503) 598-7373

February 10, 2022

VIA EMAIL AND U.S. MAIL

Grant T. Engrav
Engrav Law Office, LLP
1500 SW First Ave, Suite 1170
Portland, OR 97201
E-Mail: grant@engravlawoffice.com

Re:    ***Veritas Allies LLC v. Schiappacasse et al***
       Multnomah County Circuit Court
       Case No. 21CV47955

Dear Mr. Engrav:

As you are aware, my office represents defendant Cynthia Free in the above referenced action.  This correspondence is meant to facilitate meaningful conferral pursuant to UTCR 5.010 concerning Defendant's intended ORCP 21 Motions. The Complaint filed by Plaintiff on December 17, 2021 is the proper subject of Rule 21 Motions based upon the following.

## I.    The Named Plaintiff is Not the Real Party in Interest

ORCP 21 provides for a motion to dismiss when the party asserting the claim is not the real party in interest.  ORCP 21 (A)(1)(f).  The real party in interest is the person who has the right to pursue the remedy being sought and "the party who is to be benefited or injured by the judgment in the case." *Feehely v. Rogers*, 159 OR 372, 376 (1938); see also *Pulkrabek v. Bankers' Mortg. Corp*, 115 Or 378, 384-385 (1925).

In this matter, "Veritas Allies, LLC" is the named plaintiff (improperly).  Per the Oregon Secretary of State website, that company (Registry No. 1879585-91) was formed on October 12, 2021 and is separate and distinct from "Veritas Allies, LLC." (Registry No. 1685609-95[1]) the now dissolved company associated with Mr. Vizzini.  It appears you have either erroneously filed suit on behalf of the wrong plaintiff or intentionally filed suit without authority or consent on behalf of an entity with which you have no attorney-client relationship.

---

[1] 1685609-95 is the same registry number referenced for your client in your November 9, 2021 letter to Kristin Eaton.  Any assertion that the "." at the end of the company's ("Veritas Allies, LLC.") name was erroneous, unintentional or an oversight is belied by the company's amendment to its annual report and/info statement in February of 2021 when the "Veritas Allies, LLC." name was restated.

55863-79885 4862-5793-4860.1

Exhibit 4
Exhibit A Page 110 of 197
Page 1 of 4



Grant T. Engrav
February 10, 2022
Page 2

## II.    Plaintiff Lacks the Legal Capacity to Sue

Assuming you intended to or did file on behalf of "Veritas Allies, LLC.", it has no capacity to file suit as an administratively dissolved limited liability company.

ORCP 21 provides for dismissal when the plaintiff lacks the legal capacity to sue.  ORCP 21 A(1)(d). An administratively dissolved company may not carry on any activities except those activities that are necessary or appropriate to wind up and liquidate the company's business and affairs. ORS 63.651(3). The lawsuit at issue has no relation to the winding up and liquidation of "Veritas Allies, LLC.'s" business and affairs.

## III.    Plaintiff Lacks Standing

The named plaintiff "Veritas Allies, LLC" lacks standing to bring the suit at issue.

Standing refers to the requirement that the litigant actually be injured by the complained-of action. Oregon Civil Pleading and Litigation, Chapter 7, Individual Parties and Representative Capacity, §7.1-2(c) (2020 ed.).  Standing "is a legal term that identifies whether a party to a legal proceeding possesses a status or qualification necessary for the assertion, enforcement, or adjudication of legal rights or duties." *Kellas v. Dep't of Corr.*, 341 Or. 471, 476–77 (2006).

Given that "Veritas Allies, LLC" was a company formed by Cynthia Free approximately two months after the company associated with Mr. Vizzini was administratively dissolved, it has suffered no actual injury as alleged in the complaint.

## IV.    The Complaint Fails to State Ultimate Facts Sufficient to Constitute a Claim

The complaint, which references causes of action for defamation and intentional interference with economic relations, fails to state ultimate facts sufficient to constitute a claim. ORCP 21 provides for dismissal for "failure to state ultimate facts sufficient to constitute a claim."  ORCP 21 (A)(1)(i).

### A.    Failure to State Ultimate Facts re Defamation.

To establish a claim for defamation, a plaintiff must show: "(1) The defendant communicated a fact about the plaintiff; (2) What the defendant communicated was false and defamatory; (3) The defendant published the communication to a third person; (4) The third person reasonably understood both that the communication was about the plaintiff and had a defamatory meaning; and (5) The defendant's communication damaged the plaintiff"."  Uniform Civil Jury Instruction No. 53A.04; see also *Wallulis v. Dymowski*, 323 Or 337, 342-343 (1996); see also Restatement (Second) of Torts § 558 (1977).

The complaint at issue references defamation as a cause of action in the caption, but necessary ultimate facts concerning (or any actual cause of action) for defamation are missing.  While many of the alleged statements made by Defendant Schiappacasse appear to pertain specifically to Mr. Vizzini, who is not a plaintiff, there are no facts pleaded as to any damages to "Veritas Allies, LLC." caused by Ms. Schiappacasse's alleged statements.  Further, the complaint fails to plead any ultimate facts concerning



Grant T. Engrav
February 10, 2022
Page 3

any false or defamatory statement made by Defendant Cynthia Free to any third party, nor any damages.

**B.    Failure to State Ultimate Facts re Intentional Interference with Economic Relations.**

To establish a claim for intentional interference with economic relations, the plaintiff must prove six elements: (1) The existence of a professional or business relationship; (2) Intentional interference with that relationship; (3) By a third party; (4) Accomplished through improper means or for an improper purpose; (5) A causal effect between the interference and damage to the economic relationship; and (6) Damages. *Mannex Corp. v. Bruns*, 250 Or. App. 50, 53 (2012).

The second claim alleged as to Ms. Free contains no alleged ultimate facts showing how the registration of any company by Free interfered with or caused any damage to any alleged relationship (including prospective) belonging to the plaintiff, notwithstanding that the complaint named the wrong entity as plaintiff.

**V.    Notice of Intent to Seek Reasonable Attorney Fees and Possible Sanctions.**

Were the complaint to be properly and truthfully pleaded for the court to adjudicate, the complaint would correctly allege "Veritas Allies, LLC." as the plaintiff, identify that company as administratively dissolved since August of 2021 and disclose that Defendant Free only registered a company with a different name "Veritas Allies, LLC" approximately two months after Mr. Vizzinni allowed his company to be dissolved. Had that been the case, it would be clear that the properly named plaintiff "Veritas Allies, LLC." was at both fault for its own failure to register/reinstate and failed to mitigate any damages by simply reinstating.

Additionally, while the complaint contains vague allegations of a civil conspiracy, apparently in an effort to establish joint and several liability, were it truthfully pleaded, the key element[2] of an unlawful act on the part of Free would not be established.   The only allegations of any unlawful act concerning Defendant Free are alleged "false statements" to the Oregon Secretary of State concerning "Veritas Allies, LLC".  If the complaint accurately and truthfully stated the names of the entities registered by Mr. Vizzini and Ms. Free, it would be clear to the Court that Mr. Vizzini allowed his company to be dissolved and Ms. Free created a company with a different name almost two months later.

Simply put, the claims lack merit or articulable support and should be dismissed.  At a minimum, even if you do not believe dismissal is appropriate, amending the complaint is necessary to address the defects identified above. The allegations in the complaint are erroneous, if not intentionally misleading, and as you and Mr. Vizzini know, are not supported by evidence.

It is obvious that the complaint was initiated by Mr. Vizzini for the improper purpose of using a civil proceeding to harass Ms. Free while the parties are in the midst of contentious divorce proceedings.  If Ms. Free is required to file Motions to address the issues raised, she intends to seek attorney fees and

---

[2] A claim for civil conspiracy requires that the plaintiff establish (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof.  *Osborne v. Fadden, 225* Or. App. 431, 437 (2009).



Grant T. Engrav
February 10, 2022
Page 4

possibly sanctions under ORCP 17.[3]

Accordingly, please confirm in writing by February 16, 2022 that the complaint will be dismissed with prejudice or at a minimum, withdrawn and re-pleaded accurately and truthfully. Absent your agreement, Defendant will move to dismiss and seek Rule 17 sanctions against you. In the event you refuse to voluntarily dismiss or amend, please provide your ability to discuss the contents of this letter immediately for meet and conferral purposes.

Thank you for your anticipated cooperation.

Sincerely,

JORDAN RAMIS PC

Daniel S. Sharp

cc:      client (email)

---

[3] ORCP 17 provides that an attorney who signs a pleading makes certain certifications regarding the filing, including that the filing is not presented for an improper purpose, the positions taken are nonfrivolous and that the factual assertions are supported by evidence. ORCP 17 C. The court may impose sanctions against a person or party who is found to have made a false certification under ORCP 17 C. ORCP 17 D(1).

55863-79885 4862-5793-4860.1

Exhibit 4
**Exhibit A Page 113 of 107**
Page 4 of 4

## Daniel S. Sharp

| | |
|---|---|
| **From:** | Grant Engrav <grantengrav@engravlawoffice.com> |
| **Sent:** | Friday, February 25, 2022 10:46 AM |
| **To:** | Daniel S. Sharp; Lydia J. Paterson |
| **Cc:** | Peter S.  Hicks; Lisa Klonoski; Tasi Poore |
| **Subject:** | RE: Veritas Allies LLC v. Schiappacasse et al, Multnomah County Circuit Court Case No. 21CV47955 |

Dan,

Thanks for the conversation yesterday.  I am writing to confirm two aspects of our conversation.  First, as discussed the inclusion of the defamation reference in the caption is a typo, and at this time Plaintiff is not asserting a defamation claim.  Plaintiff will happily remove it from the caption at the conclusion of the rule 21 process, but it doesn't make sense to do it now, when potential other amendments to the complaint are at issue and could potentially be ordered from the Court.

Second, In regard to our discussion on the IIER, I asked for information about what your client's explanation is for why it registered the Veritas Allies business name with the secretary of state.  I understand from your answer you had not communicated with your client prior to the call, therefore, had no answer for me.  It's a pretty straightforward question, if you would like to speak with your client and let me know if she has any explanation other than clearly to interfere and harm Mr. Vizzini's operations, please let me know.

Thanks,
Grant

---

**From:** Daniel S. Sharp <dss@jordanramis.com>
**Sent:** Tuesday, February 15, 2022 1:24 PM
**To:** Grant Engrav <grantengrav@engravlawoffice.com>; Lydia J. Paterson <Lydia.Paterson@jordanramis.com>
**Cc:** Peter S. Hicks <peter.hicks@jordanramis.com>; Lisa Klonoski <Lisa.Klonoski@jordanramis.com>; Tasi Poore <frontdesk@engravlawoffice.com>
**Subject:** RE: Veritas Allies LLC v. Schiappacasse et al, Multnomah County Circuit Court Case No. 21CV47955

Grant, thanks for the heads up re my line.

Please propose dates/times for your availability next week.

Thanks,

Dan

**Daniel S. Sharp  |  Attorney**
Direct: (503) 598-5593

jordanramis.com  |  (888) 598-7070
Portland Metro  |  Bend  |  Vancouver WA



**PLEASE NOTE:** All offices of Jordan Ramis are working remotely. Our professionals continue to remain fully available by telephone

Exhibit 5
Page 1 of 2
**Exhibit A Page 114 of 197**

and email.

**DISCLAIMER:** This e-mail is for the sole use of the intended recipient(s). It contains information that is confidential and/or legally privileged. If you believe that it has been sent to you in error, please notify the sender by reply e-mail and delete the message. Any disclosure, copying, distribution or use of this information by someone other than the intended recipient is prohibited.

**From:** Grant Engrav <grantengrav@engravlawoffice.com>
**Sent:** Tuesday, February 15, 2022 12:31 PM
**To:** Lydia J. Paterson <Lydia.Paterson@jordanramis.com>
**Cc:** Peter S. Hicks <peter.hicks@jordanramis.com>; Daniel S. Sharp <dss@jordanramis.com>; Lisa Klonoski <Lisa.Klonoski@jordanramis.com>; Tasi Poore <frontdesk@engravlawoffice.com>
**Subject:** RE: Veritas Allies LLC v. Schiappacasse et al, Multnomah County Circuit Court Case No. 21CV47955

Mr. Sharp,

Just left you a voicemail (it appears your direct line on your letterhead isn't working as an fyi).  I'm currently on a lunch break from a hearing with ASP, but am happy to schedule a conferral next week.  The time that just appeared on my calendar will not work.

Thanks,
Grant

**From:** Lydia J. Paterson <Lydia.Paterson@jordanramis.com>
**Sent:** Thursday, February 10, 2022 4:37 PM
**To:** Grant Engrav <grantengrav@engravlawoffice.com>
**Cc:** Peter S. Hicks <peter.hicks@jordanramis.com>; Daniel S. Sharp <dss@jordanramis.com>; Lisa Klonoski <Lisa.Klonoski@jordanramis.com>
**Subject:** Veritas Allies LLC v. Schiappacasse et al, Multnomah County Circuit Court Case No. 21CV47955

Good afternoon,

Attached please find correspondence from Daniel Sharp as well as Defendant Cynthia Free's Request for Admissions to Plaintiff – Set One; and Defendant Cynthia Free's Request for Production – Set One in the above-referenced case. We are also mailing these to you today via first-class mail.

**JORDAN ⋀ RAMIS**

**Lydia J. Paterson** | Legal Assistant
Direct: (360) 567-4841

jordanramis.com | (888) 598-7070
Portland Metro | Bend | Vancouver WA

**PLEASE NOTE:** All offices of Jordan Ramis are working remotely. Our professionals continue to remain fully available by telephone and email.

**DISCLAIMER:** This e-mail is for the sole use of the intended recipient(s). It contains information that is confidential and/or legally privileged. If you believe that it has been sent to you in error, please notify the sender by reply e-mail and delete the message. Any disclosure, copying, distribution or use of this information by someone other than the intended recipient is prohibited.

Exhibit 5
Page 2 of 2
**Exhibit A Page 115 of 197**

1                          **CERTIFICATE OF SERVICE**

2             I hereby certify that on the date shown below, I served a true and correct copy of the

3   foregoing DECLARATION OF DANIEL SHARP IN SUPPORT OF DEFENDANT CYNTHIA

4   FREE'S ORCP 21 MOTION TO DISMISS AND FOR ATTORNEY FEES. on:

5
    Grant T. Engrav
6   Engrav Law Office, LLP
    1500 SW First Ave, Suite 1170
7   Portland, OR 97201
    E-Mail: grant@engravlawoffice.com
8     Of Attorneys for Plaintiff

9


10  ☐      by first class mail, postage prepaid.

11  ☐      by overnight mail.

12  ☐      by hand delivery.

13  ☐      by facsimile transmission.

14  ☐      by facsimile transmission and first class mail, postage prepaid.

15  ☐      by electronic transmission.

16  ☒      by electronic transmission and first class mail, postage prepaid.

17         DATED:  March 3, 2022.

18

19                                          */s/Daniel S. Sharp*
                                            Daniel S. Sharp, OSB #161559
20                                          daniel.sharp@jordanramis.com
                                            Attorneys for Defendant Cynthia Free

21

22

23

24

25

26


Page 1 –  CERTIFICATE OF SERVICE

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
55863-79885 4881-8656-6159.1

**Exhibit A Page 116 of 197**

1

2

3

4           IN THE CIRCUIT COURT OF THE STATE OF OREGON

5               FOR THE COUNTY OF MULTNOMAH

6                                              )    Case No.  21CV47955
   VERITAS ALLIES LLC, an Oregon              )
7  Limited Liability Company,                 )    PLAINTIFF VERITAS ALLIES LLC
                                              )    RESPONSE TO HEATHER
8                      Plaintiff,             )    SCHIAPPACASSE'S MOTION TO
                                              )    DISMISS
9          v.                                 )
                                              )
10 CYNTHIA FREE; and individual; and          )
   HEATHER SCHIAPPACASSE                      )
11 ───────────────────────────────)
                                              )
12                     Defendants.            )
                                              )
13                                            )
                                              )
14

15

16                        INTRODUCTION

17         Veritas Allies LLC (Veritas) is an Oregon company with offices and staff in Oregon

18 operating in the self-insured health insurance space.  It provides highly complex, cost

19 containment services to providers and payors operating in the health care industry.  David

20 Vizzini, is the company's CEO.  As detailed in the Complaint, Mr. Vizzini and members of the

21 Veritas team attended a conference in Texas, which marked the beginning, but only the

22 beginning, of Ms. Schiappacasse's destructive impulses.  The critical allegations in the complaint

23 demonstrate that Ms. Schiappacasse then recruited Oregon individuals to help her make good on

Page 1 – PLAINTIFF'S RESPONSE TO SCHIAPPACASSE'S MOTION TO DIMISS

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

1    her promise to "destroy Veritas", an Oregon LLC, with an Oregon CEO.  Ms. Schiappacasse

2    now argues its unfair for her to defend the damage in Oregon.

3            The complaint alleges that after the conference, Ms. Schiappacasse subsequently reached

4    out to Mr. Vizzini's ex-wife, and resident of Oregon, Cynthia Free, to "destroy Veritas."

5    Complaint ¶11, 12, and 13.  The complaint alleges Ms. Schiappacasse travelled to Oregon in

6    furtherance of this objective.  *Id. at* ¶3.  Ms. Shiappacase had previously engaged in business

7    meetings with members of Veritas Allies located in Portland via Microsoft teams calls. Vizzini

8    Dec. ¶ 4[1].  Ms. Schiappacasse also entered into a marketing agreement with Veritas in 2020,

9    renewed the subsequent year.  *Id. at ¶ 4.*  The business relationship was developed enough to the

10   point where Ms. Schiappacasse even considered investing in Veritas Allies and asked for

11   financials.  *Id. at ¶ 5.*  The complaint alleges that Ms. Schiappacasse was ultimately successful in

12   recruiting Ms. Free to falsely represent herself as an agent of Veritas and form an Oregon

13   Secretary of State business registration in its name.  ¶ 11, 12, 13.  Exhibit 1 supporting Mr.

14   Vizzini's declaration also makes clear that Ms. Schiappacasse also attempted to solicit and

15   recruit Jean Gordon, another resident of Oregon, for the same SOS sabotage scheme.  Ms.

16   Schiappacasse attempted to recruit Ms. Gordon's involvement into her scheme, and it was only

17   after Ms. Schiappacasse reached out to Ms. Gordon, that Veritas learned that of Ms.

18   Schiappacasse's scheme to go after Veritas, because Ms. Gordon, who is not a member of

19   Veritas, reported the information to Mr. Vizzini.

20           The complaint outlines the statements Ms. Schiappacasse made to Veritas' general

21   counsel Shane Barnes, where she expressly declared her intent was to harm Veritas.  Complaint

22

23   _____

[1] As discussed below, although most issues of Shiappacasse's motion are limited to the complaints face, there is some ability to review extrinsic evidence for purposes of personal jurisdiction.

Page 2 – PLAINTIFF'S RESPONSE TO SCHIAPPACASSE'S MOTION TO DIMISS

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

1   ¶8. Also alleged is specifically how Ms. Schiappacasse damaged Veritas—in short, by

2   intentionally targeting any and every client and potential client of Veritas that Ms. Schiappacasse

3   could get a hold of.  Although the specific contracts themselves are not included for proprietary

4   and confidential purposes, paragraphs 14-17 establish with specificity how Veritas will prove its

5   damages at trial.

6                                  POINTS AND AUTHORITIES

7           All pleadings shall be liberally construed with a view of substantial justice between the

8   parties.  ORCP 12A.  In reviewing a motion to dismiss, we review the complaint and consider as

9   true the facts alleged and all reasonable inferences that may be drawn therefrom.  <u>McGanty v.</u>

10  <u>Staudenraus</u>, 123 Ore. App. 393, 859 P.2d 1187 (Or. Ct. App. 1993).  On a pretrial motion under

11  subdivision A(8), the trial court can dismiss only if the pleading on its face fails to state a claim;

12  the trial court may not go outside the complaint to conclude that the claims are barred.  <u>Business</u>

    <u>Men's Service Co. v. Union Gospel Ministries</u>, 120 Or. App. 228, 852 P.2d 199 (1993).

13

14      1.  Personal Jurisdiction is proper.

15          Personal jurisdiction over Ms. Schiappacasse is established via ORCP 4(A)(4), ORCP

16  4(C), ORCP 4(D), and, in the alternative, ORCP 4(L).

17          *Relevant allegations in the complaint*.

18          In paragraph 3 of the complaint, Plaintiff alleged Defendant Schiappacasse travelled to

19  Oregon in furtherance of the actions outlined in the complaint.  Note, the allegation is that the

20  travel is for the *specific purpose* of carrying out the coordination with Ms. Cynthia Free, which is

21  also alleged to be a successful coordination.  In paragraph 10, Plaintiff alleged facts representing

22  various misrepresentations and other attempts clearly targeted towards Plaintiff, an Oregon LLC.

23  In paragraph 11, Plaintiff alleged that Defendant Schiappacasse specifically reached out to Ms.

Page 3 – PLAINTIFF'S RESPONSE TO SCHIAPPACASSE'S MOTION TO DIMISS

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

**Exhibit A Page 119 of 197**

1     Cynthia Free, the ex-wife of Plaintiff's president, and an individual residing in Oregon.

2     Paragraph 11 alleges that Defendant Schiappacasse and Defendant Free conspired to takedown

3     Veritas through, among other efforts, taking over the Plaintiff's official registration with the

4     Oregon Secretary of State.  That allegation is far from conclusory, and is independently

5     corroborated by the fact that it is uncontested that shortly after the conference the SOS

6     registration was changed.

7            Ultimately, the above summary of facts alleged in the Complaint demonstrates that, on a

8     motion to dismiss standard, the Court must accept as true the allegations that Defendant

9     Schiappacasse specifically travelled to Oregon to assist another Oregon resident (Ms. Free) in

10    sabotaging an Oregon LLC (Plaintiff) and harming Plaintiff's customers.  Therefore, the

11    complaint establishes Oregon's personal contacts with Oregon, that she calculated her efforts to

12    harm an Oregon entity, and that she intentionally worked with and communicated with an

13    Oregon resident to procure the alleged harm to Veritas.

14           If the Court concludes that the facts alleged in the pleading are not sufficient to establish

15    personal jurisdiction, the Court may determine it is not limited to considering only the

16    allegations of the complaint, but may also consider affidavits, oral testimony, and other evidence.

17    ORCP 21 A provides, in part, that

18          **[i]f,** on a motion to dismiss asserting [lack of personal jurisdiction], the facts constituting
            such defenses do not appear on the face of the pleading and matters outside the pleading,
19          including affidavits, declarations and other evidence, are presented to the court, all parties
            shall be given a reasonable opportunity to present affidavits, declarations and other
20          evidence, and the court may determine the existence or nonexistence of the facts
            supporting such defense or may defer such determination until further discovery or until
21          trial on the merits.  (emphasis added).

22           Courts will liberally construe pleadings and affidavits in favor of jurisdiction. *Boyer v.*

23    *Interstate Prod. Credit Ass'n*, 127 Or App 182, 186, 872 P2d 23 (1994).  A party "may not rest

Page 4 – PLAINTIFF'S RESPONSE TO SCHIAPPACASSE'S MOTION TO DISMISS

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

1    on conclusory allegations" but must prove specific facts showing that the requirements of ORCP

2    4 have been met. *Showalter*, 112 Or App at 476.  Due process requires minimum contacts

3    between the defendant and the forum state such that the exercise of personal jurisdiction does not

4    offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co.*, 326 US at 316

5    (quoting *Milliken v. Meyer*, 311 US 457, 463, 61 S Ct 339, 85 L Ed 278 (1940)). The defendant's

6    "conduct and connection with the forum State" must be such that the defendant "should

7    reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp.*, 444 US at

8    297. The character and quality of contacts necessary to support jurisdiction depend on the nature

9    of the controversy.

10         Plaintiff's position is that the face of the complaint includes specific allegations which

11    establish jurisdiction.  However, Plaintiff's reading of ORCP 21(A) permits the Court to allow

12    discovery, and delay a determination to establish further evidence on personal jurisdiction.  In

13    the event there is any ambiguity, simply denying the motion and permitting Defendant to move

14    for summary judgment later, would be a reasonable approach.  In the meantime, Defendant has

15    submitted highly conclusory declarations in an attempt to evade responsibility.

16         In contrast of Schiappacasse's conclusory declarations, Plaintiff now offers the

17    Declarations of David Vizzini and Shane Barnes.  The declaration of David Vizzini establishes

18    via text message communications that Ms. Schiappacasse coordinated with two individuals (Ms.

19    Cindy Free, and Ms. Jean Gordon) in her attempt to recruit individuals associated with Mr.

20    Vizzini to target Veritas.  ¶ 2(a)--(e).  It also establishes that Ms. Schiappacasse conducted

21    business with Veritas, via Microsoft Teams calls, and became intimate enough with the business

22    at a certain point that she considered investing and requested financials of Veritas.  ¶5.  Finally,

23

Page 5 – PLAINTIFF'S RESPONSE TO SCHIAPPACASSE'S MOTION TO DIMISS

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

**Exhibit A Page 121 of 197**

1    Ms. Schiappacasse entered into a marketing agreement with a subsidiary of Veritas, which is also

2    an LLC located in Oregon *Id. at* ¶ 3.

3         *ORCP 4C*

4         In *State ex rel. Advanced Dictating Supply, Inc. v. Dale*,  In *State ex rel. Advanced*

5    *Dictating Supply, Inc. v. Dale* the Oregon Supreme Court upheld jurisdiction over a nonresident

6    defendant in a defamation action against the contention that there was no local act.  269 Or 242,

7    246–47, 524 P2d 1404 (1974).  The Court held that when a defendant, located outside the State

8    of Oregon, knowingly sends a false statement into Oregon, intending that it should be relied on

9    to the injury of a resident of the Oregon, the defendant, for jurisdictional purposes, has acted

10   within the State of Oregon.  The present case is similar, and although much of the personal

11   jurisdiction case law in the state has to do with widgets or tort assaults, the fundamentals of the

12   Dale case are the fundamentals of this case.  As alleged, Schiappacasse acted with intent that her

13   statements would make their impact in Oregon, upon Veritas.  She also coordinated her efforts

14   for co-conspirators towards Ms. Free and Ms. Gordon, and the subject of her vendetta was an

15   Oregonian.

16        *ORCP 4(D)(1) and (D)(2)*

17        Plaintiff has alleged a concrete and local injury.  Although the above analysis under

18   ORCP 4(C) is Plaintiff's primary position, personal jurisdiction would also be satisfied under

19   (4)(D) even were the action to be considered outside of the state.  ORCP(4)(D) requires the

20   establishment of two jurisdictional facts to authorize jurisdiction over a nonresident defendant:

21   (1) the cause of action must claim an injury to person or property that occurred within this state,

22   and (2) (a) "[s]olicitation or service activities were carried on within this state by or on behalf of

23   the defendant" or (b) products, materials, or other things that the defendant put into the stream of

Page 6 – PLAINTIFF'S RESPONSE TO SCHIAPPACASSE'S MOTION TO DIMISS

ENGRAV LAW OFFICE, LLP
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

1   commerce were "used or consumed within this state in the ordinary course of trade." Thus,

2   ORCP(4)(D) calls for the establishment of two contacts between the defendant and the state:

3   injury within the state caused by the defendant, and some additional contact, not necessarily

4   related to the injury, as defined in ORCP 4 D(1) to (2). *Marvel v. Pennington GMC*, Inc., 98 Or

5   App 612, 616, 780 P2d 760 (1989). As in ORCP (4)(C), injury can be the consequence of either

6   tortious activities or contractual activities. Marvel, 98 Or App at 615–16.

7          The declaration of David Vizzini establishes that on October 7th, 2021, Defendant

8   Schiappacasse reached out to Ms. Gordon in an attempt to slander Mr. Vizzini and open up

9   communication with Ms. Gordon to recruit her into her plan to undermine the president of

10  Veritas.  The contacts, tools, and the trip alleged all support a finding of personal jurisdiction

11  under ORCP 4(D).

12         *ORCP 4(L)*

13         ORCP 4L is a catch all which states, "Notwithstanding a failure to satisfy the requirement

14  of sections B through K of this rule, in any action where prosecution of the action against a

15  defendant in this state is not inconsistent with the Constitution of this state or the Constitution of

16  the United States."  In the event Veritas had filed its action in Texas, Defendant Cynthia Free

17  would surely make the argument that personal jurisdiction was improper there.  However, both

18  individuals conspired jointly in the coordinated effort against Veritas, and at the behest of

19  Defendant Schiappacasse.  It would be a waste of the Courts' time to force two trials in two

20  different jurisdictions, particularly when, the complaint makes clear it's theme that but for Ms.

21  Schiappacasse the plot had no author.  Between the two states, the action is most appropriately

22  brought in Oregon, because that's where the specific actions took place, that's where the damage

23

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

1    was done, and in the event of a successful determination, the Oregon courts have direct authority

2    to Order the reversal of the Oregon Secretary of State registration.

3

4        2.  Standing is Proper

5            Defendant Schiappacasse's standing argument is short and flawed.  It manages to achieve

6    a trifecta of being flawed from a procedural, substantive, and equities perspective.

7            First, Schiappacasse's motion provides the Court with a citation to ORS 63.651(3) and

8    argues that Veritas does not have standing because the statue says an administratively dissolved

9    entity can only operate to wind up the business.  Notably, and conveniently, Schiappacasse does

10   not provide the Court with a citation or mention of ORS 63.654(3).  That provision simply says

11   that when there has been an administrative dissolution, the dissolved entity can apply for

12   reinstatement, and the "limited liability company resumes carrying on the limited liability

13   company's business <u>as if the administrative dissolution had never occurred</u>."  *Emphasis added.*

14   Here, Schiappacasse's argument gets the procedural rules wrong, and is in error on their

15   substantive interpretation as well.  Even if the argument was accepted at face value, that Veritas

16   could only engage in lawsuits that were necessary to wind up the business, this lawsuit would not

17   be prevented.

18           Moreover, the equities of this argument favor Veritas.  The reason Veritas has not been

19   able to re-register its Secretary of State registration is because of the efforts of both Defendants.

20   Veritas General Counsel Shane Barnes has been unable to re-register the Veritas Allies LLC

21   registration because of the Defendant's coordinated takeover of it.  Barnes Declaration ¶8.  The

22   fact that Schiappacasse now argues that Veritas does not have standing because of the wrongful

23

Page 8 – PLAINTIFF'S RESPONSE TO SCHIAPPACASSE'S MOTION TO DIMISS

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

1   conduct that Schiappacasse coordinated, is a demonstration the bad faith that is brought in the

2   current motion.

3       3.  Plaintiff is the Real Party In Interest

4           It appears that Schiappacasse's argument is that because she coordinated the wrongful

5   takeover of Veritas Allies as a SOS business registration, that deprives Veritas Allies of

6   responding to the wrongful conduct.  This is akin to a thief stealing a purse, and claiming the

7   victim doesn't have standing because they are not in possession of the purse.

8           Schiappacasse makes a second argument that Mr. Vizzini should be the real party in

9   interest.   Although Veritas does not deny that Schiappacasse's actions would also give rise to a

10  separate cause of action for Mr. Vizzini, that is a lawsuit not at issue.  A quick review of the

11  damages allegations in the complaint demonstrates that the damages claimed, and the actions

12  alleged, are actions against Veritas, and damages against Veritas.  All relevant allegations

13  indicate that Mr. Vizzini was acting as agent of Veritas.  Paragraph 14 alleges, "Plaintiff's

14  representatives attended the Conference for the purpose of making a positive impression on

15  potential clients who attended the conference. Plaintiff's networking and business development

16  efforts were intentionally thwarted by Defendant Schiappacasse's actions at the conference."

17  Paragraph 15 similarly alleges the economic harm that befell Veritas was damage to existing

18  clients and potential clients that Veritas was expecting to close at the conference.

19      4.  The Ultimate Facts Have Been Sufficiently Pled

20          First, Veritas's complaint includes in its caption a claim for Defamation.  This claim was

21  originally included in the drafting of the lawsuit, and then was removed.  Veritas has represented

22  to counsel for Schiappacase that the caption reference to defamation is a typo, and that Veritas

23

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

1    would remove it when appropriate and that at this time no claim for defamation is being made.

2    To be clear, Counsel for Veritas agrees now, as it did on the conferral call, that in the event

3    Plaintiff elects to add a claim for defamation, it will need to confer and/or move to amend.

4    Counsel for Schiappacase found that to be sufficient for the conferral call but for some reason

5    includes it in its motion.

6        Second, Schiappacase claims Veritas failed to plead the ultimate facts of an intentional

7    interference claim, "…because no contracts have actually failed to renew as feared, nor are

8    damages for potential clients recoverable".   Schiappacase Motion Page 8, line 18-19.

9    Schiappacase does not cite to any case that supports its argument that Plaintiff must specifically

10   list the contracts that have been lost.  Indeed, it would be counter intuitive for Veritas to include

11   references in its public complaint that identify its business relationships, as they can be

12   proprietary and confidential, especially so within the health care space.

13       Schiappacase cites to two cases in its motion, neither of which were reviewing a case on

14   a motion to dismiss standard.  The only case Schiappacasse cites to support its argument on the

15   damages issue is *Benaron v. Simic*.  No. 3:19-cv-01653-SB, 2021 US Dist LEXIS 186938, at *23

16   (D Or Sep. 29, 2021).  The allegations in the Benaron case are vastly distinguishable from the

17   present case.  In Benaron, the plaintiff was a physician who was suing a former patient for a

18   retaliatory course the defendant had committed himself to after receiving suboptimal care.

19   Plaintiff's only allegations according to Magistrate Beckerman were as follows, "Plaintiff,

20   however, asserts she has established that Defendant's actions caused her such fear that it

21   interfered with her relationships with Landmark Health. Specifically, Plaintiff asserts

22   Defendant's conduct caused her to second-guess her work, to fear having her work presented to

23   the public, and to suffer depression such that she reduced her work hours to half-time." *Id.*  In

Page 10 – PLAINTIFF'S RESPONSE TO SCHIAPPACASSE'S MOTION TO DIMISS

**ENGRAV LAW OFFICE, LLP**
1500 SW First Avenue, Suite 1170
Portland, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

1    response to the patient/Defendant's motion for summary judgment, Judge Beckerman provided

2    the following holding which is not relevant to the present case: "Oregon courts, however, have

3    concluded the kind of stress or fear effect suffered by Plaintiff in this case is insufficient to

4    satisfy the economic-injury requirement". *Id at 23*.  The *Benaron* case, and the various IIER

5    cases discussed in the opinion all arose out of the employment context, and all involved

6    plaintiff's who sough recovery for stress or emotional interference caused by the purported

7    wrongdoer.

8            This case is clearly different.   Plaintiff has alleged the ultimate facts at issue here.

9    Paragraph 15 states in relevant part, "…as a result of Defendant Schiappacasse's actions, and

10   upon information and belief, Plaintiff Veritas' business relationships, prospective economic

11   relationships, existing contracts, and potential contracts were lost or harmed."  From this

12   paragraph, Schiappacasse has a perfectly clear roadmap on how it needs to litigate the case.

13   Assuming Schiappacasse disagrees with the allegation, the questions to ask at discovery are

14   abundantly clear.  This is not a complaint where the defendant is left guessing where the

15   damages are coming from.  There is no requirement that the specific agreements be identified.

16   On page 4, of Exhibit 1 to the Vizzini declaration, Mr. Vizzini has included a text message from

17   defendant Schiappacasse to Jean Gordon, whereby Ms. Schiappacasse clearly references the

18   numerous individuals she is in contact with regarding the claim.  Which contracts have cancelled

19   due to Ms. Schiappacasse's outreaches are for specification during the discovery of the matter, as

20   is Plaintiff's right.

21

22           5.   ORS 20.105 and Conclusion

23

Page 11 – PLAINTIFF'S RESPONSE TO SCHIAPPACASSE'S MOTION TO DIMISS

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

1         In its 5th argument in its motion to dismiss, Schiappacassee argues, "Veritas has no

2    reasonable basis—objectively or otherwise—to assert the claims and apparently conducted no

3    diligence on what was required to properly assert its claims."  In the spirit of it being better to

4    show than tell, Plaintiff invites the Court to review Exhibit 1 to Mr. Vizzini's declaration.  The

5    exhibit contains the express text messages of Ms. Schiappacasse to Ms. Jean Gordon.  If we

6    zoom out for a moment, the complaint alleges Ms. Schiappacasse reached out to Mr. Vizzini's

7    ex-wife in an attempt to recruit her into an effort to sabotage Mr. Vizzini's business Veritas

8    Allies.  While on the one hand Ms. Schiappacasse argues that there is no objective merit for

9    these allegations, Plaintiff is already in possession of Ms. Schiappacasse's communications to

10   Ms. Gordon where she was attempting to do the exact same thing alleged in the complaint, and

11   even alludes to her ongoing conspiracy with Ms. Free to take Veritas Allies down.  The

12   communications are directly on point, and confirm most of the allegations in the complaint, and

13   the fact that the SOS registration was ultimately amended by Ms. Free is corroboration that the

14   plan moved from theory to practice.

15

16

17

18   Dated this 7th day of December, 2021.

19                              ENGRAV LAW OFFICE, LLP

20                              By: /s/ Grant T. Engrav
21                                   Grant T. Engrav, OSB No. 133517
                                     Of Attorneys for Plaintiff

22

23                              Trial Attorney: Grant T. Engrav
                                OSB No. 133517

Page 12 – PLAINTIFF'S RESPONSE TO SCHIAPPACASSE'S MOTION TO DIMISS

ENGRAV LAW OFFICE, LLP
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

Exhibit A Page 128 of 197

1    I hereby certify that on 3/7/2022, I served the preceding response to Defendant Schiappacasse's
     motion to dismiss (Case Number 21CV47955) on:
2

3            Attorneys for Heather Schiappacasse
             Seth Tangman and Theodore E. James III
             moe@slindenelson.com
4            ted@slindenelson.com

5            and

6            Attorneys for Defendant Cynthia Free
             Peter Hicks and Daniel Sharp
7            Peter.hicks@jordanramis.com
             Daniel.sharp@jordanramis.com
8

9    ___By mailing a true and correct copy thereof by U.S. Postal Service, ordinary first-class mail,
     addressed to each attorney's last known address and depositing in the U.S. mail at Portland,
10   Oregon on the date set forth above;

11   ___By mailing a true and correct copy thereof by U.S. Postal Service, certified mail, return
     receipt requested, addressed to each attorney's last-known address and depositing in the U.S.
12   mail at Portland, Oregon on the date set forth above;

13   __By causing a true and correct copy thereof to be hand-delivered to the above-mentioned
     attorney's last known office address on the date set forth above;

14   __By faxing a true and correct copy thereof to each attorney at each attorney's last known
     facsimile number on the date set forth above. At the time of service the attorney maintained a
15   facsimile device at the attorney's office and the device was working at the time of service.
     Attached to this Certificate of Service is a printed confirmation of receipt of the message
16   generated by my office's facsimile transmitting machine.

17   _X_By emailing a true and correct copy thereof to each attorney at each attorney's email address.
     Prior to service, the attorney's had agreed in writing to accept service via email.
18

19   Dated this 7th day of March 2022.

20

21                                          By /s/ Grant T. Engrav
                                            Grant T. Engrav, OSB No.133517
22                                          Of Attorneys for Veritas Allies LLC

23

Page 13 – PLAINTIFF'S RESPONSE TO SCHIAPPACASSE'S MOTION TO DIMISS

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com



1

2

3

4                    IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                         FOR THE COUNTY OF MULTNOMAH

6                                              )    Case No.    21CV47955
      VERITAS ALLIES LLC, an Oregon            )
7     Limited Liability Company,               )    DECLARATION OF DAVID VIZZINI IN
                                               )    RESPONSE TO DEFENDANT
8                           Plaintiff,         )    SHIAPPACASSE'S MOTION TO
                                               )    DISMISS
9            v.                                )
                                               )
10    CYNTHIA FREE; an individual; and         )
      HEATHER SCHIAPPACASSE                    )
11    ─────────────────────────────────)
                                               )
12                          Defendants.        )
                                               )
13                                             )
                                               )
14

15           I, David Vizzini, declare the following to be true based on my personal knowledge
      under penalty of perjury.
16

17           1.   I am, and at all times relevant to the allegations in the underlying lawsuit, have been

18                the CEO of Veritas Allies LLC.

19           2.   Attached as Exhibit 1, are messages sent by Defendant Heather Schiappacasse to Jean

20                Gordon.   At all relevant times, Ms. Gordon was a resident of Oregon, residing in

21                Oregon.  On or around October 2021, Ms. Gordon informed me that Ms. Schiappacasse

22                had reached out to her, and tried to solicit her involvement with a plan to harm Veritas

23

Page 1 – DECLARATION OF VIZZINI

DocuSign Envelope ID: 853B5CC9-5FDB-4D75-AB15-CBCB66509AA7

1       Allies LLC and myself.  I learned of the actual taking over of the Secretary of State

2       registration from Ms. Gordon.

3           a.   On page 1 of Exhibit 1, Ms. Schiappacasse says, "Cindy and I are collaborating

4                on how to how to take the veritas name national." Defendant Cynthia Free

5                (Cindy) is my former spouse.  At all relevant times Ms. Cindy Free, to the best

6                of my knowledge, has been a resident of Oregon, residing in Oregon.

7           b.   On page 2 of Exhibit 1, Ms. Schiappacasse discusses her potential investment

8                in Veritas Allies LLC.

9           c.   On page 2 of Exhibit 1, Ms. Schiappacasse is discussing her conversations with

10               allegations Ms. Cindy Free made against Veritas Allies LLC.

11          d.   On Page 3 of Exhibit 1, Ms. Schiappacasse says, "I'll deal with David when I

12               see him in Vegas and through business."

13          e.   On page 4, of Exhibit 1, Ms. Schiappacasse discusses the numerous individuals

14               she has been in contact with on Linkedin and phone calls she "received."

15   3.   On or around 2020, a subsidiary of Veritas Allies, doing business in Oregon, entered

16        into a marketing agreement with Ms. Schiappacasse relating to marketing service for

17        Ms. Schiappacasse's entity to perform for Veritas and its subsidiary, procuring sales

18        which would execute in Oregon.  (General description).

19   4.   Over the previous two years, Ms. Schiappacasse has been a part of several Microsoft

20        Teams calls with myself, and the various members and employees of Vertias Allies

21        LLC.

22

23

Page 2 – DECLARATION OF VIZZINI

5. On around August to September of 2021, Ms. Schiappacasse requested the financial statements for Veritas Allies LLC.  My understanding was that she made the request to evaluate potential investment from herself or her business partners.

**I DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.**

By: _____

David Vizzini

3/14/2022 _____(Date)

Page 3 – DECLARATION OF VIZZINI

Exhibit 1



He's crazy

Cindy and I are collaborating on how to take the veritas name National

And maybe start a website to warn women about men like this

David told me they have one month of payroll available & he was thinking of letting Sherry & Dave Cardwell go because he wasn't taking a pay cut

Cindy has evidence of David moving $400k over the last two years from the business account to his personal accounts

Exhibit 1

+1 (313) 614-9018

Then i piqued his interest when i said we "might invest" then he came back

I'm spiraling a bit... i don't know why.
Things like this typically don't bother me like this.

I have to step back from all of this.

It's consuming my life and i dont want that... 4 weeks ago i was really happy and falling in love with a person i was super close friends with

It's effecting my work and peace of mind.

I'll deal with David when i see him in Vegas and through business

**Exhibit 1**

He's going to gaslight you.

Everything he says is a lie

He needs someone to fund the new house in a year

You have my text messages. All written by him, from your bed – that's really all you

**Exhibit 1**

I can't tell you how many calls I've gotten from people and how many people hit me up on LinkedIn over this.

He really has screwed with SO many people

+1 (313) 614-9018 >

Plus in KC when David was walking away from me to catch his flight, he said "i love you, call you when i get back" in front of everyone

💯 I'm sorry. I really am.

Im a builder and a nurturer... i connect on every level

I'm embarrassed too– EVERYONE saw this play out at conferences.
My friends, colleagues – he met my partners and my boss

Ughh –

DocuSign Envelope ID: 8894E86D-D865-414E-AC98-3543FF2B2531

3/7/2022

21CV47955

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| VERITAS ALLIES LLC, an Oregon Limited Liability Company, | Case No. 21CV47955 |
| Plaintiff, | DECLARATION OF SHANE BARNES IN RESPONSE TO DEFENDANT SHIAPPACASSE'S MOTION TO DISMISS |
| v. | |
| CYNTHIA FREE; an individual; and HEATHER SCHIAPPACASSE | |
| Defendants. | |

I, Shane Barnes, declare the following to be true based on my personal knowledge under penalty of perjury.

1. At all times relevant to the allegations in the underlying complaint, I have been employed as general counsel to Veritas Allies, LLC. ("Veritas").

2. Prior to the Self-Insurance Institute of America ("SIIA") conference, which was held in Austin, Texas in October of 2021, Ms. Schiappacasse and other members of her company held an online meeting with me and several members of our staff, to discuss various business opportunities and meetings that Ms, Schiappacasse was helping to arrange.

Page 1

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

3. One of the reasons that I and several of my coworkers travelled to Texas in October of 2021, was to meet with the potential clients that Ms. Schiappacasse was introducing us to.

4. At the SIIA conference in October 2021, Ms. Schiappacasse cancelled the meetings that she had arranged for Veritas.

5. Ms. Schiappacasse informed me that she intended to destroy Veritas and its CEO, David Vizzini.

6. I was approached by one of our largest clients at the SIIA conference who informed me that Ms. Schiappacasse had attempted to get her to cancel her business with Veritas.

7. On or about October of 2021, I learned that the Veritas Registration had been appropriated.

8. Since that date, I have attempted to reinstate our business registration, and have communicated with the Oregon Secretary of State. I have been informed that because Ms. Cynthia Free registered the Veritas Allies, LLC name, at this time, there is nothing that Veritas can do to reclaim our registration.

**I DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.**

By: _Shane Barnes_
DocuSigned by:
S0AE5FA76F844FE...

Shane Barnes
3/14/2022 (Date)

Page 2

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

**Exhibit A Page 138 of 197**



Grant Engrav, *Partner*
D: (971) 339-2737
F: (971) 275-1218
Grant@engravlawoffice.com


Multnomah County Courthouse
1200 SW 1st Ave
Portland, OR 97204

**E-FILED**

Re:     RESUBMISSION OF REJECTED FILING, RELATION-BACK DATE OF FILING
        REQUESTED - 21CV47955

March 14, 2022

To whom it may concern:

        Pursuant to UTCR 21.080(5), I am writing to request relation-back of the attached
declarations. The original declarations were filed on March 07, 2022, in the above referenced
matter and were rejected because we failed to include the Case Number on them.

        I have corrected the error and request that the amended declarations be filed and relate
back to March 07, 2022.

Thank you for your time.


Sincerely,

/s/ Grant Engrav
OSB No. 133517


GE/sg

Engrav Law Office LLP
1500 SW 1ˢᵗ Ave. Suite 1170 Portland, OR 97201
(971) 339-2741

**Exhibit A Page 139 of 197**



Grant Engrav, *Partner*
D: (971) 339-2737
F: (971) 275-1218
Grant@engravlawoffice.com

21CV47955

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | | |
|---|---|---|
| VERITAS ALLIES LLC, an Oregon limited liability company, | ) ) ) | Case No. 21CV47955 |
| Plaintiff, | ) ) ) | PLAINTIFF'S RESPONSE TO DEFENDANT CYNTHIA FREE'S REQUEST FOR ADMISSIONS TO PLAINTIFF, SET ONE 1 |
| v. | ) ) ) | |
| CYNTHIA FREE, an individual, and HEATHER SCHIAPPACASSE, an individual, | ) ) ) ) | |
| Defendants. | ) ) | |

**OBJECTIONS**

Pursuant to ORCP 36 and 45, Plaintiff Veritas Allies LLC ("Veritas") responds to

Defendant Cynthia Free's ("Free") First Set of Requests for Admissions as follows:

**GENERAL OBJECTIONS**

Plaintiff Veritas Allies LLC incorporates the following general objections into each of the

responses to Defendant's requests:

1.      By responding to this Request for Admission, Plaintiff does not waive and

expressly reserves all defenses and objections.

2.      Plaintiff's response is made to the best of its knowledge, information, and belief.

Plaintiff's response is at all times subject to additional discovery or investigation that

Page 1 - PLAINTIFF'S RESPONSE TO DEFENDANT FREE'S
REQUEST FOR ADMISSION, SET 1

**ENGRAV LAW OFFICE, LLP**
1500 SW 1ST AVE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE (971) 339-2737
EMAIL:  Grant@engravlawoffice.com

1    further discovery or investigation may disclose and is subject to refreshing or recollection

2    and such additional knowledge of facts, as may result from further discovery or

3    investigation.

4    3.    Plaintiff Veritas Allies LLC objects to Defendant's definitions, instructions, and

5    requests to the extent they exceed the scope of permissible discovery under the Oregon

6    Rules of Civil Procedure. Plaintiff will not respond in any manner beyond what is

7    required pursuant to the Oregon Rules of Civil Procedure.

8    4.    Plaintiff Veritas Allies LLC objects to Defendant's requests to the extent they

9    seek documents or information that are derived from or call for information protected by

10    the attorney-client privilege, the work-product doctrine, or any other applicable privilege

11    or protection. Further, Plaintiff objects to the extent any request may be interpreted to

12    seek expert discovery. Any answer to any request, or a part thereof, is not intended to be

13    and shall not be deemed a waiver of any kind. Any inadvertent disclosure by Defendant

14    of privileged or protected information is not intended to be, and should not be, construed

15    as a waiver of any applicable privilege or protection.

16    5.    Plaintiff objects to Defendant's requests to the extent they are not relevant or

17    reasonably calculated to lead to the discovery of relevant or admissible evidence.

18    6.    Plaintiff objects to Defendant's requests to the extent they require Plaintiff to

19    search through electronically stored information from sources that are not reasonably

20    accessible because of undue burden or expense.

21    7.    Any information provided in response to a specific request to which Plaintiff has

22    asserted an objection is not intended as a waiver of any objection, but rather for the sole

23

**ENGRAV LAW OFFICE, LLP**
1500 SW 1ST AVE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE (971) 339-2737
EMAIL:  Grant@engravlawoffice.com

1   purpose of aiding discovery and demonstrating Plaintiff's good-faith effort to supply

2   information.

3

4   8.      Discovery is ongoing and Plaintiff reserves the right to supplement its responses

5   set forth herein. Plaintiff also reserves the right to supplement production of responsive

6   documents should pending discovery uncover additional responsive documents.

7

8   9.      Plaintiff objects to all definitions, instructions and requests to the extent they

9   would subject Defendant to unreasonable and undue annoyance, oppression, burden and

10   expense, and would seek to impose upon Defendant an obligation to investigate or

11   discover information or materials from third parties or sources that are equally accessible

12   to Plaintiff.

13   10.     Plaintiff reserves all objections or other questions as to the competency,

14   relevance, materiality, privilege or admissibility as evidence in any subsequent

15   proceeding in, or hearing of this or any other action.

16

17   11.     Plaintiff reserves the right to object on any ground at any time to such other or

18   supplemental requests for admission as Defendant may at any time propound involving or

19   relating to the subject matter of these requests.

20   12.     Each of these general objections is incorporated into each of Plaintiff's specific

21   responses as if set forth in full below.

22

23

Page 3 - PLAINTIFF'S RESPONSE TO DEFENDANT FREE'S
REQUEST FOR ADMISSION, SET 1

**ENGRAV LAW OFFICE, LLP**
1500 SW 1ST AVE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE (971) 339-2737
EMAIL:  Grant@engravlawoffice.com

13.    Plaintiff objects to requests that are not limited to a specific time period relevant to this case.

## RESPONSES TO REQUESTS FOR ADMISSIONS

**REQUEST NO. 1.**    Admit that "Veritas Allies, LLC." (Oregon Secretary of State registry no. 1685608-95) was administratively dissolved on August 19, 2021.

**RESPONSE:**  Plaintiff objects to the extent that this request is vague, ambiguous, and to the extent it calls for a legal conclusion. Subject to these specific objections and the general objections above, Plaintiff admits that the Oregon Secretary of State website shows that Plaintiff was administratively dissolved on August 19, 2021.

**REQUEST NO. 2.**    Admit that at the time of the October 2, 2021 "Conference" referred to in paragraph 4 of the Complaint, "Veritas Allies, LLC." (Oregon Secretary of State registry no. 1685608-95) had been administratively dissolved for over six weeks.

**RESPONSE:** Plaintiff objects to this request as vague and ambiguous. Subject to these specific objections and the general objections above, Plaintiff admits that on October 2, 2021, Plaintiff had been administratively dissolved for 44 days.

**REQUEST NO. 3.**    Admit that David Vizinni was a managing member of "Veritas Allies, LLC." (Oregon Secretary of State registry no. 1685608-95) prior to that company's dissolution.

**RESPONSE:**  Plaintiff objects to this request as vague and ambiguous. Subject to these specific objections and the general objections above, Plaintiff admits that David Vizinni was a managing

**ENGRAV LAW OFFICE, LLP**
1500 SW 1ST AVE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE (971) 339-2737
EMAIL:  Grant@engravlawoffice.com

**Exhibit A Page 144 of 197**

1    member of Veritas Allies, LLC.

2

3    **REQUEST NO. 4.**    Admit that "Veritas Allies, LLC." (Oregon Secretary of State registry no.

4    1685608-95) can be reinstated within five years of dissolution pursuant to ORS 63.654.

5    **RESPONSE:**  Plaintiff objects to this request as vague and ambiguous, and to the extent the

6    request seeks a legal conclusion.

7

8    **REQUEST NO. 5.**    Admit that "Veritas Allies, LLC." (Oregon Secretary of State registry no.

9    1685608-95) did not apply for reinstatement before the filing of this lawsuit.

10    **RESPONSE:** Denied.

11

12    **REQUEST NO. 6.**    Admit that from August 19, 2021 to the date of these requests "Veritas

13    Allies, LLC." (Oregon Secretary of State registry no. 1685608-95), as an administratively

14    dissolved company, was limited by ORS 63.651(3) to engaging only in activities that were

15    necessary or appropriate to wind up and liquidate the company's business and affairs and provide

16    notification to claimants.

17    **RESPONSE:** Plaintiff objects to this request as vague and ambiguous. Subject to these specific

18    objections and the general objections above, Plaintiff denies this request.

19

20    **REQUEST NO. 7.**    Admit that "Veritas Allies, LLC" (Oregon Secretary of State registry no.

21    1879585-91) was organized on October 8, 2021, more than seven weeks after "Veritas Allies,

22    LLC." (Oregon Secretary of State registry no. 1685608-95) was dissolved.

23

Page 5 - PLAINTIFF'S RESPONSE TO DEFENDANT FREE'S
REQUEST FOR ADMISSION, SET 1

**ENGRAV LAW OFFICE, LLP**
1500 SW 1ST AVE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE (971) 339-2737
EMAIL: Grant@engravlawoffice.com

1  **RESPONSE:** Plaintiff objects to this request as vague and ambiguous. Subject to these specific

2  objections and the general objections above, Plaintiff admits that Veritas Allies (no period) was

3  filed on October 8, 2021.

4

5  **REQUEST NO. 8.**    Admit that David Vizzini has no AFFILIATION with the named plaintiff

6  in this matter "Veritas Allies, LLC" (Oregon Secretary of State registry no. 1879585-91). For

7  purposes of these requests, the term "AFFILIATION" means, but is not limited to, holding or

8  having ever held an ownership or membership interest, being a principal, officer, manager,

9  employee, contractor and/or agent of "Veritas Allies, LLC" (Oregon Secretary of State registry

10  no. 1879585-91).

11  **RESPONSE:** Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to the

12  definitions as purposely misleading and or subject to the doctrine of unclean hands, and to the

13  extent it seeks a legal conclusion.

14

15  **REQUEST NO. 9.**    Admit that Defendant Cynthia Free did not appropriate the business

16  registration for "Veritas Allies, LLC." (Oregon Secretary of State registry no. 1685608-95).

17  **RESPONSE:** Plaintiff objects to this request as vague and ambiguous and calls for a legal

18  conclusion. Plaintiff objects to the request as purposely misleading. Subject to these specific

19  objections and the general objections above, Plaintiff denies this request.

20

21  **REQUEST NO. 10.**   Admit that Defendant Cynthia Free never reported to the Oregon Secretary

22  of State that she was the president of "Veritas Allies, LLC." (Oregon Secretary of State registry

23  no. 1685608- 95).

Page 6 - PLAINTIFF'S RESPONSE TO DEFENDANT FREE'S
REQUEST FOR ADMISSION, SET 1

**ENGRAV LAW OFFICE, LLP**
1500 SW 1ST AVE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE (971) 339-2737
EMAIL:  Grant@engravlawoffice.com

**Exhibit A Page 146 of 197**

1    **RESPONSE:** Plaintiff objects to this request as vague and ambiguous and calls for a legal

2    conclusion. Plaintiff objects to the request as purposely misleading. Subject to these specific

3    objections and the general objections above, Plaintiff denies this request.

4

5    **REQUEST NO. 11.**  Admit that no Amended Articles of Organization were ever filed with the

6    Oregon Secretary of State for "Veritas Allies, LLC." (Oregon Secretary of State registry no.

7    1685608-95).

8    **RESPONSE:** Plaintiff objects to this request as vague and ambiguous. Subject to these specific

9    objections and the general objections above, Plaintiff denies this request.

10

11    **REQUEST NO. 12.**  Admit that no Amended Articles of Organization were ever filed with the

12    Oregon Secretary of State for "Veritas Allies, LLC" (Oregon Secretary of State registry no.

13    1879585-91).

14    **RESPONSE**: Plaintiff objects to this request as vague and ambiguous and outside of the scope

15    of Plaintiff's knowledge. Plaintiff will endeavor to respond if Plaintiff clarifies this request.

16

17                             DATED this 15th day of March, 2022

18                              ENGRAV LAW OFFICE, LLP

19

                              By /s/ Grant T. Engrav
20                              Grant T. Engrav, OSB No. 133517
                              Of Attorney for Plaintiff

21

22

23

**ENGRAV LAW OFFICE, LLP**
1500 SW 1ST AVE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE (971) 339-2737
EMAIL:  Grant@engravlawoffice.com

**Exhibit A Page 147 of 197**

1                             **<u>CERTIFICATE OF SERVICE</u>**

2         I hereby certify that on March 15, 2022, I served the following **PLAINTIFF'S RESPONSE TO DEFENDANT FREE'S REQUEST FOR ADMISSION, SET 1**

3       on:

4       Attorneys for Heather Schiappacasse
      Seth Tangman and Theodore E. James III

5       moe@slindenelson.com
      ted@slindenelson.com

6       and

7       Attorneys for Defendant Cynthia Free

8       Peter Hicks and Daniel Sharp
      **Peter.hicks@jordanramis.com**

9       **Daniel.sharp@jordanramis.com**

10    <u>x </u> By mailing a true and correct copy thereof by U.S. Postal Service, ordinary first-class mail, addressed to each attorney's last known address and depositing in the U.S. mail at Portland, Oregon

11   on the date set forth above;

12    _____By mailing a true and correct copy thereof by U.S. Postal Service, certified mail, return receipt requested, addressed to each attorney's last-known address and depositing in the U.S. mail at

13   Portland, Oregon on the date set forth above;

14    _____By faxing a true and correct copy thereof to each attorney at each attorney's last known facsimile number on the date set forth above.  At the time of service, the attorney maintained a

15   facsimile device at the attorney's office and the device was working at the time of service. Attached to this Certificate of Service is a printed confirmation of receipt of the message generated

16   by my office's facsimile transmitting machine.

17    <u>X </u> By emailing a true and correct copy thereof to each attorney at each attorney's email address. Prior to service, the attorneys had agreed in writing to accept service via email.

18

19   Dated this 15th day of March, 2022.

20                   ENGRAV LAW OFFICE, LLP

21

22                  By <u>/s/ Grant T. Engrav               </u>
                  Grant T. Engrav, OSB No. 133517
                  Of Attorneys for Plaintiff

23

**ENGRAV LAW OFFICE, LLP**
1500 SW 1ST AVE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE (971) 339-2737
EMAIL:  Grant@engravlawoffice.com

1

2

3

4               IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                     FOR THE COUNTY OF MULTNOMAH

6
        **VERITAS ALLIES LLC,** an Oregon          )
7       limited liability company,                 )    Case No.    21CV47955
                                                   )
8                       Plaintiff,                  )
                                                   )
9            v.                                     )    **NOTICE OF INTENT TO APPLY FOR**
                                                   )    **AN ORDER OF DEFULT (ORCP 69B)**
10      **CYNTHIA FREE,** an individual**; and**    )
        **HEATHER SCHIAPPACASSE** an                )
11      individual,                                 )
                                                   )
12                      Defendants,                 )
                                                   )
13      _____

14           TO: CYNTHIA FREE via her lawyer Daniel Sharp.

15           Notice is hereby given that Plaintiff Veritas Allies LLC intends to apply for an order of
        default on March 29th, 2022, unless Defendant Cynthia Free answer or otherwise defends against
16      Plaintiff's complaint.

17           Counsel has selected the above date after conferral. This notice sufficiently provides your
        office with ten days' notice as requested via your ORCP 69 letter dated February 22nd, 2022.

18

19      Dated this 16th day of March 2022.

20                                          By /s/ Grant T. Engrav
                                            Grant T. Engrav, OSB No.133517
21                                          Of Attorneys for Veritas Allies LLC

22

23

Page 1 – NOTICE OF INTENT TO APPLY FOR DEFAULT

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

1

## <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on 3/16/2022, I served the following NOTICE OF INTENT TO APPLY
3      FOR DEFAULT (Case Number 21CV47955) on:

4           Jordan Ramis
            Attn: Daniel Sharp
5           1499 SE Tech Center Place #380
            Vancouver, WA 98683
6           daniel.sharp@jordanramis.com
            peter.hicks@jordanramis.com
7           lydia.paterson@jordanramis.com

8           Attorneys for Heather Schiappacasse
            Seth Tangman and Theodore E. James III
9           moe@slindenelson.com
            ted@slindenelson.com

10

11      ___By mailing a true and correct copy thereof by U.S. Postal Service, ordinary first-class mail,
        addressed to each attorney's last known address and depositing in the U.S. mail at Portland,
12      Oregon on the date set forth above;

13      ___By mailing a true and correct copy thereof by U.S. Postal Service, certified mail, return
        receipt requested, addressed to each attorney's last-known address and depositing in the U.S.
14      mail at Portland, Oregon on the date set forth above;

15

        _X_By emailing a true and correct copy thereof to each attorney at each attorney's email address.
16      Prior to service, the attorney's had agreed in writing to accept service via email.

17

        Dated this 16th day of March 2022.
18

19

                                            By /s/ Grant T. Engrav
20                                          Grant T. Engrav, OSB No.133517
                                            Of Attorneys for Veritas Allies LLC
21

22

23

Page 2 – NOTICE OF INTENT TO APPLY FOR DEFAULT

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| VERITAS ALLIES LLC, an Oregon Limited Liability Company,<br><br>        Plaintiffs,<br><br>  v.<br><br>CYNTHIA FREE, an individual, and HEATHER SCHIAPPACASSE, an individual,<br><br>        Defendants. | Case No. 21CV47955<br><br>**DEFENDANT HEATHER SCHIAPPACASSE'S REPLY TO MOTION TO DISMISS** |

    Defendant Heather Schiappacasse ("Ms. Schiappacasse") hereby submits this Reply to Plaintiff Veritas Allies LLC ("Plaintiff") Response to Motion to Dismiss (the "Reply") in the above captioned matter. The Reply is based on the Court record and filings, and the following argument, all which are incorporated by reference.

<u>**ARGUMENT**</u>

    Rather than clarifying or correcting the deficiencies in Complaint, the Response requests that the Court lower statutory pleading standards and change the law on jurisdiction, standing, and tort claims. The Response's convoluted declarations and conclusory statements of law cannot overcome the fatal flaws in the Complaint. First, Plaintiff fails to establish any basis for personal jurisdiction over Ms. Schiappacasse who lives over 2,000 miles away and none of the allegations in the Complaint nor Plaintiff's extra-pleading exhibits support its accusation that Ms. Schiappacasse engaged in a conspiracy in Oregon. Second, Plaintiff fails to establish standing to bring the lawsuit on behalf of non-party Veritas Allies LLC ("Veritas"). Third, Plaintiff fails to

Page 1 – DEFENDANT HEATHER SCHIAPPACASSE'S REPLY TO MOTION TO DISMISS

1  establish they—and not David Vizzini ("Mr. Vizzini")—are the real party in interest. Fourth,

2  Plaintiff fails to adequately plead the elements of their claims and, indeed, does not offer any

3  allegations that it has been damaged at all or that Ms. Schiappacasse caused any damages. Finally,

4  Plaintiff failed to articulate a reasonable basis sufficient to support the Complaint that would not

5  require repleading and, therefore, the Court should shift attorneys' fees and costs and dismiss the

6  Complaint.

7  **1.  The Court lacks personal jurisdiction over Ms. Schiappacasse**

8  As set forth in the opening brief to the Motion to Dismiss (the "Opening Brief"), Ms.

9  Schiappacasse is a Texas resident who conducts no business in Oregon, owns no property in

10  Oregon, and has not set foot in the State of Oregon in over seven years.[1] The sole allegations that

11  could potentially allow the Court to exercise personal jurisdiction over Ms. Schiappacasse, is that

12  Ms. Schiappacasse purportedly "coordinated" with Ms. Free to harm Veritas by registering Veritas

13  Allies LLC with the Oregon Secretary of State business registration, because the registration was

14  available because Veritas Allies LLC had been administratively dissolved.[2] But Ms. Schiappacasse

15  denies that she ever coordinated with Ms. Free to register any business entity in Oregon, and none

16  of the Response's extra-pleading exhibits support that she did.[3]

17  The Response, provides no argument or evidence to contrary and instead urges the Court

18  to establish long arm jurisdiction over Ms. Schiappacasse based upon a handful of text messages

19  Ms. Schiappacasse's allegedly exchanged with Ms. Jean Gordon ("Ms. Gordon")—a third-party

20  with no interest in this litigation, who happens to be  located in Oregon.[4] The text messages,

21  however, are ambiguous and devoid of context—it unclear what is being discussed and how it

22  relates to the Complaint. The text messages also do not discuss registering any entity in Oregon,

23

24  [1] Schiappacasse Dec. at ¶ 2.

25  [2] *Id.* at ¶¶ 11, 21.

   [3] Schiappacasse Dec. at ¶ 3.

26  [4] Plaintiff's Response, Page 5, line 17-18.

Page 2 – DEFENDANT HEATHER SCHIAPPACASSE'S REPLY
TO MOTION TO DISMISS

**SLINDE NELSON**
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

1
2
3
4
5
6
7

but rather state a nebulous intent to take Veritas "national" while at the same time discussing investing with Mr. Vizzini in the entity. The ***undated*** text messages do not facially support the allegations in the complaint. In any event, to establish specific jurisdiction based on a defendant's contacts with a forum, the litigation itself "must arise out of or relate to" those specific contacts.[5] "Related to," does not mean alleged evidence a Plaintiff hopes to introduce to support their claims, but instead "related to" requires, at a minimum, that the contacts be a "but for" cause of the litigation.[6]

8
9
10
11
12
13
14

Here the litigation does not stem from Ms. Schiappacasse's handful of text messages with Ms. Gordon, nor do they facially support the claims being asserted. Those text messages with Ms. Gordon are not a "but for" cause of this litigation. Instead, the Response claims "on October 7th, 2021, Defendant Schiappacasse reached out to Ms. Gordon in an attempt to slander Mr. Vizzini."[7] This is not a slander case and Mr. Vizzini is not a party. The fact that Plaintiff did not plead slander or defamation in this litigation establishes that the allegedly slanderous texts with Ms. Gordon are irrelevant for the purposes of establishing personal jurisdiction in this litigation.

15

### 2. Plaintiff does not have standing to sue

16
17
18
19
20

Plaintiff lacks standing to sue under Oregon law. When the legislature provides a cause of action in a statute, it also specifies the group of people who may prosecute that cause of action."[8] The Reply fails to address the fact that it is Mr. Vizzini who is bringing this lawsuit on behalf of Veritas, but the active entity Veritas is not owned by Mr. Vizzini or represented by him. Simply,

---

21

[5] *Cox v. HP Inc.,* 368 Or. 477, 494 P.3d 1245 (2021).

22
23
24

[6] *Robinson v. Harley-Davidson Motor Co.,* 354 Or. 572, 594, 316 P.3d 287, 300 (2013), abrogated on sperate grounds by *Cox v. HP Inc.,* 368 Or. 477, 492 P.3d 1245 (2021) "[T]he relatedness standard requires that the litigation must arise out of, or relate to, at least one of a nonresident defendant's activities in this state for our courts to properly exercise specific jurisdiction. To meet that standard, the activity may not be only a but-for cause of the litigation; rather, the nature and quality of the activity must also be such that the litigation is reasonably foreseeable by the defendant.").

25

[7] Plaintiff's Response, Page 7, line 7-8.

26

[8] *Nordbye v. BRCP/GM Ellington*, 271 Or App 168, 175, 349 P3d 639 (2015) (quotations and citations omitted).

Page 3 – DEFENDANT HEATHER SCHIAPPACASSE'S REPLY TO MOTION TO DISMISS

Mr. Vizzini is not within the "group of people who may prosecute [this] cause of action" on behalf of Veritas because he does not have authority to do so.[9]

Next, the Reply appears to argue that Plaintiff may sue even though this lawsuit is outside of the scope of ORS 63.651 if it is reinstated under ORS 63.654. Plaintiff, however, has not been reinstated under that statute, there has been no evidence presented that it is reinstated, and the entity purporting to bring the lawsuit is dissolved, and cannot pursue the claims for the reasons set forth in the Opening Brief.

Last, Plaintiff alleges that it has standing because" the equities" of their arguments favor Plaintiff. But standing is a statutory right that is not subject to equity—either a plaintiff has statutory standing to bring a claim or it does not.[10]

### 3. Mr. Vizzini is the real party in interest, not Veritas

The Response claims that Veritas is the real party in interest—*ipse dixit*–despite the fact that the allegations of intentional interference related to purported boorish behavior that allegedly damaged *Mr. Vizzini*. Further, because Cynthia Free, not Mr. Vizzini, owns the currently active entity with the similar name of Plaintiff and Ms. Free and that entity have not alleged any damages caused by Ms. Schiappacasse.

The Response also contends that this situation is akin to a purse being stolen. That analogy is wrong for many reasons, but if Mr. Vizzini wishes to allege that this specific entity Veritas was somehow stolen from him like a purse[11] he may do so.  But he must do so under his own name, not in the name of the purse.

*///*

---

[9] *Id.*

[10] Plaintiff's Response, Page 8, line 17-18.

[11] Plaintiff's Response, Page 9, line 6-8.

Page 4 – DEFENDANT HEATHER SCHIAPPACASSE'S REPLY TO MOTION TO DISMISS

**SLINDE NELSON**
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

1

### 4. Plaintiff failed to allege damages and causation under their tort theories

2

3    To properly allege an intentional interference claim, a plaintiff must allege: "(1) the

4    *existence* of a professional or business *relationship* (which could include, e.g., a contract or a

5    prospective economic advantage); (2) intentional interference with that relationship or advantage;

6    (3) by a third party; (4) accomplished through improper means or for an improper purpose; (5) *a*

7    *causal effect* between the interference and the harm to the relationship or prospective advantage;

8    and (6) *damages.*[12]

9    Plaintiff, however, fails to allege damages or causation. Plaintiff states they were thwarted

10   in their "purpose of making a positive impression on *potential* clients and colleagues" at the

11   conference[13] and speculates that *unidentified* contracts may fail to renew at some point in the

12   future, "as expected."[14] Nowhere in the Complaint does Plaintiff claim that they have been

13   damaged yet, and the potential damages arguments are unsupportable for the reasons set forth in

14   the Opening Brief.

15   Confusingly, the Response argues "there is no requirement that the specific agreements be

16   identified,"[15] and "Schiappacasse does not cite to any case that supports its argument that Plaintiff

17   must specifically list the contracts that have been lost."[16] Plaintiff is wrong. Oregon Courts have

18   repeatedly held that that the specific agreements allegedly interfered with must be identified by

19   plaintiffs. Indeed, "[t]he first element of an IIER claim *requires proof* of the existence of a

20   professional or business relationship. In the context of a business relationship that is based on

21   prospective economic advantage, that element still requires a plaintiff to put on evidence of, at a

22

23   _____

24   [12] *Allen v. Hall*, 328 Or. 276, 281, 974 P.2d 199, 202 (1999).

25   [13] Complaint at ¶ 14.

26   [14] Complaint at ¶ 18.

[15] Plaintiff's Response, Page 11, line 15.

[16] Plaintiff's Response, Page 10, line 9-11

Page 5 – DEFENDANT HEATHER SCHIAPPACASSE'S REPLY
TO MOTION TO DISMISS

**SLINDE NELSON**
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

minimum, *the identity* of the other party to the alleged prospective relationship with which the plaintiff alleges the defendant interfered"[17]

In *Cron v. Zimmer* (2013) the Oregon Court of Appeals explained the reasoning behind requiring identification of the specific relationship allegedly interfered with, stating, "With regard to the first element [existence of a professional or business relationship], we must determine whether plaintiffs' economic relationship . . . is the type of relationship protected by the tort of intentional interference with economic relations"[18]

Further, Oregon Supreme Court has held that merely alleging interference, as Plaintiff has done, is insufficient to support a claim for intentional interference, noting "[i]n summary, such a claim is made out when interference resulting in injury to another is wrongful by some measure *beyond the fact of the interference* itself."[19] Twenty years later, the Oregon Supreme Court doubled down, stating that"[d]eliberate interference alone does not give rise to tort liability."[20]

Further, even if Plaintiff did not have to disclose the identity of the relationship interfered with—which it does—Plaintiff once again has failed to state that any relationship has actually been tortiously interfered with to-date and instead alleges that they *may* have been interfered with.

### 5. Ms. Schiappacasse is entitled to fees for having to engage in motion practice against an unreasonable complaint

ORS 20.105 provides for an award of attorneys' fees when, "there was no objectively reasonable basis for asserting the claim." A party has "no objectively reasonable basis" for asserting a claim if "the party's position is entirely devoid of legal or factual support" when the

---

[17] *Sharma v. Providence Health & Servs.-Oregon*, 289 Or. App. 644, 670, 412 P.3d 202, 218–19 (2018) (emphasis added).

[18] *Cron v. Zimmer,* 255 Or. App. 114, 125, 296 P.3d 567, 575 (2013).

[19] *Top Serv. Body Shop, Inc. v. Allstate Ins. Co*., 283 Or. 201, 209, 582 P.2d 1365, 1371 (1978) (emphasis added).

[20] *Northwest Natural Gas Co. v. Chase Gardens, Inc*., 328 Or. 487, 498, 982 P.2d 1117 (1999).

**SLINDE NELSON**
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

claim was made.[21]

As discussed above and in the Opening Brief, Plaintiff flat refused to allege the necessary elements of their claims—specifically damages and causation—and failed to replead when confronted. Instead, Plaintiff argues that no legal precedent exists requiring Plaintiff to allege the identity of the relationships interfered with, causation, or damages.  As discussed above, Plaintiff must allege causation and damages, and Plaintiff must give Ms. Schiappacasse notice of which relationship she purportedly interfered with that damaged Plaintiff.

Additionally, Plaintiff claims it did not have to correct its Complaint with respect to the defamation claim sought in the caption and in the second claim for relief because Plaintiff would remove the defects "when appropriate," and that "Counsel for Schiappacasse found that to be sufficient for the conferral call."  Compliance with the Oregon Rules of Civil Procedure, however, is always "appropriate" and Plaintiff is required to properly plead its claim or face dismissal and a shifting of fees.

## CONCLUSION

For the foregoing reasons and the reasons set forth in the Opening Brief, the Court should dismiss the Complaint and award Ms. Schiappacasse attorneys' fees and costs under ORS 20.105.

DATED: March 27, 2022.

SLINDE NELSON
By:  /s/ Seth R. Tangman
Seth R. Tangman, OSB No. 211456
moe@slindenelson.com
Theodore E. James III, OSB No. 213748
ted@slindenelson.com
  *Attorneys for Defendant Heather Schiappacasse*

---

[21] *Dimeo v. Gesik*, 195 Or App 362, 371, 98 P3d 397 (2004).

Page 7 – DEFENDANT HEATHER SCHIAPPACASSE'S REPLY TO MOTION TO DISMISS

1

2

## <u>CERTIFICATE OF SERVICE</u>

3

I hereby certify that I served the attached **DEFENDANT HEATHER SCHIAPPACASSE'S**
**REPLY TO MOTION TO DISMISS** on the following person(s) on the date indicated below:

4

5    Grant T. Engrav                             Peter S. Hicks
     Engrav Law Office, LLP                      Daniel S. Sharp
6    1500 SW First Avenue, Suite 11700           Jordan Ramis PC
     Portland, OR 97201                          Two Centerpointe Drive
7    grantengrav@engravlawoffice.com             6th Floor
                                                 Lake Oswego, OR 97035
8    *Attorney for Plaintiff Veritas Allies LLC*  peter.hicks@jordanramis.com
                                                 daniel.sharp@jordanramis.com
9

10                                               *Attorneys for Defendant Cynthia Free*

11   by the following indicated method(s):

12   ☐    by notice of electronic filing using the Odyssey E-File and Serve System (UTCR 21.010).

13   ☐    by **faxing** full, true, and correct copies thereof to said attorney to the fax number noted
          above, which is the last-known fax number for said attorney, on the date set forth below.

14   ☒    by **emailing** full, true, and correct copies thereof to said attorney to the email address noted
15        above, which is the last known email address for said attorney, on the date below.

16   ☐    by causing full, true, and correct copies thereof to be **mailed** to the attorney(s) at the
          attorney(s) last-known office address(es) listed above on the date below.

17

18        DATED: March 17, 2022.

19                                               SLINDE NELSON

20                                               By: */s/ Theodore E. James III*
                                                 Seth R. Tangman, OSB No. 211456
21                                               moe@slindenelson.com
                                                 Theodore E. James III, OSB No. 213748
22                                               ted@slindenelson.com
                                                   *Attorneys for Defendant Heather*
23                                               *Schiappacasse*

24

25

26

Page 8 – DEFENDANT HEATHER SCHIAPPACASSE'S REPLY
TO MOTION TO DISMISS

**SLINDE NELSON**
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH
1200 SW FIRST AVENUE
PORTLAND OREGON  97204

**Case No:** 21CV47955

**Veritas Allies LLC**
**vs**
**Cynthia Free, Heather Schiappacasse**

**ORDER APPOINTING JUDGE
TO CASE**

As provided by the court's rules and policy, the Court finds that the above case has progressed to a point in its process where it is appropriate to appoint a judge for the purpose of hearing pretrial motions in this action.

Now therefore the Court orders that the Honorable  **Jenna Plank** is appointed as **Motions** judge.

If the judge named above is assigned as a motions judge, the case is assigned to that judge to hear all pretrial motions (excluding Summary Judgment motions), except as further provided by order of the Presiding Judge.

The moving party shall contact the motion judge's chambers to schedule a hearing for any pending motions.  The moving party must provide to all parties notice of the time, date, and location set for the hearing, and the name of the judge who will hear the motion.  Notice to the parties may be by any means of communication to which the parties mutually have agreed. If there is no agreement as to the means for giving notice, then notice must be given in writing and delivered to each party.

If the judge named above is assigned as a Foreclosure Panel judge, the case is assigned to that judge for all matters.

March 29, 2022
Date

Christopher J. Marshall, Circuit Court Judge

1

2

3

4                    IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                        FOR THE COUNTY OF MULTNOMAH

6                                              )    Case No.     21CV47955
      VERITAS ALLIES LLC, an Oregon            )
7     Limited Liability Company,               )    PLAINTIFF VERITAS ALLIES LLC
                                               )    RESPONSE TO DEFENDANT
8                            Plaintiff,         )    CYNTHIA FREE'S MOTION TO
                                               )    DISMISS
9            v.                                 )
                                               )
10    CYNTHIA FREE; an individual; and         )
      HEATHER SCHIAPPACASSE                     )
11    ──────────────────────────────────       )
                                               )
12                           Defendants.        )
                                               )
13                                             )
                                               )
14

15

16                              **INTRODUCTION**

17          Veritas Allies LLC (Veritas) is an Oregon company with offices and staff in Oregon

      operating in the self-insured health insurance space. It provides highly complex, cost

18    containment services to providers and payors operating in the health care industry. David

19    Vizzini, is the company's CEO.

20          As detailed in the Complaint, Mr. Vizzini and members of the Veritas team attended a

21    conference in Texas in which Ms. Schiappacasse was also in attendance. Ms. Schiappacasse was

22    visibly intoxicated and made inappropriate statements to and about Mr. Vizzini to other industry

23

Page 1 –   PLAINTIFF'S RESPONSE TO DEFENDANT CYNTHIA FREE'S
           MOTION TO DISMISS

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2241
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

**Exhibit A Page 160 of 197**

1    partners who were present.  Ms. Schiappacasse assaulted Mr. Vizzini, and when her advances

2    were rebuffed, it marked the beginning, but only the beginning, of Ms. Schiappacasse's

3    destructive impulses.

4        The critical allegations in the complaint demonstrate that Ms. Schiappacasse then

5    recruited Oregon individuals, including Mr. Vizzini's ex-wife and resident of Oregon, Cynthia

6    Free, to help her make good on her promise to "destroy Veritas", an Oregon LLC, with an

7    Oregon CEO. The complaint alleges Ms. Schiappacasse travelled to Oregon in furtherance of her

8    objective to destroy Veritas. ¶3. The complaint alleges that Ms. Schiappacasse was ultimately

9    successful in recruiting Ms. Free to falsely represent herself as an agent of Veritas and form an

10   Oregon Secretary of State ("SOS") business registration in its name. ¶ 11, 12, 13. Ms. Free and

11   Ms. Schiappacassee then worked in concert with one another to make false statements about

12   Plaintiff and Mr. Vizzzini personally, damaging his reputation and interfering with Plaintiff's

13   business relationships. ¶ 11, 12, 13, 19-23.

14       While it is true that Plaintiff and Defendant's marriage dissolution proceedings are

15   ongoing, this suit was not brought to gain leverage in any such proceeding. This lawsuit was

16   brought because the Defendant conspired with another person to harm, and did harm, Plaintiff's

17   business by stealing his business entity name and by making false statements to both the SOS,

18   business contacts, and industry professionals regarding Plaintiff.

19

20                              **POINTS AND AUTHORITIES**

                  **I.        THE NAMED PLAINTIFF IS THE REAL PARTY IN INTEREST.**
21
22           Defendant argues that Plaintiff is not the real party in interest on several grounds.

23   First, Defendant argues that "Veritas Allies, LLC" is improperly identified as the named

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

1    plaintiff because Plaintiff's omission of the period at the end of its name incorrectly identifies

2    Defendant's identically named entity as Plaintiff[1].  This argument fails for the following

3    reasons. First, while it is true that Plaintiff's registered entity includes a period at the end of

4    "LLC," the omission of the period in the caption of its complaint is not fatal to Plaintiff's

5    claims. All pleadings are meant to be liberally construed with a view of substantial justice

6    and the court must disregard any error or defect in the pleading which does not affect the

7    substantial rights of the adverse party. ORCP 12(a)-(b). That said, if this Court would like

8    Plaintiff to amend the caption to include the period, Plaintiff is happy to do so.

9            Second, and despite Defendant's assertion to the contrary, the addition or

10    subtraction of a period at the end of the name of an entity does not make an entity's name

11    more or less distinct for purposes of differentiation. *See* OAR 160-010-0011(6)(b)[2].  With

12    that in mind, "Veritas Allies LLC" and "Veritas Allies LLC." are, for all intents and

13    purposes, identical in the eyes of the SOS. With or without a period, a reasonable person

14    would understand each variation to refer to the same entity. Therefore, the only true way to

15    distinguish each entity is to refer to them by SOS registry number. However, registry

16    numbers are not included in the caption of a pleading when identifying parties – only the

17    registered names are.[3] Moreover, even without the period, the identity of the Plaintiff is clear

18    from the allegations in the complaint.

19

20

21    [1] Each entity at issue is named Veritas Allies LLC. Plaintiff's registered entity (Registry No. 1685609-951) includes a period at the end of the abbreviation of LLC, while Defendant's registered entity excludes the period (Registry No. 1879585-91).

22    [2] "the following … punctuation marks will be allowed in the name, however, they will not, by themselves, make a name distinguishable: apostrophe ( ' ); left bracket ([ ); right bracket( ]); colon (:); comma (,); dash or hyphen (-); exclamation point (!); left parenthesis (( ); right parenthesis ( ) ); period (.); question mark (?); single quote mark (" ); double quote mark ( " " ); semicolon (;); and slash ( / )."

23    [3] ORCP 16(A)

Page 3 –   PLAINTIFF'S RESPONSE TO DEFENDANT CYNTHIA FREE'S
           MOTION TO DISMISS

ENGRAV LAW OFFICE, LLP
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

1          Next, Defendant argues that, as a member/owner of the dissolved entity, that Mr.

2     Vizzini would be the real party in interest. Although Plaintiff does not deny that Defendant's

3     actions would also give rise to a separate cause of action that could be brought by Mr.

4     Vizzini personally, that is not the case at bar. Plaintiff (the company) is the one that has been

5     injured and has asserted claims in this action.  Although administratively dissolved (a

6     condition that Plaintiff has been unable to cure due to Defendant's wrongful acts) Plaintiff's

7     entity may still commence a lawsuit in its name. Administrative dissolution does not

8     "[p]revent commencement of a proceeding by or against the limited liability company in its

9     limited liability company name"). *Tri-County Metro. Transp. Dist.* v. *Butler Block, Ltd*. Liab.

10    Co., 337 F App'x 708, 708 (9th Cir 2009). Thus, Plaintiff is and remains a real party in

11    interest.

12   **II.**     **THE NAMED PLAINTIFF HAS THE LEGAL CAPACITY TO SUE.**

13         Defendant argues that Plaintiff should be barred from filing suit due to its status

14    as an administratively dissolved entity, citing ORS 63.651(3) which states that an

15    administratively dissolved company may not carry on any activities except those activities

16    that are necessary or appropriate to wind up and liquidate the company's business and affairs.

17    That argument fails both as a matter of law and in equity. First, as mentioned above, ORS

18    63.637(2)(c) specifically states that the dissolution of an LLC does not prevent the

19    commencement of a proceeding by or against the LLC in its LLC company name. *Tri-County*

20    *Metro. Transp. Dist* at 708*.* Moreover, even if that weren't true, ORS 63.654(3) provides that

21    an administratively dissolved entity can apply for reinstatement, after which the "limited

22    liability company resumes carrying on limited liability company's business <u>as if the</u>

23    <u>administrative dissolution never occurred.</u>" *Emphasis added*.

Page 4 –  PLAINTIFF'S RESPONSE TO DEFENDANT CYNTHIA FREE'S
              MOTION TO DISMISS

ENGRAV LAW OFFICE, LLP
1500 SW First Avenue, Suite 1170
Portland, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

1      Plaintiff efforts to reinstate the company have been stymied as a result of

2      Defendant's bad acts. *See* <u>Barnes Declaration ¶8</u>.  Because the Defendants have wrongfully

3      appropriated Plaintiff's entity name, the SOS will not allow Plaintiff to reinstate its entity. In

4      the eyes of the SOS "Veritas Allies LLC" already exits and, period or no period, and the

5      entities are similar enough that the SOS will not allow another entity to share the same

6      registered name. It is inequitable to say that Plaintiff cannot sue to remedy a situation on a

7      technicality that would not exist but for the bad acts of Defendant as such an argument robs

8      Plaintiff of any ability to seek redress for claims that would otherwise be available to them.

9      Defendant goes on to argue that because many of the actions alleged in the

10     complaint occurred after Plaintiff was administratively dissolved, and because dissolved

11     entities are not able to conduct business beyond what is necessary to wind up and liquidate

12     the business (including the initiation of this lawsuit,) that all such activity was unauthorized

13     activity for Plaintiff under ORS 63.651.  This argument fails because, as stated in *Wohrman*

14     v. *Rogers*, 274 Or App 846, 852, 362 P3d 704, 707 (2015), "the legislature chose to allow

15     LLC members to easily eliminate the restrictions on business activity that follow an

16     administrative dissolution. ORS 63.654 provides that an administratively dissolved LLC can

17     obtain *retroactive* reinstatement by correcting the grounds for dissolution. Thus, not only has

18     the legislature made it easy for an administratively dissolved LLC to regain full authority to

19     transact business, it also has made it easy for an LLC that transacts unauthorized business

20     during the dissolution window to retroactively authorize that business."  Therefore, even if

21     Defendant's concerns had merit, any unauthorized business activity that Plaintiff may have

22     engaged in would be retroactively remedied when Plaintiff is able to reinstate itself with the

23     SOS.  However, as stated above, Defendants have wrongfully appropriated Plaintiff's entity

Page 5 –   PLAINTIFF'S RESPONSE TO DEFENDANT CYNTHIA FREE'S
           MOTION TO DISMISS

**ENGRAV LAW OFFICE, LLP**
1500 SW First Avenue, Suite 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2241
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

**Exhibit A Page 164 of 197**

1    name, and the SOS will not allow two entities to share the same or substantially similar

2    registered business names. Reinstatement has not been successful but remains a possibility as

3    a Plaintiff has five years from the date of dissolution (here, August 19, 2021) to be reinstated.

4    Defendant's bad acts have created the very conditions they state bar Plaintiff from pursuing

5    justice; the equities weigh in favor of allowing Plaintiff to proceed forward with its claims.

6

7    **III.    THE ULTIMATE FACTS HAVE BEEN SUFFICIENTLY PLED.**

8            Defendant argues that Plaintiff's complaint fails to state claims for defamation or

9    intentional interference with economic relations.

10    **A.  Defamation**

11            Plaintiff's complaint includes in its caption a claim for defamation. This claim

12    was originally included in the drafting of the lawsuit, and then was removed.  The inclusion

13    of defamation in the caption was an oversight, which Plaintiff has represented to counsel for

14    Free, and that Plaintiff would remove it when appropriate and that at this time no claim for

15    defamation is being made. To be clear, Counsel for Plaintiff agrees now, as it did on the

16    conferral call, that in the event Plaintiff elects to add a claim for defamation, it will need to

17    confer and/or move to amend.

18            Plaintiff would have simply agreed to amend the complaint to make that non-

19    substantive change if doing so would have avoided the need for motion practice at this stage.

20    However, as Defendant made clear that it would be moving to dismiss in any case, it would

21    have been less efficient for the court and the parties to do so at that time.

22    **B.  Intentional interference with economic relations**

23

Page 6 –   PLAINTIFF'S RESPONSE TO DEFENDANT CYNTHIA FREE'S
           MOTION TO DISMISS

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

1     Defendant argues that Plaintiff's claim for intentional interference with economic

2     relations alleged as to Defendant Free fails to allege ultimate facts showing how Defendant

3     Free interfered with or caused any damage to any alleged relationship (including prospective)

4     belonging to the Plaintiff nor facts showing any causal effect between the interference and

5     damage to any economic relationship.

6     To establish a claim for intentional interference with economic relations, a

7     plaintiff must show: "(1) The existence of a professional or business relationship; (2)

8     Intentional interference with that relationship; (3) By a third party; (4) Accomplished through

9     improper means or for an improper purpose; (5) A causal effect between the interference and

10    damage to the economic relationship; and (6) Damages. *Mannex Corp.* v. *Bruns*, 250 Or.

11    App. 50, 53 (2012).

12    Plaintiff alleges such facts to sustain the claim. I direct the court's attention to

13    paragraphs 11-13 and 19-23 our complaint.  In Paragraph 22, Plaintiff addresses element (1)

14    and identifies the existence of professional or business relationships, alleging that "as a result

15    of Defendant's actions, Plaintiff Veritas was forced to redirect employees away from their

16    revenue generating services and focus their efforts on remedying the damage created"

17    Additionally, in Paragraph 13, Plaintiff alleges that "[u]pon information and belief, Ms. Free

18    has informed members in the industry of material, factually incorrect statements about

19    Veritas Allies and Mr. Vizzini."

20    In Paragraphs 11 and 12, Plaintiff addresses elements 2, 3, and 4, alleging that

21    "Ms. Schiappacasse coordinated with Ms. Free on ways to damage Veritas Allies, LLC.

22    Ultimately, the two agreed that Ms. Free would attempt to harm Veritas Allies by

23    appropriating the Veritas Allies' SOS business registration." ¶11.  Here, Ms. Free

Page 7 –   PLAINTIFF'S RESPONSE TO DEFENDANT CYNTHIA FREE'S
           MOTION TO DISMISS

ENGRAV LAW OFFICE, LLP
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2241
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

1    intentionally appropriated the business name, disrupting business relationships. She is a third

2    party. And in Paragraph 12, Plaintiff alleges that "[o]n October 8th, 2021, Ms. Free moved

3    forward with the plan and falsely reported to the SOS that she was the President of Veritas

4    Allies, LLC, and filed an amended Articles of Organization" showing that Defendant used

5    improper means by falsely reporting that she was the President of Veritas Allies, LLC to the

6    SOS. And finally, Plaintiff addresses elements 5 (causal effect between interference and

7    damage) and 6 (damages) in paragraphs 22 (alleging that Plaintiff was forced to redirect

8    employees away from Plaintiff's revenue generating services in order to focus on damage

9    control as a result of Defendant's bad acts) and paragraph 13 (alleging that Defendant made

10    false statements about Plaintiff and Mr. Vizzini to industry members, damaging current and

11    future relationships). Finally, Plaintiff addresses the final element, damages, in paragraph 19-

12    23, providing a prayer for damages to be proven at trial.

13         In summary, Plaintiff is not presently pursing a claim for defamation and

14    concedes that ultimate facts for that claim have not been pled. However, with respect to

15    Plaintiff's claims for Intentional Interference with Economic relations, Plaintiff has pled all

16    facts necessary to move forward.

17    **IV.    ATTORNEY FEES UNDER ORS 20.105 ARE NOT APPROPRIATE AS
         THERE IS A AN OBJECTIVELY REASONABLE BASIS TO ASSERT THE
18         CLAIMS MADE IN PLAINTIFF'S COMPLAINT WHICH WERE NOT
         MADE FOR AN IMPROPER PURPOSE.**

19

20         Defendant argues that there was no objectively reasonable basis to assert the claims

    made in the Complaint because (1) Defendant believes named Plaintiff is erroneously named and

21

    (2) Plaintiff was dissolved at the time of filing this complaint. Those arguments have been fully

22

    addressed above and fail for the stated reasons.

23

Page 8 –    PLAINTIFF'S RESPONSE TO DEFENDANT CYNTHIA FREE'S
         MOTION TO DISMISS

**ENGRAV LAW OFFICE, LLP**
1500 SW First Avenue, Suite 1170
Portland, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

1          On the subject of reasonableness, it's worth drawing the Court's attention to Exhibits

2     1 and 2, which accompany the declaration of Grant Engrav.  Exhibit 1 demonstrates that a pre-

3     litigation cease and desist letter was delivered to Ms. Free (originally via counsel).  In that letter

4     counsel for Veritas requested that Ms. Free refrain from taking the Veritas name, and returning

5     the registration.  Exhibit 2 contains Ms. Free's response, which in relevant part provides,

6          ""This business would not be competing in any way with David's business sector.
           While I can appreciate the assumptions you've made about my intentions, you have
7          no basis from them. You don't know me, and I believe we have only spoken one
           other time when your client was suing a former employer.
8
           I have always loved the name Veritas Allies (Truth Allies), as your client and I used
9          to discuss that business name in the past. He chose another business name,
           EquitasDX, then seemingly added Veritas less than two years ago, it dissolved, and
10         when I was informed it was available, I figured he must have changed course of his
           own businesses, so of course I snatched it up. I've noticed his business names
11         changing quite a lot over the last couple of years."

12         The fact that Ms. Free now takes the position that a period is a difference that absolves

13    her of her intentional and wrongful conduct is telling.  Her original position is that she simply

14    loved the name because it reminds to her it means "truth allies".  Ironically, the untruthfulness of

15    this statement is apparent on its face given the context and the timing (the registration was made

16    shortly after the conference and shortly after the marriage dissolution was final).  Ultimately, Ms.

17    Free could have relinquished the registration which she clearly "snatched" to annoy her former

18    husband and principle of Plaintiff.  Her unclean hands should not be rewarded with fees designed

19    to encourage good behavior.

20                                        Dated this 4th day of April, 2022.

21                                        ENGRAV LAW OFFICE, LLP

22                                        By:    /s/ Grant T. Engrav
                                                 Grant T. Engrav, OSB No. 133517
23                                               Of Attorneys for Plaintiff

Page 9 –   PLAINTIFF'S RESPONSE TO DEFENDANT CYNTHIA FREE'S
           MOTION TO DISMISS

**ENGRAV LAW OFFICE, LLP**
1500 SW First Avenue, Suite 1170
Portland, OR 97201
TELEPHONE: (971) 339-2241
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

1

      Trial Attorney: Grant T. Engrav

2
      OSB No. 133517

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Page 10 –      PLAINTIFF'S RESPONSE TO DEFENDANT CYNTHIA FREE'S
      MOTION TO DISMISS

**ENGRAV LAW OFFICE, LLP**
1500 SW First Avenue, Suite 1170
Portland, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

1    I hereby certify that on April 4th, 2022, I served the preceding response to Defendant Free's
     motion to dismiss (Case Number 21CV47955) on:

2

3          Attorneys for Heather Schiappacasse
           Seth Tangman and Theodore E. James III
           moe@slindenelson.com
4          ted@slindenelson.com

5          and

6          Attorneys for Defendant Cynthia Free
           Peter Hicks and Daniel Sharp
7          **Peter.hicks@jordanramis.com**
           **Daniel.sharp@jordanramis.com**

8
     ___By mailing a true and correct copy thereof by U.S. Postal Service, ordinary first-class mail,
9    addressed to each attorney's last known address and depositing in the U.S. mail at Portland,
     Oregon on the date set forth above;
10
     ___By mailing a true and correct copy thereof by U.S. Postal Service, certified mail, return
11   receipt requested, addressed to each attorney's last-known address and depositing in the U.S.
     mail at Portland, Oregon on the date set forth above;
12
     __By causing a true and correct copy thereof to be hand-delivered to the above-mentioned
13   attorney's last known office address on the date set forth above;

14   __By faxing a true and correct copy thereof to each attorney at each attorney's last known
     facsimile number on the date set forth above. At the time of service the attorney maintained a
15   facsimile device at the attorney's office and the device was working at the time of service.
     Attached to this Certificate of Service is a printed confirmation of receipt of the message
16   generated by my office's facsimile transmitting machine.

17   _X_By emailing a true and correct copy thereof to each attorney at each attorney's email address.
     Prior to service, the attorney's had agreed in writing to accept service via email.
18

19   Dated this 4th day of April 2022.

20

21                                           By /s/ Grant T. Engrav
                                             Grant T. Engrav, OSB No.133517
22                                           Of Attorneys for Veritas Allies LLC

23

Page 11 – CERTIFICATE OF SERVICE

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218

1

2

3

4                    IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                        FOR THE COUNTY OF MULTNOMAH

6                                              )    Case No.      21CV47955
        VERITAS ALLIES LLC, an Oregon          )
7       Limited Liability Company,             )    DECLARATION OF GRANT ENGRAV
                                               )    IN RESPONSE TO DEFENDANT
8                          Plaintiff,          )    FREE'S MOTION TO DISMISS
                                               )
9            v.                                )
                                               )
10      CYNTHIA FREE; an individual; and       )
        HEATHER SCHIAPPACASSE                  )
11      ———————————————————————————)
                                               )
12                         Defendants.         )
                                               )
13                                             )
                                               )
14

15          I, Grant Engrav, declare the following to be true based on my personal knowledge
        under penalty of perjury.
16

17          1.  Prior to commencing the litigation, I delivered a communication to Ms. Kristin Eaton,

18             counsel for Ms. Free.  Counsel indicated that the scope of the representation was outside

19             of the scope of her engagement, and had her client reach out directly to me.  The email to

20             Ms. Eaton contained a ceaseand desist letter directing Ms. Free to relinquish the registration

21             name.  Exhibit 1 is a true and correct copy of the email to Ms. Eaton and the attached cease

22             and desist letter.

23

Page 1 – DECLARATION OF GRANT ENGRAV

1      2. Ms. Free communicated directly to my office prior to engaging counsel on this matter. Ms.

2         Free indicated that she would not be giving up the Veritas Allies LLC Name because,

3      "This business would not be competing in any way with David's business sector. While I can appreciate the assumptions you've made about my intentions, you have no basis from them. You don't know me, and I believe we have only spoken one other time when your client was suing a former employer. I have always loved the name Veritas Allies (Truth Allies), as your client and I used to discuss that business name in the past. He chose another business name, EquitasDX, then seemingly added Veritas less than two years ago, it dissolved, and when I was informed it was available, I figured he must have changed course of his own businesses, so of course I snatched it up. I've noticed his business names changing quite a lot over the last couple of years."

7      3. Exhibit 2 is a true and correct copy of the email exchange with Ms. Free.

9   **I DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.**

                        By:    /s/Grant T. Engrav_____
                                 Grant Engrav
                                 4/4/2022

Page 2 – DECLARATION OF GRANT ENGRAV

## Grant Engrav

| | |
|---|---|
| **From:** | Grant Engrav |
| **Sent:** | Tuesday, November 9, 2021 3:56 PM |
| **To:** | Eaton Family Law |
| **Cc:** | CINDY FREE; Tasi Poore |
| **Subject:** | Cinthia Free Cease and Desist Ltr 11.9.2021 |
| **Attachments:** | Cinthia Free C and D Letter --11.9.21-Final.pdf |

> **EXHIBIT**
> **1**

Kristin,

Please see the attached executed letter.  Please note the 72 hour response demand.  I understand that you will forward this to your client.  Hard copy to follow.

Grant Engrav, *Partner*
*Engrav Law Office LLP*
*971-339-2737*

LinkedIn:
https://www.linkedin.com/in/grant-engrav-0b570b13
Website:
https://engravlawoffice.com/



DO NOT read, copy, or disseminate this communication unless you are the intended addressee.  This email communication contains confidential and/or privileged information intended only for the addressee.  If you have received this communication in error, please call Engrav Law Office LLP at 971-339-2737 immediately and ask to speak to Grant Engrav.  Moreover, please reply to the sender and notify the sender immediately that you have received the communication in error.

1



Grant Engrav, *Partner*
D: (971) 339-2737
F: (971) 275-1218
Grant@engravlawoffice.com

Ms. Cinthia Free

In Care of:
Ms. Kristin Winnie Eaton
Eaton Family Law & Mediation
21790 Willamette Dr
PO Box 446
West Linn OR  97068
kristin@eaton-familylaw.com

***Via Electronic Submission and First-Class Mail***

November 9th, 2021

Ms. Free:

This firm represents Veritas Allies LLC, SOS Registration # 1685608-95  ("Veritas") in connection with its intellectual property, intentional interference of economic relations, misappropriation, and additional claims arising out of your client, Cinthia Free's, wrongful and intentional taking of the Veritas Allies Secretary of State Registration.

Veritas's articles of organization were filed on June 19th, 2020.  As we are sure you can appreciate, Veritas has invested a substantial amount of time, money and other resources advertising, promoting, marketing and publicizing its goods and services provided under the Veritas name. As a result of Veritas's substantial advertising, marketing and promotional efforts, the Veritas name has acquired substantial consumer recognition and goodwill. The Veritas name has become an important source indicator which identifies Veritas's services to consumers throughout the United States. For all of the foregoing reasons, the Veritas name is an exceedingly valuable asset of Veritas.

It was recently brought to our client's attention that your client has registered the Veritas Allies LLC under her name.  Attached hereto as **Exhibit A** is a copy of the articles of organization filed by your client. There is no question that your client registered the business entity for no other reason than to cause economic loss to Veritas.  In particular, Ms. Free is intentionally creating confusion by relying on the premise that people looking for our client will

Engrav Law Office LLP  |  1500 SW 1st Ave. Suite 1170 Portland, OR 97201  |  (971) 339-2741

**Exhibit A Page 174 of 197**



**ENGRAV LAW OFFICE**

Grant Engrav, *Partner*
D: (971) 339-2737
F: (971) 275-1218
Grant@engravlawoffice.com

mistakenly identify the new registration, with the legitimate business functions of Veritas.   Your client has no legitimate interest in and to the Veritas name and registration and the use of the name and registration is for the sole commercial purpose of either unlawfully routing traffic towards your client, or, and more likely, for the sole purpose of harming the legitimate business interests of David Vizzini, Member of Veritas and Ms. Cynthia Free's former spouse. Accordingly, Ms. Free's actions constitute a knowing and willful infringement of Veritas's intellectual property rights, misappropriation, and intentional interference with economic relations.

You will also note that when filing a registration with the Secretary of State, the filer is required to make the filling attestation:

---

VERITAS ALLIES, LLC.

Signatures

I declare, under penalty of perjury, that this document does not fraudulently conceal, fraudulently obscure, fraudulently alter or otherwise misrepresent the identity of the person or any officers, managers, members or agents of the limited liability company on behalf of which the person signs. This filing has been examined by me and is, to the best of my knowledge and belief, true, correct, and complete. Making false statements in this document is against the law and may be penalized by fines, imprisonment, or both.

By typing my name in the electronic signature field, I am agreeing to conduct business electronically with the State of Oregon. I understand that transactions and/or signatures in records may not be denied legal effect solely because they are conducted, executed, or prepared in electronic form and that if a law requires a record or signature to be in writing, an electronic record or signature satisfies that requirement.

Please Note:
One or more of the principals or their designee (Authorized Agent) must electronically sign this form by selecting the most appropriate title, typing their name and checking the Sign box.

| Title | Name | ☐ Sign |
|---|---|---|
| Select | Select from List \| Clear Name | |

---

We therefore demand that Ms. Free immediately **CEASE AND DESIST** from using the Veritas Name in all respects and withdraw the Secretary of State filing.   Please be advised that if you do not comply with our demands, we will not hesitate to take legal action to enforce our client's valuable rights and seek damages.  Remedying this matter will require coordination among counsel.  Absent a reply in 72 hours, my client will pursue legal action to enforce its rights.

Sincerely,

*Grant Engrav*

Grant Engrav

Engrav Law Office LLP  |  1500 SW 1st Ave. Suite 1170 Portland, OR 97201  |  (971) 339-2741



# ARTICLES OF ORGANIZATION
**Exhibit A**

Corporation Division
www.filinginoregon.com

**E-FILED**
Oct 12, 2021
**OREGON SECRETARY OF STATE**

**REGISTRY NUMBER**
   187958591

**TYPE**
   DOMESTIC LIMITED LIABILITY COMPANY

**1. ENTITY NAME**
   VERITAS ALLIES, LLC

**2. MAILING ADDRESS**
   4949 S MACADAM AVE
   PORTLAND OR 97239 USA

**3. PRINCIPAL PLACE OF BUSINESS**
   4949 S MACADAM AVE
   PORTLAND OR 97239 USA

**4. NAME & ADDRESS OF REGISTERED AGENT**
   CYNTHIA GAIL FREE

   4949 S MACADAM AVE
   PORTLAND OR 97239 USA

**5. ORGANIZERS**
   ANA BRADY

   4949 S MACADAM AVE
   PORTLAND OR 97239 USA

**6. INDIVIDUALS WITH DIRECT KNOWLEDGE**
   ANA BRADY

   4949 S MACADAM AVE
   PORTLAND OR 97239 USA

   ANA BRADY

   4949 S MACADAM AVE
   PORTLAND OR 97239 USA

**7. DURATION**
   PERPETUAL

Exhibit A

Corporation Division
www.filinginoregon.com

**OREGON SECRETARY OF STATE**

---

**8. MANAGEMENT**

This Limited Liability Company will be manager-managed by one or more managers

I declare, under penalty of perjury, that this document does not fraudulently conceal, fraudulently obscure, fraudulently alter or otherwise misrepresent the identity of the person or any officers, managers, members or agents of the limited liability company on behalf of which the person signs. This filing has been examined by me and is, to the best of my knowledge and belief, true, correct, and complete. Making false statements in this document is against the law and may be penalized by fines, imprisonment, or both.

By typing my name in the electronic signature field, I am agreeing to conduct business electronically with the State of Oregon. I understand that transactions and/or signatures in records may not be denied legal effect solely because they are conducted, executed, or prepared in electronic form and that if a law requires a record or signature to be in writing, an electronic record or signature satisfies that requirement.

**ELECTRONIC SIGNATURE**

**NAME**

CYNTHIA G FREE

**TITLE**

PRESIDENT

**DATE SIGNED**

10-08-2021

**Grant Engrav**

| | |
|---|---|
| **From:** | Grant Engrav |
| **Sent:** | Sunday, November 14, 2021 12:44 PM |
| **To:** | Cindy Free |
| **Subject:** | RE: [EXT] Re: Cindy Free - David Vizzini matter |

<div style="border:1px solid black; display:inline-block;">

**EXHIBIT**

**2**

</div>

Ms. Free,

I received your response after the close of business on Friday the 12th.  Since then, my client has learned of your coordination with Ms. Heather Shiappacasse in plotting the interruption to Veritas Allies, and intending to spread false information pertaining to Mr. Vizzini, and harming his business interests.  My understanding is that Ms. Shiappacasse has personally confirmed your coordination with her in these efforts.  Ms. Shappacasse's statements undermine your position in your recent email.

Although I am confirming receipt of your email, it is specifically noted that you have not promised to refrain from further attempts to harm Veritas Allies.  My client is evaluating the economic harm resulting from yours and Ms. Shiappacasse's actions, and this communication does not constitute a waiver of any claims or causes of action related to Veritas Allies LLC.

Regards,
Grant Engrav

**From:** Cindy Free <cindy@hrannieconsulting.com>
**Sent:** Friday, November 12, 2021 8:13 PM
**To:** Grant Engrav <grantengrav@engravlawoffice.com>
**Subject:** Re: [EXT] Re: Cindy Free - David Vizzini matter

Grant,

Would you please confirm you received this yesterday?

Thank you,

Cindy

> On Nov 11, 2021, at 5:38 PM, Cindy Free <cindy@hrannieconsulting.com> wrote:
>
>
> November 11, 2021
>
> Dear Grant,
>
> Thank you for sending the revised letter, although my name is still misspelled. It is not game playing or a delay tactic to request that such a legal correspondence have corrected information, for it to be sent to me, and directed to me, and redacted toward my divorce attorney. I think that is a sign of respect and professionalism, so I think it is "clear" and appropriate that I expect those two things in this serious matter.

1

**Exhibit A Page 178 of 197**

Regarding the business registry situation with Veritas Allies, LLC., rest assured, your client does not need to lose sleep over such trivial things or go to the degree of filing lawsuits.

I legally registered a business with the state of Oregon. Period.

This business would not be competing in any way with David's business sector. While I can appreciate the assumptions you've made about my intentions, you have no basis from them. You don't know me, and I believe we have only spoken one other time when your client was suing a former employer.

I have always loved the name Veritas Allies (Truth Allies), as your client and I used to discuss that business name in the past. He chose another business name, EquitasDX, then seemingly added Veritas less than two years ago, it dissolved, and when I was informed it was available, I figured he must have changed course of his own businesses, so of course I snatched it up. I've noticed his business names changing quite a lot over the last couple of years.

I have registered many businesses over time such as Bloom, HR Safety NW, Proact Training, and others. I am a businesswoman. This is not out of the ordinary for me. Some come to fruition, and some don't. That is neither here nor there. I always just like that they are there if I decide to turn them into something. Blame my entrepreneurial spirit!

I have filed to dissolve the business name and sent in the paperwork yesterday, prospectively, to receiving the revised letter. I'm certain there will be a few days before it shows in the Oregon business registry system.

Until then, keep checking.

Best,

Cindy

&lt;image001.png&gt;

&lt;image002.png&gt;

&lt;image003.png&gt;

&lt;image004.png&gt;

**Cindy Free**
*CEO (She/Hers)*
cindy@hrannieconsulting.com
**4949 S Macadam Ave, Portland, OR 97239**
Website | Upcoming Events | BackgroundBrief

**CONFIDENTIALITY NOTICE:** This communication is intended for the sole use of the individual and entity to whom it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. You are hereby notified that any dissemination, distribution or duplication of this communication by someone other than the intended addressee or its designated agent is strictly prohibited. If you have received this communication in error, please notify the sender of this email immediately by telephone or by replying to this communication.

**From:** Grant Engrav <grantengrav@engravlawoffice.com>
**Date:** Thursday, November 11, 2021 at 4:51 PM
**To:** Cindy Free <cindy@hrannieconsulting.com>
**Subject:** [EXT] Re: Cindy Free - David Vizzini matter

Ms. Free,

**Exhibit A Page 179 of 197**

It's clear from your response that you would rather play games and attempt to delay based upon typos in the erroneously sent draft of the letter. At my client's direction, I have commenced drafting a lawsuit. I understand that you have received the letter, and my client will pursue action based on the originally provided timeline. I want to be very clear. You registered with the Secretary of State your ex-husbands business name. There isn't a judge in the world who will miss the purely vindictive purpose behind it. Actions have consequences, your actions have caused my client damages, and that's what the Courts are for. If you would like to supplement your response before the deadline please immediately do so.

Grant Engrav

---

**From:** Cindy Free <cindy@hrannieconsulting.com>
**Sent:** Thursday, November 11, 2021 3:54 PM
**To:** Grant Engrav <grantengrav@engravlawoffice.com>
**Subject:** Re: Cindy Free - David Vizzini matter

Grant,

I wanted to confirm you did receive my email, below? Can you please send me your revised correspondence, so I have the correct version of the letter?

Thanks,

Cindy

&lt;image005.png&gt;

&lt;image006.png&gt;

&lt;image007.png&gt;

&lt;image008.png&gt;

**Cindy Free**
*CEO (She/Hers)*
cindy@hrannieconsulting.com
**4949 S Macadam Ave, Portland, OR 97239**
Website | Upcoming Events | BackgroundBrief

**CONFIDENTIALITY NOTICE:** This communication is intended for the sole use of the individual and entity to whom it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. You are hereby notified that any dissemination, distribution or duplication of this communication by someone other than the intended addressee or its designated agent is strictly prohibited. If you have received this communication in error, please notify the sender of this email immediately by telephone or by replying to this communication.

---

**From:** Cindy Free <cindy@hrannieconsulting.com>
**Date:** Wednesday, November 10, 2021 at 12:08 PM
**To:** grantengrav@engravlawoffice.com <grantengrav@engravlawoffice.com>
**Subject:** Cindy Free - David Vizzini matter

Grant,

I understand you have been in touch with my attorney, Kristin Eaton, who only represents me solely with my divorce and post-divorce issues related to David Vizzini. She does not represent me on business matters.

She did forward me your letter, although there were several items that have me confused. Perhaps I don't have the latest version, since it appears you may have had some issues using a computer.

Can you please help me understand:
1. What is company ABC you are referencing? I am not aware of any business registry under that name that I am attached to.
2. My name is Cynthia Free, not Cinthia Fee.
3. In looking at the reference Registration for "Veritas", which you say your firm represents, however, it does not appear that it is actively registered. https://opencorporates.com/companies/us_or/168560895 Correct me if I am viewing the wrong information which you provided.
4. How did you come to the determination of my intentions or legitimate interest in the business name?

Once those items are cleared up, I'll be happy to provide you with my reply, which this email should satisfy your initial 72-hour demand.

Thank you.

Cindy

<image009.png>

<image010.png>

<image011.png>

<image012.png>

**Cindy Free**
*CEO (She/Hers)*
cindy@hrannieconsulting.com
**4949 S Macadam Ave, Portland, OR 97239**
Website | Upcoming Events | BackgroundBrief

**CONFIDENTIALITY NOTICE:** This communication is intended for the sole use of the individual and entity to whom it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. You are hereby notified that any dissemination, distribution or duplication of this communication by someone other than the intended addressee or its designated agent is strictly prohibited. If you have received this communication in error, please notify the sender of this email immediately by telephone or by replying to this communication.

**Exhibit A Page 181 of 197**

1
2
3
4
5
6
7
8
9
10
11
12

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| VERITAS ALLIES LLC, an Oregon Limited Liability Company,<br><br>                Plaintiffs,<br><br>   v.<br><br>CYNTHIA FREE, an individual, and HEATHER SCHIAPPACASSE, an individual,<br><br>                Defendants. | Case No. 21CV47955<br><br>**NOTICE OF SUBSTITUTION OF COUNSEL FOR DEFENDANT HEATHER SCHIAPPACASSE** |

13
14
15
16
17
18
19
20
21
22
23
24
25
26

PLEASE TAKE NOTICE that Seth R. Tangman of Slinde Nelson, hereby withdraws as attorney of record for Defendant Heather Schiappacasse ("Ms. Schiappacasse"). Phil J. Nelson and Theodore E. James III of Slinde Nelson are here by substituted in his place and stead as counsel for Ms. Schiappacasse effectively immediately.

Notice of all further proceedings in this action, except original process, should be served to the address below:

///
///
///
///
///
///

Page 1 – NOTICE OF SUBSTITUTION OF COUNSEL FOR
DEFENDANT HEATHER SCHIAPPACASSE

1

2   Phil J. Nelson
    phil@slindenelson.com
3   Theodore E. James II
    ted@slindenelson.com
4   SLINDE NELSON
    425 NW 10th Avenue
5   Suite 200
    Portland, OR 97209
6   (503) 417-7777

7

8   DATED: April 7, 2022.

9                                        SLINDE NELSON

10

11                                       By: _/s/ Phil J. Nelson_____
                                         Phil J. Nelson, OSB No. 013650
12                                       moe@slindenelson.com
                                         Theodore E. James III, OSB No. 213748
13                                       ted@slindenelson.com
                                         *Attorneys for Defendant Heather*
14                                       *Schiappacasse*

15      Seth R. Tangman consents to the above substitution.

16                                        _/s/ Seth R. Tangman_____
                                         Seth R. Tangman, OSB No. 211456
17

18

19

20

21

22

23

24

25

26

**SLINDE NELSON**
425 NW 10th Avenue, Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

**Exhibit A Page 183 of 197**

## CERTIFICATE OF SERVICE

I hereby certify that I served the attached **NOTICE OF SUBSTITUTION OF COUNSEL FOR DEFENDANT HEATHER SCHIAPPACASSE** on the following person(s) on the date indicated below:

Grant T. Engrav
Engrav Law Office, LLP
1500 SW First Avenue, Suite 11700
Portland, OR 97201
grantengrav@engravlawoffice.com

*Attorney for Plaintiff Veritas Allies LLC*

Peter S. Hicks
Daniel S. Sharp
Jordan Ramis PC
Two Centerpointe Drive
6th Floor
Lake Oswego, OR 97035
peter.hicks@jordanramis.com
daniel.sharp@jordanramis.com

*Attorneys for Defendant Cynthia Free*

by the following indicated method(s):

☐    by notice of electronic filing using the Odyssey E-File and Serve System (UTCR 21.010).

☐    by **faxing** full, true, and correct copies thereof to said attorney to the fax number noted above, which is the last-known fax number for said attorney, on the date set forth below.

☒    by **emailing** full, true, and correct copies thereof to said attorney to the email address noted above, which is the last known email address for said attorney, on the date below.

☐    by causing full, true and correct copies thereof to be **mailed** to the attorney(s) at the attorney(s) last-known office address(es) listed above on the date below.

DATED: April 7, 2022.

SLINDE NELSON


By: _/s/ Phil J. Nelson_____
Phil J. Nelson, OSB No. 013650
phil@slindenelson.com
Theodore E. James III, OSB No. 213748
ted@slindenelson.com
*Attorneys for Defendant Heather Schiappacasse*

Page 3 – NOTICE OF SUBSTITUTION OF COUNSEL FOR DEFENDANT HEATHER SCHIAPPACASSE

**SLINDE NELSON**
425 NW 10th Avenue, Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

**Exhibit A Page 184 of 197**

1

2

3

4    IN THE CIRCUIT COURT OF THE STATE OF OREGON

5    FOR THE COUNTY OF MULTNOMAH

6    VERITAS ALLIES LLC, an Oregon limited        Case No. 21CV47955
     liability company,
7                                                 **DEFENDANT CYNTHIA FREE'S**
                 Plaintiff,                       **REPLY IN SUPPORT OF MOTION**
8                                                 **TO DISMISS AND FOR ATTORNEY**
                                                  **FEES**
9        v.

10   CYNTHIA FREE, an individual, and
     HEATHER SCHIAPPACASSE, an individual,
11
                 Defendants.
12

13

14                          **INTRODUCTION**

15        Plaintiff's Complaint must be dismissed because: (1) Veritas Allies, LLC cannot be the

16   real party interest as it is owned and registered to Defendant Cynthia Free;  (2) David Vizzini's

17   dissolved company "Veritas Allies, LLC." lacks capacity to file any suit unrelated to the winding

18   up/liquidating of its affairs due to its dissolved status; and (3) Plaintiff fails to state ultimate facts

19   supporting its sole claim for Intentional Interference with Economic Relations.

20        Additionally, Defendant should be awarded fees pursuant to ORS 20.105 because there

21   was no objectively reasonable basis for Plaintiff's assertion of the claims in the Complaint.

22   **I.    VERITAS ALLIES, LLC CANNOT BE THE REAL PARTY IN INTEREST**
     **BECAUSE IT IS A COMPANY SOLELY OWNED BY AND REGISTERED TO**
23   **DEFENDANT CYNTHIA FREE.**

24        Veritas Allies, LLC cannot be the real party in interest in this lawsuit because that company

25   is solely owned by and registered to Defendant Cynthia Free, who of course would not authorize

26   a lawsuit against herself.

Page 1 –  DEFENDANT CYNTHIA FREE'S REPLY IN            JORDAN RAMIS PC
          SUPPORT OF MOTION TO DISMISS AND FOR              Attorneys at Law
          ATTORNEY FEES                            Two Centerpointe Dr., 6th Floor
                                                     Lake Oswego, Oregon 97035
                                            Telephone: (503) 598-7070 Fax: (503) 598-7373
                                                    55863-79885 4876-5469-9291.1

1        Oregon Administrative Regulation 160-010-0011 addresses the effect an administrative

2    dissolution has on a business name, including that of a limited liability company, registered with

3    the Oregon Secretary of State, stating in relevant part:

4        This rule furnishes general guidelines to determine whether a proposed name is
    distinguishable on the active records of the Secretary of State Business Registry

5        office. For the purposes of determining whether a name is available for registration,
    OAR 160-010-0010 through 160-010-0014 will be applied jointly.

6

7        (1) The records consist of business, professional, cooperative and nonprofit
    corporations, limited liability companies, limited liability partnerships, limited

8        partnerships, business trust names, reserved or registered names, and assumed
    business names.

9        …

10       (4) Business entity, reserved, or **registered names that become inactive through
    administrative** or voluntary **dissolution**, cancellation, or failure to renew **are not

11       considered part of the active records, and inactive names will be considered

12       available for purposes of registration.** OAR 160-010-0011 (1) & (4) (*emphasis
    added*).

13       In responding to Defendant's Motion to Dismiss, Plaintiff attempts to trivialize Defendant

14   Cynthia Free's argument by suggesting that Defendant's real concern with the Complaint simply

15   involves missing punctuation for Mr. Vizzini's now dissolved company "Veritas Allies, LLC."

16   and after making arguments for liberal construction of pleadings, offering to amend the caption at

17   the conclusion of this motion to include the proper name of Vizzini's dissolved company.

18       Plaintiff's arguments miss the mark entirely. Defendant's concern has always centered

19   around the disingenuous and misleading nature of the Complaint. Had the Complaint been

20   accurately and truthfully pled to distinguish between the two companies for purposes of this

21   lawsuit, Plaintiff would have made it clear to the Court that: (1) Mr. Vizzini previously registered

22   a company ("Veritas Allies, LLC."); (2) that company was administratively dissolved; and (3)

23   thereafter Defendant Free legally registered a new company ("Veritas Allies, LLC"). In turn, the

24   Complaint would also not contain **verifiably false allegations**[1] that Defendant Free "falsely

25

26       [1] A review of information contained on the Oregon Secretary of State's website for "Veritas Allies, LLC." further
underscores this point. **There is no record of any filing of amended Articles of Incorporation for that company**

Page 2 –   **DEFENDANT CYNTHIA FREE'S REPLY IN
             SUPPORT OF MOTION TO DISMISS AND FOR
             ATTORNEY FEES**

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
55863-79885 4876-5469-9291.1

**Exhibit A Page 186 of 197**

1    reported to the Oregon Secretary of State that she was the President of Veritas Allies, LLC"

2    (Complaint ¶12) and filed "amended Articles of Organization" (*Id.*) for a dissolved company

3    belonging to David Vizzini.   Instead, the Court would have understood, as Plaintiff's counsel did

4    when he chose [2] to inaccurately and falsely plead otherwise, that Defendant Free legally registered

5    a new company nearly two months after Mr. Vizzini's was dissolved.

6          Given that there is only one active limited liability company in Oregon with the name

7    "Veritas Allies, LLC" and that company belongs to and is registered to Defendant Free, it is

8    impossible for "Veritas Allies, LLC" to be the real party in interest in this matter.  If there is a

9    proper plaintiff/real party in interest for some possible claim stemming from the allegations of the

10   Complaint, it would appear to be David Vizzini.  Plaintiff counsel's arguments and writing suggest

11   he is aware of that, given that Plaintiff's brief references Plaintiff's "marriage dissolution

12   proceedings" with Defendant Free[3].

13         Accordingly, the Complaint should be dismissed because the named Plaintiff is not the real

14   party in interest.

15   **II.    "VERITAS ALLIES, LLC." LACKS CAPACITY BECAUSE IT IS PROHIBITED**
     **FROM SUING FOR TORTIOUS INTERFERENCE OR DEFAMATION BY ORS 63.651.**
16

17         An administratively dissolved limited liability company, such as Mr. Vizzini's "Veritas

18   Allies, LLC.", exists for the specific limited purpose of winding up and liquidating the companies

19   business and affairs.

20         ORS 63.651 provides that:

21   _____

22   **on October 8, 2021 despite being alleged in paragraph 12 of the Complaint**.  *See* Ex 2, Sharp Dec, ¶4.

23   [2] One explanation for this course of action would be that Plaintiff's counsel is attempting to deflect from or compensate
     for legal malpractice on his and/or Shane Barnes' part as counsel for Mr. Vizzini's now dissolved company for failing
24   to keep that company current with the Oregon Secretary of State and/or timely reinstate it.

25   [3] "While it is true that **Plaintiff and Defendant's marriage** dissolution proceedings are ongoing, this suit was not
     brought to gain leverage in any such proceeding.  This lawsuit was brought because the Defendant conspired with
     another person to harm, and did harm, Plaintiff's business by stealing his business entity name…." (Page 2, Lines 14-
26   18, Plaintiff's Response Brief).

Page 3 –   DEFENDANT CYNTHIA FREE'S REPLY IN
           SUPPORT OF MOTION TO DISMISS AND FOR
           ATTORNEY FEES

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
55863-79885 4876-5469-9291.1

**Exhibit A Page 187 of 197**

1  "**A limited liability company administratively dissolved** continues the limited
2  liability company's existence but **may not carry on any activities except activities that are necessary or appropriate to wind up and liquidate** the limited liability
3  company's business and affairs under ORS 63.637 and notify claimants under ORS 63.641 and 63.644" ORS 63.651(3). (*emphasis added*)

4

5  While ORS 63.637 allows for a dissolved limited liability to be sued and commence suit,

6  a suit filed by the company must in some way be related to the company's only authorized activities

7  – liquidating and winding up the company's business. ***Delinquent, dissolved corporations can be***

8  ***lawfully restrained from taking legal actions to enforce rights not related to winding up***, such as

9  unrelated actions to enforce contract rights. *Wohrman v. Rogers*, 274 Or. App. 846, 853 (2015);

10  see also *Creditors Protective Ass'n, Inc. v. Baksay*, 32 Or. App. 223, 226 (1978).

11  ***Plaintiff's reliance on*** dicta in ***an unpublished, non-binding[4] and limited opinion*** in *Tri-*

12  *City Metro. Transp. v. Butler Block, LLC*, 337 F. App'x 708, 709 (9th Cir. 2009) for purposes of

13  arguing ORS 63.637 authorizes it to proceed with causes of action for intentional interference and

14  defamation is unfounded. First, the Court's limited focus in that matter was on the issue of whether

15  diversity jurisdiction existed. Second, the court merely restates the language of ORS 63.637, while

16  failing to apply it and extend it beyond the limited scope set forth in ORS 63.651(3).

17  While Plaintiff's counsel outlines the activities that the company could engage in were it

18  reinstated and how such theoretical reinstatement would retroactively allow for Plaintiff's

19  conducting of business in which Defendants allegedly interfered, it remains the fact that the

20  company is administratively dissolved through its own inaction and not reinstated. Thus, the only

21  conduct that it can be engaged in since August 19, 2021 must relate to its winding up and

22  liquidating [5] – not forming/developing business relationships and continuing to do business as

23

24  [4] See Ninth Circuit Local Rule 36-3 "Unpublished dispositions and orders of this Court are not precedent, except when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion."; See also *In re Conduct of Davenport*, 335 Or. 67, 70, 57 P.3d 897, 898 (2002).

25  [5] Black's law defines the terms "liquidate" and "winding up" respectively as: "1. To settle (an obligation) by payment
26  or other adjustment; to extinguish (a debt). 2. To ascertain the precise amount of (debt, damages, etc.) by litigation or agreement. 3. To determine the liabilities and distribute the assets of (an entity), esp. in bankruptcy or dissolution. 4.

Page 4 –  DEFENDANT CYNTHIA FREE'S REPLY IN SUPPORT OF MOTION TO DISMISS AND FOR ATTORNEY FEES

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
55863-79885 4876-5469-9291.1

1 alleged in the Complaint. Nor can Plaintiff sue for alleged intentional interference and/or

2 defamation purportedly occurring when the company was already administratively dissolved, as

3 neither bear any relation to its winding up or liquidation.

4       Accordingly, the Complaint should be dismissed because the named Plaintiff, as an

5 administratively dissolved company, lacks standing to file suit unrelated to its winding up and

6 liquidation.

7 **III.    PLAINTIFF HAS FAILED TO PLEAD ULTIMATE FACTS SUPPORTING A**

      **CLAIM FOR TORTIOUS INTERFERENCE.**

8

9       While Plaintiff concedes it should have filed an amended complaint removing any

10 reference to claims for defamation, yet refused to do so, it remains that Plaintiff's apparent sole

11 cause of action for Intentional Interference with Economic Relations still fails to state ultimate

12 facts as to each element [6] of such a claim.

13       As a code pleading state, Oregon pleadings require more specificity than notice pleadings.

14 Oregon Civil Pleading and Litigation (2020 ed.) Chapter 5, The Complaint, §5.1-2. A pleading

15 must contain a "plain and concise statement of the ultimate facts constituting a claim for relief

16 without unnecessary repetition." ORCP 18 A. Bare allegations unaccompanied with supporting

17 facts are generally deemed pure conclusions of law. *Montgomery v. Hall*, 229 Or. 428, 432 (1961).

18 "An ultimate fact is a fact from which legal conclusions are drawn. A conclusion of law, by

19 contrast, is merely a judgment about a particular set of circumstances and assumes facts that may

20 or may not have been pleaded." *Fearing v. Bucher*, 328 Or. 367, 375 n.5 (1999). Whatever the

21 theory of recovery, facts must be alleged which, if proved, will establish the right to recover. *Davis*

22

23   To convert (a nonliquid asset) into cash. 5. To wind up the affairs of (a corporation, business, etc.)" and "The process

24 of settling accounts and liquidating assets in anticipation of a partnership's or a corporation's dissolution." Black's Law Dictionary (11th ed. 2019).

25 [6] Those elements stated again are: (1) The existence of a professional or business relationship; (2) Intentional interference with that relationship; (3) By a third party; (4) Accomplished through improper means or for an improper purpose; (5) A causal effect between the interference and damage to the economic relationship; and (6) Damages.

26 *Mannex Corp. v. Bruns*, 250 Or. App. 50, 53 (2012).

Page 5 –  DEFENDANT CYNTHIA FREE'S REPLY IN
SUPPORT OF MOTION TO DISMISS AND FOR
ATTORNEY FEES

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
55863-79885 4876-5469-9291.1

Exhibit A Page 189 of 197

1    *v. Tyee Indus., Inc.*, 295 Or. 467, 479 (1983).

2         The first element of a claim for intentional interference with economic relations requires

3    proof as to the existence of a professional or business relationship. *Sharma v. Providence Health*

4    *& Servs.-Oregon*, 289 Or. App. 644, 670 (2018). "In the context of a business relationship that is

5    based on prospective economic advantage, that element still requires a plaintiff to put on evidence

6    of, at a minimum, *the identity* of the other party to the alleged prospective relationship with which

7    the plaintiff alleges the defendant interfered." *Sharma v. Providence Health & Servs.-Oregon*, at

8    670 (*emphasis added*). Identification of the specific relationship allegedly interfered with is

9    necessary since the Court must determine whether the alleged economic relationship is actually

10   protected by the tort of intentional interference with economic relations. *Cron v. Zimmer*, 255 Or.

11   App. 114, 125 (2013). Mere allegations of interference, even if deliberate, without causing injury

12   and resulting damages are not sufficient to establish the tort of intentional interference with

13   economic relations. *Top Serv. Body Shop, Inc. v. Allstate Ins. Co.*, 283 Or. 201, 209 (1978); *Nw.*

14   *Nat. Gas Co. v. Chase Gardens, Inc.*, 328 Or. 487, 498 (1999).

15        Plaintiff's claim for Intentional Interference with Economic Relations is rife with legal

16   conclusions and vague allegations while lacking in necessary ultimate facts to support the elements

17   of such a claim. It is devoid of facts concerning the professional or business relationships in which

18   Defendant Free supposedly interfered, with the exception of a single allegation made on

19   information and belief concerning alleged "factually incorrect statements" by Defendant Free to

20   unidentified "members of the industry" and still fails to allege how those statements interfered

21   with any relationship(s). (Complaint ¶13). Similarly, the allegations of the second cause of action

22   specific to Defendant Free do not contain a single fact relating to any interference with a

23   professional or business relationship involving Plaintiff and a third party. (Complaint ¶19-23).

24   Contrary to Plaintiff's arguments, the Complaint also fails to state ultimate facts alleging a causal

25   effect between Defendant Free's alleged interference and any damage to any economic

26   relationship or any damages. Instead, Defendant's alleged actions merely required that Plaintiff

Page 6 –   DEFENDANT CYNTHIA FREE'S REPLY IN
           SUPPORT OF MOTION TO DISMISS AND FOR
           ATTORNEY FEES

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
55863-79885 4876-5469-9291.1

1  "redirect certain employees away from their revenue generating services and focus their efforts on

2  remedying the damage created." (Complaint ¶22).

3       Accordingly, the Court should dismiss the Complaint because it fails to allege ultimate

4  facts supporting a claim for Intentional Interference with Economic Relations.

5  **IV.    DEFENDANT SHOULD BE AWARDED ATTORNEY FEES PURSUANT TO ORS**

6  **20.105 BECAUSE THERE WAS NO OBJECTIVELY REASONABLE BASIS FOR**
  **PLAINTIFF'S CLAIMS.**

7       Defendant should be awarded fees pursuant to ORS 20.105.

8       The Complaint contains demonstrably false allegations that Defendant "appropriated"

9  (Complaint ¶11) the name of a company which was actually dissolved and eligible by law for her

10  to register and filed "Amended Articles of Organization" for a company affiliated with Mr. Vizzini

11  (¶12).  Plaintiff is either attempting to file a lawsuit in the name of a company that is legally

12  registered to Defendant Free without any authority to do so, or in the alternative, blatantly ignoring

13  black letter law prohibiting a dissolved company from filing a suit unrelated to its winding

14  up/liquidation.  Further, despite acknowledging that Plaintiff should have amended the Complaint

15  to remove a cause of action for defamation, Plaintiff willfully opted to flout the Oregon Rules of

16  Civil Procedure and proceed with the Complaint.

17       Accordingly, there is no objectively reasonable basis for Plaintiff to have asserted the

18  claims at issue in this Complaint and Defendant Free should be awarded attorney fees.

19       DATED this 14th day of April, 2022.

20                  JORDAN RAMIS PC

21                  Attorneys for Defendant CYNTHIA FREE

22

23                  By:   */s/ Daniel S. Sharp*

24                       Peter S. Hicks, OSB #933057
                     peter.hicks@jordanramis.com

25                       Daniel S. Sharp, OSB #161559
                     daniel.sharp@jordanramis.com

26

Page 7 –  DEFENDANT CYNTHIA FREE'S REPLY IN
          SUPPORT OF MOTION TO DISMISS AND FOR
          ATTORNEY FEES

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
55863-79885 4876-5469-9291.1

**Exhibit A Page 191 of 197**

1                 **CERTIFICATE OF SERVICE**

2         I hereby certify that on the date shown below, I served a true and correct copy of the

3  foregoing DEFENDANT CYNTHIA FREE'S REPLY IN SUPPORT OF MOTION TO

4  DISMISS AND FOR ATTORNEY FEES on:

5

6  Grant T. Engrav                          Phil J. Nelson
    Engrav Law Office, LLP               Theodore E. James III

7  1500 SW First Ave, Suite 1170      Slinde Nelson
    Portland, OR 97201               425 NW 10th Avenue, Suite 200

8  E-Mail: grant@engravlawoffice.com    Portland, OR  97209
    frontdesk@engravlawoffice.com;       Email: phil@slindenelson.com
    stephanie@engravlawoffice.com       ted@slindenelson.com

9    Of Attorneys for Plaintiff             Of Attorneys for Defendant
                                Heather Schiappacasse

10

11  **\*\* Email Service Agreement**

12  ☐     by first class mail, postage prepaid.

13  ☐     by overnight mail.

14  ☐     by hand delivery.

15  ☐     by facsimile transmission.

16  ☐     by facsimile transmission and first class mail, postage prepaid.

17  ☒     by electronic transmission.

18  ☐     by electronic transmission and first class mail, postage prepaid.

19         DATED:  April 14, 2022.

20                                 */s/ Daniel S. Sharp*

21                                 Peter S. Hicks, OSB #933057
                                peter.hicks@jordanramis.com

22                                 Daniel S. Sharp, OSB #161559
                                daniel.sharp@jordanramis.com

23                                 Attorneys for Defendant CYNTHIA FREE

24

25

26

Page 8 –  DEFENDANT CYNTHIA FREE'S REPLY IN
           SUPPORT OF MOTION TO DISMISS AND FOR
           ATTORNEY FEES

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
55863-79885 4876-5469-9291.1

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH
1200 SW FIRST AVENUE  PORTLAND OREGON  97204
http://courts.oregon.gov/multnomah

April 27, 2022

File Copy

Re: Veritas Allies LLC vs Cynthia Free, Heather Schiappacasse
Case #: 21CV47955    Tort - General

**NOTICE OF SCHEDULED REMOTE COURT APPEARANCE**

Scheduled Proceeding:        Hearing - Motion

| Date | Time |
|---|---|
| 06/03/2022 | 11:00 AM |

| Additional information: | ORCP 21 for Motion to Dismiss.  Requested by Ted James.  Stipulated by parties.  Webex Video link: https://oregonjudicial.webex.com/oregonjudicial/e.php?MTID=m58f02911da1596 b66bf0ef39e9400400 or call #503-388-9555. Code 1464399964. |

IMPORTANT NOTICE: PLEASE READ
Failure to appear at the remote court proceeding noted above may result in an order or judgment being entered against you in the case.

See page two for instructions on how to attend a remote hearing.

**Interpreter:**  If you need an interpreter, you must tell the court at least **4 business days before** your appearance date. Go to *www.courts.oregon.gov/ScheduleAnInterpreter* to get an interpreter.

**Intérprete:** Si Ud. necesita un intérprete, debe notificar al tribunal por lo menos 4 días laborales antes de la fecha de su comparecencia. Para conseguir un intérprete, siga el siguiente enlace: *www.courts.oregon.gov/ScheduleAnInterpreter*

Exhibit A Page 193 of 197

# Guidelines for Telephonic\Video Appearances

THANK YOU for your patience during this time of social distancing. The court's goal is to keep people safe and protect the rights of participants.

**All Hearings:**

1. Page one of this notice will indicate that the hearing will be remote. Check your email for an invitation to a Webex video conference. If you do not have access to email, the court or your attorney will contact you by phone to give you a phone number to dial to attend your hearing.

2. If you receive the email with the Webex hearing link, you can use the link to join by video, or by audio only, from your computer, tablet or smartphone.  You also have the option to dial in for your hearing over the phone.

    *Note: Most iPhones, iPads, and some Android smart phones are compatible with Cisco Webex, using the free Cisco Webex Meetings App.*

3. Join the hearing five to ten minutes prior to the scheduled start time. If your hearing does not begin right away, please be patient and wait. The court may be concluding another hearing.

4. Court will begin by taking a roll call of the participants.

5. Place your phone\computer microphone on MUTE when you are not speaking.

6. Wait to speak until the court calls on you. Please do not speak at the same time as someone else. The judge will give everyone an opportunity to speak.

7. Identify yourself when you begin speaking - i.e. "This is_____", so that the record (recording) is clear about who is talking.

8. Please talk slowly and directly into the phone\microphone.

| **Hearing by Phone – Specific Instructions:** | **Hearing by Video – Specific Instructions:** |
|---|---|
| 9. Please call in a few minutes early to allow time to resolve any technical issues. | 9. Please connect to the video conference five to ten minutes early to allow time to install the Webex plug-in and resolve any technical issues |
| 10. Do not place the call on hold. | 10. Use headphones to improve the sound quality for all participants. |
| 11. Do not use a speaker phone as the sound quality is poor. Make sure you're in a place without distractions or background noises. This is important so the recording of the hearing is understandable. | 11. If sound quality is an issue, you may mute your computer microphone and speakers, and then dial into the associated conference call number. |

**When an Interpreter is on the Line:**

11. When working with interpreters:

    a. Wait for the interpreter to finish their interpretation before talking or answering a question.

    b. Slow down and speak in short sentences.  Do not say more than one or two sentences at a time.

We know this is challenging for everyone and we appreciate your cooperation and understanding!

1

2

<div align="center">

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

</div>

3

4

5  VERITAS ALLIES LLC, an Oregon          )    Case No. 21CV47955
6  Limited Liability Company,             )
                                          )    STIPULATED LIMITED JUDGMENT
                                          )    OF DISMISSAL
7                     Plaintiff,          )
                                          )
8          v.                             )
                                          )
9  CYNTHIA FREE, an individual, and       )
   HEATHER SCHIAPPACASSE                  )
10                                        )
                     Defendants,          )
11                                        )
   _____       )

12

13    IT IS STIPULATED between Veritas Allies LLC and Cynthia Free, given the claims between them are compromised and fully settled, that Defendant Cynthia Free be dismissed with prejudice and without costs or fees to either party.

14

15    ADJUDGED that Defendant Cynthia Free be dismissed with prejudice and that neither Veritas Allies LLC, nor Cynthia Free shall recover costs or fees.

16                                            **6/21/2022 9:55:24 AM**

17

18    _____
      **Circuit Court Judge Judith H. Matarazzo Proxy**
      **Signed by MF**

19    Dated    6/16/2022              By    /s/*Grant T. Engrav*
                                            Grant Engrav, OSB No. #133517
20                                          Of Attorneys for Plaintiff

21    Dated    6/16/2022              By    /s/ *Daniel S. Sharp*
                                            Daniel Sharp, OSB No. #161559
22                                          Of Attorneys for Defendant
                                            Cynthia Free
23

Page 1 -  STIPULATED LIMITED JUDGMENT OF DISMISSAL

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2737
FACSIMILE: (971) 275-1218
WEBSITE: engravlawoffice.com

**Exhibit A Page 195 of 197**

1

## CERTIFICATE OF READINESS UNDER UTCR 5.100

2

I certify this proposed judgment or order is ready for judicial signature because:

3    1. ☒ Each party affected by this order or judgment has stipulated to the order or judgment,

4        as shown by each party's signature on the document being submitted.

5    2. ☐ Each party affected by this order or judgment has approved the order or judgment, as

6        shown by each party's signature on the document being submitted or by written

        confirmation of approval sent to me.

7

8    3. ☐ I have served a copy of this order or judgment on each party entitled to service and:

        ☐No objection has been served on me.

9        ☐I received objections that I could not resolve with a party despite reasonable

10        efforts to do so. I have filed a copy of the objections I received and indicated

11        which objections remain unresolved.

12        ☐After conferring about objections, [role and name of objecting party] agreed to

        independently file any remaining objection.

13

14    4. ☐ Service is not required pursuant to subsection of this rule, or by statute, rule, or

        otherwise.

15    5. ☐ This is a proposed judgment that includes an award of punitive damages and notice

16        has been served on the Director of the Crime Victims' Assistance Section as required by

17        subsection (5) of this rule.

18    6. ☐ Other: _____.

19

Dated this 16 day of June 2022.

20

21                    By: /s/ Grant Engrav
                        Grant Engrav, OSB No. 133517
                        Of Attorneys for Plaintiff

22

23

Page 2 -  STIPULATED LIMITED JUDGMENT OF DISMISSAL

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2737
FACSIMILE: (971) 275-1218
WEBSITE: engravlawoffice.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **June 16th, 2022**, I served the preceding **STIPULATED LIMITED JUDGMENT OF DISMISSAL WITH PREJUDICE** (Case Number 21CV47955) on:

     **Attorneys for Defendant Cynthia Free**
     Peter Hicks and Daniel Sharp
     Peter.hicks@jordanramis.com
     Daniel.sharp@jordanramis.com
     lydia.paterson@jordanramis.com

     **Attorneys for Defendant Heather Schiappacasse**
     Phil Nelson, Keith Pitt, and Theodore James III
     phil@slindenelson.com
     keith@slindenelson.com
     ted@slindenelson.com

_____By mailing a true and correct copy thereof by U.S. Postal Service, ordinary first-class mail, addressed to each attorney's last known address and depositing in the U.S. mail at Portland, Oregon on the date set forth above;

_____By mailing a true and correct copy thereof by U.S. Postal Service, certified mail, return receipt requested, addressed to each attorney's last-known address and depositing in the U.S. mail at Portland, Oregon on the date set forth above;

_____By causing a true and correct copy thereof to be hand-delivered to the above-mentioned attorney's last known office address on the date set forth above;

_____By faxing a true and correct copy thereof to each attorney at each attorney's last known facsimile number on the date set forth above. At the time of service, the attorney maintained a facsimile device at the attorney's office and the device was working at the time of service. Attached to this Certificate of Service is a printed confirmation of receipt of the message generated by my office's facsimile transmitting machine.

_X_ By emailing a true and correct copy thereof to each attorney at each attorney's email address. Prior to service, the attorney's had agreed in writing to accept service via email.

Dated this 16th day of June 2022.


          By: _/s/Grant Engrav_____
             Grant Engrav, OSB No. 133517
             Of Attorneys for Plaintiff

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2737
FACSIMILE: (971) 275-1218
WEBSITE: engravlawoffice.com

**Exhibit A Page 197 of 197**

JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Veritas Allies LLC, an Oregon Limited Liability Company | Heather Schiappacasse, an individual |

| (b)  County of Residence of First Listed Plaintiff _____ | County of Residence of First Listed Defendant _____ |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c)  Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Grant T. Engrav, Engrav Law Office, LLP  1500 SW First Avenue, Suite 1170, Portland, OR 97201 | Phillip Nelson, Slinde Nelson  425 NW 10th Avenue, Suite 200, Portland, OR 97209 |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [x] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [x] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance  [ ] 120 Marine  [ ] 130 Miller Act  [ ] 140 Negotiable Instrument  [ ] 150 Recovery of Overpayment & Enforcement of Judgment  [ ] 151 Medicare Act  [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)  [ ] 153 Recovery of Overpayment of Veteran's Benefits  [ ] 160 Stockholders' Suits  [x] 190 Other Contract  [ ] 195 Contract Product Liability  [ ] 196 Franchise | **PERSONAL INJURY**  [ ] 310 Airplane  [ ] 315 Airplane Product Liability  [ ] 320 Assault, Libel & Slander  [ ] 330 Federal Employers' Liability  [ ] 340 Marine  [ ] 345 Marine Product Liability  [ ] 350 Motor Vehicle  [ ] 355 Motor Vehicle Product Liability  [ ] 360 Other Personal Injury  [ ] 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**  [ ] 365 Personal Injury - Product Liability  [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability  [ ] 368 Asbestos Personal Injury Product Liability  **PERSONAL PROPERTY**  [ ] 370 Other Fraud  [ ] 371 Truth in Lending  [ ] 380 Other Personal Property Damage  [ ] 385 Property Damage Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881  [ ] 690 Other  **LABOR**  [ ] 710 Fair Labor Standards Act  [ ] 720 Labor/Management Relations  [ ] 740 Railway Labor Act  [ ] 751 Family and Medical Leave Act  [ ] 790 Other Labor Litigation  [ ] 791 Employee Retirement Income Security Act | [ ] 422 Appeal 28 USC 158  [ ] 423 Withdrawal 28 USC 157  **INTELLECTUAL PROPERTY RIGHTS**  [ ] 820 Copyrights  [ ] 830 Patent  [ ] 835 Patent - Abbreviated New Drug Application  [ ] 840 Trademark  [ ] 880 Defend Trade Secrets Act of 2016  **SOCIAL SECURITY**  [ ] 861 HIA (1395ff)  [ ] 862 Black Lung (923)  [ ] 863 DIWC/DIWW (405(g))  [ ] 864 SSID Title XVI  [ ] 865 RSI (405(g)) | [ ] 375 False Claims Act  [ ] 376 Qui Tam (31 USC 3729(a))  [ ] 400 State Reapportionment  [ ] 410 Antitrust  [ ] 430 Banks and Banking  [ ] 450 Commerce  [ ] 460 Deportation  [ ] 470 Racketeer Influenced and Corrupt Organizations  [ ] 480 Consumer Credit (15 USC 1681 or 1692)  [ ] 485 Telephone Consumer Protection Act  [ ] 490 Cable/Sat TV  [ ] 850 Securities/Commodities/ Exchange  [ ] 890 Other Statutory Actions  [ ] 891 Agricultural Acts  [ ] 893 Environmental Matters  [ ] 895 Freedom of Information Act  [ ] 896 Arbitration  [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision  [ ] 950 Constitutionality of State Statutes |
| **REAL PROPERTY**  [ ] 210 Land Condemnation  [ ] 220 Foreclosure  [ ] 230 Rent Lease & Ejectment  [ ] 240 Torts to Land  [ ] 245 Tort Product Liability  [ ] 290 All Other Real Property | **CIVIL RIGHTS**  [ ] 440 Other Civil Rights  [ ] 441 Voting  [ ] 442 Employment  [ ] 443 Housing/ Accommodations  [ ] 445 Amer. w/Disabilities - Employment  [ ] 446 Amer. w/Disabilities - Other  [ ] 448 Education | **PRISONER PETITIONS**  **Habeas Corpus:**  [ ] 463 Alien Detainee  [ ] 510 Motions to Vacate Sentence  [ ] 530 General  [ ] 535 Death Penalty  **Other:**  [ ] 540 Mandamus & Other  [ ] 550 Civil Rights  [ ] 555 Prison Condition  [ ] 560 Civil Detainee - Conditions of Confinement | **FEDERAL TAX SUITS**  [ ] 870 Taxes (U.S. Plaintiff or Defendant)  [ ] 871 IRS—Third Party 26 USC 7609  **IMMIGRATION**  [ ] 462 Naturalization Application  [ ] 465 Other Immigration Actions | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1  Original Proceeding
- [x] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1441

Brief description of cause:
Plaintiff alleges that Defendant intentionally interfered with economic relations.

## VII.  REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $  350,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] Yes   [x] No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE  06/21/2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____