Philip Nelson, OSB No. 013650
phil@slindenelson.com
Keith A. Pitt, OSB No. 973725
keith@slindenelson.com
SLINDE NELSON
425 NW 10th Avenue Suite 200
Portland, OR  97209
Telephone: (503) 417-7777
*Of Attorneys for Defendant Heather Schiappacasse*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| VERITAS ALLIES LLC, an Oregon Limited Liability Company,<br><br>          Plaintiffs,<br><br>   v.<br><br>CYNTHIA FREE, an individual, and HEATHER SCHIAPPACASSE, an individual,<br><br>          Defendants. | Case No.: 3:22-cv-00903-YY<br><br>**DEFENDANT HEATHER SCHIAPPACASSE'S MOTION FOR SUMMARY JUDGMENT ON PERSONAL JURISDICTION AND SUPPORTING MEMORANDUM OF LAW**<br><br>ORAL ARGUMENT REQUESTED |

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1, the undersigned, on behalf of Defendant, hereby certifies he

has made a good faith attempt to confer with Plaintiff's counsel, and the parties have been unable

to resolve the matters in dispute below.

/ / /

/ / /

Page 1 – **DEFENDANT HEATHER SCHIAPPACASSE'S MOTION FOR SUMMARY JUDGMENT ON PERSONAL JURISDICTION AND SUPPORTING MEMORANDUM OF LAW**

## MOTIONS

Defendant Heather Schiappacasse ("Defendant" or "Ms. Schiappacasse"), by and through her attorneys, Slinde Nelson, and pursuant to FRCP 56 and the Due Process Clause of the United States Constitution, hereby moves the Court for summary judgment, in her favor, and against Plaintiff Veritas Allies, LLC's ("Plaintiff" or "Veritas") Complaint as follows:

(1) The Court should dismiss Plaintiff's First Claim for Relief (Intentional Interference with Economic Relations or Prospective Economic Relations), against Defendant, as this Court lacks personal jurisdiction over Defendant, based on alleged acts occurring <u>entirely</u> within the State of Texas, <u>during/after</u> a conference that occurred in Austin, Texas on October 2, 2021, and <u>pre-dating</u> the filing of Plaintiff's Complaint on December 16, 2021.

(2) Related to the preceding, the Court should dismiss Plaintiff's First Claim for Relief (Intentional Interference with Economic Relations or Prospective Economic Relations), as no evidence exists that Plaintiff suffered any cognizable damages, <u>attributable to Defendant</u>, regarding alleged acts occurring <u>during/after</u> a conference that occurred in Austin, Texas on October 2, 2021, and <u>pre-dating</u> the filing of Plaintiff's Complaint on December 16, 2021.

(3) The Court should dismiss Plaintiff's Second Claim for Relief (Intentional Interference with Economic Relations), against Defendant, as this Court lacks personal jurisdiction over Defendant, based on alleged acts taken <u>solely</u> by a non-party, Cynthia Free, to "register" the name "Veritas Allies, LLC" with the Oregon Secretary of State on or about

**SLINDE NELSON**
425 NW 10th Avenue, Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

October 8, 2021, and <u>pre-dating</u> the filing of Plaintiff's Complaint on December 16, 2021.

(4) Related to the preceding, the Court should dismiss Plaintiff's Second Claim for Relief (Intentional Interference with Economic Relations), against Defendant, as no viable claim exists, both as a factual matter and/or under applicable law.

These Motions are made in good faith and in the opinion of counsel well founded in law. Defendant relies upon FRCP 56, the Court record/file, the declaration(s) and exhibit(s) supplied herein, and the attached Memorandum of Law, all incorporated by this reference.

## MEMORANDUM OF LAW

### Preface

As detailed below, this litigation at once presents discrete issues that are well-suited for resolution before the federal court, and yet imposes on the dignity of the federal court to resolve.

### Introduction

When laid bare, this litigation is a spite suit masquerading as a business dispute. Stated directly, Plaintiff's founder/CEO, David Vizzini ("Vizzini"), was in an intimate relationship with Ms. Schiappacasse that ultimately deteriorated/ended at an industry conference that occurred in Austin, Texas in October of 2021 (the "Conference").[1] Vizzini appears to have a history of initiating baseless, vexatious claims/theories—*e.g.,* his apparent preferred theories being

---

[1] Pitt Decl., ¶4, Ex. 3, Pg. 1 (Schiappacasse Declaration In Support of Motion to Dismiss in the State Court Litigation, hereafter referred to "Schiappacasse State Declaration"). To avoid confusion, the Declaration from Ms. Schiappacasse submitted in Support of the present Motion for Summary Judgment is referred to as the "Schiappacasse Federal Declaration" below.

Page 3 – **DEFENDANT HEATHER SCHIAPPACASSE'S MOTION FOR SUMMARY JUDGMENT ON PERSONAL JURISDICTION AND SUPPORTING MEMORANDUM OF LAW**

**SLINDE NELSON**
425 NW 10th Avenue, Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

defamation, intentional interference, *etc.*—against his former wife, former lovers, and

relationships.[2] A brief factual/procedural recitation leading up to this litigation follows.

Prior to the Conference, Ms. Schiappacasse began to learn of the depth/breadth of

Vizzini's deception, including those involving (1) another previously unknown Vizzini lover,

Jean Gordon ("Gordon"), and (2) Vizzini's ex-wife, Cynthia Free ("Free"),[3] with whom Vizzini

was then in a contentious, ongoing divorce proceeding in Clackamas County Circuit Court, Case

No. 19DR20072 (the "Dissolution Proceeding").[4]

Following the Conference, Ms. Schiappacasse and Free began communicating, at length,

sharing timelines and notes with one another regarding Vizzini.[5] Ms. Schiappacasse likewise

reached out to Gordon, again sharing timelines and notes, regarding Vizzini, his motives, and

related matters.[6] As for Gordon, although appreciative of the information, she ultimately

disclosed the text messages exchanged with Ms. Schiappacasse upon receiving a demand from

Vizzini (or counsel Shane Barnes) for the same.[7]

On December 16, 2021, this litigation ensued, alleging two claims for relief in

Multnomah County Circuit Court (the "State Court Litigation"): (1) First Claim for Relief

(Intentional Interference with Economic Relations or Prospective Economic Relations—against

Schiappacasse) based on alleged acts occurring <u>entirely</u> in the State of Texas during/after the

Conference on October 2, 2021, and (2) Second Claim for Relief (Intentional Interference with

---

[2] Pitt Decl., ¶5, Ex. 4, Pages 14-20-- Daniel Sharp Letter to Plaintiff's counsel dated February 10, 2022;
[3] Schiappacasse Federal Declaration, ¶ 3, Ex. 1
[4] Pitt Decl., ¶10, Ex. 9-- Declaration of Lucinda Giorgetti in Support of Statement for Attorney Fees, the attorney representing Free, against Vizzini, in connection with the Dissolution Proceeding
[5] Schiappacasse Federal Declaration, ¶ 5, Ex. 3
[6] Schiappacasse Federal Declaration, ¶ 3, Ex. 1
[7] Schiappacasse Federal Declaration, ¶ 3, Ex. 2

Page 4 – **DEFENDANT HEATHER SCHIAPPACASSE'S MOTION FOR SUMMARY JUDGMENT ON PERSONAL JURISDICTION AND SUPPORTING MEMORANDUM OF LAW**

**SLINDE NELSON**
425 NW 10th Avenue, Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

Economic Relations—against Free and Schiappacasse) based on alleged acts <u>solely</u> taken by

Vizzini's ex-wife, Cynthia Free, to "register" the name "Veritas Allies, LLC," with the Oregon

Secretary of State, as controlled/owned by Free, on or about October 8, 2021.[8]

      As reflected in the court file, Free was represented in the State Court Litigation by the

Jordan Ramis firm. Various Rule 21 Motions were filed by both Defendants, including a motion,

by Ms. Schiappacasse, to dismiss the claim(s) against her based on a lack of personal jurisdiction

(the "Motions to Dismiss.").

      Just prior to oral argument on the Motions to Dismiss, Free and Vizzini settled with one

another (1) in the Dissolution Proceeding where, among other things, Vizzini paid Free the

attorney fees she was owed, and Free transferred the business name of "Veritas Allies, LLC" to

Vizzini,[9] and (2) relatedly, in the State Court Litigation, Vizzini and Free agreed to a dismissal,

with prejudice, with no exchange of any funds between the parties.[10]

      With Free dismissed from the State Court Litigation, the undersigned proceeded to oral

argument and, among other the pleading motion(s), the primary issue presented to the

Multnomah County Circuit Court assigned motions judge[11] was the lack of personal jurisdiction

over Ms. Schiappacasse.  At the conclusion of oral argument, Judge Plank denied the

jurisdictional motion, without prejudice.

      Given the limitations on the available discovery under the Oregon Rules of Civil

Procedure, as well as the familiarity of the United States District Court in addressing/resolving

---

[8] Pitt Decl., ¶2, Ex. 1—Pl. Compl., ¶¶ 10, 11, 12, and 21, 23
[9] Pitt Decl., ¶11, Ex. 10 -- Supplemental Judgment Re: Attorney Fees, Costs and Disbursements.
[10]  *Id.* at Pgs. 3-4
      [11] Hon. Jenna R. Plank ("Judge Plank")

Page 5 – **DEFENDANT HEATHER SCHIAPPACASSE'S MOTION FOR SUMMARY JUDGMENT ON PERSONAL JURISDICTION AND SUPPORTING MEMORANDUM OF LAW**

**SLINDE NELSON**
425 NW 10th Avenue, Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

issues pertaining to the Constitutional limitations regarding the exercise of personal jurisdiction over out-of-state persons, Ms. Schiappacasse removed this matter to federal court.[12]

Thereafter, Ms. Schiappacasse filed her Answer/Affirmative Defenses raising the absence of personal jurisdiction in this matter.[13] Moreover, Plaintiff insists that it has somehow been damaged by Ms. Schiappacasse—despite any proof whatsoever—and that Ms. Schiappacasse must pay those unsubstantiated damages.[14] Further still, Plaintiff maintains personal jurisdiction exist in connection with its claims, necessitating the present motion.

For the reasons herein, the Court should grant Ms. Schiappacasse's motions, dismiss Plaintiff's First and Second Claims for Relief, and put an end to this truly unfortunate litigation.

### Argument

### I.    Standard of Review—Jurisdictional Questions Resolved by Court.

In the context of summary judgment, Plaintiff bears the burden of establishing personal jurisdiction, by preponderance of the evidence, as if the case had gone to trial.[15] The Court "may find personal jurisdiction only if **_no_** genuine issue of material fact remains that [the plaintiff] has established personal jurisdiction by a preponderance of the evidence."[16]

---

[12] Dkt. # 1.  The State Court Litigation had "become removable" upon the dismissal of Free the only Oregon defendant in this matter.

[13] Pitt Decl., ¶3, Ex. 2 –Defendant's Answer and Affirmative Defenses

[14] Respectfully, Plaintiff's claims are legally/factually baseless; Plaintiff's Complaint—including its alleged damages which there are none—is created from whole cloth.

[15] *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.,* 784 F.2d 1392, 1396 & n. 1 (9th Cir. 1986) (Emphasis supplied)

[16] *Stewart Title of Nevada, Inc. v. Haenisch,* 2006 WL 3717419, *3 (D. Nev.2006) (*citing Haisten*, 784 F.2d at 1396 & n. 1); *Data Disc, Inc. v. Sys. Tech. Assoc's, Inc.,* 557 F.2d 11280, 1285 n.2 (9th Cir, 1977) ("Of course, at any time when the plaintiff avoids a preliminary motion to dismiss by making a prima facie showing of jurisdictional facts, he must still prove the jurisdictional facts at trial by a preponderance of the evidence."); *Stoliarov v. Marshmello Creative, LLC,* 2021 WL 1781870, *2 n. 3 (C.D.Cal.2021) ("When defending against a summary judgment motion for lack of personal jurisdiction, Plaintiff bears the burden of proving jurisdiction by a preponderance of the evidence")

**SLINDE NELSON**
425 NW 10th Avenue, Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

The question of whether personal jurisdiction exists over an out-of-state Defendant is exclusively for the Court to resolve.[17]

## II.    Plaintiff's First and Second Claims for Relief Should Be Dismissed for Lack of Personal Jurisdiction.

### A.    Personal Jurisdiction—Applicable Federal Law.

Federal district courts "ordinarily follow state law in determining the bounds of their jurisdiction over [a defendant]."[18] "Oregon law authorizes personal jurisdiction over defendants to the full extent permitted by the United States Constitution."[19] The court must, therefore, inquire whether its exercise of jurisdiction would "comport[ ] with the limits imposed by federal due process."[20] In making that inquiry, "[t]he strength of contacts required depends on which of the two categories of personal jurisdiction a litigant invokes: specific jurisdiction or general jurisdiction."[21]

Specific jurisdiction "aris[es] out of or relate[s] to the defendant's contacts with the forum."[22] The inquiry whether the forum may assert specific jurisdiction over a nonresident Defendant "focuses on 'the relationship among the defendant, the forum, and the litigation.'"[23]

---

[17] *Richmond v. Chrysler Group LLC*, 2016 WL 8468244, *2 (D.Or.2016) ("In the event that plaintiffs avoid a motion to dismiss for lack of personal jurisdiction by making only a prima facie showing of jurisdictional facts, personal jurisdiction over each defendant necessarily remains to be established by a preponderance of the evidence at a subsequent, plenary evidentiary hearing. Such plenary evidentiary hearing may be conducted as a pretrial proceeding, *in which case the judge sits as the finder of fact and is empowered to weigh the evidence and to make determinations of credibility*.") (Emphasis supplied)

[18] *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (*quoting Daimler AG v. Bauman,* 571 U.S. 117, 125 (2014)).

[19] *Ranza v. Nike, Inc.,* 793 F.3d 1059, 1068 (9th Cir. 2015) (citation omitted)

[20] *Id.* ("[The court] therefore inquire[s] whether the District of Oregon's exercise of jurisdiction over [defendant] 'comports with the limits imposed by federal due process.'")

[21] *Id.*   As there is no basis to support general jurisdiction in this matter, this Court need only address whether Ms. Schiappacasse is subject to specific jurisdiction.

[22] *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

[23] *Walden v. Fiore,* 571 U.S. 277, 284, 134 S.Ct. 1115, 188 L.Ed.2d 12 (2014).

**DEFENDANT HEATHER SCHIAPPACASSE'S MOTION FOR SUMMARY JUDGMENT ON PERSONAL JURISDICTION AND SUPPORTING MEMORANDUM OF LAW**

**SLINDE NELSON**
425 NW 10th Avenue, Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

Specific jurisdiction is limited to ruling on "*issues deriving from, or connected with, the very controversy that establishes jurisdiction.*"[24] "*When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State.*"[25] A court must look "to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there."[26]

Therefore, "*mere injury to a forum resident is not a sufficient connection to the forum.*"[27] Rather, "an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State."[28] Specifically, "[i]n order for a court to have specific jurisdiction over a defendant, '*the defendant's suit-related conduct must create a substantial connection with the forum State.*'"[29]

### B. Specific Jurisdiction—The "Purposeful Direction" Test.

In the context of claims sounding in tort, the Ninth Circuit employs a three-prong test to determine whether a non-resident Defendant is subject to specific jurisdiction:

> "(1) The non-resident defendant must *purposefully direct* his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable."[30]

---

[24] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011) (citation omitted)

[25] *Bristol-Myers Squibb Co. v. Superior Ct. of California*, 137 S. Ct. 1771, 1781 (2017)

[26] *Walden*, 571 U.S. at 285, 134 S.Ct. 1115.

[27] *Id.* at 290, 134 S.Ct. 1115.

[28] *Id.*

[29] *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1022–23 (9th Cir. 2017) (*quoting Walden,* 571 U.S. at 284, 134 S.Ct. 1115) ("The relationship between the defendant and the forum state 'must arise out of contacts that the 'defendant [itself]' creates with the forum State.' *Additionally, the requisite 'minimum contacts' must be '__with the forum State itself, not ... with persons who reside there__.*'") (Internal citations omitted; emphasis supplied)

[30] *Picot,* 780 F.3d at 1211 (quoting *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 802 (9th Cir. 2004))

Page 8 – **DEFENDANT HEATHER SCHIAPPACASSE'S MOTION FOR SUMMARY JUDGMENT ON PERSONAL JURISDICTION AND SUPPORTING MEMORANDUM OF LAW**

**SLINDE NELSON**
425 NW 10th Avenue, Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

"'The plaintiff bears the burden of satisfying the first two prongs of the [specific jurisdiction] test. ***If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state.***"[31]  If the Plaintiff meets that burden, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable."[32]

Further, courts analyze the existence of <u>purposeful direction</u> *vel non* under the "effects test," requiring that the Defendant:

> "'(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'"[33]

In applying the "effects test," however, the Ninth Circuit has noted the Supreme Court "made clear that we must look to the defendant's 'own contacts' with the forum, not to the defendant's knowledge of a plaintiff's connections to a forum."[34]  Again. ***"[t]he proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way.***"[35]

/ / /

/ / /

/ / /

---

[31] *Morrill v. Scott Fin. Corp.,* 873 F.3d 1136, 1142 (9th Cir. 2017) (citation omitted in original; emphasis supplied); *Adidas Am., Inc. v. Cougar Sport, Inc.,* 169 F. Supp. 3d 1079, 1084 (D. Or. 2016) ("[T]he plaintiff bears the burden of demonstrating that the court's exercise of jurisdiction is proper.")

[32] *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 802 (9th Cir. 2004) (citing *Lake v. Lake,* 817 F.2d 1416, 1421 (9th Cir. 1987)) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476-78, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985))

[33] *Axiom Foods, Inc. v. Acerchem Int'l, Inc.,* 874 F.3d 1064, 1069 (9th Cir. 2017) (quoting *Calder v. Jones,* 465 U.S. 783 (1984))

[34] *Id.* (citing *Walden v. Fiore,* 571 U.S. 277, 287 (2014))

[35] *Walden,* 571 U.S. at 290 (emphasis supplied)

Page 9 – **DEFENDANT HEATHER SCHIAPPACASSE'S MOTION FOR SUMMARY JUDGMENT ON PERSONAL JURISDICTION AND SUPPORTING MEMORANDUM OF LAW**

**SLINDE NELSON**
425 NW 10th Avenue, Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

### C.  Analysis.

Federal courts examine personal jurisdiction on a "claim-by-claim" basis.[36] In evaluating Plaintiff's First and Second Claims for Relief under the "purposeful direction" test,[37] the USDC of Oregon has noted the Constitutional tests have materially shifted _post-Waldon_, requiring substantively <u>more</u> than a mere knowledge of the Plaintiff's domicile and/or that Plaintiff would suffer an alleged "injury" in Oregon.[38]

### i.    The First Claim for Relief Should Be Dismissed.

Plaintiff's sole basis for jurisdiction—_i.e.,_ its bare domicile and purported injury in the State of Oregon—requires the dismissal of Plaintiff's First Claim for Relief.  Further, in reaching

---

[36] _Picot v. Weston_, 780 F.3d 1206, 1211 (9ᵗʰ Cir.2015) ("When a plaintiff relies on specific jurisdiction, **he must establish that jurisdiction is proper for 'each claim asserted against a defendant.'** If personal jurisdiction exists over one claim, but not others, the district court may exercise pendent personal jurisdiction over any remaining claims that arise out of the same 'common nucleus of operative facts' as the claim for which jurisdiction exists.") (Emphasis supplied); _Data Disc, Inc. v. Sys. Tech. Assocs., Inc.,_ 557 F.2d 1280, 1289 n.8 (9th Cir. 1977) (noting, where "plaintiff raises two [or more] separate causes of action," court must have personal jurisdiction over defendants "with respect to each claim").

[37] _Infusion Partners v. Otono Networks, Inc.,_ 2017 WL 1959225, *8-9 (D.Or.2017) ("The evidence required to establish **purposeful direction** usually centers on defendant's actions outside the forum state that are directed at the forum. *** **_Consequently, 'mere injury to a forum resident is not a sufficient connection to the forum.' 'The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way."_** *** Infusion claims personal jurisdiction exists because Defendants knew Infusion's place of business was in Oregon and that their actions were likely to cause Infusion harm in Oregon**_. That Infusion may have suffered an injury in Oregon is insufficient to establish personal jurisdiction over Defendants. Infusion has failed to offer evidence Defendants purposefully directed actions toward the state of Oregon._** Again, **having failed to meet the first prong of the test for personal jurisdiction, _the court need not, and will not, address the second or third prong with regard to Infusion's claim for tortious interference with business relationship_**. The court also lacks personal jurisdiction over Defendants with regard to Infusion's tort claim.") (Emphasis supplied)

[38] _Domaine Serene Vineyards Winery, Inc. v. Jacob Rieger & Co., LLC_, 2019 WL 1522881, *5 (D.Or.2019) ("**_As plaintiff observes, the requirements for specific personal jurisdiction shifted in the wake of Walden v. Fiore, 571 U.S. 277 (2014). *** The 'express aiming' element can no longer be established through allegations of willful conduct directed at a forum resident. In other words, 'the plaintiff cannot be the only link between the defendant and the forum.' Walden,_** 571 U.S. at 284-85. The minimum contacts analysis instead examines 'the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there.") (Emphasis supplied)

Page 10 – **DEFENDANT HEATHER SCHIAPPACASSE'S MOTION FOR SUMMARY JUDGMENT ON PERSONAL JURISDICTION AND SUPPORTING MEMORANDUM OF LAW**

**SLINDE NELSON**
425 NW 10th Avenue, Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

this conclusion, it is <u>only</u> Ms. Schiappacasse's alleged <u>suit-related</u> contacts[39]—occurring

between October 2, 2021 and December 16, 2021—that are pertinent to the analysis.[40]

Again, in resolving whether conduct was "expressly aimed at the forum," the Court's

analysis "depends, to a significant degree, on the specific type of tort or other wrongful conduct

at issue."[41]

### a.  Plaintiff Cannot Establish "Express Aiming" of Suit Related Contacts to Oregon.

District courts throughout the Ninth Circuit routinely dismiss claims for so-called

"tortious interference" when a Defendant's <u>only connection</u> to the forum is the fortuity of

Plaintiff's domicile alone.[42]   Here, the relevant jurisdictional facts are undisputed:

---

[39] *Coast Equities, LLC v. Right Buy Prop*., LLC, 2015 WL 13333017, *5 (D.Or.2015) ("For purposes of determining whether a defendant purposefully availed itself of conducting activities in the forum, **'[o]nly contacts occurring prior to the event causing litigation may be considered.'**" (quoting *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.,* 907 F.2d 911, 913 (9th Cir. 1990))).

[40] *Rentrak Corporation v. Burton*, 2015 WL 7733971, *9 (D.Or.2015) (In a tortious interference case, noting: "Rentrak also places undue emphasis on Hedrick's two trips to Oregon (i.e., one trip to attend an orientation related to his employment with Rentrak Australia, and the other to attend a global corporate sales meeting), and his benign communications with employees from Rentrak's global headquarters. Crucially, not just any contacts with the State of Oregon will satisfy the test: **'[f]or a State to exercise [specific] jurisdiction consistent with due process, the defendant's <u>suit-related conduct</u>** must create a substantial connection with the forum State.'") (citing *Walden*, 134 S.Ct. at 1121) (Emphasis supplied)

[41] *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015) (quoting *Schwarzenegger*, 374 F.3d at 807).

[42] *GPMI Company v. Michelin Lifestyle Limited*, 2022 WL 657352, *4-5 (D.Ariz.2022) (<u>**Post-Walden courts tend to decline jurisdiction in intentional interference cases when a plaintiff's only showing of express aiming is that the out-of-state defendant's extra-forum actions caused harm to the plaintiff in the forum state.**</u> *See Indie Caps, LLC v. Ackerman*, No. CV-20-1970-PHX-DJH, 2021 WL 2352416, at *1 (D. Ariz. June 9, 2021) (Florida resident and Florida company allegedly persuaded non-Arizona resident to breach contract with Arizona company but otherwise had no contacts with Arizona); *Cayenne Med., Inc. v. Medshape, Inc.,* No. 14-cv-0451-HRH, 2015 WL 5363199, at *3 (D. Ariz. Sept. 15, 2015) (defendants caused several entities to breach their contracts with the plaintiff, but neither the defendants nor the entities were located in Arizona, and the alleged inducement took place outside of Arizona); <u>*Paragon Bioteck, Inc. v. Altaire Pharms., Inc.,* No. 15-cv-189-PK, 2015 WL 4253996, at *8 (D. Or. July 10, 2015)</u> (defendant's alleged conduct consisted of *"interfering with [plaintiff's] relationship with another out-of-state entity*; placing a 'credit hold' on [plaintiff's] account; and refusing to fulfill normal obligations" *but the plaintiff's injury—related to its dealings with its business partners and regulators—was not "tethered to" the forum state "in any meaningful way beyond the fact that [plaintiff's] principal place of business" was in the forum state*); *Verbick v. Movement Tech. Co., Inc.,* No. 20-cv-611-TWR (DEB), 2021 WL 6804098, at *8 (S.D. Cal.

**SLINDE NELSON**
425 NW 10th Avenue, Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

- At all material times, Ms. Schiappacasse is resident of the State of Texas, she conducted no business the State of Oregon, she owned no property in the State of Oregon, and she has not physically been to the State of Oregon since 2015.[43]

- Ms. Schiappacasse never contacted/interfered with any "existing or prospective" business relationships of Plaintiff that were purportedly located within the State of Oregon.[44]

- All alleged conduct occurred <u>solely</u> within the State of Texas, the location where Ms. Schiappacasse resides.[45]

Nor does the vaguely alleged "coordination" with Free—discussed further below— in connection with a temporally/geographically distinct matter regarding <u>Free's</u> "registration" of Plaintiff's "corporate name" provide a colorable basis to exercise <u>discretionary</u> "pendant personal jurisdiction" over Ms. Schiappacasse regarding alleged matters that occurred <u>solely</u> in the State of Texas.[46]

Plaintiff has no evidence—and cannot not carry its burden— establishing that Ms. Schiappacasse "expressly aimed" any alleged "suit-related conduct" at the State of Oregon, requiring dismissal of the First Claim for Relief.

---

Mar. 25, 2021) (allegation that defendants intentionally interfered with plaintiff's contract by coordinating with counterparty to force plaintiff to agree—under duress—to release counterparty from liability did not establish express aiming because defendants had no independent contacts with California beyond causing injury to plaintiff there") (Emphasis supplied)

[43] Pitt Decl., ¶4, Ex. 3—Schiappacasse State Court Decl., ¶¶2-3

[44] Schiappacasse Federal Court Decl., ¶¶ 6-7

[45] Pitt Decl., ¶6, Ex. 5-- Declaration of David Vizzini; Ex.6 -- Declaration of Shane Barnes.

[46] *Raze v. Walbridge*, 2022 WL 2670149, *7 (D.Or.2022) (The court declined to exercise pendant personal jurisdiction over claims that are "temporally and geographically distinct" from the claims otherwise subject to dismissal). Any such tail wagging the dog arguments should fail in the context of the facts/circumstances underpinning this litigation.

Page 12 – **DEFENDANT HEATHER SCHIAPPACASSE'S MOTION FOR SUMMARY JUDGMENT ON PERSONAL JURISDICTION AND SUPPORTING MEMORANDUM OF LAW**

**SLINDE NELSON**
425 NW 10th Avenue, Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

**b. The Claim Does Not "Arise Out Of" and/or "Relate To" Forum-Related Activities.**

In keeping with the undisputed jurisdictional facts, the matters alleged in the First Claim for Relief neither "arises out of" or "relates to" any alleged "forum related activities" of Ms. Schiappacasse, requiring dismissal of the First Claim for Relief.

**c. The Exercise of Jurisdiction Over Ms. Schiappacasse is Not Reasonable.**

Finally, to the extent the Court reaches the third prong of the test, "the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable."[47]

On that discrete issue, the burden shifts to the Defendant "to 'present a compelling case' that the exercise of jurisdiction would not be reasonable,"[48] and where the Court utilizes seven factors to determine whether exercising jurisdiction is reasonable.[49]

As noted at the outset, when laid bare, this litigation is the vehicle by which Vizzini intends to harass and retaliate against his former girlfriend, Ms. Schiappacasse.

Suffice it to say, given the tenuous and <u>unrelated</u> contacts of Ms. Schiappacasse with the State of Oregon—comprised of texts/communications with Vizzini's ex-wife (Free) and Vizzini's other girlfriend (Gordon) pertaining to what are largely, if not entirely, matters of a personal nature—the Court should exercise its gate-keeping function and decline to exercise

---

[47] *Picot,* 780 F.3d at 1211 (quoting *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 802 (9th Cir. 2004))
[48] *Schwarzenegger,* 374 F.3d at 802.
[49] *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007) (They are: "(1) *the extent of the defendants' purposeful interjection into the forum state's affairs*; (2) *the burden on the defendant of defending in the forum*; (3) the extent of conflict with the sovereignty of the defendants' state; (4) *the forum state's interest in adjudicating the dispute;* (5) *the most efficient judicial resolution of the controversy;* (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) *the existence of an alternative forum*.") (Emphasis supplied)

**SLINDE NELSON**
425 NW 10th Avenue, Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

personal jurisdiction, over Ms. Schiappacasse, in the context of the facts/circumstances of this litigation.

Couched in the language of the factors, this matter presents a "compelling case" when: (1) the "extent of" Ms. Schiappacasse's "purposeful interjection into the forum state's affairs," if any exists at all, is slight at best; (2) the burden on Ms. Schiappacasse of "defending in the forum" of Oregon is substantial, (3) the "interest" of Oregon "in adjudicating the dispute," if any exists at all, approaches the vanishing point of zero, (4) the "most efficient judicial resolution of the controversy," is in the State of Texas, where the alleged conduct occurred, and (5) to the extent Plaintiff truly intends to pursue its claims, there is an available, "alternative forum," in the State of Texas, which can accommodate Plaintiff if it so chooses.[50]

### ii. The Second Claim for Relief Should Be Dismissed.

For the identical reasons in Section II C above (and those detailed in Section III below), this Court either (1) lacks personal jurisdiction over Ms. Schiappacasse in connection with the Second Claim for Relief, or (2) should decline to exercise personal jurisdiction as to do so would not "comport with fair play and substantial justice" in the context of the facts/circumstances of this Litigation.

Once again, Ms. Schiappacasse did not, as a factual matter, "register" anything with the Oregon Secretary of State: that was an act done by Ms. Free alone.[51]

---

[50] *See Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1490 (9th Cir. 1993) (the "plaintiff bears the burden of proving the unavailability of an alternative forum.").
[51] Schiappacasse Federal Decl., ¶ 5, Ex. 3

Page 14 – **DEFENDANT HEATHER SCHIAPPACASSE'S MOTION FOR SUMMARY JUDGMENT ON PERSONAL JURISDICTION AND SUPPORTING MEMORANDUM OF LAW**

**SLINDE NELSON**
425 NW 10th Avenue, Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

In the final analysis, Plaintiff has no evidence—and cannot not carry its burden—establishing that Ms. Schiappacasse "expressly aimed" any alleged "suit-related conduct" at the State of Oregon, requiring dismissal of the Second Claim for Relief.

### III.    Plaintiff's First and Second Claims for Relief Fail As A Matter Of Law In The Absence Of Any Cognizable Damages Attributable To Ms. Schiappacasse.

Related to the jurisdictional issues above, and notwithstanding whether material differences exist between Texas and Oregon law regarding the necessary elements to maintain <u>any</u> claim(s) for tortious interference under a choice of law analysis,[52] for purposes of this present motion only, <u>both</u> Texas[53] and Oregon[54] require proof of causation and resulting, cognizable damages.

---

[52] *Alterra America Insurance Company v. James W. Fowler Co.,* 347 F.Supp.3d 604, 610 (D.Or.2018) ("If there is no material difference, Oregon law applies."). In the interest of clarity, however, Ms. Schiappacasse does not concede that Oregon law applies to Plaintiff's claims and reserves all applicable arguments regarding the proper "choice of law" should this litigation continue.

[53] *Nursery Decals and More, Inc. v. Neat Print, Inc.,* 568 F.Supp.3d 681, 703-704 (N.D.Texas.2021) ("Texas law recognizes 'two types of tortious-interference claims: one based on interference with an existing contract and one based on interference with a prospective business relationship.' Both claims require a plaintiff to prove: (1) a willful and intentional act of interference with the contract or prospective business relationship, *(2) that proximately caused the plaintiff's injury, and (3) caused actual damages or loss.* **** In addition, tortious interference with an existing business relationship requires a finding that "the defendant's conduct resulted in 'some obligatory provision of a contract having been breached.*' *** While tortious interference with a prospective business relationship requires findings that 'there was a reasonable probability that the plaintiff would have entered into a business relationship with a third party ... [and] the defendant's conduct was independently tortious or unlawful.'") (Emphasis supplied; citations omitted); *WickFire, L.L.C. v. Laura Woodruff; TriMax Media, L.L.C.,* 989 F.3d 343, 354 (5thCir.2021) ("In *El Paso Healthcare System, Ltd. v. Murphy,* the Supreme Court of Texas stated the following: 'To prevail on a claim for tortious interference with an existing contract, [the plaintiff must] present evidence that [the defendant] induced [the plaintiff's co-contracting party] to 'breach the contract,' and thus interfered with [the plaintiff's] 'legal rights under the ... contract.' *This unequivocal language leaves little doubt that a breach must result from the defendant's conduct in order for the plaintiff to prevail*. To induce commonly connotes not merely attempts at interference, but actual interference. Accordingly, *without sufficient proof that the defendant's conduct resulted in 'some obligatory provision of a contract ha[ving] been breached,' the plaintiff's tortious interference claim is infirm as a matter of law*.") (Emphasis supplied)

[54] *Allen v. Hall,* 328 Or 276, 281, 974 P.2d 199 (1999) ("To prevail on a claim for tortious interference with economic relations, a plaintiff must prove '(1) the existence of a professional or business relationship (which could

**SLINDE NELSON**
425 NW 10th Avenue, Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

Therefore, related to the <u>absence</u> of the requisite jurisdictional contact(s) with the State of Oregon, Plaintiff cannot establish—*i.e.* in connection with the matters alleged in First or Second Claim for Relief—that <u>any</u> alleged acts/conduct, attributable to Ms. Schiappacasse, caused Plaintiff to suffer <u>any</u> cognizable "damage(s)" whatsoever.

Indeed, the absence of any cognizable damage(s) is no more apparent than in connection with the patently deficient Second Claim for Relief as detailed below.[55]

On that score, the putative "plaintiff" in this matter—Veritas Allies, LLC—was, as a factual matter, first organized by Vizzini with the Oregon Secretary of State on <u>June 19, 2020</u>.[56] In less than 14 months, that entity was administratively dissolved on August 19, 2021, and remained in that "dissolved" status at the time of the Conference in October of 2021.[57]

After the Conference, on October 8, 2021, Plaintiff alleges "Ms. Free moved forward with the plan and falsely reported to the Oregon Secretary of State that she was the President of Veritas Allies, LLC and filed an amended Articles of Organization."[58]

A review of the Complaint reveals this claim—insofar as it is directed against Ms. Schiappacasse—is based entirely on a purported "coordination" with Free.[59]  However, there are

---

include, e.g., a contract or a prospective economic advantage); (2) intentional interference with that relationship or advantage; (3) by a third party; (4) accomplished through improper means or for an improper purpose; (5) *__a causal effect between the interference and the harm to the relationship or prospective advantage; and (6) damages__*.'") (Emphasis supplied)

[55] *Bunnell v. Brown*, 2018 WL 3040893, *1, fn. 2 (D.Or.2018) ("***A trial court may *sua sponte* dismiss claims under Federal Rule of Civil Procedure 12(b)(6), even shortly before trial. See, e.g., *Omar v. Sea–Land Serv., Inc*., 813 F.2d 986, 991 (9th Cir. 1987)."); *Ryncarz v. Thomas*, 2013 WL 4431322, *10 (D.Or.2013) ("A trial court may properly dismiss a claim *sua sponte*, with or without notice to its proponent, 'where the claimant cannot possibly win relief.'")

[56] Pitt Decl., ¶3, Ex. 2, Pgs. 10-11 (Reflected from the Declaration of attorney Daniel Sharp, representing Free in the State Court Litigation, and part of the existing court record).

[57] Pitt Decl., ¶8, Ex. 7, Pg. 4 –Plaintiff's Response to Defendant Free's Request for Admissions, Set 1.

[58] Pl. Compl., ¶12. As Plaintiff well knows, this allegation is demonstrably false. As a factual matter, Ms. Free filed Articles of Organization for any entirely **new** company called "Veritas Allies, LLC" on October 12, 2021. *See* Pitt Decl., Ex. 2, Pgs. 12-13. This is clearly reflected on the Oregon Secretary of State website. Ms. Free was apparently successful in doing so because of Plaintiff's dissolved status at that time.

Page 16 – **DEFENDANT HEATHER SCHIAPPACASSE'S MOTION FOR SUMMARY JUDGMENT ON PERSONAL JURISDICTION AND SUPPORTING MEMORANDUM OF LAW**

**SLINDE NELSON**
425 NW 10th Avenue, Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

no allegations—or facts for that matter—that Ms. Schiappacasse did anything substantively in connection this novel theory/claim. The texts messages between Free and Ms. Schiappacasse show, without any doubt, that Free was solely responsible for registering the Veritas Allies, LLC name.[60] The idea and action all originated with Free alone.

This is likewise confirmed by the settlement and transfer of that "corporate name" in connection with the Dissolution Proceeding between Free and Vizzini, none of which included Ms. Schiappacasse because she had no control over that registration whatsoever.[61]

Specifically, in the Dissolution Proceeding, Vizzini and Free entered into Supplemental Judgment—regarding fees/costs Vizzini owed to Free—which included the following:

> 11. On October 12, 2021 Wife registered the business name of Veritas Allies, LLC with the Oregon Secretary of State as Registry No. 1879585-91.
> ****
>                          ORDER:
> ****
> 2. CHANGE OF REGSITRATION OF VERITAS ALLIES LLC. Husband is awarded the business name of Veritas Allies, LLC that is currently registered with the Oregon Secretary of State to Wife as Registry Number 1879585-91. Wife shall fully cooperate in the transfer of such business name to Husband.
>
> 3. HUSBAND TO DISMISS MULTNMLAH COUNTY CASE. Husband shall promptly cause the dismissal of the Multnomah County Case filed as Case No. 21CV47955, and such dismissal shall be **with prejudice** and has represented through legal counsel that he has authority on behalf of the members of the business he operates as 'Veritas Allies, LLC' to enter such dismissal with prejudice. Husband and Wife expressly each waive a claim to an award of

---

[59] Pl. Compl., ¶21. ("Defendant Free, *in coordination with Defendant Schiappacasse*, intentionally made a misrepresentation to the Oregon Secretary of State as procured the fraudulent registration to the name of Veritas Allies, LLC. Ms. Free procured the business registration *in coordination with Defendant Schiappacasse and at her instruction*. Upon information and belief, Ms. Free held herself out as the owner of Veritas.") (Emphasis supplied)
[60] Schiappacasse Federal Decl., ¶ 5, Ex. 3
[61] Pitt Decl., ¶9, Ex.8—Declaration of Grant Engrav in Response to Defendant Free Motion to Dismiss

Page 17 – **DEFENDANT HEATHER SCHIAPPACASSE'S MOTION FOR SUMMARY JUDGMENT ON PERSONAL JURISDICTION AND SUPPORTING MEMORANDUM OF LAW**

SLINDE NELSON
425 NW 10th Avenue, Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

attorney fees in the Multnomah County Case, based upon the terms of settlement expressed in this Supplemental Judgment."[62]

Again, Plaintiff cannot provide proof of any actual damage(s) attributable to Ms. Schiappacasse, regarding any of the alleged claims, including this one: <u>it is deficient to its core</u>.[63]

Moreover, aside from a lack of any damages from an alleged "tortious interference" with a "corporate name" listed on the Oregon Secretary of State website,[64] upon the dismissal of Free, with prejudice, from the State Court Litigation,[65] what remains, against Ms. Schiappacasse, is tantamount to a standalone claim for "civil conspiracy" which fails as a matter of law.[66]

Again, even were the Court to find personal jurisdiction exists in connection with the Second Claim for Relief—which it should not—it fails due to the absence of a cognizable theory of recovery against Ms. Schiappacasse.

/ / /

---

[62] Pitt Decl., ¶11, Ex.10—Supplemental Judgment Re: Attorney Fees, Costs and Disbursements.
[63] This is underscored on the face of the damages allegations themselves in the Second Claim for Relief, further highlighting the objectively deficient nature of this claim—jurisdictionally and otherwise—against Ms. Schiappacasse:
> "22.    As a result of Defendant's [sic] actions, Plaintiff Veritas was forced to redirect employees away from their revenue generating services and focus their efforts on remedying the damage created.
> 23.    Plaintiff alleges that Defendants' actions resulted in an amount to be proven at trial, but estimated to be no more than:
> > d) [sic] Damages in the amount of $200,000 in prospective contractual arrangements.
> > e) [sic] Damages in the amount of $100,000 for the loss of existing contracts or contracts that will fail to renew as expected.
> > f) [sic] Damages in the amount of $50,000 for the loss of labor, and expense incurred ***in responding to the actions of Defendant Free.***"

Pitt Decl., ¶2, Ex.1—Pl. Compl., ¶¶ 22-23 (Emphasis supplied)
[64] Nor is there any evidence that Free attempted to commence to conduct business under that corporate name, to Plaintiff's detriment—she did not—or that any third-parties other than Plaintiff, Free, or Ms. Schiappacasse knew (or cared) of this temporary registration, they did not.
[65] Pitt Decl., ¶12, Ex.11—Stipulated Limited Judgment of Dismissal
[66] Under Oregon law, "neither 'conspiracy' nor 'aid and assist' is a separate theory of recovery." *Granewich v. Harding*, 329 Or 47, 53, 985 P.2d 788 (1999), *citing Bonds v. Landers*, 279 Or 169, 175, 566 P.2d 513 (1977); *Schmitz v. Mars, Inc.,* 261 F.Supp.2d 1226, 1233 (D.Or.2003) ("Under Oregon law, conspiracy is not a tort and does not give rise to a separate theory of recovery of an independent cause of action.")

Page 18 – **DEFENDANT HEATHER SCHIAPPACASSE'S MOTION FOR SUMMARY JUDGMENT ON PERSONAL JURISDICTION AND SUPPORTING MEMORANDUM OF LAW**

**SLINDE NELSON**
425 NW 10th Avenue, Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

**Conclusion**

Respectfully, the Court should grant Ms. Schiappacasse's motions, dismiss Plaintiff's First and Second Claims for Relief, and put an end to this unfortunate, harassing litigation.

Dated: March 1, 2023.

SLINDE NELSON
By:  /s/ Keith A. Pitt
Philip Nelson, OSB No. 013650
phil@slindenelson.com
Keith A. Pitt, OSB No. 973725
keith@slindenelson.com
*Attorneys for Defendant Heather Schiappacasse*

SLINDE NELSON
425 NW 10th Avenue, Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

## <u>CERTIFICATION OF COMPLIANCE</u>

<u>Brief Length</u>

This brief complies with the applicable word-count limitation under LR 7-2(b), because it contains 6,168 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

Dated: March 1, 2023.

SLINDE NELSON
By:  /s/ Keith A. Pitt
Philip Nelson, OSB No. 013650
phil@slindenelson.com
Keith A. Pitt, OSB No. 973725
keith@slindenelson.com
*Attorneys for Defendant Heather*
*Schiappacasse*

**SLINDE NELSON**
425 NW 10th Avenue, Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANT HEATHER SCHIAPPACASSE'S MOTION FOR SUMMARY JUDGMENT ON PERSONAL JURISDICTION AND SUPPORTING MEMORANDUM OF LAW** on:

> Grant T. Engrav
> Engrav Law Office, LLP
> 1500 SW First Avenue, Suite 11700
> Portland, OR 97201

by the following indicated method(s):

☐ by **faxing** full, true, and correct copies thereof to said attorney to the fax number noted above, which is the last known fax number for said attorney, on the date set forth below.

☒ by **emailing** full, true, and correct copies thereof to said attorney to the email address noted above, which is the last known email address for said attorney, on the date set forth below.

☐ by notice of electronic filing using the CM/ECF system (LR 100.7(a)(2)).

☐ by causing full, true and correct copies thereof to be **mailed** to the attorney(s) at the attorney(s) last-known office address(es) listed above on the date set forth below.

DATED:  March 1, 2023.

> SLINDE NELSON
> By:  _/s/ Keith A. Pitt_
> Keith A. Pitt, OSB No. 973725
> keith@slindenelson.com
> *Attorneys for Defendant Heather Schiappacasse*

**SLINDE NELSON**
425 NW 10th Avenue, Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250