Philip Nelson, OSB No. 013650
phil@slindenelson.com
Keith A. Pitt, OSB No. 973725
keith@slindenelson.com
SLINDE NELSON
425 NW 10th Avenue Suite 200
Portland, OR 97209
Telephone: (503) 417-7777
    *Of Attorneys for Defendant Heather Schiappacasse*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| VERITAS ALLIES LLC, an Oregon Limited Liability Company,<br><br>                    Plaintiffs,<br><br>    v.<br><br>CYNTHIA FREE, an individual, and HEATHER SCHIAPPACASSE, an individual,<br><br>                    Defendants. | Case No.: 3:22-cv-00903-YY<br><br>**DECLARATION OF KEITH A. PITT IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>ORAL ARGUMENT REQUESTED |

I, Keith A. Pitt, do hereby state as follows:

1.    I am one of the attorneys for Defendant Heather Schiappacasse. I make this Declaration on personal knowledge (or on information and belief where otherwise indicated) and am competent to testify to the matters herein. Further, I make this Declaration in support of Defendant's Motion for Summary Judgment.

2.    Attached as Exhibit 1 is a true and correct copy of the December 16, 2021 Complaint filed in Multnomah County Circuit Court.

Page 1 – **DECLARATION OF KEITH A. PITT IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

3.      Attached as Exhibit 2 is a true and correct copy of the June 28, 2022 Defendant Heather Schiappacasse's Answer and Affirmative Defenses.

4.      Attached as Exhibit 3 is a true and correct copy of the February 15, 2022 Declaration of Heather Schiappacasse in support of Defendant Heather Schiappacasse's Motion to Dismiss.

5.      Attached as Exhibit 4 is a true and correct copy of the March 3, 2022 Declaration of Daniel Sharp in support of Defendant Cynthia Free's ORCP 21 Motion to Dismiss and for Attorney Fees.

6.      Attached as Exhibit 5 is a true and correct copy of the March 7, 2022 Declaration of David Vizzini in Response to Defendant Schiappacasse's Motion to Dismiss.

7.      Attached as Exhibit 6 is a true and correct copy of the March 7, 2022 Declaration of Shane Barnes in Response to Defendant Schiappacasse's Motion to Dismiss.

8.      Attached as Exhibit 7 is a true and correct copy of the March 15, 2022 Plaintiff's Response to Defendant Cynthia Free's Request for Admissions to Plaintiff, Set One.

9.      Attached as Exhibit 8 is a true and correct copy of the April 4, 2022 Declaration of Grant Engrav in Response to Defendant Free's Motion to Dismiss.

10.      Attached as Exhibit 9 is a true and correct copy of the October 11, 2021 Declaration of Lucinda R. Giorgetti in Support of Petitioner's Statement for Attorney Fees, Costs and Disbursements filed in the Clackamas County Circuit Court Case Number 19DR20072.

11.      Attached as Exhibit 10 is a true and correct copy of the May 24, 2022 Supplemental Judgment Re: Attorney Fees, Costs and Disbursements filed in the Clackamas County Circuit Court Case Number 19DR20072.

Page 2 – **DECLARATION OF KEITH A. PITT IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

12.    Attached as Exhibit 11 is a true and correct copy of the June 21, 2022 Stipulated Limited Judgment of Dismissal filed in Multnomah County Circuit Court Case Number 21CV47955.

**I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.**

DATED: March 1, 2023.

SLINDE NELSON
By: _/s/ Keith A. Pitt_____
Philip Nelson, OSB No. 013650
phil@slindenelson.com
Keith A. Pitt, OSB No. 973725
keith@slindenelson.com
*Attorneys for Defendant Heather Schiappacasse*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DECLARATION OF KEITH A. PITT IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** on:

> Grant T. Engrav
> Engrav Law Office, LLP
> 1500 SW First Avenue, Suite 11700
> Portland, OR 97201

by the following indicated method(s):

☐    by **faxing** full, true, and correct copies thereof to said attorney to the fax number noted above, which is the last known fax number for said attorney, on the date set forth below.

☒    by **emailing** full, true, and correct copies thereof to said attorney to the email address noted above, which is the last known email address for said attorney, on the date set forth below.

☐    by notice of electronic filing using the CM/ECF system (LR 100.7(a)(2)).

☐    by causing full, true and correct copies thereof to be **mailed** to the attorney(s) at the attorney(s) last-known office address(es) listed above on the date set forth below.

DATED:  March 1, 2023.

> SLINDE NELSON
> By: _ /s/ Keith A. Pitt_
> Keith A. Pitt, OSB No. 973725
> keith@slindenelson.com
> *Attorneys for Defendant Heather Schiappacasse*

**SLINDE NELSON**
425 NW 10th Avenue, Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

12/17/2021 9:40 AM
21CV47955

1

2

3

4                 IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                     FOR THE COUNTY OF MULTNOMAH

6                                              )    Case No.
    VERITAS ALLIES LLC, an Oregon             )
7   Limited Liability Company,                )    COMPLAINT (Intentional Interference
                                              )    with Economic Relations, Defamation)
8                          Plaintiff,         )
                                              )    Fee Authority: ORS 21.160(1)(c)
9            v.                               )
                                              )    CLAIM NOT SUBJECT TO
10  CYNTHIA FREE; an individual; and          )    MANDATORY ARBITRATION
    HEATHER SCHIAPPACASSE                     )
11  ─────────────────────────────────────)   Prayer: $350,000
                                              )
12                         Defendants.        )
                                              )
13                                            )
                                              )
14

15          Plaintiff Veritas Allies LLC (hereinafter, "Veritas Allies" or "Plaintiff") alleges:

16                                         1.

17          Plaintiff at all material times was an Oregon entity performing business in Multnomah

18  County.

19                                         2.

20          Ms. Cynthia Free ("Ms. Free"), is an individual, who resides in Portland, Oregon and has

21  significant ties to Multnomah County.

22                                         3.

23

Page 1 – COMPLAINT

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

**EXHIBIT 1**
**Page 1 of 7**

1    Heather Schiappacasse ("Ms. Schiappacasse"), is an individual, who, upon information and

2    belief travelled to Portland, Oregon to coordinate with Ms. Free and perform certain allegations

3    detailed in this Complaint.

4                                              4.

5    Starting on October 2nd, 2021, representatives of Veritas Allies attended the Self Insurance

6    Institute of America conference ("the Conference") in Austin Texas. The Conference was attended

7    by major companies and high-level executives in the health care industry.

8                                              5.

9    In addition to others, the following Veritas Allies representatives attended the conference:

10   David Vizzini, CEO and Shane Barnes, General Counsel.

11                                             6.

12   The conference was also attended by Ms. Schiappacasse, who is the managing partner of

13   HC Consulting LLC, and the Vice President of Sales at Payermatrix. Throughout the conference,

14   Ms. Schiappacasse continually tracked and harassed the representatives of Veritas Allies,

15   particularly David Vizzini.

16                                             7.

17   On October 2nd, 2021, attendees of the conference gathered at the Marriott Hotel bar,

18   located in the main lobby of the hotel. David Vizzini, Shane Barnes, and Heather Schiappacasse

19   were in attendance at the bar.

20                                             8.

21   At the bar, Ms. Schiappacasse appeared to be considerably intoxicated. Ms. Schiappacasse

22   approached Mr. Barnes and, among several outlandish statements, informed Mr. Barnes that she

23

Page 2 – COMPLAINT

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

**EXHIBIT 1**
**Page 2 of 7**

1    was going to embarrass Mr. Vizzini, who was having a conversation with several individuals that

2    represented potential business opportunities for Veritas Allies.

3                                              9.

4         After making the statements to Mr. Barnes, Ms. Schiappacasse proceeded to interrupt the

5    group by assaulting Mr. Vizzini and made advances towards Mr. Vizzini.  Mr. Vizzini did his best

6    to calm Ms. Schiappacasse and exited the bar.  Ms. Schiappacasse then returned to Mr. Barnes and

7    informed him among other things that she would ruin Mr. Vizzini and his business.

8                                             10.

9         After the Conference, Ms. Schiappacasse followed through on her threat to make efforts to

10   ruin Veritas Allies. Specifically, Ms. Schiappacasse communicated false, negative facts about

11   Veritas and its CEO, Mr. Vizzini, to potential clients and colleagues in the industry. The false

12   statements involved Mr. Vizzini's sexual orientation, that he had allegedly embezzled hundreds of

13   thousands of dollars from his own company, and that Veritas had committed unethical acts as a

14   corporation. Upon information and belief, Ms. Schiappacasse made additional false statements

15   about Veritas and its representatives to current clients of Veritas Allies, as well as potential clients,

16   and to other key players in the self-insured industry.

17                                            11.

18        In the days following the conference, Ms. Schiappacasse continued to search for ways to

19   deliver on her threat and ultimately made contact with Mr. Vizzini's ex-wife, Ms. Cynithia Free.

20   Ms. Schiappacasse coordinated with Ms. Free on ways to damage Veritas Allies, LLC. Ultimately,

21   the two agreed that Ms. Free would attempt to harm Veritas Allies by appropriating the Veritas

22   Allies' Oregon Secretary of State business registration.

23                                            12.

Page 3 – COMPLAINT

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

**EXHIBIT 1**
**Page 3 of 7**

1    On October 8th, 2021, Ms. Free moved forward with the plan and falsely reported to the

2    Oregon Secretary of State that she was the President of Veritas Allies, LLC, and filed an amended

3    Articles of Organization.

4                                            13.

5    Upon information and belief, Ms. Free has informed members in the industry of material,

6    factually incorrect statements about Veritas Allies and Mr. Vizzini.

7

8    **First Claim for Relief against Defendant Schiappacasse**
     **Intentional Interference with Economic Relations or Prospective Economic Relations**

9

10    Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1

11    through 13 as if set out fully herein.

12                                            14.

13    Plaintiff's representatives attended the Conference for the purpose of making a positive

14    impression on potential clients who attended the conference. Plaintiff's networking and business

15    development efforts were intentionally thwarted by Defendant Schiappacasse's actions at the

16    conference.

17                                            15.

18    There is no reasonable business purpose for Ms. Schiappacasse's actions at the conference,

19    nor the actions taken thereafter. Ms. Schiappacasse's actions of assault and making false

20    statements about Veritas's representatives demonstrated that Defendant Schiappacasse acted with

21    an improper motive and that her intention was to interfere and sabotage Plaintiff Veritas Allies.

22    As a result of Defendant Schiappacasse's actions, and upon information and belief, Plaintiff

23

Page 4 – COMPLAINT

**ENGRAV LAW OFFICE, LLP**
1500 SW First Avenue, Suite 1170
Portland, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

**EXHIBIT 1**
**Page 4 of 7**

1  Veritas' business relationships, prospective economic relationships, existing contracts, and

2  potential contracts were lost or harmed.

3                                                    16.

4          Defendant Schiappacasse made false communications of fact to members of the health

5  insurance industry about Veritas Allies, and its CEO, David Vizzini.

6                                                    17.

7          As a result of Defendant Schiappacasse's actions, Plaintiff Veritas was forced to redirect

8  employees away from their revenue generating services and focus their efforts on remedying the

9  damage created by Ms. Schiappacasse's actions.

10                                                   18.

11         Plaintiff alleges that Defendant Schiappacasse's actions resulted in an amount to be proven

12  at trial, but estimated to be no more than:

13         a)  Damages in the amount of $200,000 in prospective contractual arrangements.

14         b)  Damages in the amount of $100,000 for the loss of existing contracts or contracts that

15             will fail to renew as expected.

16         c)  Damages in the amount of $50,000 for loss of labor, and expenses incurred in

17             responding to the interference.

18

19                              **Second Claim for Relief –**
    **(Intentional Interference with Economic Relations Against Cynthia Free and Heather**
20                                **Schiappacasse)**

21

22                                                   19.

23

Page 5 – COMPLAINT

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

**EXHIBIT 1**
**Page 5 of 7**

1       Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1

2   through 18 as if set out fully herein.

3                         20.

4       Plaintiff's principal place of business is the State of Oregon, where it has filed its public

5   business registration to do business as a Limited Liability Company.

6                         21.

7       Defendant Free, in coordination with Defendant Schiappacasse, intentionally made a

8   misrepresentation to the Oregon Secretary of State and procured a fraudulent registration in the

9   name of Veritas Allies, LLC. Ms. Free procured the business registration in coordination with

10  Defendant Schiappacasse and at her instruction.  Upon information and belief, Ms. Free held

11  herself out as the owner of Veritas.

12                        22.

13      As a result of Defendant's actions, Plaintiff Veritas was forced to redirect employees away

14  from their revenue generating services and focus their efforts on remedying the damage created.

15                        23.

16      Plaintiff alleges that Defendants' actions resulted in an amount to be proven at trial, but

17  estimated to be no more than:

18      d)  Damages in the amount of $200,000 in prospective contractual arrangements.

19      e)  Damages in the amount of $100,000 for the loss of existing contracts or contracts that

20          will fail to renew as expected.

21      f)  Damages in the amount of $50,000 for loss of labor, and expenses incurred in

22          responding to the actions of Defendant Free.

23

Page 6 – COMPLAINT

**ENGRAV LAW OFFICE, LLP**
1500 SW First Avenue, Suite 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

**EXHIBIT 1**
**Page 6 of 7**

**PRAYER**

1

2        WHEREFORE, Plaintiff prays for relief from Defendant as follows:

3        (a)        On the FIRST CLAIM FOR RELIEF:  Judgment against Defendant Schiappacasse

4    for damages arising from intentional interference with economic relations or prospective economic

5    relations at termination in the amount of $350,000 or such other amount as may be established by

6    discovery and proved at trial; costs; disbursements; pre-judgment interest at the statutory rate from

7    October 1, 2021; post-judgment interest at the statutory rate from the date judgment is entered.

8        (c)        On the SECOND CLAIM FOR RELIEF: Judgment against Defendants for

9    defamation damages in the amount of $350,000; costs; disbursements; reasonable attorney fees;

10    pre-judgment interest at the statutory rate from October 1, 2021; post-judgment interest at the

11    statutory rate from the date judgment is entered.

12        (d)        Such other relief as the court deems just and proper.

13    Dated this 16th day of December, 2021.

14                                    ENGRAV LAW OFFICE, LLP

15                                    By: /s/ Grant T. Engrav
16                                         Grant T. Engrav, OSB No. 133517
                                         Of Attorneys for Plaintiff
17

18                                    Trial Attorney: Grant T. Engrav
                                    OSB No. 133517
19

20

21

22

23

Page 7 – COMPLAINT

**ENGRAV LAW OFFICE, LLP**
1500 SW First Avenue, Suite 1170
Portland, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

**EXHIBIT 1**
**Page 7 of 7**

Philip Nelson, OSB No. 013650
phil@slindenelson.com
Keith A. Pitt, OSB No. 973725
keith@slindenelson.com
Theodore E. James III, OSB No. 213748
ted@slindenelson.com
SLINDE NELSON
425 NW 10th Avenue Suite 200
Portland, OR 97209
Telephone: (503) 417-7777
*Of Attorneys for Defendant Heather Schiappacasse*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| VERITAS ALLIES LLC, an Oregon Limited Liability Company, | Case No.: 3:22-cv-00903-YY |
| Plaintiffs, | **DEFENDANT HEATHER SCHIAPPACASSE'S ANSWER AND AFFIRMATIVE DEFENSES** |
| v. | |
| CYNTHIA FREE, an individual, and HEATHER SCHIAPPACASSE, an individual, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Defendant Heather Schiappacasse ("Ms. Schiappacasse" or "Defendant") responds to the allegations of Plaintiff Veritas Allies LLC's ("Plaintiff") Complaint as follows:

1.    Ms. Schiappacasse admits ¶ 1 of Plaintiff's Complaint to the extent that at all material times Veritas Allies LLC was an administratively dissolved Oregon limited liability company. Ms. Schiappacasse lacks information sufficient to admit or deny whether such entity was, in fact, "performing business," where it performed business, or what sort of business it performed; therefore, Ms. Schiappacasse denies all remaining allegations and characterizations of ¶ 1 of Plaintiff's Complaint.

**EXHIBIT 2**
**Page 1 of 6**

2.      As ¶ 2 of Plaintiff's Complaint is directed solely against Ms. Cynthia Free ("Ms. Free"), who Plaintiff has voluntarily dismissed from this case by the entry of a Stipulated Limited Judgment of Dismissal in the original action that Plaintiff filed in Multnomah County Circuit Court (the "State Court Action"), this allegation does not require a response from Ms. Schiappacasse.  To the extent a response is required, Ms. Schiappacasse denies ¶ 2 of Plaintiff's Complaint as framed and characterized.

3.      Ms. Schiappacasse denies ¶ 3 of Plaintiff's Complaint.

4.      Ms. Schiappacasse admits ¶ 4 of Plaintiff's Complaint to the extent that David Vizzini and Shane Barnes were present in Austin, Texas where the Self Insurance Institute of America conference (the "Conference") occurred in October of 2021.  In all other respects, Ms. Schiappacasse denies ¶ 4 of Plaintiff's Complaint as framed and characterized.

5.      Ms. Schiappacasse admits ¶ 5 of Plaintiff's Complaint to the extent that David Vizzini and Shane Barnes were present in Austin, Texas where the Conference occurred in October of 2021.  In all other respects, Ms. Schiappacasse denies ¶ 5 of Plaintiff's Complaint as framed and characterized.

6.      Ms. Schiappacasse admits ¶ 6 of Plaintiff's Complaint to the extent she attended the Conference.  In all other respects, Ms. Schiappacasse denies ¶ 6 of Plaintiff's Complaint as framed and characterized.

7.      Ms. Schiappacasse denies ¶ 7 of Plaintiff's Complaint as framed and characterized.

8.      Ms. Schiappacasse denies ¶ 8 of Plaintiff's Complaint.

9.      Ms. Schiappacasse denies ¶ 9 of Plaintiff's Complaint.

10.      Ms. Schiappacasse denies ¶ 10 of Plaintiff's Complaint.

11.      Ms. Schiappacasse denies ¶ 11 of Plaintiff's Complaint.

12.      As ¶ 12 of Plaintiff's Complaint is directed solely against Ms. Free, these allegations do not require a response from Ms. Schiappacasse.  To the extent a response is required, Ms. Schiappacasse denies ¶ 12 of Plaintiff's Complaint as framed and characterized.

EXHIBIT 2
Page 2 of 6

13.    As ¶ 13 of Plaintiff's Complaint is directed solely against Ms. Free, these allegations do not require a response from Ms. Schiappacasse.  To the extent a response is required, Ms. Schiappacasse denies ¶ 13 of Plaintiff's Complaint.

## First Claim for Relief Against Defendant Schiappacasse

## Intentional Interference with Economic Relations or Prospective Economic Relations

In response to the un-numbered "incorporation by reference" ¶ of Plaintiff's Complaint, Ms. Schiappacasse re-alleges all preceding paragraphs as set forth above.

14.    Ms. Schiappacasse denies ¶ 14 of Plaintiff's Complaint.

15.    Ms. Schiappacasse denies ¶ 15 of Plaintiff's Complaint.

16.    Ms. Schiappacasse denies ¶ 16 of Plaintiff's Complaint.

17.    Ms. Schiappacasse denies ¶ 17 of Plaintiff's Complaint.

18.    Ms. Schiappacasse denies ¶ 18 of Plaintiff's Complaint.

## Second Claim for Relief

## Intentional Interference with Economic Relations Against Cynthia Free and Heather Schiappacasse

19.    In response to ¶ 19 of Plaintiff's Complaint. Ms. Schiappacasse re-alleges all preceding paragraphs as set forth above.

20.    Ms. Schiappacasse admits ¶ 20 of Plaintiff's Complaint to the extent that at all material times Plaintiff was an administratively dissolved Oregon limited liability company. In all other respects, Ms. Schiappacasse denies ¶ 20 of Plaintiff's Complaint as framed and characterized.

21.    Ms. Schiappacasse denies ¶ 21 of Plaintiff's Complaint.

22.    Ms. Schiappacasse denies ¶ 22 of Plaintiff's Complaint.

23.    Ms. Schiappacasse denies ¶ 23 of Plaintiff's Complaint.

/ / /

/ / /

/ / /

**EXHIBIT 2**
**Page 3 of 6**

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Lack of Personal Jurisdiction)

24.    At all times herein, Ms. Schiappacasse is and was a resident of the State of Texas. Accordingly, this Court lacks personal jurisdiction over Ms. Schiappacasse—*i.e.,* who does not have the requisite minimum contacts with the State of Oregon—regarding the matters alleged against her in Plaintiff's Complaint, requiring the dismissal of Plaintiff's Complaint.

### Second Affirmative Defense

### (Failure to State a Claim)

25. All or part of Plaintiff's Complaint fails to state a claim for which relief can be granted.

### Third Affirmative Defense

### (Privilege)

26. All or part of Plaintiff's Complaint is barred because Ms. Schiappacasse's communications, if any, were privileged and protected under applicable law.

### Fourth Affirmative Defense

### (Justification)

27. All or part of Plaintiff's Complaint is barred by the doctrine of justification.

### Fifth Affirmative Defense

### (Failure to Mitigate)

28. All or part of Plaintiff's Complaint is barred by Plaintiff's failure to mitigate its alleged damages.

### Sixth Affirmative Defense

### (Waiver/Estoppel)

29. All or part of Plaintiff's Complaint is barred by the doctrines of waiver and/or estoppel.

/ / /

/ / /

/ / /

**EXHIBIT 2**
**Page 4 of 6**

**Seventh Affirmative Defense**

**(Comparative Fault/Fault of Others)**

30. All or part of Plaintiff's Complaint and alleged damages are the direct and proximate result of Plaintiff's own conduct and/or the conduct of others.

**PRAYER FOR RELIEF**

**WHEREFORE**, Defendant respectfully requests that the Court enter a judgment in her favor as follow:

A.    Dismissing Plaintiff's Complaint due to a lack of personal jurisdiction over Defendant, and awarding Defendant her reasonable costs and disbursements herein;

B.    In the alternative, dismissing Plaintiff's Complaint, with prejudice, and awarding Defendant her reasonable costs and disbursements herein; and

C.    Such other and further relief as the Court may deem just and proper under the circumstances.

**Defendant hereby demands a jury trial on any matters to which such right applies.**

DATED: June 28, 2022.

SLINDE NELSON
By:   _/s/ Phil J. Nelson_____
Philip Nelson, OSB No. 013650
phil@slindenelson.com
Keith A. Pitt, OSB No. 973725
keith@slindenelson.com
Theodore E. James III, OSB No. 213748
ted@slindenelson.com
*Attorneys for Defendant Heather Schiappacasse*

**EXHIBIT 2**
**Page 5 of 6**

### CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANT HEATHER**

**SCHIAPPACASSE'S ANSWER AND AFFIRMATIVE DEFENSES** on:

Grant T. ENgrav

Engrav Law Office, LLP

1500 SW First Avenue, Suite 11700

Portland, OR 97201

by the following indicated method(s):

☐    by **faxing** full, true, and correct copies thereof to said attorney to the fax number noted above, which is the last known fax number for said attorney, on the date set forth below.

☒    by **emailing** full, true, and correct copies thereof to said attorney to the email address noted above, which is the last known email address for said attorney, on the date set forth below.

☐    by notice of electronic filing using the CM/ECF system (LR 100.7(a)(2)).

☐    by causing full, true and correct copies thereof to be **mailed** to the attorney(s) at the attorney(s) last-known office address(es) listed above on the date set forth below.

DATED:  June 28, 2022.

SLINDE NELSON
By:  _/s/ Phil J. Nelson_
Philip Nelson, OSB No. 013650
phil@slindenelson.com
Keith A. Pitt, OSB No. 973725
keith@slindenelson.com
Theodore E. James III, OSB No. 213748
ted@slindenelson.com
*Attorneys for Defendant Heather Schiappacasse*

Page 1 –   CERTIFICATE OF SERVICE

**SLINDE NELSON**
425 NW 10th Ave, Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

**EXHIBIT 2**
**Page 6 of 6**

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| VERITAS ALLIES LLC, an Oregon Limited Liability Company,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>CYNTHIA FREE, an individual, and HEATHER SCHIAPPACASSE, an individual,<br><br>　　　　　　Defendants. | Case No. 21CV47955<br><br>DECLARATION OF HEATHER SCHIAPPACASSE IN SUPPORT OF DEFENDANT HEATHER SCHIAPACASSSE'S MOTION TO DISMISS |

I, Heather Schiappacasse, under penalty of perjury, state as follows:

    1.    I make this Declaration based on facts known to me. I am over the age of 18 and competent to testify herein. This declaration is submitted in support of Defendant Heather Schiappacasse's Motion to Dismiss in the above-captioned matter.

    2.    I am a resident of Texas. I was served with this complaint in Texas. I conduct no business in Oregon. I own no property in Oregon. I never coordinated with Cynthia Free to register a business entity in Oregon.

    3.    The last time I was physically in Oregon was seven years ago. In 2015 I was in Oregon for reasons completely unrelated to Veritas Allies LLC, David Vizzini, or any of the actions described in the Complaint.

    4.    David Vizzini and I formerly had a romantic relationship that is now terminated.

///

///

///

Page 1 – **DECLARATION OF HEATHER SCHIAPPACASSE IN SUPPORT OF DEFENDANT HEATHER SCHIAPACASSSE'S MOTION TO DISMISS**

**SLINDE NELSON**
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

**EXHIBIT 3**
**Page 1 of 3**

1   **I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF**

2   **MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE**

3   **AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.**

4

5          DATED February 15, 2022.

6

7                                          By: _____

8                                          Heather Schiappacasse

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 2 – **DECLARATION OF HEATHER SCHIAPPACASSE**
**IN SUPPORT OF DEFENDANT HEATHER**
**SCHIAPACASSSE'S MOTION TO DISMISS**

SLINDE NELSON
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

**EXHIBIT 3**
**Page 2 of 3**



1

**CERTIFICATE OF SERVICE**

2

3   I hereby certify that I served the attached **DECLARATION OF HEATHER SCHIAPPASSE**
    **IN SUPPORT OF DEFENDANT HEATHER SCHIAPACASSSE'S MOTION TO DISMISS**
4   on the following person(s) on the date indicated below:

5       Grant T. Engrav                        Peter S. Hicks
        Engrav Law Office, LLP                 Daniel S. Sharp
6       1500 SW First Avenue, Suite 11700      Jordan Ramis PC
        Portland, OR 97201                     Two Centerpointe Drive
7       grantengrav@engravlawoffice.com        6th Floor
                                               Lake Oswego, OR 97035
8       *Attorney for Plaintiff Veritas Allies LLC*   peter.hicks@jordanramis.com
                                               daniel.sharp@jordanramis.com
9
                                               *Attorneys for Defendant Cynthia Free*
10

11  by the following indicated method(s):

12  ☐   by notice of electronic filing using the Odyssey E-File and Serve System (UTCR 21.010).

13  ☐   by **faxing** full, true, and correct copies thereof to said attorney to the fax number noted
        above, which is the last-known fax number for said attorney, on the date set forth below.
14

15  ☒   by **emailing** full, true, and correct copies thereof to said attorney to the email address noted
        above, which is the last known email address for said attorney, on the date below.

16  ☒   by causing full, true and correct copies thereof to be **mailed** to the attorney(s) at the
        attorney(s) last-known office address(es) listed above on the date below.
17

18  DATED: February 15, 2022.

19                              SLINDE NELSON

20

21                              By: */s/ Theodore E. James III*
                                Seth R. Tangman, OSB No. 211456
22                              moe@slindenelson.com
                                Theodore E. James III, OSB No. 213748
23                              ted@slindenelson.com

24

25

26

Page 3 – **DECLARATION OF HEATHER SCHIAPPACASSE**        **SLINDE NELSON**
**IN SUPPORT OF DEFENDANT HEATHER**                         111 SW 5th Avenue, Suite 1940
**SCHIAPACASSSE'S MOTION TO DISMISS**                       Portland, Oregon 97209
                                                            p. 503.417.7777; f. 503.417.4250

**EXHIBIT 3**
**Page 3 of 3**

1

2

3

4              IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                   FOR THE COUNTY OF MULTNOMAH

6    VERITAS ALLIES LLC, an Oregon limited        Case No. 21CV47955
     liability company,
7                                                 **DECLARATION OF DANIEL SHARP**
                                                  **IN SUPPORT OF DEFENDANT**
8              Plaintiff,                          **CYNTHIA FREE'S ORCP 21 MOTION**
                                                  **TO DISMISS AND FOR ATTORNEY**
9         v.                                      **FEES.**

10   CYNTHIA FREE, an individual, and
     HEATHER SCHIAPPACASSE, an individual,
11
12             Defendants.

13

14        I, Daniel S. Sharp, hereby declare and state as follows:

15        1.    I am the declarant and make all of the statements herein of my personal

16   knowledge, except as to those matters stated on information and belief, and as to those matters,

17   believe them to be true, and if called as a witness, could and would testify competently thereto.

18        2.    I am an attorney at Jordan Ramis PC representing Defendant CYNTHIA FREE in

19   the above captioned case.  I make this declaration in support of Defendant's Motion to Dismiss

20   and for Attorney Fees.

21        3.    Attached as **Exhibit 1** are true and correct copies of the Articles of Organization

22   for "Veritas Allies, LLC." (Registry No. 1685608-95) and an Information Change as obtained

23   from the Oregon Secretary of State's website indicating that David Vizzini was a member

24   manager  and CEO of that company.

25        4.    Attached as **Exhibit 2** is a true and correct copy of the Oregon Secretary of

26   State's website pertaining to the status of "Veritas Allies, LLC." (Registry No. 1685608-95) as

Page 1 –  DECLARATION OF DANIEL SHARP IN
          SUPPORT OF DEFENDANT CYNTHIA FREE'S
          ORCP 21 MOTION TO DISMISS AND FOR
          ATTORNEY FEES.

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
55863-79885 4881-8656-6159.1

**EXHIBIT 4**
**Page 1 of 20**

1  of February 18, 2022.  Per Exhibit 2, ***Veritas Allies, LLC.***" (Registry No. 1685608-95) ***was***

2  ***administratively dissolved on August 19, 2021***.

3          5.        Attached as **Exhibit 3** are true and correct copies of the Articles of Organization

4  for "Veritas Allies, LLC" (Registry No. 187958591)[1] the entity named as the Plaintiff in this

5  matter as obtained from the Oregon Secretary of State's website.   The Articles were filed on

6  October 12, 2021.  There is no information indicating that Mr. Vizzini is at all or ever was

7  affiliated with the company or conducted any business using this company at any time prior to

8  the Articles of Organization being filed.

9          6.        On February 10, 2022, I sent a letter to Plaintiff's counsel, Grant Engrav,

10  detailing numerous errors, defects and inaccuracies contained within the Complaint.  My letter

11  requested that Plaintiff's counsel withdraw or least amend the Complaint and concluded with a

12  request that he provide his availability to meet and confer if he was not willing to take the

13  reasonable action of amending the Complaint.  Attached as **Exhibit 4** to this Complaint is a true

14  and correct copy of my February 10, 2022 letter to Plaintiff's counsel.

15          7.        I spoke with Mr. Engrav on February 24, 2022 in an effort to meet and confer and

16  reiterated Defendant's positions as set forth in my February 10, 2022 correspondence.  I further

17  noted that counsel for the other Defendant in this matter, Heather Schiappacasse, had also taken

18  issue with the errors, defects and inaccuracies contained within the Complaint and had already

19  filed a Rule 21 Motion.  I asked why Plaintiff would not simply amend the Complaint to address

20  at least some of the more glaring errors, such as the reference to a defamation cause of action

21  (which Mr. Engrave indicated had been abandoned) to avoid wasting the parties' and Court's

22  time.  He responded that he could and might do that after a hearing on co-Defendant Heather

23

24  ───────────────

25  [1]  For clarification, the name of the dissolved company for which Mr. Vizzini was the CEO/Manager contained
    punctuation in the form of a period (".") at the end of the company name or "Veritas Allies, LLC**.**" (**emphasis added**).

26  The company formed approximately two months after that administrative dissolution, "Veritas Allies, LLC" contains
    no punctuation at the end of the company's name.

Page 2 –   DECLARATION OF DANIEL SHARP IN                    JORDAN RAMIS PC
           SUPPORT OF DEFENDANT CYNTHIA FREE'S                   Attorneys at Law
           ORCP 21 MOTION TO DISMISS AND FOR              Two Centerpointe Dr., 6th Floor
           ATTORNEY FEES.                                      Lake Oswego, Oregon 97035
                                                    Telephone: (503) 598-7070 Fax: (503) 598-7373
                                                              55863-79885 4881-8656-6159.1

**EXHIBIT 4**
**Page 2 of 20**

1    Schiappacasse's motion.  No actual explanation for the refusal to amend was provided.  *During*

2    *this call, I also emphasized to Mr. Engrav, that the allegations of the Complaint in its current*

3    *form were misleading, if not actually deceitful*.  In response to an inaccurate and sarcastic

4    summary of Defendant's position by Mr. Engrav – that Defendant "was going to file a motion

5    because he didn't put a period at the end of the name of the Plaintiff company" – *I noted that*

6    *because Plaintiff failed to accurately state the names of the two separate companies, and*

7    *specify that there are actually two distinct entities associated with Mr. Vizzini and Ms. Free,*

8    *one of which  is dissolved, the Court could be misled at a later hearing on the motion*, which

9    raises Oregon Rule of Professional Conduct 3.3(a)(1) issues.  Rather than address this valid

10    concern and simply agree to amend the complaint to remove the defamation cause of action,

11    include allegations that specified two different companies were actually formed and simply put

12    the correct name for his client on the caption, Mr. Engrav would not agree. (*See* **Exhibit 5**

13    consisting of a true and correct copy of Mr. Engrav's February 25, 2022 email to me) Instead, he

14    attempted to inquire into attorney-client privileged communications between myself and my

15    client and shift the conversation towards Defendant's Free's actions which were not germane to

16    the meet and conferral process and defects in the Complaint.  My assumption is that he did this

17    because his decision not to amend and avoid unnecessary expense to all parties is not justifiable.

18        8.    I can think of no objectively reasonable basis or reason why Plaintiff and

19    Plaintiff's counsel would proceed with the Complaint in its current erroneous and disingenuous

20    form, when given the simple and more economical option to amend.  The rational and

21    unfortunate explanation is that it was presented for an improper purpose such as to harass, cause

22    unnecessary delay or needlessly increase the cost of this litigation.

23    ///

24    ///

25    ///

26    ///

Page 3 –   DECLARATION OF DANIEL SHARP IN
           SUPPORT OF DEFENDANT CYNTHIA FREE'S
           ORCP 21 MOTION TO DISMISS AND FOR
           ATTORNEY FEES.

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
55863-79885 4881-8656-6159.1

**EXHIBIT 4**
**Page 3 of 20**

1    **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF OREGON THAT THE FOREGOING IS TRUE AND CORRECT TO THE**

2    **BEST OF MY KNOWLEDGE.**

3        DATED this 3rd day of March, 2022.

4

5

6        By:        */s/ Daniel S. Sharp*

7                Daniel S. Sharp, OSB #161559
                daniel.sharp@jordanramis.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 4 –    DECLARATION OF DANIEL SHARP IN
            SUPPORT OF DEFENDANT CYNTHIA FREE'S
            ORCP 21 MOTION TO DISMISS AND FOR
            ATTORNEY FEES.

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
55863-79885 4881-8656-6159.1

**EXHIBIT 4**
**Page 4 of 20**

# ARTICLES OF ORGANIZATION

Corporation Division
www.filinginoregon.com

**E-FILED**
Jun 19, 2020
**OREGON SECRETARY OF STATE**

---

**REGISTRY NUMBER**
> 168560895

**TYPE**
> DOMESTIC LIMITED LIABILITY COMPANY

**1. ENTITY NAME**
> VERITAS ALLIES, LLC.

**2. MAILING ADDRESS**
> 19030 SW JOHNSON STREET
> ALOHA OR 97003 USA

**3. PRINCIPAL PLACE OF BUSINESS**
> 19030 SW JOHNSON STREET
> ALOHA OR 97003 USA

**4. NAME & ADDRESS OF REGISTERED AGENT**
> SHERRY ALTES
>
> 19030 SW JOHNSON STREET
> ALOHA OR 97003 USA

**5. ORGANIZERS**
> SHERRY ALTES
>
> 19030 SW JOHNSON STREET
> ALOHA OR 97003 USA

**6. INDIVIDUALS WITH DIRECT KNOWLEDGE**
> SHERRY ALTES
>
> 19030 SW JOHNSON STREET
> ALOHA OR 97003 USA

**7. INITIAL MEMBERS/MANAGERS**
> **MANAGER**
> SHERRY ALTES
>
> 19030
> ALOHA OR 97003 USA

**8. DURATION**
> PERPETUAL

**EXHIBIT 4**
**Page 5 of 20**

Corporation Division
www.filinginoregon.com

**OREGON SECRETARY OF STATE**

---

**9. MANAGEMENT**

This Limited Liability Company will be manager-managed by one or more managers

**10. OPTIONAL PROVISIONS**

The company elects to indemnify its members, managers, employees, agents for liability and related expenses under ORS 63.160 to 63.170.

I declare, under penalty of perjury, that this document does not fraudulently conceal, fraudulently obscure, fraudulently alter or otherwise misrepresent the identity of the person or any officers, managers, members or agents of the limited liability company on behalf of which the person signs. This filing has been examined by me and is, to the best of my knowledge and belief, true, correct, and complete. Making false statements in this document is against the law and may be penalized by fines, imprisonment, or both.

By typing my name in the electronic signature field, I am agreeing to conduct business electronically with the State of Oregon. I understand that transactions and/or signatures in records may not be denied legal effect solely because they are conducted, executed, or prepared in electronic form and that if a law requires a record or signature to be in writing, an electronic record or signature satisfies that requirement.

**ELECTRONIC SIGNATURE**

**NAME**

SHERRY ALTES

**TITLE**

MANAGER

**DATE SIGNED**

06-19-2020

**EXHIBIT 4**
**Page 6 of 20**



FILED
FEBRUARY 2 2021
OREGON SECRETARY OF

# Corporation/Limited Liability Company - Information Change

In accordance with Oregon Revised Statute 192.410-192.490, the information on this application is public record. We must release this information to all parties upon request and it will be posted on our website.

**Documents are processed within 5-7 business days. If the filing is rejected, you will receive an email.**

**Registry Number**
168560895

**Entity type**
Domestic

**Business Type**
Limited Liability Company

**Name of Limited Liability Company**
Veritas Allies, LLC.

## Information Update

**Business Activity**
Yes

**Business activity**
Holding Company for various cost containment organizations in the self-insured healthcare industry.

---

**Principal Place of Business Address**
Yes

**Principal Place of Business (street address)**
2175 NW Raleigh Street, Suite 110, Portland, Oregon 97210

---

**Registered Agent or their address**
Yes

**EXHIBIT 4**
**Page 7 of 20**

**The Registered Agent has been changed to:**
David Vizzini

**Registered Agent's publicly available address**
8708 NW Terraceview CT, Portland, Oregon 97229

**The new Registered Agent has consented to this appointment.**
Yes

**The street address of the new registered office and the business address of the registered agent are identical. The entity has been notified in writing of this change.**
Yes

---

**Mailing Address where we send notices**
Yes

**Address where we can send mail notices:**
2175 NW Raleigh Street, Suite 110, Portland, Oregon 97210

---

**Members or Managers**
Yes

# Name(s) and address(es) of LLC Members/Managers

**Is this a Member or Manager?**
Member

| **Name of Member/Manager** | **Address** |
|---|---|
| David Charles Vizzini | 8708 NW Terraceview CT, Portland, Oregon 97229 |

**Is this a Member or Manager?**
Manager

| **Name of Member/Manager** | **Address** |
|---|---|
| David Charles Vizzini | 8708 NW Terraceview CT, Portland, Oregon 97229 |

**Do you have additional member/manager names and addresses to add? Please list whether the addition is a member/manager in the title field.**
No

EXECUTION: I declare as an authorized signer, under penalty of perjury, that this document does not fraudulently conceal, obscure, alter, or otherwise misrepresent the identity of any person including officers, directors, employees, members, managers or agents. This filing has been examined by me and is, to the best of my knowledge and belief, true, correct and complete. Making false statements in this document is

**EXHIBIT 4**
**Page 8 of 20**

against the law and may be penalized by fines, imprisonment, or both.

**Signature**                                    **Name**
                                                 CEO David Vizzini

---

**Contact name (to resolve questions with this filing)**
David Vizzini

**Phone of person to contact to resolve questions with this filing.**
(971) 563-1733

**EXHIBIT 4**
**Page 9 of 20**

# Business Registry Business Name Search

## Business Entity Data

New Search

02-18-2022
17:45

| Registry Nbr | Entity Type | Entity Status | Jurisdiction | Registry Date | Next Renewal Date | Renewal Due? |
|---|---|---|---|---|---|---|
| 1685608-95 | DLLC | INA | OREGON | 06-19-2020 | | |
| **Entity Name** | VERITAS ALLIES, LLC. | | | | | |
| **Foreign Name** | | | | | | |

## Associated Names

New Search

| Type | PPB | PRINCIPAL PLACE OF BUSINESS | | |
|---|---|---|---|---|
| **Addr 1** | 2175 NW RALEIGH STREET, SUITE 110 | | | |
| **Addr 2** | | | | |
| **CSZ** | PORTLAND | OR | 97201 | **Country** UNITED STATES OF AMERICA |

*Please click here for general information about registered agents and service of process.*

| Type | AGT | REGISTERED AGENT | **Start Date** | 02-02-2021 | **Resign Date** | |
|---|---|---|---|---|---|---|
| **Name** | DAVID | | VIZZINI | | | |
| **Addr 1** | 8708 NW TERRACEVIEW CT | | | | | |
| **Addr 2** | | | | | | |
| **CSZ** | PORTLAND | OR | 97229 | **Country** UNITED STATES OF AMERICA | | |

| Type | MAL | MAILING ADDRESS | | |
|---|---|---|---|---|
| **Addr 1** | 2175 NW RALEIGH STREET, SUITE 110 | | | |
| **Addr 2** | | | | |
| **CSZ** | PORTLAND | OR | 97210 | **Country** UNITED STATES OF AMERICA |

| Type | MEM | MEMBER | | | **Resign Date** | |
|---|---|---|---|---|---|---|
| **Name** | DAVID | | CHARLES | VIZZINI | | |
| **Addr 1** | 8708 NW TERRACEVIEW CT, PORTLAND | | | | | |
| **Addr 2** | | | | | | |
| **CSZ** | PORTLAND | OR | 97229 | **Country** UNITED STATES OF AMERICA | | |

| Type | MGR | MANAGER | | | **Resign Date** | |
|---|---|---|---|---|---|---|
| **Name** | DAVID | | CHARLES | VIZZINI | | |
| **Addr 1** | 8708 NW TERRACEVIEW CT, PORTLAND | | | | | |
| **Addr 2** | | | | | | |
| **CSZ** | PORTLAND | OR | 97229 | **Country** UNITED STATES OF AMERICA | | |

## Name History

New Search

**EXHIBIT 4**
**Page 10 of 20**

2/18/22, 5:45 PM                              Business Registry Business Name Search

| Business Entity Name | Name Type | Name Status | Start Date | End Date |
|---|---|---|---|---|
| VERITAS ALLIES, LLC. | EN | CUR | 06-19-2020 | |

Please read before ordering Copies.

New Search                          Summary History

| Image Available | Action | Transaction Date | Effective Date | Status | Name/Agent Change | Dissolved By |
|---|---|---|---|---|---|---|
| | ADMINISTRATIVE DISSOLUTION | 08-19-2021 | | SYS | | |
| | AMNDMT TO ANNUAL RPT/INFO STATEMENT | 02-02-2021 | | FI | Agent | |
| | ARTICLES OF ORGANIZATION | 06-19-2020 | | FI | Agent | |

© 2022  Oregon Secretary of State.  All Rights Reserved.

**EXHIBIT 4**
**Page 11 of 20**

# ARTICLES OF ORGANIZATION



Corporation Division
www.filinginoregon.com

**E-FILED**
Oct 12, 2021
**OREGON SECRETARY OF STATE**

**REGISTRY NUMBER**
187958591

**TYPE**
DOMESTIC LIMITED LIABILITY COMPANY

**1. ENTITY NAME**
VERITAS ALLIES, LLC

**2. MAILING ADDRESS**
4949 S MACADAM AVE
PORTLAND OR 97239 USA

**3. PRINCIPAL PLACE OF BUSINESS**
4949 S MACADAM AVE
PORTLAND OR 97239 USA

**4. NAME & ADDRESS OF REGISTERED AGENT**
CYNTHIA GAIL FREE

4949 S MACADAM AVE
PORTLAND OR 97239 USA

**5. ORGANIZERS**
ANA BRADY

4949 S MACADAM AVE
PORTLAND OR 97239 USA

**6. INDIVIDUALS WITH DIRECT KNOWLEDGE**
ANA BRADY

4949 S MACADAM AVE
PORTLAND OR 97239 USA

ANA BRADY

4949 S MACADAM AVE
PORTLAND OR 97239 USA

**7. DURATION**
PERPETUAL

**EXHIBIT 4**
**Page 12 of 20**

Corporation Division
www.filinginoregon.com

**OREGON SECRETARY OF STATE**

---

**8. MANAGEMENT**

This Limited Liability Company will be manager-managed by one or more managers

I declare, under penalty of perjury, that this document does not fraudulently conceal, fraudulently obscure, fraudulently alter or otherwise misrepresent the identity of the person or any officers, managers, members or agents of the limited liability company on behalf of which the person signs. This filing has been examined by me and is, to the best of my knowledge and belief, true, correct, and complete. Making false statements in this document is against the law and may be penalized by fines, imprisonment, or both.

By typing my name in the electronic signature field, I am agreeing to conduct business electronically with the State of Oregon. I understand that transactions and/or signatures in records may not be denied legal effect solely because they are conducted, executed, or prepared in electronic form and that if a law requires a record or signature to be in writing, an electronic record or signature satisfies that requirement.

**ELECTRONIC SIGNATURE**

**NAME**

CYNTHIA G FREE

**TITLE**

PRESIDENT

**DATE SIGNED**

10-08-2021

**EXHIBIT 4**
**Page 13 of 20**



Daniel S. Sharp
daniel.sharp@jordanramis.com
Direct Dial: (503) 598-6016

Two Centerpointe Dr., 6th Floor
Lake Oswego, OR 97035
T (503) 598-7070
F (503) 598-7373

February 10, 2022

VIA EMAIL AND U.S. MAIL

Grant T. Engrav
Engrav Law Office, LLP
1500 SW First Ave, Suite 1170
Portland, OR 97201
E-Mail: grant@engravlawoffice.com

        Re:    ***Veritas Allies LLC v. Schiappacasse et al***
                  Multnomah County Circuit Court
                  Case No. 21CV47955

Dear Mr. Engrav:

As you are aware, my office represents defendant Cynthia Free in the above referenced action. This correspondence is meant to facilitate meaningful conferral pursuant to UTCR 5.010 concerning Defendant's intended ORCP 21 Motions. The Complaint filed by Plaintiff on December 17, 2021 is the proper subject of Rule 21 Motions based upon the following.

**I.**        **The Named Plaintiff is Not the Real Party in Interest**

ORCP 21 provides for a motion to dismiss when the party asserting the claim is not the real party in interest. ORCP 21 (A)(1)(f). The real party in interest is the person who has the right to pursue the remedy being sought and "the party who is to be benefited or injured by the judgment in the case." *Feehely v. Rogers*, 159 OR 372, 376 (1938); see also *Pulkrabek v. Bankers' Mortg. Corp*, 115 Or 378, 384-385 (1925).

In this matter, "Veritas Allies, LLC" is the named plaintiff (improperly). Per the Oregon Secretary of State website, that company (Registry No. 1879585-91) was formed on October 12, 2021 and is separate and distinct from "Veritas Allies, LLC." (Registry No. 1685609-95[1]) the now dissolved company associated with Mr. Vizzini. It appears you have either erroneously filed suit on behalf of the wrong plaintiff or intentionally filed suit without authority or consent on behalf of an entity with which you have no attorney-client relationship.

---

[1] 1685609-95 is the same registry number referenced for your client in your November 9, 2021 letter to Kristin Eaton. Any assertion that the "." at the end of the company's ("Veritas Allies, LLC.") name was erroneous, unintentional or an oversight is belied by the company's amendment to its annual report and/info statement in February of 2021 when the "Veritas Allies, LLC." name was restated.

55863-79885 4862-5793-4860.1

**EXHIBIT 4**
**Page 14 of 20**



Grant T. Engrav
February 10, 2022
Page 2

**II.     Plaintiff Lacks the Legal Capacity to Sue**

Assuming you intended to or did file on behalf of "Veritas Allies, LLC.", it has no capacity to file suit as an administratively dissolved limited liability company.

ORCP 21 provides for dismissal when the plaintiff lacks the legal capacity to sue.  ORCP 21 A(1)(d). An administratively dissolved company may not carry on any activities except those activities that are necessary or appropriate to wind up and liquidate the company's business and affairs. ORS 63.651(3). The lawsuit at issue has no relation to the winding up and liquidation of "Veritas Allies, LLC.'s" business and affairs.

**III.     Plaintiff Lacks Standing**

The named plaintiff "Veritas Allies, LLC" lacks standing to bring the suit at issue.

Standing refers to the requirement that the litigant actually be injured by the complained-of action. Oregon Civil Pleading and Litigation, Chapter 7, Individual Parties and Representative Capacity, §7.1-2(c) (2020 ed.).  Standing "is a legal term that identifies whether a party to a legal proceeding possesses a status or qualification necessary for the assertion, enforcement, or adjudication of legal rights or duties." *Kellas v. Dep't of Corr.*, 341 Or. 471, 476–77 (2006).

Given that "Veritas Allies, LLC" was a company formed by Cynthia Free approximately two months after the company associated with Mr. Vizzini was administratively dissolved, it has suffered no actual injury as alleged in the complaint.

**IV.     The Complaint Fails to State Ultimate Facts Sufficient to Constitute a Claim**

The complaint, which references causes of action for defamation and intentional interference with economic relations, fails to state ultimate facts sufficient to constitute a claim. ORCP 21 provides for dismissal for "failure to state ultimate facts sufficient to constitute a claim."  ORCP 21 (A)(1)(i).

**A.     Failure to State Ultimate Facts re Defamation.**

To establish a claim for defamation, a plaintiff must show: "(1) The defendant communicated a fact about the plaintiff; (2) What the defendant communicated was false and defamatory; (3) The defendant published the communication to a third person; (4) The third person reasonably understood both that the communication was about the plaintiff and had a defamatory meaning; and (5) The defendant's communication damaged the plaintiff"."  Uniform Civil Jury Instruction No. 53A.04; see also *Wallulis v. Dymowski*, 323 Or 337, 342-343 (1996); see also Restatement (Second) of Torts § 558 (1977).

The complaint at issue references defamation as a cause of action in the caption, but necessary ultimate facts concerning (or any actual cause of action) for defamation are missing.  While many of the alleged statements made by Defendant Schiappacasse appear to pertain specifically to Mr. Vizzini, who is not a plaintiff, there are no facts pleaded as to any damages to "Veritas Allies, LLC." caused by Ms. Schiappacasse's alleged statements.  Further, the complaint fails to plead any ultimate facts concerning

**EXHIBIT 4**
**Page 15 of 20**



Grant T. Engrav
February 10, 2022
Page 3

any false or defamatory statement made by Defendant Cynthia Free to any third party, nor any damages.

**B.      Failure to State Ultimate Facts re Intentional Interference with Economic Relations.**

To establish a claim for intentional interference with economic relations, the plaintiff must prove six elements: (1) The existence of a professional or business relationship; (2) Intentional interference with that relationship; (3) By a third party; (4) Accomplished through improper means or for an improper purpose; (5) A causal effect between the interference and damage to the economic relationship; and (6) Damages. *Mannex Corp. v. Bruns*, 250 Or. App. 50, 53 (2012).

The second claim alleged as to Ms. Free contains no alleged ultimate facts showing how the registration of any company by Free interfered with or caused any damage to any alleged relationship (including prospective) belonging to the plaintiff, notwithstanding that the complaint named the wrong entity as plaintiff.

**V.      Notice of Intent to Seek Reasonable Attorney Fees and Possible Sanctions.**

Were the complaint to be properly and truthfully pleaded for the court to adjudicate, the complaint would correctly allege "Veritas Allies, LLC." as the plaintiff, identify that company as administratively dissolved since August of 2021 and disclose that Defendant Free only registered a company with a different name "Veritas Allies, LLC" approximately two months after Mr. Vizzinni allowed his company to be dissolved. Had that been the case, it would be clear that the properly named plaintiff "Veritas Allies, LLC." was at both fault for its own failure to register/reinstate and failed to mitigate any damages by simply reinstating.

Additionally, while the complaint contains vague allegations of a civil conspiracy, apparently in an effort to establish joint and several liability, were it truthfully pleaded, the key element[2] of an unlawful act on the part of Free would not be established.  The only allegations of any unlawful act concerning Defendant Free are alleged "false statements" to the Oregon Secretary of State concerning "Veritas Allies, LLC."  If the complaint accurately and truthfully stated the names of the entities registered by Mr. Vizzini and Ms. Free, it would be clear to the Court that Mr. Vizzini allowed his company to be dissolved and Ms. Free created a company with a different name almost two months later.

Simply put, the claims lack merit or articulable support and should be dismissed.  At a minimum, even if you do not believe dismissal is appropriate, amending the complaint is necessary to address the defects identified above. The allegations in the complaint are erroneous, if not intentionally misleading, and as you and Mr. Vizzini know, are not supported by evidence.

It is obvious that the complaint was initiated by Mr. Vizzini for the improper purpose of using a civil proceeding to harass Ms. Free while the parties are in the midst of contentious divorce proceedings.  If Ms. Free is required to file Motions to address the issues raised, she intends to seek attorney fees and

---

[2] A claim for civil conspiracy requires that the plaintiff establish (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof.  *Osborne v. Fadden, 225* Or. App. 431, 437 (2009).

55863-79885 4862-5793-4860.1

**EXHIBIT 4**
**Page 16 of 20**



Grant T. Engrav
February 10, 2022
Page 4

possibly sanctions under ORCP 17.[3]

Accordingly, please confirm in writing by February 16, 2022 that the complaint will be dismissed with prejudice or at a minimum, withdrawn and re-pleaded accurately and truthfully. Absent your agreement, Defendant will move to dismiss and seek Rule 17 sanctions against you. In the event you refuse to voluntarily dismiss or amend, please provide your ability to discuss the contents of this letter immediately for meet and conferral purposes.

Thank you for your anticipated cooperation.

Sincerely,

JORDAN RAMIS PC

Daniel S. Sharp

cc:      client (email)

---

[3] ORCP 17 provides that an attorney who signs a pleading makes certain certifications regarding the filing, including that the filing is not presented for an improper purpose, the positions taken are nonfrivolous and that the factual assertions are supported by evidence. ORCP 17 C. The court may impose sanctions against a person or party who is found to have made a false certification under ORCP 17 C. ORCP 17 D(1).

55863-79885 4862-5793-4860.1

**EXHIBIT 4**
**Page 17 of 20**

**Daniel S. Sharp**

| | |
|---|---|
| **From:** | Grant Engrav <grantengrav@engravlawoffice.com> |
| **Sent:** | Friday, February 25, 2022 10:46 AM |
| **To:** | Daniel S. Sharp; Lydia J. Paterson |
| **Cc:** | Peter S.  Hicks; Lisa Klonoski; Tasi Poore |
| **Subject:** | RE: Veritas Allies LLC v. Schiappacasse et al, Multnomah County Circuit Court Case No. 21CV47955 |

Dan,

Thanks for the conversation yesterday.  I am writing to confirm two aspects of our conversation.  First, as discussed the inclusion of the defamation reference in the caption is a typo, and at this time Plaintiff is not asserting a defamation claim.  Plaintiff will happily remove it from the caption at the conclusion of the rule 21 process, but it doesn't make sense to do it now, when potential other amendments to the complaint are at issue and could potentially be ordered from the Court.

Second, In regard to our discussion on the IIER, I asked for information about what your client's explanation is for why it registered the Veritas Allies business name with the secretary of state.  I understand from your answer you had not communicated with your client prior to the call, therefore, had no answer for me.  It's a pretty straightforward question, if you would like to speak with your client and let me know if she has any explanation other than clearly to interfere and harm Mr. Vizzini's operations, please let me know.

Thanks,
Grant

**From:** Daniel S. Sharp <dss@jordanramis.com>
**Sent:** Tuesday, February 15, 2022 1:24 PM
**To:** Grant Engrav <grantengrav@engravlawoffice.com>; Lydia J. Paterson <Lydia.Paterson@jordanramis.com>
**Cc:** Peter S. Hicks <peter.hicks@jordanramis.com>; Lisa Klonoski <Lisa.Klonoski@jordanramis.com>; Tasi Poore <frontdesk@engravlawoffice.com>
**Subject:** RE: Veritas Allies LLC v. Schiappacasse et al, Multnomah County Circuit Court Case No. 21CV47955

Grant, thanks for the heads up re my line.

Please propose dates/times for your availability next week.

Thanks,

Dan

**Daniel S. Sharp  |**  Attorney
Direct: (503) 598-5593

jordanramis.com  |  (888) 598-7070
Portland Metro  |  Bend  |  Vancouver WA

**JORDAN ☖ RAMIS**

**PLEASE NOTE:** All offices of Jordan Ramis are working remotely. Our professionals continue to remain fully available by telephone

1

**EXHIBIT 4**
**Page 18 of 20**

and email.

**DISCLAIMER:** This e-mail is for the sole use of the intended recipient(s). It contains information that is confidential and/or legally privileged. If you believe that it has been sent to you in error, please notify the sender by reply e-mail and delete the message. Any disclosure, copying, distribution or use of this information by someone other than the intended recipient is prohibited.

**From:** Grant Engrav <grantengrav@engravlawoffice.com>
**Sent:** Tuesday, February 15, 2022 12:31 PM
**To:** Lydia J. Paterson <Lydia.Paterson@jordanramis.com>
**Cc:** Peter S. Hicks <peter.hicks@jordanramis.com>; Daniel S. Sharp <dss@jordanramis.com>; Lisa Klonoski <Lisa.Klonoski@jordanramis.com>; Tasi Poore <frontdesk@engravlawoffice.com>
**Subject:** RE: Veritas Allies LLC v. Schiappacasse et al, Multnomah County Circuit Court Case No. 21CV47955

Mr. Sharp,

Just left you a voicemail (it appears your direct line on your letterhead isn't working as an fyi).  I'm currently on a lunch break from a hearing with ASP, but am happy to schedule a conferral next week.  The time that just appeared on my calendar will not work.

Thanks,
Grant

**From:** Lydia J. Paterson <Lydia.Paterson@jordanramis.com>
**Sent:** Thursday, February 10, 2022 4:37 PM
**To:** Grant Engrav <grantengrav@engravlawoffice.com>
**Cc:** Peter S. Hicks <peter.hicks@jordanramis.com>; Daniel S. Sharp <dss@jordanramis.com>; Lisa Klonoski <Lisa.Klonoski@jordanramis.com>
**Subject:** Veritas Allies LLC v. Schiappacasse et al, Multnomah County Circuit Court Case No. 21CV47955

Good afternoon,

Attached please find correspondence from Daniel Sharp as well as Defendant Cynthia Free's Request for Admissions to Plaintiff – Set One; and Defendant Cynthia Free's Request for Production – Set One in the above-referenced case. We are also mailing these to you today via first-class mail.

**JORDAN ⏶ RAMIS**

**Lydia J. Paterson** | Legal Assistant
Direct: (360) 567-4841

jordanramis.com | (888) 598-7070
Portland Metro | Bend | Vancouver WA

**PLEASE NOTE:** All offices of Jordan Ramis are working remotely. Our professionals continue to remain fully available by telephone and email.

**DISCLAIMER:** This e-mail is for the sole use of the intended recipient(s). It contains information that is confidential and/or legally privileged. If you believe that it has been sent to you in error, please notify the sender by reply e-mail and delete the message. Any disclosure, copying, distribution or use of this information by someone other than the intended recipient is prohibited.

**EXHIBIT 4**
**Page 19 of 20**

1    **CERTIFICATE OF SERVICE**

2         I hereby certify that on the date shown below, I served a true and correct copy of the

3    foregoing DECLARATION OF DANIEL SHARP IN SUPPORT OF DEFENDANT CYNTHIA

4    FREE'S ORCP 21 MOTION TO DISMISS AND FOR ATTORNEY FEES. on:

5

6    Grant T. Engrav
    Engrav Law Office, LLP
7    1500 SW First Ave, Suite 1170
    Portland, OR 97201
    E-Mail: grant@engravlawoffice.com
8        Of Attorneys for Plaintiff

9

10    ☐    by first class mail, postage prepaid.

11    ☐    by overnight mail.

12    ☐    by hand delivery.

13    ☐    by facsimile transmission.

14    ☐    by facsimile transmission and first class mail, postage prepaid.

15    ☐    by electronic transmission.

16    ☒    by electronic transmission and first class mail, postage prepaid.

17        DATED:  March 3, 2022.

18

19                  */s/Daniel S. Sharp*
                    Daniel S. Sharp, OSB #161559
20                        daniel.sharp@jordanramis.com
                    Attorneys for Defendant Cynthia Free

21

22

23

24

25

26

Page 1 –  CERTIFICATE OF SERVICE

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070 Fax: (503) 598-7373
55863-79885 4881-8656-6159.1

**EXHIBIT 4**
**Page 20 of 20**

1

2

3

4           IN THE CIRCUIT COURT OF THE STATE OF OREGON

5               FOR THE COUNTY OF MULTNOMAH

6                                          )   Case No.      21CV47955
     VERITAS ALLIES LLC, an Oregon         )
7    Limited Liability Company,            )   DECLARATION OF DAVID VIZZINI IN
                                           )   RESPONSE TO DEFENDANT
8                         Plaintiff,       )   SHIAPPACASSE'S MOTION TO
                                           )   DISMISS
9             v.                           )
                                           )
10   CYNTHIA FREE; an individual; and      )
     HEATHER SCHIAPPACASSE                 )
11   ━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━)
                                           )
12                        Defendants.      )
                                           )
13                                         )
                                           )
14

15           I, David Vizzini, declare the following to be true based on my personal knowledge
     under penalty of perjury.
16

17           1.   I am, and at all times relevant to the allegations in the underlying lawsuit, have been

18                the CEO of Veritas Allies LLC.

19           2.   Attached as Exhibit 1, are messages sent by Defendant Heather Schiappacasse to Jean

20                Gordon.   At all relevant times, Ms. Gordon was a resident of Oregon, residing in

21                Oregon.  On or around October 2021, Ms. Gordon informed me that Ms. Schiappacasse

22                had reached out to her, and tried to solicit her involvement with a plan to harm Veritas

23

Page 1 – DECLARATION OF VIZZINI

EXHIBIT 5
Page 1 of 7

1    Allies LLC and myself.  I learned of the actual taking over of the Secretary of State

2    registration from Ms. Gordon.

3        a.  On page 1 of Exhibit 1, Ms. Schiappacasse says, "Cindy and I are collaborating

4            on how to how to take the veritas name national." Defendant Cynthia Free

5            (Cindy) is my former spouse.  At all relevant times Ms. Cindy Free, to the best

6            of my knowledge, has been a resident of Oregon, residing in Oregon.

7        b.  On page 2 of Exhibit 1, Ms. Schiappacasse discusses her potential investment

8            in Veritas Allies LLC.

9        c.  On page 2 of Exhibit 1, Ms. Schiappacasse is discussing her conversations with

10            allegations Ms. Cindy Free made against Veritas Allies LLC.

11        d.  On Page 3 of Exhibit 1, Ms. Schiappacasse says, "I'll deal with David when I

12            see him in Vegas and through business."

13        e.  On page 4, of Exhibit 1, Ms. Schiappacasse discusses the numerous individuals

14            she has been in contact with on Linkedin and phone calls she "received."

15    3.  On or around 2020, a subsidiary of Veritas Allies, doing business in Oregon, entered

16        into a marketing agreement with Ms. Schiappacasse relating to marketing service for

17        Ms. Schiappacasse's entity to perform for Veritas and its subsidiary, procuring sales

18        which would execute in Oregon.  (General description).

19    4.  Over the previous two years, Ms. Schiappacasse has been a part of several Microsoft

20        Teams calls with myself, and the various members and employees of Vertias Allies

21        LLC.

22

23

Page 2 – DECLARATION OF VIZZINI

EXHIBIT 5
Page 2 of 7

1        5.  On around August to September of 2021, Ms. Schiappacasse requested the financial

2            statements for Veritas Allies LLC.  My understanding was that she made the request to

3            evaluate potential investment from herself or her business partners.

4

5        **I DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY**
        **KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS**

6        **EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.**

7

8                            By:

9                                  David Vizzini
                                  3/14/2022

10                                    (Date)

11

12

13

14

15

16

17

18

19

20

21

22

23

Page 3 – DECLARATION OF VIZZINI

**EXHIBIT 5**
**Page 3 of 7**

Exhibit 1



He's crazy

Cindy and I are collaborating on how to take the veritas name National

And maybe start a website to warn women  about men like this

**EXHIBIT 5**
**Page 4 of 7**

David told me they have one month of payroll available & he was thinking of letting Sherry & Dave Cardwell go because he wasn't taking a pay cut

Cindy has evidence of David moving $400k over the last two years from the business account to his personal accounts

**Exhibit 1**

+1 (313) 614-9018

Then i piqued his interest when i said we "might invest" then he came back

I'm spiraling a bit... i don't know why.
Things like this typically don't bother me like this.

EXHIBIT 5
Page 5 of 7

I have to step back from all of this.

It's consuming my life and i dont want that... 4 weeks ago i was really happy and falling in love with a person i was super close friends with

It's effecting my work and peace of mind.

I'll deal with David when i see him in Vegas and through business

**Exhibit 1**

He's going to gaslight you.

Everything he says is a lie

He needs someone to fund the new house in a year

You have my text messages. All written by him, from your bed – that's really all you

**EXHIBIT 5**
**Page 6 of 7**

**Exhibit 1**

+1 (313) 614-9018

I can't tell you how many calls I've gotten from people and how many people hit me up on LinkedIn over this.

He really has screwed with SO many people

Plus in KC when David was walking away from me to catch his flight, he said "i love you, call you when i get back" in front of everyone

 I'm sorry. I really am.

Im a builder and a nurturer... i connect on every level

I'm embarrassed too- EVERYONE saw this play out at conferences.
My friends, colleagues – he met my partners and my boss

Ughh –

**EXHIBIT 5**
**Page 7 of 7**

DocuSign Envelope ID: 8894E86D-D86F-414E-ACD0-3543FF2B2531

3/7/2022

3/14/2022 5:17 PM
21CV47955

1

2

3

4                IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                      FOR THE COUNTY OF MULTNOMAH

6                                              )    Case No.  21CV47955
      VERITAS ALLIES LLC, an Oregon           )
7     Limited Liability Company,              )
                                              )    DECLARATION OF SHANE BARNES
8                         Plaintiff,          )    IN RESPONSE TO DEFENDANT
                                              )    SHIAPPACASSE'S MOTION TO
9             v.                              )    DISMISS
                                              )
10    CYNTHIA FREE; an individual; and        )
      HEATHER SCHIAPPACASSE                   )
11    _____        )
                                              )
12                        Defendants.         )
                                              )
13                                            )
                                              )
14

15    I, Shane Barnes, declare the following to be true based on my personal knowledge
      under penalty of perjury.
16
          1.  At all times relevant to the allegations in the underlying complaint, I have been employed
17
              as general counsel to Veritas Allies, LLC.  ("Veritas").
18
          2.  Prior to the Self-Insurance Institute of America ("SIIA") conference, which was held in
19
              Austin, Texas in October of 2021, Ms. Schiappacasse and other members of her company
20
              held an online meeting with me and several members of our staff, to discuss various
21
              business opportunities and meetings that Ms, Schiappacasse was helping to arrange.
22

23

Page 1

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

**EXHIBIT 6**
**Page 1 of 2**

DocuSign Envelope ID: 8894E86D-D86F-414E-ACD0-3543FF2B2531

1     3.  One of the reasons that I and several of my coworkers travelled to Texas in October of

2           2021, was to meet with the potential clients that Ms. Schiappacasse was introducing us to.

3     4.  At the SIIA conference in October 2021, Ms. Schiappacasse cancelled the meetings that

4           she had arranged for Veritas.

5     5.  Ms. Schiappacasse informed me that she intended to destroy Veritas and its CEO, David

6           Vizzini.

7     6.  I was approached by one of our largest clients at the SIIA conference who informed me

8           that Ms. Schiappacasse had attempted to get her to cancel her business with Veritas.

9     7.  On or about October of 2021, I learned that the Veritas Registration had been appropriated.

10    8.  Since that date, I have attempted to reinstate our business registration, and have

11          communicated with the Oregon Secretary of State.  I have been informed that because Ms.

12          Cynthia Free registered the Veritas Allies, LLC name, at this time, there is nothing that

13          Veritas can do to reclaim our registration.

14

15

16

17   **I DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY**
**KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS**
18   **EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.**

19

20

21                          DocuSigned by:

22          By:     *Shane Barnes*
                    Shane Barnes
                    3/14/2022
23                    _____(Date)

Page 2

**ENGRAV LAW OFFICE, LLP**
1500 SW First Avenue, Suite 1170
Portland, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

**EXHIBIT 6**
**Page 2 of 2**

3/15/2022 8:06 PM
21CV47955

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | | |
|---|---|---|
| VERITAS ALLIES LLC, an Oregon limited liability company, | ) ) ) | Case No. 21CV47955 |
| Plaintiff, | ) ) | PLAINTIFF'S RESPONSE TO DEFENDANT CYNTHIA FREE'S REQUEST FOR ADMISSIONS TO |
| v. | ) ) | PLAINTIFF, SET ONE 1 |
| CYNTHIA FREE, an individual, and HEATHER SCHIAPPACASSE, an individual, | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## OBJECTIONS

Pursuant to ORCP 36 and 45, Plaintiff Veritas Allies LLC ("Veritas") responds to

Defendant Cynthia Free's ("Free") First Set of Requests for Admissions as follows:

## GENERAL OBJECTIONS

Plaintiff Veritas Allies LLC incorporates the following general objections into each of the

responses to Defendant's requests:

1. By responding to this Request for Admission, Plaintiff does not waive and

expressly reserves all defenses and objections.

2. Plaintiff's response is made to the best of its knowledge, information, and belief.

Plaintiff's response is at all times subject to additional discovery or investigation that

EXHIBIT 7
Page 1 of 8

further discovery or investigation may disclose and is subject to refreshing or recollection and such additional knowledge of facts, as may result from further discovery or investigation.

3.      Plaintiff Veritas Allies LLC objects to Defendant's definitions, instructions, and requests to the extent they exceed the scope of permissible discovery under the Oregon Rules of Civil Procedure. Plaintiff will not respond in any manner beyond what is required pursuant to the Oregon Rules of Civil Procedure.

4.      Plaintiff Veritas Allies LLC objects to Defendant's requests to the extent they seek documents or information that are derived from or call for information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Further, Plaintiff objects to the extent any request may be interpreted to seek expert discovery. Any answer to any request, or a part thereof, is not intended to be and shall not be deemed a waiver of any kind. Any inadvertent disclosure by Defendant of privileged or protected information is not intended to be, and should not be, construed as a waiver of any applicable privilege or protection.

5.      Plaintiff objects to Defendant's requests to the extent they are not relevant or reasonably calculated to lead to the discovery of relevant or admissible evidence.

6.      Plaintiff objects to Defendant's requests to the extent they require Plaintiff to search through electronically stored information from sources that are not reasonably accessible because of undue burden or expense.

7.      Any information provided in response to a specific request to which Plaintiff has asserted an objection is not intended as a waiver of any objection, but rather for the sole

**EXHIBIT 7**
**Page 2 of 8**

purpose of aiding discovery and demonstrating Plaintiff's good-faith effort to supply information.

8.      Discovery is ongoing and Plaintiff reserves the right to supplement its responses set forth herein. Plaintiff also reserves the right to supplement production of responsive documents should pending discovery uncover additional responsive documents.

9.      Plaintiff objects to all definitions, instructions and requests to the extent they would subject Defendant to unreasonable and undue annoyance, oppression, burden and expense, and would seek to impose upon Defendant an obligation to investigate or discover information or materials from third parties or sources that are equally accessible to Plaintiff.

10.     Plaintiff reserves all objections or other questions as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in, or hearing of this or any other action.

11.     Plaintiff reserves the right to object on any ground at any time to such other or supplemental requests for admission as Defendant may at any time propound involving or relating to the subject matter of these requests.

12.     Each of these general objections is incorporated into each of Plaintiff's specific responses as if set forth in full below.

**EXHIBIT 7**

**Page 3 of 8**

13.    Plaintiff objects to requests that are not limited to a specific time period relevant to this case.

## RESPONSES TO REQUESTS FOR ADMISSIONS

**REQUEST NO. 1.**    Admit that "Veritas Allies, LLC." (Oregon Secretary of State registry no. 1685608-95) was administratively dissolved on August 19, 2021.

**RESPONSE:**  Plaintiff objects to the extent that this request is vague, ambiguous, and to the extent it calls for a legal conclusion. Subject to these specific objections and the general objections above, Plaintiff admits that the Oregon Secretary of State website shows that Plaintiff was administratively dissolved on August 19, 2021.

**REQUEST NO. 2.**    Admit that at the time of the October 2, 2021 "Conference" referred to in paragraph 4 of the Complaint, "Veritas Allies, LLC." (Oregon Secretary of State registry no. 1685608-95) had been administratively dissolved for over six weeks.

**RESPONSE:** Plaintiff objects to this request as vague and ambiguous. Subject to these specific objections and the general objections above, Plaintiff admits that on October 2, 2021, Plaintiff had been administratively dissolved for 44 days.

**REQUEST NO. 3.**    Admit that David Vizinni was a managing member of "Veritas Allies, LLC." (Oregon Secretary of State registry no. 1685608-95) prior to that company's dissolution.

**RESPONSE:** Plaintiff objects to this request as vague and ambiguous. Subject to these specific objections and the general objections above, Plaintiff admits that David Vizinni was a managing

**EXHIBIT 7**
**Page 4 of 8**

member of Veritas Allies, LLC.

**REQUEST NO. 4.**    Admit that "Veritas Allies, LLC." (Oregon Secretary of State registry no. 1685608-95) can be reinstated within five years of dissolution pursuant to ORS 63.654.

**RESPONSE:**  Plaintiff objects to this request as vague and ambiguous, and to the extent the request seeks a legal conclusion.

**REQUEST NO. 5.**    Admit that "Veritas Allies, LLC." (Oregon Secretary of State registry no. 1685608-95) did not apply for reinstatement before the filing of this lawsuit.

 **RESPONSE:** Denied.

**REQUEST NO. 6.**    Admit that from August 19, 2021 to the date of these requests "Veritas Allies, LLC." (Oregon Secretary of State registry no. 1685608-95), as an administratively dissolved company, was limited by ORS 63.651(3) to engaging only in activities that were necessary or appropriate to wind up and liquidate the company's business and affairs and provide notification to claimants.

**RESPONSE:** Plaintiff objects to this request as vague and ambiguous. Subject to these specific objections and the general objections above, Plaintiff denies this request.

**REQUEST NO. 7.**    Admit that "Veritas Allies, LLC" (Oregon Secretary of State registry no. 1879585-91) was organized on October 8, 2021, more than seven weeks after "Veritas Allies, LLC." (Oregon Secretary of State registry no. 1685608-95) was dissolved.

**EXHIBIT 7**
**Page 5 of 8**

**RESPONSE:** Plaintiff objects to this request as vague and ambiguous. Subject to these specific objections and the general objections above, Plaintiff admits that Veritas Allies (no period) was filed on October 8, 2021.

**REQUEST NO. 8.**    Admit that David Vizzini has no AFFILIATION with the named plaintiff in this matter "Veritas Allies, LLC" (Oregon Secretary of State registry no. 1879585-91). For purposes of these requests, the term "AFFILIATION" means, but is not limited to, holding or having ever held an ownership or membership interest, being a principal, officer, manager, employee, contractor and/or agent of "Veritas Allies, LLC" (Oregon Secretary of State registry no. 1879585-91).

**RESPONSE:** Plaintiff objects to this request as vague and ambiguous. Plaintiff objects to the definitions as purposely misleading and or subject to the doctrine of unclean hands, and to the extent it seeks a legal conclusion.

**REQUEST NO. 9.**    Admit that Defendant Cynthia Free did not appropriate the business registration for "Veritas Allies, LLC." (Oregon Secretary of State registry no. 1685608-95).

**RESPONSE:** Plaintiff objects to this request as vague and ambiguous and calls for a legal conclusion. Plaintiff objects to the request as purposely misleading. Subject to these specific objections and the general objections above, Plaintiff denies this request.

**REQUEST NO. 10.**   Admit that Defendant Cynthia Free never reported to the Oregon Secretary of State that she was the president of "Veritas Allies, LLC." (Oregon Secretary of State registry no. 1685608- 95).

**EXHIBIT 7**
**Page 6 of 8**

**RESPONSE:** Plaintiff objects to this request as vague and ambiguous and calls for a legal conclusion. Plaintiff objects to the request as purposely misleading. Subject to these specific objections and the general objections above, Plaintiff denies this request.

**REQUEST NO. 11.**  Admit that no Amended Articles of Organization were ever filed with the Oregon Secretary of State for "Veritas Allies, LLC." (Oregon Secretary of State registry no. 1685608-95).

**RESPONSE:** Plaintiff objects to this request as vague and ambiguous. Subject to these specific objections and the general objections above, Plaintiff denies this request.

**REQUEST NO. 12.**  Admit that no Amended Articles of Organization were ever filed with the Oregon Secretary of State for "Veritas Allies, LLC" (Oregon Secretary of State registry no. 1879585-91).

**RESPONSE**: Plaintiff objects to this request as vague and ambiguous and outside of the scope of Plaintiff's knowledge. Plaintiff will endeavor to respond if Plaintiff clarifies this request.

DATED this 15th day of March, 2022

ENGRAV LAW OFFICE, LLP

By /s/ Grant T. Engrav
Grant T. Engrav, OSB No. 133517
Of Attorney for Plaintiff

**EXHIBIT 7**
**Page 7 of 8**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 15, 2022, I served the following **PLAINTIFF'S RESPONSE TO DEFENDANT FREE'S REQUEST FOR ADMISSION, SET 1** on:

Attorneys for Heather Schiappacasse
Seth Tangman and Theodore E. James III
moe@slindenelson.com
ted@slindenelson.com

and

Attorneys for Defendant Cynthia Free
Peter Hicks and Daniel Sharp
**Peter.hicks@jordanramis.com**
**Daniel.sharp@jordanramis.com**

<u>x </u> By mailing a true and correct copy thereof by U.S. Postal Service, ordinary first-class mail, addressed to each attorney's last known address and depositing in the U.S. mail at Portland, Oregon on the date set forth above;

____By mailing a true and correct copy thereof by U.S. Postal Service, certified mail, return receipt requested, addressed to each attorney's last-known address and depositing in the U.S. mail at Portland, Oregon on the date set forth above;

____By faxing a true and correct copy thereof to each attorney at each attorney's last known facsimile number on the date set forth above.  At the time of service, the attorney maintained a facsimile device at the attorney's office and the device was working at the time of service.  Attached to this Certificate of Service is a printed confirmation of receipt of the message generated by my office's facsimile transmitting machine.

<u>X </u> By emailing a true and correct copy thereof to each attorney at each attorney's email address. Prior to service, the attorneys had agreed in writing to accept service via email.

Dated this 15th day of March, 2022.

ENGRAV LAW OFFICE, LLP


By /s/ Grant T. Engrav_____
  Grant T. Engrav, OSB No. 133517
  Of Attorneys for Plaintiff

**EXHIBIT 7**
**Page 8 of 8**

21CV47955

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | | |
|---|---|---|
| VERITAS ALLIES LLC, an Oregon Limited Liability Company, | ) ) ) ) | Case No.    21CV47955 |
| | | DECLARATION OF GRANT ENGRAV |
| | ) | IN RESPONSE TO DEFENDANT |
| Plaintiff, | ) | FREE'S MOTION TO DISMISS |
| | ) | |
| v. | ) | |
| | ) | |
| CYNTHIA FREE; an individual; and | ) | |
| HEATHER SCHIAPPACASSE | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

I, Grant Engrav, declare the following to be true based on my personal knowledge under penalty of perjury.

1. Prior to commencing the litigation, I delivered a communication to Ms. Kristin Eaton, counsel for Ms. Free. Counsel indicated that the scope of the representation was outside of the scope of her engagement, and had her client reach out directly to me. The email to Ms. Eaton contained a cease and desist letter directing Ms. Free to relinquish the registration name. Exhibit 1 is a true and correct copy of the email to Ms. Eaton and the attached cease and desist letter.

**EXHIBIT 8**
**Page 1 of 11**

2.  Ms. Free communicated directly to my office prior to engaging counsel on this matter.  Ms.

Free indicated that she would not be giving up the Veritas Allies LLC Name because,

"This business would not be competing in any way with David's business sector. While I can appreciate the assumptions you've made about my intentions, you have no basis from them. You don't know me, and I believe we have only spoken one other time when your client was suing a former employer. I have always loved the name Veritas Allies (Truth Allies), as your client and I used to discuss that business name in the past. He chose another business name, EquitasDX, then seemingly added Veritas less than two years ago, it dissolved, and when I was informed it was available, I figured he must have changed course of his own businesses, so of course I snatched it up. I've noticed his business names changing quite a lot over the last couple of years."

3.  Exhibit 2 is a true and correct copy of the email exchange with Ms. Free.

**I DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.**

By:    /s/Grant T. Engrav_____
       Grant Engrav
       4/4/2022

**EXHIBIT 8**
**Page 2 of 11**

**Grant Engrav**

| | |
|---|---|
| **From:** | Grant Engrav |
| **Sent:** | Tuesday, November 9, 2021 3:56 PM |
| **To:** | Eaton Family Law |
| **Cc:** | CINDY FREE; Tasi Poore |
| **Subject:** | Cinthia Free Cease and Desist Ltr 11.9.2021 |
| **Attachments:** | Cinthia Free C and D Letter --11.9.21-Final.pdf |

```
EXHIBIT
1
```

Kristin,

Please see the attached executed letter.  Please note the 72 hour response demand.  I understand that you will forward this to your client.  Hard copy to follow.

Grant Engrav, *Partner*
*Engrav Law Office LLP*
*971-339-2737*

LinkedIn:
https://www.linkedin.com/in/grant-engrav-0b570b13
Website:
https://engravlawoffice.com/



DO NOT read, copy, or disseminate this communication unless you are the intended addressee.  This email communication contains confidential and/or privileged information intended only for the addressee.  If you have received this communication in error, please call Engrav Law Office LLP at 971-339-2737 immediately and ask to speak to Grant Engrav.  Moreover, please reply to the sender and notify the sender immediately that you have received the communication in error.

**EXHIBIT 8**
**Page 3 of 11**

Ms. Cinthia Free

In Care of:
Ms. Kristin Winnie Eaton
Eaton Family Law & Mediation
21790 Willamette Dr
PO Box 446
West Linn OR  97068
kristin@eaton-familylaw.com

*Via Electronic Submission and First-Class Mail*

November 9th, 2021

Ms. Free:

This firm represents Veritas Allies LLC, SOS Registration # 1685608-95  ("Veritas") in connection with its intellectual property, intentional interference of economic relations, misappropriation, and additional claims arising out of your client, Cinthia Free's, wrongful and intentional taking of the Veritas Allies Secretary of State Registration.

Veritas's articles of organization were filed on June 19th, 2020.  As we are sure you can appreciate, Veritas has invested a substantial amount of time, money and other resources advertising, promoting, marketing and publicizing its goods and services provided under the Veritas name. As a result of Veritas's substantial advertising, marketing and promotional efforts, the Veritas name has acquired substantial consumer recognition and goodwill. The Veritas name has become an important source indicator which identifies Veritas's services to consumers throughout the United States. For all of the foregoing reasons, the Veritas name is an exceedingly valuable asset of Veritas.

It was recently brought to our client's attention that your client has registered the Veritas Allies LLC under her name.  Attached hereto as **Exhibit A** is a copy of the articles of organization filed by your client. There is no question that your client registered the business entity for no other reason than to cause economic loss to Veritas.  In particular, Ms. Free is intentionally creating confusion by relying on the premise that people looking for our client will

**EXHIBIT 8**
**Page 4 of 11**

mistakenly identify the new registration, with the legitimate business functions of Veritas.   Your client has no legitimate interest in and to the Veritas name and registration and the use of the name and registration is for the sole commercial purpose of either unlawfully routing traffic towards your client, or, and more likely, for the sole purpose of harming the legitimate business interests of David Vizzini, Member of Veritas and Ms. Cynthia Free's former spouse. Accordingly, Ms. Free's actions constitute a knowing and willful infringement of Veritas's intellectual property rights, misappropriation, and intentional interference with economic relations.

You will also note that when filing a registration with the Secretary of State, the filer is required to make the filling attestation:

---

**VERITAS ALLIES, LLC.**

Signatures

I declare, under penalty of perjury, that this document does not fraudulently conceal, fraudulently obscure, fraudulently alter or otherwise misrepresent the identity of the person or any officers, managers, members or agents of the limited liability company on behalf of which the person signs. This filing has been examined by me and is, to the best of my knowledge and belief, true, correct, and complete. Making false statements in this document is against the law and may be penalized by fines, imprisonment, or both.

By typing my name in the electronic signature field, I am agreeing to conduct business electronically with the State of Oregon. I understand that transactions and/or signatures in records may not be denied legal effect solely because they are conducted, executed, or prepared in electronic form and that if a law requires a record or signature to be in writing, an electronic record or signature satisfies that requirement.

Please Note:
One or more of the principals or their designee (Authorized Agent) must electronically sign this form by selecting the most appropriate title, typing their name and checking the Sign box.

| Title | Name | ☐ Sign |
|---|---|---|
|  |  |  |
| Select | Select from List \| Clear Name |  |

---

We therefore demand that Ms. Free immediately **CEASE AND DESIST** from using the Veritas Name in all respects and withdraw the Secretary of State filing.   Please be advised that if you do not comply with our demands, we will not hesitate to take legal action to enforce our client's valuable rights and seek damages.  Remedying this matter will require coordination among counsel.  Absent a reply in 72 hours, my client will pursue legal action to enforce its rights.

Sincerely,

*Grant Engrav*

Grant Engrav

**EXHIBIT 8**
**Page 5 of 11**

# ARTICLES OF ORGANIZATION



Corporation Division
www.filinginoregon.com

**E-FILED**
Oct 12, 2021
**OREGON SECRETARY OF STATE**

---

**REGISTRY NUMBER**
  187958591

**TYPE**
  DOMESTIC LIMITED LIABILITY COMPANY

**1. ENTITY NAME**
  VERITAS ALLIES, LLC

**2. MAILING ADDRESS**
  4949 S MACADAM AVE
  PORTLAND OR 97239 USA

**3. PRINCIPAL PLACE OF BUSINESS**
  4949 S MACADAM AVE
  PORTLAND OR 97239 USA

**4. NAME & ADDRESS OF REGISTERED AGENT**
  CYNTHIA GAIL FREE

  4949 S MACADAM AVE
  PORTLAND OR 97239 USA

**5. ORGANIZERS**
  ANA BRADY

  4949 S MACADAM AVE
  PORTLAND OR 97239 USA

**6. INDIVIDUALS WITH DIRECT KNOWLEDGE**
  ANA BRADY

  4949 S MACADAM AVE
  PORTLAND OR 97239 USA

  ANA BRADY

  4949 S MACADAM AVE
  PORTLAND OR 97239 USA

**7. DURATION**
  PERPETUAL

**EXHIBIT 8**   Page 1
**Page 6 of 11**

Corporation Division
www.filinginoregon.com

**OREGON SECRETARY OF STATE**

**8. MANAGEMENT**

This Limited Liability Company will be manager-managed by one or more managers

I declare, under penalty of perjury, that this document does not fraudulently conceal, fraudulently obscure, fraudulently alter or otherwise misrepresent the identity of the person or any officers, managers, members or agents of the limited liability company on behalf of which the person signs. This filing has been examined by me and is, to the best of my knowledge and belief, true, correct, and complete. Making false statements in this document is against the law and may be penalized by fines, imprisonment, or both.

By typing my name in the electronic signature field, I am agreeing to conduct business electronically with the State of Oregon. I understand that transactions and/or signatures in records may not be denied legal effect solely because they are conducted, executed, or prepared in electronic form and that if a law requires a record or signature to be in writing, an electronic record or signature satisfies that requirement.

**ELECTRONIC SIGNATURE**

**NAME**

CYNTHIA G FREE

**TITLE**

PRESIDENT

**DATE SIGNED**

10-08-2021

**EXHIBIT 8**    Page 2
**Page 7 of 11**

**Grant Engrav**

| | |
|---|---|
| **From:** | Grant Engrav |
| **Sent:** | Sunday, November 14, 2021 12:44 PM |
| **To:** | Cindy Free |
| **Subject:** | RE: [EXT] Re: Cindy Free - David Vizzini matter |

```
EXHIBIT
2
```

Ms. Free,

I received your response after the close of business on Friday the 12th.  Since then, my client has learned of your coordination with Ms. Heather Shiappacasse in plotting the interruption to Veritas Allies, and intending to spread false information pertaining to Mr. Vizzini, and harming his business interests.  My understanding is that Ms. Shiappacasse has personally confirmed your coordination with her in these efforts.  Ms. Shappacasse's statements undermine your position in your recent email.

Although I am confirming receipt of your email, it is specifically noted that you have not promised to refrain from further attempts to harm Veritas Allies.  My client is evaluating the economic harm resulting from yours and Ms. Shiappacasse's actions, and this communication does not constitute a waiver of any claims or causes of action related to Veritas Allies LLC.

Regards,
Grant Engrav

---

**From:** Cindy Free <cindy@hrannieconsulting.com>
**Sent:** Friday, November 12, 2021 8:13 PM
**To:** Grant Engrav <grantengrav@engravlawoffice.com>
**Subject:** Re: [EXT] Re: Cindy Free - David Vizzini matter

Grant,

Would you please confirm you received this yesterday?

Thank you,

Cindy

> On Nov 11, 2021, at 5:38 PM, Cindy Free <cindy@hrannieconsulting.com> wrote:

November 11, 2021

Dear Grant,

Thank you for sending the revised letter, although my name is still misspelled. It is not game playing or a delay tactic to request that such a legal correspondence have corrected information, for it to be sent to me, and directed to me, and redacted toward my divorce attorney. I think that is a sign of respect and professionalism, so I think it is "clear" and appropriate that I expect those two things in this serious matter.

1

**EXHIBIT 8**
**Page 8 of 11**

Regarding the business registry situation with Veritas Allies, LLC., rest assured, your client does not need to lose sleep over such trivial things or go to the degree of filing lawsuits.

I legally registered a business with the state of Oregon. Period.

This business would not be competing in any way with David's business sector. While I can appreciate the assumptions you've made about my intentions, you have no basis from them. You don't know me, and I believe we have only spoken one other time when your client was suing a former employer.

I have always loved the name Veritas Allies (Truth Allies), as your client and I used to discuss that business name in the past. He chose another business name, EquitasDX, then seemingly added Veritas less than two years ago, it dissolved, and when I was informed it was available, I figured he must have changed course of his own businesses, so of course I snatched it up. I've noticed his business names changing quite a lot over the last couple of years.

I have registered many businesses over time such as Bloom, HR Safety NW, Proact Training, and others. I am a businesswoman. This is not out of the ordinary for me. Some come to fruition, and some don't. That is neither here nor there. I always just like that they are there if I decide to turn them into something. Blame my entrepreneurial spirit!

I have filed to dissolve the business name and sent in the paperwork yesterday, prospectively, to receiving the revised letter. I'm certain there will be a few days before it shows in the Oregon business registry system.

Until then, keep checking.

Best,

Cindy


&lt;image001.png&gt;

&lt;image002.png&gt;

&lt;image003.png&gt;

&lt;image004.png&gt;

**Cindy Free**
*CEO (She/Hers)*
cindy@hrannieconsulting.com
**4949 S Macadam Ave, Portland, OR 97239**
Website | Upcoming Events | BackgroundBrief

**CONFIDENTIALITY NOTICE:** This communication is intended for the sole use of the individual and entity to whom it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. You are hereby notified that any dissemination, distribution or duplication of this communication by someone other than the intended addressee or its designated agent is strictly prohibited. If you have received this communication in error, please notify the sender of this email immediately by telephone or by replying to this communication.

**From:** Grant Engrav <grantengrav@engravlawoffice.com>
**Date:** Thursday, November 11, 2021 at 4:51 PM
**To:** Cindy Free <cindy@hrannieconsulting.com>
**Subject:** [EXT] Re: Cindy Free - David Vizzini matter

Ms. Free,

2

**EXHIBIT 8**
**Page 9 of 11**

It's clear from your response that you would rather play games and attempt to delay based upon typos in the erroneously sent draft of the letter.  At my client's direction, I have commenced drafting a lawsuit.  I understand that you have received the letter, and my client will pursue action based on the originally provided timeline.  I want to be very clear.  You registered with the Secretary of State your ex-husbands business name.  There isn't a judge in the world who will miss the purely vindictive purpose behind it.  Actions have consequences, your actions have caused my client damages, and that's what the Courts are for.  If you would like to supplement your response before the deadline please immediately do so.

Grant Engrav

**From:** Cindy Free <cindy@hrannieconsulting.com>
**Sent:** Thursday, November 11, 2021 3:54 PM
**To:** Grant Engrav <grantengrav@engravlawoffice.com>
**Subject:** Re: Cindy Free - David Vizzini matter

Grant,

I wanted to confirm you did receive my email, below? Can you please send me your revised correspondence, so I have the correct version of the letter?

Thanks,

Cindy

<image005.png>

<image006.png>

<image007.png>

<image008.png>

**Cindy Free**
*CEO (She/Hers)*
cindy@hrannieconsulting.com
**4949 S Macadam Ave, Portland, OR 97239**
Website | Upcoming Events | BackgroundBrief

**CONFIDENTIALITY NOTICE:**  This communication is intended for the sole use of the individual and entity to whom it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. You are hereby notified that any dissemination, distribution or duplication of this communication by someone other than the intended addressee or its designated agent is strictly prohibited. If you have received this communication in error, please notify the sender of this email immediately by telephone or by replying to this communication.

**From:** Cindy Free <cindy@hrannieconsulting.com>
**Date:** Wednesday, November 10, 2021 at 12:08 PM
**To:** grantengrav@engravlawoffice.com <grantengrav@engravlawoffice.com>
**Subject:** Cindy Free - David Vizzini matter

Grant,

I understand you have been in touch with my attorney, Kristin Eaton, who only represents me solely with my divorce and post-divorce issues related to David Vizzini. She does not represent me on business matters.

EXHIBIT 8
Page 10 of 11

She did forward me your letter, although there were several items that have me confused. Perhaps I don't have the latest version, since it appears you may have had some issues using a computer.

Can you please help me understand:

1. What is company ABC you are referencing? I am not aware of any business registry under that name that I am attached to.
2. My name is Cynthia Free, not Cinthia Fee.
3. In looking at the reference Registration for "Veritas", which you say your firm represents, however, it does not appear that it is actively registered. https://opencorporates.com/companies/us_or/168560895 Correct me if I am viewing the wrong information which you provided.
4. How did you come to the determination of my intentions or legitimate interest in the business name?

Once those items are cleared up, I'll be happy to provide you with my reply, which this email should satisfy your initial 72-hour demand.

Thank you.

Cindy

&lt;image009.png&gt;

&lt;image010.png&gt;

&lt;image011.png&gt;

&lt;image012.png&gt;

**Cindy Free**
*CEO (She/Hers)*
cindy@hrannieconsulting.com
**4949 S Macadam Ave, Portland, OR 97239**
Website | Upcoming Events | BackgroundBrief

**CONFIDENTIALITY NOTICE:** This communication is intended for the sole use of the individual and entity to whom it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. You are hereby notified that any dissemination, distribution or duplication of this communication by someone other than the intended addressee or its designated agent is strictly prohibited. If you have received this communication in error, please notify the sender of this email immediately by telephone or by replying to this communication.

**EXHIBIT 8**
**Page 11 of 11**

1

2          IN THE CIRCUIT COURT OF THE STATE OF OREGON

3              FOR THE COUNTY OF CLACKAMAS

4                    Family Law Department

5   In the Matter of the Marriage of:          Case No.  19DR20072

6   CYNTHIA VIZZINI,

7                    Petitioner,               DECLARATION OF
                                               LUCINDA R. GIORGETTI
8          and                                 IN SUPPORT OF PETITIONER'S
                                               STATEMENT FOR ATTORNEY FEES,
9                                              COSTS AND DISBURSEMENTS
    DAVID VIZZINI,
10
                    Respondent.
11

12
   _____

13       I, Lucinda R. Giorgetti, under penalty of perjury, hereby declare:

14       1.  I make this declaration in support of the claim for attorney fees, costs and

15  disbursements made by Petitioner, Cynthia Vizzini ("Wife").  My statement references

16  events which occurred in this divorce case during the time I was the sole attorney of

    record for Ms. Vizzini, from the case initiation on or around October 15, 2019, until
17
    November 20, 2020, when Kristin Winnie Eaton associated with me on this case to
18
    handle all litigation and subsequent matters. Attorney Eaton has prepared her separate
19
    declaration and collateral documents.
20
         2.    Preliminary Statement:  These parties were married for 10 months
21
    (date of marriage 12/29/18) after a year and a half cohabitation, when they separated
22
    on October 8, 2019.  Wife filed for divorce on October 23, 2019.  Each party owned
23
    separate businesses and were otherwise financially self-sufficient. They owned a joint
    home, joint furnishings and had joint checking and savings accounts. Both had minor
24
    children from prior marriages. Thus, disentanglement of these parties should have been
25
    relatively straightforward and uncomplicated, but for Husband's singular, consistent
26
    determination to make the case as protracted, difficult and expensive as possible.
    Husband engaged in deceitful, willful bad faith conduct which drove the case to litigation

Page 1 – DECLARATION OF LUCINDA GIORGETTI IN SUPPORT OF STATEMENT FOR ATTORNEY FEES

Lucinda R. Giorgetti, Attorney at Law
4949 Meadows Rd., Ste. 600
Lake Oswego, Oregon 97035
(503) 225-0400

EXHIBIT 9
Page 1 of 30

1   and continues to generate post-litigation expense and delays. Husband failed to

2   cooperate in any material matter at any time during my tenure on the case. He stalled

3   and was nonresponsive at every step until a deadline loomed; then he would request

    additional time without good reason.  Husband has remained intransigent throughout

4   this case.  Now he has engaged his third attorney with further efforts to continue delays

5   at this stage of attorney fees request.

6           3.      The court should consider the following factors in determining whether to

7   award fees in this case, pursuant to ORS 20.075(1):

8                   __X__ The conduct of the parties in the transactions or occurrences that
                          gave rise to the litigation, including any conduct of a party that was
9                         reckless, willful, malicious, in bad faith or illegal.

10                  __X__ The objective reasonableness of the claims and defenses asserted
                          by the parties.
11

12                  _____ The extent to which an award of an attorney fee in the case would
                          deter others from asserting good faith claims or defenses in similar
13                        cases.

14                  __X__ The extent to which an award of an attorney fees in the case would
                          deter others from asserting meritless claims and defenses.
15

16                  __X__ The objective reasonableness of the parties and the diligence of the
                          parties and their attorneys during the proceedings.

17
                    __X__ The objective reasonableness of the parties and the diligence of the
18                        parties in pursuing settlement of the dispute.

19                  _____ The amount that the court has awarded as a prevailing party fee
                          under ORS 20.190.
20
                    __X__ Such other factors as the court may consider appropriate under the
21                        circumstances of the case.

22          4.      The court should consider, in addition to the factors above, after

23  determining that attorney fees should be awarded, the following factors in determining

24  the amount of an award of attorney fees:

25                  __X__ The time and labor required in the proceeding, the novelty and
                          difficulty of the questions involved in the proceeding and the skill
26                        needed to properly perform the legal services.

Page 2 – DECLARATION OF LUCINDA GIORGETTI IN SUPPORT OF STATEMENT FOR ATTORNEY FEES

Lucinda R. Giorgetti, Attorney at Law
4949 Meadows Rd., Ste. 600
Lake Oswego, Oregon 97035
(503) 225-0400

**EXHIBIT 9**
**Page 2 of 30**

1

2   _____ The likelihood, if apparent to the client, that the acceptance of the
    particular employment by the attorney would preclude the attorney
3   from taking other cases.

4   ___X___ The fee customarily charged in the locality for similar legal
    services.

5

6   ___X___ The amount involved in the controversy and the results obtained.

7   _____ The time limitations imposed by the client or the circumstances of
    the case.

8   ___X___ The nature and length of the attorney's professional relationship
    with the client.

9

10  ___X___ The experience, reputation and ability of the attorney performing
    the services.

11  _____ Whether the fee of the attorney is fixed or contingent.

12

13      5.      When deciding whether to award attorney fees, the court considers the

14  factors identified in Paragraph 3, above, pursuant to ORS 20.075(1).  Relevant to this

    case are the following factors:

15
        **A. The conduct of the parties in the transactions or occurrences that**
16      **gave rise to the litigation, including any conduct of a party that was**
        **reckless, willful, malicious, in bad faith or illegal.**

17

18      1) Parties' Conduct during the Initial Case Stages:   Husband remained in the

    family home after Wife moved to a separate residence on October 22, 2019.  Wife then
19
    made civil overtures to Husband to set up an expense-share for their joint expenses,
20
    unwind their joint accounts and discuss amicable steps to sell the marital residence and
21
    finalize the divorce.  Husband, on the other hand, removed the remaining $35,000 from
22
    their joint savings account -- funds which he refused to use for remaining joint expenses
23
    and further refused to either provide an accounting or divide those funds with Wife.

        a. Husband attempted to obstruct Wife's legal case with her children's father.
24
        Wife separated from Husband on October 8, 2019 because of Husband's
25
    aggressive and bullying treatment of her teenage son.  For this same reason, her former
26
    spouse and father of her children filed for a parenting plan modification so that their son

    would not have to spend 50% of parenting time at Wife's home with an abusive step-

Page 3 – DECLARATION OF LUCINDA GIORGETTI IN SUPPORT OF STATEMENT FOR ATTORNEY FEES

Lucinda R. Giorgetti, Attorney at Law
4949 Meadows Rd., Ste. 600
Lake Oswego, Oregon 97035
(503) 225-0400

**EXHIBIT 9**
**Page 3 of 30**

father.  A process server provided substitute service of the documents to Husband at the marital residence on October 9, 2019, just a day after Wife had moved out. The process server also mailed a copy of the documents to Wife at the address of the marital residence on October 14, 2019, but Wife never received either the service copy or the mailing.  Likewise, Husband never advised Wife of the case or provided her with the documents with which he was served.  Husband withheld this vital information from Wife, apparently as retribution for her having separated from him.

Wife only learned of the action filed by her children's father because we checked OECI and found that it had been filed.  Although the Proof of Service (*Exhibit 1*) clearly substantiated that Husband was served the documents, he continued to deny both that he ever knew anything about the modification and that he had received the service documents. This signaled Husband's behavioral posture throughout the case.

b.    <u>Family Home and Wife's Personal Property Retrieval.</u>  Husband remained in the marital residence after Wife moved out on October 8, 2019.  Wife went back two weeks later to retrieve some personal items belonging to her and her children, taking with her two friends (who remained outside). Husband's two pre-teen daughters were inexplicably home from school that day.  Wife had enjoyed a very good relationship with the girls and explained to them that she was there to retrieve personal items for herself and her children.  She had made a video of the home before she moved out, and she again recorded video of every room on her return visit.  When Husband returned, he made a dramatic scene, falsely alleging that Wife had "traumatized" the girls, and accused her of "stealing" things, declaring that she had no right to take anything from their home.  Wife's friend recorded video of Husband's rant.

Husband reported through his attorney that he had filed charges with *Child Protective Services* and was considering filing *criminal charges* against Wife. He did neither because his histrionic false claims were merely intended to bully Wife.

Wife had provided a detailed inventory list of all of the parties' jointly purchased personal property with purchase values and annotations, as well as listing her separate property.  Husband and his attorney were provided these lists with our multiple requests in Fall 2019, and thereafter, to allow Wife to remove her separate items, all to no avail. Wife had premarital property such as a grand piano, a grandfather clock, premarital property, clothing, and sports equipment for her children, all of which Husband refused

Lucinda R. Giorgetti, Attorney at Law
4949 Meadows Rd., Ste. 600
Lake Oswego, Oregon 97035
(503) 225-0400

**EXHIBIT 9**
**Page 4 of 30**

1    to allow the attorneys to schedule a time for her to retrieve, despite our repeated

2    requests to attorney Stephens.

3        Finally, in March 2020, when she knew Husband was out of town, Wife returned

4    to the family home with a moving van to remove her separate property and a few of the

     many items which the parties had jointly purchased.  Wife also recorded video of this

5    visit and retrieval of her personal property.  A neighbor called Husband, who called the

6    police. Husband falsely advised the police that he had a restraining order against Wife.

7    Once the police confirmed that there was no restraining order and understood the

     situation, the police accommodated Wife to remove her belongings, as did the neighbor

8    who had been a friend.

9        Husband continued to make his false claim of having a "Restraining Order"

10   against Wife throughout the case and to all who would listen. He subsequently advised

11   realtors in 2021 that Wife could not be in the home because of his alleged "restraining

     order."  He created unwarranted, continuing problems and lied about Wife throughout

12   the arbitrator-ordered home sale process. Wife had the added burden of defending

13   herself against his slanderous statements to business people and experts with whom

14   they dealt. Husband lied *in extremis* about her "stealing" things, and about having her

15   "restrained" from the marital residence.  He had barred her from the home and

     continued his claims that their substantial jointly purchased property belonged solely to

16   him.

17       c.    Husband's False "No Income" Claim:  Husband falsely claimed that he

18   had no income other than his unemployment checks he received subsequent to

19   dismissal by his employer in July 2019.  In fact, he earned $15,000 per month under a

20   contract in a lucrative business operation he started in October 2018.  He continued to

     take unemployment throughout this case despite having formed his new business in

21   health insurance consulting.  Yet, at the time of the divorce, he claimed to have only

22   "debt" from his investors when, in fact, Husband was paid income under a contract.

23   Once Wife obtained his bank statements approximately seven months into the divorce,

24   the statements indicated Husband had additional substantial deposits from unknown

     sources beyond his $15,000 per month income and $2,592 in unemployment.

25       On June 26, 2020, Husband signed his Uniform Support Declaration, falsely

26   declaring under penalty of perjury that his monthly income was limited to $2,592

Page 5 – DECLARATION OF LUCINDA GIORGETTI IN SUPPORT OF STATEMENT FOR ATTORNEY FEES

Lucinda R. Giorgetti, Attorney at Law
4949 Meadows Rd., Ste. 600
Lake Oswego, Oregon 97035
(503) 225-0400

**EXHIBIT 9**
**Page 5 of 30**

1  (unemployment benefits), while his claimed expenses were $12,959 per month.
2  Husband's earnings each year of the relationship had exceeded $180,000; he earned
   $204,839 in 2018.  In the first nine months of 2019, at the time of separation, he had
3  already earned $148,600.
4      Husband's Lifestyle.  Husband's extravagant lifestyle further belied his false
5  claims of no income. During the course of the year of the pending divorce, from
6  December 2019 to December 2020, Husband traveled extensively, with trips to:  (1)
7  Hawaii; (2) Whistler B.C.; (3) SEVEN trips to Cabo San Lucas, Mexico; (4)  FOUR trips
   to Park City, Utah; (5) TWO trips to Tampa Bay, Florida; (6) Costa Rica; and (7) Las
8  Vegas, Nevada.  In February 2020 Husband purchased a new Infiniti for $69,000.
9      To avoid disclosing his true financial situation, Husband refused to provide a
10 single discovery document for seven months -- not a bank statement or even his 2019
11 tax return.  After arduous efforts to obtain discovery, those documents coupled with
   subpoenaed documents proved Husband's claims of "no income" to be false, as Wife
12 had opined.  In fact, documents received responsive to Wife's April 2020 subpoenas
13 indicated that in April 2020, Husband's personal bank accounts contained $107,044 and
14 his business account balance was $112,841.  By October 2020 Husband's personal
15 accounts contained $78,528 with large deposits and withdrawals.
16     Clearly, Husband's continued false claims of having "only debt" and needed
   spousal support from Wife were false, bad faith assertions which he nevertheless
17 refused to retract until judicial mediation with Judge Kathryn Tennyson on December
18 31, 2020.  It was only at mediation on that day that Husband finally agreed to drop his
19 year-long specious claim for spousal support.
20     2)    Husband's noncompliance with Wife's Requests for Discovery:  As noted,
   for seven months Husband refused to provide a single document that was responsive to
21 Wife's requests, including the initial ORS 107.089 request that was appended to the
22 Petition for Dissolution of Marriage and Wife's two subsequent Requests for Production
23 served on November 30, 2019, and July 13, 2020.
24     a.    Motion to Compel.  Wife filed a Motion to Compel Production on March 12,
   2020.  Husband's first spate of ORS 107.089 documents had been due November 30,
25 2019; documents responsive to Wife's First Request for Documents had been due
26 January 13, 2020.  Wife had provided her complete documents to Husband on February

Page 6 – DECLARATION OF LUCINDA GIORGETTI IN SUPPORT OF STATEMENT FOR ATTORNEY FEES

Lucinda R. Giorgetti, Attorney at Law
4949 Meadows Rd., Ste. 600
Lake Oswego, Oregon 97035
(503) 225-0400

EXHIBIT 9
Page 6 of 30

18, 2020.  Even after Wife granted Husband additional time, he had still failed to provide a single document by the time of the June 12, 2020 hearing.

b.  <u>Wife Issued Subpoenas for Necessary Financial Documents</u>. About April 15, 2020, Wife was forced to issue subpoenas on Husband's financial institutions to include JPMorgan Chase Bank, Key Bank, On Point Community Credit Union, and American Express for documents which Husband had failed and refused to provide.

c.  <u>Hearing to Compel Production, June 12, 2020</u>.  A hearing was held before the Honorable Roxanne Scott who ordered Husband to provide the requested documents.  On October 9, 2020, Wife was awarded a *Limited Judgment* for her attorney fees in the amount of $1,050.00 which has yet to be satisfied.  (*Exhibit 2*)

d. On June 26, 2020, Husband finally made a partial, selective production of documents, most of which Wife had already obtained via subpoenas.

Husband's downloaded documents were in a confusing format of incomplete statements, only partially identified the accounts and indicated vague transactions with the months and years jumbled together. They were an incomprehensible mess. Husband thwarted the very purpose for document disclosure necessary to resolve a central dispute about the parties' substantial payments for more than $100,000 for personal property items. Husband obfuscated in order to support his claim that all of personal property the parties had purchased was paid for by his *"business ventures"* (he never verfied that term) and was his sole property. His claim was untrue, but because of his lengthy, willful noncompliance, and later his contrived, vague document production, it required painstaking work by Wife over many months to trace and substantiate that the parties had, in fact, paid for their items with credit cards paid from their joint account into which they had agreed to deposit all known cashflow, including the proceeds of sale from Wife's two premarital real properties, the liquidation of her individual retirement account, and the liquidation of her children's 529 accounts.

e.  Further complicating the tracing process, Husband had at least 14 bank accounts and subaccounts for his personal and business use with OnPoint CCU, JPMorgan Chase, and Key Bank. He closed some accounts and opened new ones during the course of the case, including opening a new East-West account late in the case. Husband had another undisclosed Key Bank account during the marriage where he deposited joint funds which were unknown to Wife.

Page 7 – DECLARATION OF LUCINDA GIORGETTI IN SUPPORT OF STATEMENT FOR ATTORNEY FEES

Lucinda R. Giorgetti, Attorney at Law
4949 Meadows Rd., Ste. 600
Lake Oswego, Oregon 97035
(503) 225-0400

EXHIBIT 9
Page 7 of 30

1

f. <u>Husband's multiple businesses.</u>   Wife also discovered from subpoenaed

2

documents that Husband had registered *four* separate business LLCs, not just the one

business, Equitas DX LLC, that he had declared and of which Wife was aware.

3

g. <u>Second Request for Discovery.</u>  Wife served a Second Request for

4

Production on July 13, 2020, for Husband's credit card statements for American

5

Express Platinum, American Express Hilton Honors and American Express Delta which

6

Husband had not provided.  Once again, he made only a partial, incomprehensible

provision of statements on August 17, 2020, which were insufficient to trace the parties'

7

purchases and collate with their joint bank statements.

8

h. <u>Wife's Second Issuance of Subpoenas.</u>  On October 27, 2020, Wife issued

9

subpoenas for all three of Husband's American Express card accounts (Platinum, Hilton

10

Honors, and Delta).

11

Only by issuing multiple subpoenas, taking Husband to court to compel

12

production of documents, and sending repeated requests to Husband's attorney for

months did Wife finally receive documents which should have been readily disclosed,

13

were easily available to Husband online, and were essential to the equitable disposition

14

of joint personal property and funds.

15

3) <u>Attempts to Mediate:</u>  Wife urged Husband to mediate their divorce matter

with a judge mediator early in the case.  Since their marriage was brief, they had only a

16

joint home and joint personal property which could be expeditiously and equitably

17

resolved, she believed mediation would efficiently resolve the case.  In March 2020,

18

Attorney Stephens finally agreed, verbally, to mediation with a retired judgment and

19

agreed to utilize a particular retired judge.  Thereafter, however, Mr. Stephens was

20

nonresponsive and ignored repeated requests to set a mediation date. Mr. Stephens

simply did not engage with me further except at the June 12, 2020 hearing on Wife's

21

Motion to Compel.

22

I continued to send letters (on July 14, September 25, and October 26) and

23

emails, requesting telephone conferences with Husband's counsel, Mr. Stephens

24

regarding mediation, discovery and other case matters. I received no response, except

for Husband's partial provision of discovery documents on August 17, 2020. From

25

January 2020 until his withdrawal in November 2020, Attorney Stephens' only contact

26

with me was two telephone conferences regarding the substantive issues of the case

Page 8 – DECLARATION OF LUCINDA GIORGETTI IN SUPPORT OF STATEMENT FOR ATTORNEY FEES

Lucinda R. Giorgetti, Attorney at Law
4949 Meadows Rd., Ste. 600
Lake Oswego, Oregon 97035
(503) 225-0400

**EXHIBIT 9**
**Page 8 of 30**

1  and our hearing on Wife's Motion to Compel.

2  With trial set for December 10, 2020, Wife filed a *Motion to Waive Mediation* and
the *Order* was signed by the court on November 4, 2020.  Attorney Stephens then filed
3  a *Motion to Withdraw* from representation; Wife filed an objection, in fear that Mr.
4  Stephens' withdrawal would further delay the case, but the court allowed Mr. Stephens'
5  withdrawal on November 12, 2020.

6  On November 20, 2020, Attorney Kristin Eaton associated with Wife's counsel for
7  litigation.

8  On December 2nd, Attorney Christopher Graves appeared as counsel for
Husband.

9  Husband immediately requested a continuance of the December 8, 2020, trial
10  date. Wife agreed to a continuance only when Husband agreed to mediate with a retired
11  judge mediator by December 31, 2020. The parties further agreed that Judge Tennyson
would be empowered to arbitrate any unresolved matters.  Judge Katherine Tennyson
12  mediated on December 31, 2020, and thereafter served as arbitrator of the issues
13  unresolved at mediation, providing her Order After Binding Arbitration Re:  Personal
14  Property Distribution and Debts on April 25, 2020, following extensive briefing by the
15  parties.  Husband had delayed the mediation for 14 months as he had stalled with
16  discovery responses and stonewalled Wife's efforts to resolve their divorce in a timely
manner.

17  At the remotely conducted mediation session, Husband, who was on vacation at
18  a resort, abruptly and without notice, left the mediation before completion. He displayed
19  the same lack of cooperation and disrespect for the legal proceedings as he had
20  throughout the case.  Finalization of the mediation was further delayed because of
Husband's actions.

21  4)  Credit and Marital Waste issues. Although Husband had sufficient resources
22  to pay the mortgage and utilities to the marital residence while he resided in the home,
23  in February 2020 Husband simply stopped paying the utilities. In March 2020 he
24  stopped making the mortgage payments. He effectively lived in the home for free.
Although Wife had her separate living expenses, Husband contrived to have Wife
25  ultimately share in the total unnecessary arrears and expenses while he stalled the
26  case, and stalled making any decision with regard to selling the home or buying out

Page 9 – DECLARATION OF LUCINDA GIORGETTI IN SUPPORT OF STATEMENT FOR ATTORNEY FEES

Lucinda R. Giorgetti, Attorney at Law
4949 Meadows Rd., Ste. 600
Lake Oswego, Oregon 97035
(503) 225-0400

**EXHIBIT 9**
**Page 9 of 30**

Wife's interest.  Although Wife's name was on both the deed and mortgage, Husband had obtained a "forbearance," had cancelled their joint homeowner's policy, and had retained the refunded insurance monies, without notice to Wife.

5)  <u>Husband's False Claim of Interest in Wife's Business</u>. In November, 2019, Husband claimed to have a marital interest in Wife's human relations business, HR Annie, which was originally founded and operated by Wife's mother. Wife worked in the business and assumed full ownership in 2016, prior to the parties' marriage.  Husband falsely claimed HR Annie was a marital asset and that he had "participated" in the business. These were completely false assertions.  He had never participated in Wife's business through labor, service, or even financial contributions.  Husband merely attempted to insinuate himself into Wife's separate business.  Wife did not permit him to erode her separate asset and kept her well-established human relations business separate.

Husband used his claim to Wife's business to leverage his proposal that he should be awarded 100% of the marital residence without any off-set to Wife. (11-15-19, Sean Stephens letter).

a.  <u>Attorney Gregory Gudger Letter, July 1, 2020</u>.

On behalf of Husband's company, Equitas DX LLC, Husband had his business attorney send the attached retributive letter threatening Wife with litigation based on false claims of contract breach. (*Exhibit 3*). Husband apparently had misled his investor with false claims that Wife would play a lucrative role in his business.  Attorney Gudger thereon claimed that Wife had engaged in negotiations with Husband and his investor, Jeff Larson, to "guarantee" a significant book of business, an illogical as well as untrue claim.  Wife knew nothing of this claim – she had never met nor spoken with the investor.  She had neither engaged in Husband's business dealings, nor reviewed their agreements.

Attorney Gudger further alleged that Wife, at the time she moved her personal property in March 2020, had also "removed or destroyed property of Equitas DX", and that she "displaced workers." Wife had videotaped her move. In fact, Husband worked on a single computer in his home office, essentially as a sole proprietor, all of which remained fully intact and undisturbed when Wife removed her personal belongings from the marital residence. These allegations suborned by Husband were sheer fabrication

Lucinda R. Giorgetti, Attorney at Law
4949 Meadows Rd., Ste. 600
Lake Oswego, Oregon 97035
(503) 225-0400

**EXHIBIT 9**
**Page 10 of 30**

1   intended to intimidate and frighten Wife with the prospect of multiple lawsuits.

2        By the December 31, 2020, mediation, Husband had finally relinquished his claim

3   to an interest in Wife's separate business.

4        7)  <u>Husband's attempts to interfere with Wife's business clients and disparage Wife's children to acquaintances;</u>

5        a.  Husband contacted several of Wife's business clients,(family dental

6   practitioner letter, *Exhibit 4*) and initiated conversations during which he disparaged

7   Wife and attempted to damage her clients' confidence in Wife's services with whom they had contracted work.

8
9        b.  Husband spoke badly, falsely and publicly on social media and to

10  acquaintances about Wife's teenage son.  Husband's treatment of Wife's son had led

11  her to separate from Husband.  Husband made false claims on social media that her son was "mentally ill," together with other disparaging remarks. Wife's son is, in fact, a

12  normal, social, sports-loving teen boy who got along well with Husband's children. Neither Wife nor her son did anything to deserve Husband's malicious lies.

13       c.  Husband also disparaged and lied about Wife on social media, alleging that

14  she "stalked" and a "harassed" him and his children.  He claimed that she "looted" his

15  home, "stole" his property and on June 1, 2020, claimed to be working with entities to

16  bring her to accountability and provide consequences.

17       d.  Husband continued to disparage Wife, and to falsely claim that he had a

18  "restraining order" against Wife throughout the case to home sale realtors, contractors

19  and to the court-appointed receiver, who was responsible for overseeing the sale of the marital residence.

20       **B.  The objective reasonableness of the claims and defenses asserted by the parties.**

21       As referenced in Section A., Husband's bad faith conduct was in furtherance of

22  his baseless, objectively unreasonable claims that he had "no income," had an interest

23  in Wife's separate business, and had paid for all of the jointly purchased property via his

24  separate funds -- claims he made at the start of the case in October 2019 and

25  maintained through the December 31, 2020, mediation with Judge Katherine Tennyson.

26       1)  <u>Spousal Support</u>.  Husband speciously claimed that in this ten month marriage where both parties earned ample income, Wife should pay him spousal

Lucinda R. Giorgetti, Attorney at Law
4949 Meadows Rd., Ste. 600
Lake Oswego, Oregon 97035
(503) 225-0400

EXHIBIT 9
Page 11 of 30

1  support of $5000 per month despite his having contract income of $15,000 per month

2  and continued unemployment benefits of $2,592 per month, for a total monthly income

3  of $17,592.  Wife's earnings were in the range of $7500 to $8000 per month. Husband's

false claim that his income was only "a loan", debt which he had to repay, was ultimately

4  proven to be false. He also had significant funds in his various bank accounts and

5  traveled extensively to pricey vacation destinations during the case, while claiming to

6  have "no income".

7        Health Insurance.  Although Husband worked as a consultant in the health

insurance industry and provided Regence Blue Cross coverage for his employees, he

8  would not cover himself, insisting that Wife continue to cover him at her out-of-pocket

9  cost of $370.05 per month.  Due to Husband's extreme delay tactics, she was forced to

10  maintain his coverage until November 2021, more than two years after she filed her

11  Petition for Dissolution of Marriage.

        Husband's unreasonable refusal to retract his meritless claim for spousal support

12  for over a year needlessly delayed the case and created added expenses to the parties.

13  Husband's claim was unfounded, unreasonable and intended to financially harm Wife.

14        2)  Husband's Specious Claim of an Interest in Wife's Separate Business.  Wife

15  owned her well established human relations business before the parties' relationship

and marriage. Husband never provided any services or financial contributions to Wife's

16  business, although she did deposit her income from her separate business to the

17  parties' joint account as the parties agreed.

18        Husband, on the other hand, started several separate businesses during the

19  marriage.  However, Wife made no claim to any of his businesses.  Throughout the

20  case, Wife reasonably proposed that the parties retain their respective businesses and

their incomes and split their joint property equitably. Husband refused, delayed,

21  obfuscated, and continued to make meritless claims throughout the case.

22        Based upon his bad faith claims, Husband facilitated the Attorney Gudger letter

23  issuing a legal threat to sue Wife's business, ostensibly on behalf of Husband's

24  company and his investor.  Apparently, Husband had led his investor to believe, falsely,

that Wife had agreed to funnel significant business to Husband's company.  Wife neither

25  met nor spoke with Husband's investor, had no involvement either directly or indirectly

26  in the formation of Husband's company, and knew nothing of this claim until receiving

Page 12 – DECLARATION OF LUCINDA GIORGETTI IN SUPPORT OF STATEMENT FOR ATTORNEY FEES

Lucinda R. Giorgetti, Attorney at Law
4949 Meadows Rd., Ste. 600
Lake Oswego, Oregon 97035
(503) 225-0400

EXHIBIT 9
Page 12 of 30

1    Attorney Gudger's threatening letter.

2         Throughout the case, Wife proposed that each party should retain their separate

3    businesses and their own incomes. Husband continued his unreasonable claims until

4    the December 31, 2020 mediation and subsequent arbitration, which needlessly

     protracted the case and expense.

5         3)   Husband claimed all of the Personal Property purchased and paid for jointly

6    was his sole property.  Husband unreasonably claimed that he alone paid for the

7    approximately $115,629 personal property the parties purchased for their Terraceview

     home through his "business ventures", and that he should be awarded their jointly

8    purchased personal property.  These purchases included a Razor ATV and Trailer

9    which Husband also disputes were jointly purchased.

10        At Husband's behest, most of these items were charged to Husband's various

11   credit cards in order to accrue travel and hotel miles (cards on which Wife was a co-

     signer and purchaser).  Importantly, all of the parties' credit cards were paid each month

12   from the parties' joint bank account into which they deposited their incomes.

13        Early in the case, Wife prepared inventory lists of the parties' joint personal

14   property with annotated purchase prices; she provided a list of separate and premarital

15   items belonging to her and her children, and a list of items she had removed from the

     marital residence, all of which I provided to Attorney Stephens numerous times. Wife

16   had also recorded video of the parties' personal property.  In her settlement offers, Wife

17   suggested an equitable division of personal property wherein Husband would receive a

18   greater amount of the joint property they purchased. Husband did not respond to her

19   proposals.

20        Husband continued to claim through the December 31, 2020 mediation that he

21   alone had purchased and owned their jointly acquired personal property, while

     intentionally delaying his production of discovery, which ultimately disproved his claim.

22   His unreasonable claim to the vast majority of the parties' personal property generated

23   significant work and expense and unreasonably delayed the case.

24        In summary, Husband was intransigent in his unreasonable claims for spousal

25   support, that he had an interest in Wife's separate business, and the claim he paid for

     all of the jointly purchased personal property.  Ultimately, the arbitrator equitably divided

26   the personal property and awarded no spousal support to Husband, nor an interest in

Lucinda R. Giorgetti, Attorney at Law
4949 Meadows Rd., Ste. 600
Lake Oswego, Oregon 97035
(503) 225-0400

EXHIBIT 9
Page 13 of 30

1   Wife's business.  Husband retracted his support and business claims only after the
2   mediation, more than a year after the divorce had been filed.

3       <u>Wife's Objectively Reasonable Claims</u>.  Wife reasonably claimed throughout the
    case that the parties

4       a. co-owned the marital residence, which they jointly purchased and refinanced
5   together. Wife had always offered that their marital residence should be sold or that
6   Husband could buy out her interest;

7       b.  each owned separate businesses and they should retain their own businesses
    and accounts;  and

8       c.  had purchased and jointly paid for substantial personal property, which they
9   should divide equitably.  **Wife ultimately prevailed on <u>all</u> her claims.**

10      **C.  The extent to which an award of an attorney fees in the case would
        deter others from asserting meritless claims and defenses.**

11

12      Husband's meritless claims and delay tactics, which stalled and complicated the
    dissolution of a 10-month marriage warrant a significant award of attorney fees to Wife,
13  who behaved reasonably throughout the case. Husband compounded his intentional
14  protraction of this case beyond anything that was attributed to "reasonable disputes,"
15  with bad faith acts and unprovoked malicious statements about Wife and her son, and
    his continual lies and efforts to bully Wife into an inequitable outcome.
16
17       Husband did not prevail on <u>any</u> of his claims.  He did manage to protract the
    case for a month short of two years in this 10-month marriage, needlessly and
18  exponentially increasing Wife's attorney fees.

19      The court should provide an award to Wife for her attorney fees which would
20  serve to deter other litigants who might otherwise consider the pursuit of such scorched
    earth, baseless and unreasonable conduct in order to overwhelm the adverse party.
21  This is a textbook case of abuse of the legal system.  A full award of Wife's fees would
22  deter others from making such meritless claims and engaging in such expensive,
23  unfounded stall tactics.

24      **D.  The objective reasonableness of the parties and the diligence of the
        parties and their attorneys during the proceedings.**
25
        At the start of the case, after Husband was served with initial Petition for
26  Dissolution of Marriage, Wife emailed Husband (Oct. 22, 2019) to advise him of the few

Page 14 – DECLARATION OF LUCINDA GIORGETTI IN SUPPORT OF STATEMENT FOR ATTORNEY FEES

Lucinda R. Giorgetti, Attorney at Law
4949 Meadows Rd., Ste. 600
Lake Oswego, Oregon 97035
(503) 225-0400

**EXHIBIT 9**
**Page 14 of 30**

1    items she had removed from their home and requested a time to return to the home to
2    discuss how to divide their personal property and retrieve more personal items
3    belonging to her and her children.  Husband did not respond.  Soon thereafter, Wife
4    again suggested to Husband that they work out a joint payment plan for their joint
     expenses and uncouple some of their joint accounts, such as the cell phone account.
5    Husband then requested that Wife sign off of their joint account, which she did in good
6    faith.  Wife behaved reasonably at all times.

7        Once Wife signed to remove her name from the joint bank account, Husband
     refused to respond to Wife further. He removed all of their joint funds, disparaged her
8    and her son at every opportunity to her clients and on social media.  His attorney was,
9    on balance, also nonresponsive to me.

10       a.  On November 15, 2019, before Husband filed a Response, Husband's
11   attorney, Sean Stephens, sent a detailed letter outlining Husband's assertions and
     claims that were later proven to be false.  Based upon those assertions, he made a
12   proposal to inequitably divide the marital estate. His <u>continuing</u> material terms and legal
13   position, were:

14           1)   A request for $5000 in spousal support for one year, despite earing
15       double Wife's income at $17,592 per month; **objectively unreasonable.**

16           2)   A request for 100% ownership of their NW Terraceview marital
17       residence without any off-set to Wife for her interest, even though Wife had sold
         two separate property homes and put her equity from both into the NW
18       Terraceview down payment;   **objectively unreasonable**

19           3)  A claimed interest in Wife's separate business, even though this was
20       only a 10 month marriage, but indicated he would agree to no "payment" if she
         deeded the marital residence to Husband; **objectively unreasonable**
21
22           4)  Wife could keep the few items she initially took from the home
         (approximate value $9,360), could have her premarital property, and could have
23       some miscellaneous sports and outdoor equipment, but that Husband would
24       retain the remainder of nearly $92,000 worth of jointly purchased furnishings and
         purchases they had made for their home.  **objectively unreasonable**
25
     Wife responded to each of Husband's assertions in correspondence on November 19,
26   2019, wherein Wife refuted the false financial premises on which Husband's offer was

Page 15 – DECLARATION OF LUCINDA GIORGETTI IN SUPPORT OF STATEMENT FOR ATTORNEY FEES

Lucinda R. Giorgetti, Attorney at Law
4949 Meadows Rd., Ste. 600
Lake Oswego, Oregon 97035
(503) 225-0400

**EXHIBIT 9**
**Page 15 of 30**

1  based, refuted his dramatic distortions about Wife's actions he had alleged to support

2  his inequitable settlement offer. Wife requested they provide mutual discovery

3  production to obtain the facts before they continued with settlement negotiations

   because the parties' perspectives were so divergent.

4      b.  After Wife's November 19, 2019 response to Husband's ridiculous settlement

5  proposal, Husband refused to respond to Wife's <u>discovery requests</u>.  Nor did he

6  respond to Wife's settlement proposal of February 12, 2020; Nor did he respond to her

7  repeated <u>requests to mediate</u> the issues with a retired judge; Nor did he respond to any

   subsequent correspondence. Husband was effectively radio-silent through November

8  2020. **objectively unreasonable**

9      c.  Wife provided discovery documents to Husband in December 2019 and on

10  February 12, 2020.  She proffered a settlement proposal in correspondence on

11  February 12, 2020, based on an equitable split of joint property and each party retaining

12  their separate property, businesses, and accounts. The parties in this short term

   marriage would leave with their separate property and equitably divide their joint

13  property. Although this offer was objectively reasonable**.** Wife's attorney received no

14  written response from Husband's attorney. **Objectively unreasonable**

15      d.  As referenced above, Husband provided no discovery for seven months, and

16  his attorney did not respond to Wife's correspondence or emails to move the case

   forward. **objectively unreasonable**

17      e.  The attorneys finally conferred by telephone on February 26, 2020, about the

18  case issues but Husband had not reconsidered or conceded his November 15, 2019

19  claim for spousal support, continued to claim an interest in Wife's business, and

20  continued to lay claim to the vast majority of the jointly purchased personal property.

   Husband had not provided a single discovery document despite being served on

21  October 30, 2019.   The attorneys did agree to pursue a judicial settlement conference,

22  and even agreed to a particular retired judge.  However, after that date, Husband's

23  attorney never responded to a request to schedule a mediation.  **objectively**

24  **unreasonable**

25      f.  Wife's attorney sent detailed letters to Attorney Stephens on March 30, 2020,

   regarding the scheduling of a settlement conference/mediation, requesting discovery

26  that was by then months overdue, and reiterating Wife's request to list the marital

Page 16 – DECLARATION OF LUCINDA GIORGETTI IN SUPPORT OF STATEMENT FOR ATTORNEY FEES

Lucinda R. Giorgetti, Attorney at Law
4949 Meadows Rd., Ste. 600
Lake Oswego, Oregon 97035
(503) 225-0400

EXHIBIT 9
Page 16 of 30

residence for sale. Wife received no response from Attorney Stephens. **objectively unreasonable**

g.  Wife filed a Motion to Compel and had a hearing set for June 12, 2020.  She issued subpoenas to financial institutions for Husband's financial documents, since he failed and refused to provide a single requested document under ORS 107.089 or Petitioner's First Request for Production.  Attorney Stephens did not respond to any of Wife's correspondence. **objectively unreasonable**

h.  The attorneys had a second telephone conference on May 14, 2020, wherein Husband's counsel reiterated the same claims for support and property that had been asserted six months earlier.  Mr. Stephens did not communicate further, nor send any additional correspondence, with the exception of a brief telephone call to confer before the June 12, 2020 hearing on Wife's Motion to Compel. **objectively unreasonable**

i.  I continued to send detailed correspondence on July 14th, September 25th, October 26th, with attempts to obtain agreement to list the marital residence for sale, and to proceed with a judicial settlement conference or mediation.  I sent numerous emails to Attorney Stephens requesting a response on case matters.  Attorney Stephens was "radio silent" after providing some of Husband's credit card transactions on August 17th. **objectively unreasonable**

j. In summary, throughout 2020, Attorney Stephens participated with me in two telephone conferences regarding the substantive issues, in February and May. He did not respond in correspondence and appeared only at the hearing on Wife's Motion to Compel. Otherwise, he was non responsive until he withdrew from representation on November 12, 2020.  Clearly, neither Husband, nor his legal counsel, were diligent in these case proceedings throughout 2020.

k.  Wife and I conducted ourselves reasonably and diligently to pursue the case in a proper, expeditious manner throughout my tenure. I wrote numerous letters with proffers of settlement, sent countless emails and placed many calls to Mr. Stephens over several months to arrange a judicial settlement conference, obtain discovery, arrange for a walk-through of the marital residence, and for Wife to retrieve the personal belongings of her and her children.  Wife prepared extensive, detailed inventory lists of all of the parties' both separate and joint personal property.  She diligently provided discovery documents to Attorney Stephens, even without his request.

Lucinda R. Giorgetti, Attorney at Law
4949 Meadows Rd., Ste. 600
Lake Oswego, Oregon 97035
(503) 225-0400

**EXHIBIT 9**
**Page 17 of 30**

1    <u>Husband's Wrongful Termination Employment Case</u>.  Wife even cooperated in

2    good faith when Husband's employment attorney contacted me for information helpful to

3    Husband for his wrongful termination suit that he filed against his last employer (July

     2019).  Wife timely provided information to his counsel to be helpful. This was in sharp

4    contrast to Husband's intentional bad faith acts in Wife's parenting modification case

5    when he withheld documents from Wife that he had been served with in the modification

6    case filed by Wife's ex-husband.

7         2.    Pursuant to ORS 20.075(2), the court must consider several factors when

     determining the <u>amount</u> of attorney fees to award.  In Paragraph 4 of this Declaration, I

8    identified the relevant factors for the court to consider under that statute.

9         A.    **The time and labor required in the proceeding, the novelty and**
          **difficulty of the questions involved in the proceeding and the skill needed**
10        **to properly perform the legal services.**

11        My participation as Petitioner/Wife's counsel and sole attorney of record spread

12   over the course of 15 months.  While the issues presented were fairly straight-forward,

13   the case required substantial discovery and inordinate time in my attempts to engage

14   Husband's attorney and to argue the facts in the face of Husband's dubious claims.

     Husband intentionally made the case extremely difficult through repeated delays,

15   noncompliance and bad faith conduct.  Husband singularly drove this case to litigation

16   through his intransigence, protraction, non-responsiveness and refusal to mediate until

17   the time set for trial.  The majority of the work to move this case along was performed

18   by me and my client. Wife made every effort to work reasonably with Husband.  She

19   ultimately filed motions to waive mediation so that they could proceed with trial, and

     objected to Mr. Stephen's late withdrawal, both designed to generate activity – any

20   activity – on Husband's part.

21        B.    **The fee customarily charged in the locality for similar legal services.**

22        My hourly rate is $300 per hour and I have practiced for 25 years in both Oregon

23   and Washington State. My rate and fees were lower than those charged by other family

     law attorneys in the Portland Metropolitan area with similar years of experience.

24        C.    **The amount involved and the controversy and the results obtained.**

25        As will be noted conclusively in Attorney Eaton's Declaration, Wife prevailed in

26   all of her claims and her legal position, but can likely never recoup her financial

Page 18 – DECLARATION OF LUCINDA GIORGETTI IN SUPPORT OF STATEMENT FOR ATTORNEY FEES

Lucinda R. Giorgetti, Attorney at Law
4949 Meadows Rd., Ste. 600
Lake Oswego, Oregon 97035
(503) 225-0400

**EXHIBIT 9**
**Page 18 of 30**

contributions in this marriage because of Husband's intransigence, delays and marital waste.   Wife was forced to endure two years of legal engagement and to needlessly expend funds.  The issues in this divorce should have been straight-forward, given the brevity of this marriage.  Wife should be made financially whole through an award of all of her attorney fees and costs.

**D.    The nature and length of the attorney's professional relationship with the client.**

This has been addressed above.  In addition to this divorce case, I also represented Wife in her Parenting Plan modification case, which Husband tried to obstruct. Nevertheless, my client and I settled her modification case amicably, cost effectively and quickly, in just two months.  The Court signed the Supplemental Judgment in that case on December 31, 2019.  By stark contrast to this divorce case, Wife and I were able to settle the parenting modification case without the court's assistance because counsel and both parties conducted themselves in a very reasonable and professional manner.

**E.  The experience, reputation and ability of the attorney performing the services.**

I have practiced exclusively in domestic relations law for 25 years in Oregon and Washington states.  I participated as a member Clark County Bar Association in Washinton, until 2020, and have continued to participate as a member in the Oregon tri-county bar associations. This case became protracted and expensive only because Husband was unreasonable and engaged in bad faith acts, while his attorney was nonresponsive for most of the case.

**CONCLUSION**

Husband should be found to have acted in bad faith from the start of the case, continuing through my tenure. Husband's meritless claims, unreasonable positions, delay tactics and bad faith conduct, paired with the nonresponsive posture of both Husband and his attorney, and his refusal to mediate until the time of trial conclusively demonstrated his intransigent pattern and calculated acts taken in bad faith.  Husband's failure to proceed in good faith needlessly increased Wife's legal expenses. Husband should be required to pay Wife the full $26,435.00 she seeks in attorney fees and costs incurred during my tenure as her attorney

Lucinda R. Giorgetti, Attorney at Law
4949 Meadows Rd., Ste. 600
Lake Oswego, Oregon 97035
(503) 225-0400

**EXHIBIT 9**
**Page 19 of 30**

1    **I hereby declare that the above statement, including the information**
2    **contained in the exhibits to this statement, is true to the best of my**
     **knowledge and belief, and that I understand it is made for use as evidence**
3    **in court and is subject to penalty for perjury.**

4    DATED this ___11 TH___ day of ___October___, 2021.

5

6    _Lucinda R. Giorgetti_
7    Lucinda R. Giorgetti, OSB #950752
     Of Attorneys for Petitioner/Wife
8    Lucinda@giorgettilaw.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 20 – DECLARATION OF LUCINDA GIORGETTI IN SUPPORT OF STATEMENT FOR ATTORNEY FEES

Lucinda R. Giorgetti, Attorney at Law
4949 Meadows Rd., Ste. 600
Lake Oswego, Oregon 97035
(503) 225-0400

**EXHIBIT 9**
**Page 20 of 30**

1

<u>CERTIFICATE OF SERVICE</u>

2

3       I hereby certify that I served the Declaration of Lucinda R. Giorgetti in Support
of Petitioner's Statement for Attorney Fees, Costs and Disbursements on:

4

5       Alec J. Laidlaw
        Laidlaw & Laidlaw, PC

6       1001 Molalla Avenue, Suite 208
        Oregon City, OR 97045

7       alec@laidlawandlaidlaw.com

8               Attorney for Respondent/Husband

9

10    by the following indicated method or methods:

11          ○       by mailing a copy thereof in a sealed, first-class postage-prepaid envelope,
      addressed to the attorney(s) listed above, and deposited with the United States Postal

12    Service at West Linn, Oregon, on the date set forth below.

13          ○       by hand delivering a copy thereof to the attorney(s) listed above, on the

14    date set forth below.

15          ○       by sending via overnight courier a copy thereof in a sealed, postage-

16    prepaid envelope, addressed to the attorney(s) listed above, on the date set forth below.

17          ○       by faxing a copy thereof to the attorney(s) at the fax number(s) shown

18    above, on the date set forth below.

19          ●       by emailing a copy thereof to the individual at the email address shown

20    above, on the date set forth below.

21      DATED this __10th__ day of October, 2021.

22

23                              EATON FAMILY LAW & MEDIATION, LLC

24

25                              Kristin Winnie Eaton, OSB# 982199
                                Of Attorneys for Petitioner/Wife

26                              Email: kristin@eaton-familylaw.com

EATON FAMILY LAW & MEDIATION, LLC
Attorneys at Law
21790 Willamette Drive · P.O. Box 446
West Linn, Oregon 97068

**EXHIBIT 9**
**Page 21 of 30**

_Verified Correct Copy of Original 10/18/2019_

1

2

STATE OF OREGON
CLACKAMAS COUNTY COURTS
ENTERED
2019 OCT 15 PM 2:27
OCT 18 2019

ENTERED By: SBY

3            **IN THE CIRCUIT COURT OF THE STATE OF OREGON**

4                    **FOR THE COUNTY OF CLACKAMAS**

5                        Family Law Department

6

7    **In the Matter of the Marriage of:**

8    **CYNTHIA G. FETTY (nka CYNTHIA G.**            CASE NO:DR13090671
     **VIZZINI),**
                                                     **PROOF OF SERVICE**
9                        **Petitioner**

10   **V**

11              **MICHAEL W. FETTY,**

                        **Respondent**

12

13        I Brittany Gordon declare that I am a resident of the State of Oregon.

14                                   1.

15        I am a competent person 18 year of age or older, and that I am not a party

16   in this matter.

17                                   2.

18   I certify that I served a true copy of the following documents: DECLARATION IN

19   SUPPORT OF MOTION TO APPOINT CHILREN'S ATTORNEY, MOTION FOR

20    OSC re MODIFICATION, MOTION TO APPOINT CHILDREN'S ATTORNEY,

Page **1** of **2 PROOF OF SERVICE**



DR13090671
PSSE
Proof of Service – Substitute
11848455

Verified Correct Copy of Original 10/18/2019

1    AND DECLARATION IN SUPPORT OF MODIFICATION on 10/09/19 at about

2    8:57pm first by substitute service, delivering them to DAVID VIZZINI,  a person of

3    14 years or older located at 8708 NW TERRACEVIEW CT, PORTLAND, OR ,

4    97229.

5    On 10/14/2019 , I personally deposited a true copy of the same documents

6    served with the U.S. Postal Service, via first class mail, in a sealed envelope,

7    postage paid, addressed to Cynthia Vizzini at the party's home address listed

8    above, together with a statement of the date, time and place that the documents

9    were hand-delivered to the party's dwelling.

10    **I hereby declare that the above statement is true to the best of my**

11    **knowledge and belief, and that I understand it is made for use as evidence**

12    **in court and is subject to penalty for perjury.**

13

14    Signature of Server        Printed Name       date

15    *729 Molalla AVE, Suite 4 , Oregon City, OR 97045*

16    City         State        zip

17

Page **2** of **2 PROOF OF SERVICE**

**EXHIBIT 9**
**Page 23 of 30**

19DR20072

1

2

3

4            **IN THE CIRCUIT COURT OF THE STATE OF OREGON**

5                **FOR THE COUNTY OF CLACKAMAS**

6                **Department of Domestic Relations**

7  In the Matter of the Marriage of:    )

8  CYNTHIA G. VIZZINI,        )   Case No.:  19DR20072

9             Petitioner,  )   **LIMITED JUDGMENT**

10    And                   )   **FOR ATTORNEY FEES;**
                                       **MONEY AWARD**

11  DAVID C. VIZZINI,          )
                 Respondent. )

12                               )

13  ——————————————————)

14       THIS MATTER came before the court upon Petitioner's Motion for Order to

15 Compel and for an award of Attorney Fees submitted to the court on or about March 12,

16 2020 and which was heard by the Honorable Roxanne Scott on June 12, 2020.

17 Pursuant to ORCP 68(C)(4)(d) and (C)(5)(b) the court may award attorney fees, costs,

18 and disbursements by supplemental judgment.  Petitioner submitted a Statement for

19 Attorney Fees to the court for its consideration.

20       NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that

21 Petitioner is awarded a money award against Respondent in the amount of $1,050.00

22 in accordance with the award determination by the Honorable Roxanne Scott.

23 ///

24 ///

25

26

Page 1   **LIMITED JUDGMENT FOR ATTORNEY FEES;**
        **MONEY AWARD**

*LUCINDA R. GIORGETTI*
*Attorney at Law*
*4949 Meadows Road, Ste. 600*
*Lake Oswego, OR 97035*
*503.225.0400/ fax 503.496.5510*

Exhibit ___2___
Page _1_ of _4_

**EXHIBIT 9**
**Page 24 of 30**

1

<h2 align="center">MONEY AWARD</h2>

2

3    1.    **AWARD CREDITOR:**        Cynthia G. Vizzini

4          A.    Address:                13190 SE 162nd Ave #213
                                         Happy Valley, OR 97015
5

6          B.    Date of Birth:          UTCR 2.100
7          C.    Social Security No.:     UTCR 2.100

8

9    2.    Creditor's Attorney,         Lucinda Giorgetti
           Address & Telephone No.:     4949 Meadows Road, Suite 600
10                                       Lake Oswego, OR 97035
                                         (503)225-0400
11

12   3.    **AWARD DEBTOR:**            David C. Vizzini

13         A.    Address:                8708 NW Terraceview Court,
                                         Portland, OR 97229
14

15         B.    Date of Birth:          UTCR 2.100
           C.    Social Security No.:     UTCR 2.100
16         D.    Employer Address        Equitax DX LLC
                 & Phone:                2175 NW Raleigh St., Ste. 110
17                                        Portland, OR 97210
                                         (971)563-1733
18

19   4.    Debtor's Attorney,           C. Sean Stephens,
           Address & Telephone No.:     Stephens & Margolin LLP
20                                       1000 SW Broadway, Ste. 1250
                                         Portland OR 97205
21                                       (503) 546-6374

22   5.    **AWARD AMOUNT:**            $ 1,050.00

23
     ///
24
     ///
25

26

Page 2   **LIMITED JUDGMENT FOR ATTORNEY FEES;**
         **MONEY AWARD**

LUCINDA R. GIORGETTI
Attorney at Law
4949 Meadows Road, Ste. 600
Lake Oswego, OR 97035
503.225.0400/ fax 503.496.5510

Exhibit ____2____
Page __2__ of __4__

EXHIBIT 9
Page 25 of 30

## <u>AWARD - COSTS, DISBURSEMENTS AND ATTORNEY FEES</u>

1

2      Costs, disbursements, and attorney fees are awarded to the Judgment Creditor

3   and against the Judgment Debtor.  The Judgment Creditor is entitled to recover attorney

4   fees on the Limited Judgment For Attorney Fees - Money Award.  The following

5   amounts are hereby awarded.

6      **Attorney Fees Judgment Interest**

7

8   Interest rate:                                    9% per annum
    Balance upon which interest accrues;              Unpaid attorney fee award
9   Interest start date:                              30 day from entry of judgment
    Interest type:                                    Simple interest

10

11

12                                                    Signed: 10/9/2020 01:44 PM

13                                    *Roxanne Scott*

14                                    _____

15                                    **Circuit Court Judge Roxanne Scott**

16

17

18  **SUBMITTED BY:**

19  *Lucinda R. Giorgetti*

20  _____
    Lucinda Giorgetti, OSB #950752
21  Attorney for Petitioner

22

23

24

25

26

Page 3   LIMITED JUDGMENT FOR ATTORNEY FEES;
         MONEY AWARD

                    *LUCINDA R. GIORGETTI*
                         Attorney at Law
                    4949 Meadows Road, Ste. 600
                      Lake Oswego, OR 97035
                 503.225.0400/ fax 503.496.5510

                                          Exhibit __2__
                                          Page __3__ of __4__

**EXHIBIT 9**
**Page 26 of 30**

1

### **CERTIFICATE OF SERVICE**

2

3       I certify that I served the Limited Judgment For Attorney Fees; Money Award on:

4                   C. Sean Stephens
                    Stephens Margolin LLP
5                   1000 SW Broadway,. Ste 1250
                    Portland OR 97205
6

7                   Attorney for Respondent

8    by the following indicated method or methods:

9       ____    by **mailing** a full, true, and correct copy in a sealed, first-class postage-
                prepaid envelope, addressed to the attorney(s) listed above, and deposited
10              with the United States Postal Service at Portland, Oregon, on the date set
                forth below.
11

12      ____    by **hand delivering** a full, true, and correct copy to the attorney(s) listed
                above, on the date set forth below.
13

14      ____    by **sending via overnight courier** a full, true and correct copy in a sealed,
                postage-prepaid envelope, addressed to the attorney(s) listed above, on the
15              date set forth below.

16      ____    by **faxing** a full, true, and correct copy to the attorney(s) at the fax
                number(s) shown above, on the date set forth below.
17

18      X       by **emailing / attachment** a copy thereof to the attorney(s) at the email
                address(s) shown above, on the date set forth below.
19

20      DATED this _____ 18th day of September, 2020.

21

22                              By: _____
                                    Lucinda Giorgetti, OSB #950752
23                                  Attorney for Petitioner

24

25

26

Page 4    LIMITED JUDGMENT FOR ATTORNEY FEES;
          MONEY AWARD

LUCINDA R. GIORGETTI
Attorney at Law
4949 Meadows Road, Ste. 600
Lake Oswego, OR 97035
503.225.0400 fax 503.496.5510

Exhibit 2
Page 4 of 4

EXHIBIT 9
Page 27 of 30

# GREGORY
# LAMONT
# GUDGER
#### ATTORNEY AT LAW

P.O. Box 19360, Portland, Oregon 97280
TELEPHONE            (503) 228-1170
FAX                  (503) 228-1173
E-MAIL               dcglg@hotmail.com

July 1, 2020

Cindy Vizzini, CEO
HR Annie Consulting
4949 SW Macadam Avenue
Portland, Oregon 97239

re; EquitasDx

Dear Ms. Vizzini:

I have been retained by EquitasDx on behalf of Jeff Larson for the limited purpose of notifying you of its consideration of filing suit against you and your company for breach of contract and conversion. It is also my understanding that at least three (3) other persons who were intended to benefit from the contract may be considering filing suit for intentional interference with economic relations related to the breach.

As I'm sure you are aware, you and EquitasDx entered into an oral agreement, outside of the Statute of Frauds, but memorialized in various communications, whereby EquitasDx would partner with HR Annie, in effect, to provide a health insurance arm to HR Annie for its business clients as an exclusive broker of health benefit plans and planning, providing cost containment and claim reimbursement services as well as a variety of attendant services and products. You expressed your belief that your clients and others would enjoy benefit solutions that made sense and were affordable.

HR Annie was to provide a "pipeline" to HR Annie's company clients, focusing on those desiring self-funded and reference-based pricing options. Based on your representations, Mr. Larson funneled in at least $300,000.00 to set up EquitasDx in order to comply with the agreement, and at least one person quit her job to work with EquitasDx exclusively toward this venture, based on those same representations, and with your knowledge and approval, as a key part of it.

It is my understanding that since there has been a breakdown in personal relations between you and your husband, the managing member of EquitasDx, you have failed to open the pipeline and provide client lists per the agreement and thereby not fulfilling your end of the bargain which you knew would not only help your clients, but would open greater opportunities for EquitasDx. You were aware, that projected revenues for EquitasDx through June 2020 was between $800,000.00 and $900,000.00 with

Exhibit 3
Page 1 of 2

Scanned with CamScanner

EXHIBIT 9
Page 28 of 30

Page 2
EquitasDx Matter
July 1, 2020

costs topping $690,000, and that the profit margin would substantially increase after the initial start-up period.

The anticipated future profitability of EquiasDx, as you were aware, believed and anticipated yourself, has been severely compromised by the breach.

As for the allegations of conversion, it is my understanding that on March 26, 2020 you removed or destroyed property of EquitasDx, thereby impairing its ability to function, at the former family home which housed the main office of EquitasDx; that certain services essential for the functioning of the business were interrupted or discontinued. EquitasDx employees were displaced and the company was shut down by your actions.

As noted earlier, individual claimants may seek relief through intentional interference with business relations as those individuals were not party to the contract between HR Annie and EquitasDx, but were damaged by you as a "third party" which denied them their opportunities and benefits through no fault of their intended employer. Sherry Freeman, for example, has lost $56,250 in salary and an anticipated $15,000.00 in commissions; Jennifer Aharonian lost $54,160.00 in anticipated salary, and Eric Read lost up to $15,000.00 in commissions.

Marital troubles notwithstanding, business is business, and personal matters provide no defense against breach of contract or conversion. As a tort, conversion may be remedied through both special and punitive damages.

Mr. Larson wanted to notify you of claims he believes he has against you and HR Annie and, because he has not filed suit at this time, is open to settling this matter with a minimum of litigation that would be troublesome to both parties and interfere with the free flow of enterprise.

Please respond within ten (10) days of the date of this letter.

Sincerely,

Gregory L. Gudger, Esq.
Attorney for EquitasDx, LLC

cc:        Client
           File

Exhibit 3
Page 2 of 2

Scanned with CamScanner

EXHIBIT 9
Page 29 of 30

# CRISCIONE FAMILY DENTISTRY, P.C.

## Michael J. Criscione, D.M.D.

16679 Boones Ferry Road, Suite 215
Lake Oswego, Oregon 97035
503-636-7601

June 18, 2020

To Whom It May Concern:

Criscione Family Dentistry has had a business relationship with Cindy Free, owner of HR Annie since the fall of 2017. Cindy has been an instrumental part of developing systems and maintaining compliance in our HR department. Cindy has been our single point of contact with HR Annie for consulting during the entire relationship.

David (Dave) Vizzini has never provided consulting services to Criscione Family Dentistry. Although I am familiar with him, he was never influenced the decision-making processes in the practice and never weighed in on the issues that we discussed with HR Annie/Cindy. David was never present for discussions regarding my practice; I would not have consented to having an outsider present for confidential discussions.

Cindy has been reliable, timely, and responsive to the needs of Criscione Family Dentistry. She has developed and maintained her reputation within the practice and has become a trusted advisor. Cindy has earned our confidence through consistent, steady, pro-active performance. As a result of HR Annie's successful operations within the practice, we have referred many colleagues to them for consulting.

My practice manager received a call from David (Dave) Vizzini in the fall of 2019. According to the notes she took during the call, he relayed a multitude disparaging remarks regarding Cindy. His intentions were viewed as attempts to negatively influence me, as a client, against Cindy. He spoke unfavorably of her personally and professionally. The allegations were outrageous and frankly they were unbelievable. The conversation was under the guise of him having concern for his wife. The call was out of nowhere, it was uninvited and inappropriate. Fortunately, my manager and I both knew Cindy well enough through the existing relationship that it did not affect the business connection. I became concerned *for* Cindy not *about* Cindy. In spite of this attempt and one additional contact to my practice manager from David, Criscione Family Dentistry continues to engage in business with HR Annie and intends to do so indefinitely.

Please feel free to contact me at any time with questions.

Regards,

Michael J. Criscione, D.M.D.

Exhibit ____
Page __ of __

EXHIBIT 9
Page 30 of 30

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS

Family Law Department

| In the Matter of the Marriage of: | |
|---|---|
| CYNTHIA G. VIZZINI, nka<br>CYNTHIA G. FREE,<br><br>         Petitioner,<br><br> and<br>DAVID C. VIZZINI,<br><br>         Respondent. | Case No. 19DR20072<br><br>SUPPLEMENTAL JUDGMENT RE:<br>ATTORNEY FEES, COSTS AND<br>DISBURSEMENTS<br><br>(Stipulated)<br><br>(Money Award) |

THIS MATTER came before the court, on the Petitioner's Statement for Attorney Fees, Costs and Disbursements ("Attorney Fee Statement") and the stipulation of the parties. Petitioner, Cynthia G. Free, fka Cynthia G. Vizzin ("Wife"), is represented by Kristin Winnie Eaton of Eaton Family Law & Mediation, LLC. Respondent, David C. Vizzini ("Husband"), is represented by Alec J. Laidlaw of Laidlaw & Laidlaw, PC. Based upon the record and file herein, the court makes the following

**FINDINGS OF FACT:**

1.     Wife has filed a request for attorney fees and costs in this action in which she was the prevailing party.

2.     Husband filed objection to her request and also sought to strike her request, which was filed 11 minutes past the deadline for technological reasons beyond her control.

Page 1 – SUPPLEMENTAL JUDGMENT RE: ATTORNEY FEES (MONEY AWARD)

EATON FAMILY LAW & MEDIATION, LLC
Attorneys at Law
21780 Willamette Drive  P.O. Box 446
West Linn, OR 97068
503-850-6994

**EXHIBIT 10**
**Page 1 of 8**

1    3.    The court granted Wife an enlargement of the time to file to allow for

2    the 11 minute delinquency and Husband thereafter withdrew his motion to strike

3    her request.

4    4.    After the entry of the General Judgment of Dissolution of Marriage in

5    this case, Husband initiated legal action in Multnomah County Circuit Court against

6    Wife and another individual, through a business known as Veritas Allies, LLC.  The

7    action is filed as Case No. 21CV47955 ("Multnomah County Case").

8    5.    Wife has filed a Motion to Dismiss the Multnomah County Case, and

9    hearing is scheduled for June 3, 2022.

10   6.    The parties desire to end all of the protracted litigation between them

11   and have agreed to settle all issues between them as set forth herein.

12   7.    The proceeds remaining from sale of the marital residence, which are

13   held in the Eaton Family Law & Mediation, LLC client trust account, total

14   $83,910.48.  Husband's share of the proceeds is $23,210.74 and Wife's is $60,699.74.

15   8.    Husband is affiliated with or wholly owns businesses which are

16   registered with the Oregon Secretary of State, as follows:

17       A.    Equitas DX, LLC;

18       B.    Equitas HP, LLC;

19       C.    ServisCare, LLC; and

20       D.    Medicus Stat, LLC.

21   9.    Husband also has an interest in an administratively dissolved

22   company that he operates as "Veritas Allies, LLC," which was not disclosed in the

23   course of the parties' marital dissolution.  This company was previously registered

24   with the Oregon Secretary of State as Registry Number 1685608-95, and was

25   administratively dissolved on or about August 19, 2021.

26   \ \ \

Page 2 – SUPPLEMENTAL JUDGMENT RE:  ATTORNEY FEES (MONEY AWARD)

EATON FAMILY LAW & MEDIATION, LLC
Attorneys at Law
21780 Willamette Drive  P O  Box 446
West Linn, OR 97068
503-850-6994

**EXHIBIT 10**
**Page 2 of 8**

10.     Wife is affiliated with or wholly owns a business known as HR Annie, Inc., which is registered with the Oregon Secretary of State.

11.     On October 12, 2021, Wife registered the business name of Veritas Allies, LLC with the Oregon Secretary of State as Registry No. 1879585-91.

NOW, THEREFORE, having made the above findings of fact, the court adjudges and enters the following

**ORDER:**

1.     ATTORNEY FEE JUDGMENT AGAINST HUSBAND.  Petitioner/Wife shall have a money award against Respondent/Husband in the amount of Thirty Thousand and 00/100 Dollars ($30,000.00), which shall be due and payable as follows:

A.     Wife shall receive Husband's entire $23,210.74 share of the remaining house sale proceeds that are on deposit in her attorney's client trust account immediately upon entry of this Supplemental Judgment; and

B.     The remaining $6,789.26 balance shall be due and payable within 30 days of entry of this Supplemental Judgment.  In the event any portion of the principal balance remains due and owing more than 30 days after entry of this Supplemental Judgment, statutory interest of nine percent (9%) per annum, simple, shall accrue on the unpaid principal balance from the date which is 30 days after entry of this Supplemental Judgment until paid in full.

C.     Nothing herein shall prevent Wife from asserting a lien against Husband's interests in litigation, claims, and other property, immediately upon entry of this Supplemental Judgment, to the extent there remains an unpaid principal balance owed, so long as she releases such liens upon receipt of payment in full of the sums owed to her under this Supplemental Judgment.

2.     CHANGE OF REGISTRATION OF VERITAS ALLIES, LLC.  Husband is awarded the business name of Veritas Allies, LLC that is currently registered with the

Page 3 – SUPPLEMENTAL JUDGMENT RE:  ATTORNEY FEES (MONEY AWARD)

EATON FAMILY LAW & MEDIATION, LLC
Attorneys at Law
21780 Willamette Drive  P.O. Box 446
West Linn, OR 97068
503-850-6994

**EXHIBIT 10**
**Page 3 of 8**

1   Oregon Secretary of State to Wife as Registry Number 1879585-91. Wife shall fully

2   cooperate in the transfer of such business name to Husband.

3       3.    **HUSBAND TO DISMISS MULTNOMAH COUNTY CASE.** Husband

4   shall promptly cause the dismissal of the Multnomah County Case filed as Case No.

5   21CV47955, and such dismissal shall be <u>with prejudice</u>, and has represented through

6   his legal counsel that he has authority on behalf of the members of the business he

7   operates as "Veritas Allies, LLC" to enter such dismissal with prejudice. Husband and

8   Wife expressly each waive a claim to an award of attorney fees in the Multnomah

9   County Case, based upon the terms of settlement expressed in this Supplemental

10  Judgment.

11      4.    <u>MUTUAL RELEASE OF CLAIMS.</u> The parties shall each execute a

12  mutual release of all claims each may have against the other, on behalf of themselves,

13  personally, and on behalf of all related entities (all businesses referenced in Findings 8-

14  11, above). This release of all claims expressly includes Wife's potential to re-open this

15  marital dissolution case for the intentionally concealed or inadvertently omitted asset

16  of "Veritas Allies, LLC." Such mutual release of claims shall be prepared by the

17  attorneys representing each party and/or the party's related business in the

18  Multnomah County Case.

19      **5.**    <u>EFFECT OF FAILURE TO COMPLY WITH DISMISSAL.</u> In the event

20  Husband fails to obtain a dismissal of the Multnomah County Case <u>with prejudice</u>

21  against Wife for any reason, then this Supplemental Judgment shall be immediately

22  vacated and the attorney fee issue placed back on the hearing docket. In addition, in

23  such event, the mutual release contemplated herein shall be deemed void.

24                          * * * * *

25  \ \ \

26  \ \ \

Page 4 – SUPPLEMENTAL JUDGMENT RE: ATTORNEY FEES (MONEY AWARD)

EATON FAMILY LAW & MEDIATION, LLC
Attorneys at Law
21780 Willamette Drive  P.O. Box 446
West Linn, OR 97068
503-850-6994

**EXHIBIT 10**
**Page 4 of 8**

<u>**MONEY AWARD PURSUANT TO ORS 18.042**</u>
<u>**Does NOT Include Support Award**</u>

1. Creditors:                          CYNTHIA G. FREE
   Address:                            15033 SE Francesca Lane
   City, State ZIP:                    Happy Valley, OR 97086

2. Creditor's Attorney:                Kristin Winnie Eaton, OSB #982199
   Firm:                               Eaton Family Law & Mediation, LLC
   Address:                            P.O. Box 446
   City, State ZIP:                    West Linn, OR 97068
   Telephone:                          (503) 850-6994

3. Debtor:                             David C. Vizzini
   Address:                            2175 NW Raleigh Street, Suite 110
   City. State ZIP:                    Portland, OR 97210
   Telephone:                          971-563-1733

   Age/Year of Birth:                  48/1973
   Social Security Number:             xxx-xx-7049
   Driver's License Number:            OR xxx____

4. Debtor's Attorney:                  Alec J. Laidlaw, OSB #055154
   Address:                            Laidlaw & Laidlaw, PC
                                       1001 Molalla Avenue, Suite 208
                                       Oregon City, OR 97045
   Telephone:                          (503) 305-6894

5. Any person or public body known by the Creditor to be entitled to any portion
   of the Money Award:                 NONE

6. Award

   A. Attorney Fees:                   $30,000.00

   B. Due and Payable:                 Within 30 days after entry of this
                                       Supplemental Judgment

Page 5 – SUPPLEMENTAL JUDGMENT RE: ATTORNEY FEES (MONEY AWARD)

EATON FAMILY LAW & MEDIATION, LLC
Attorneys at Law
21780 Willamette Drive  P.O. Box 446
West Linn, OR 97068
503-850-6994

**EXHIBIT 10**
**Page 5 of 8**

7.  Pre-Award Interest:                    None

8.  Post-Award Interest:                   Nine percent (9%) per annum, simple on the
                                           unpaid principal portion of the attorney fee
                                           award, from the date which is 30 days after
                                           entry of this Supplemental Judgment, until
                                           paid in full.

                                           **5/27/2022 2:14:27 PM**

                                           *Todd L. Van Rysselberghe*

                                           **Circuit Court Judge Todd VanRysselberghe**

**IT IS SO STIPULATED:**

*Cynthia G. Free*                          *David Charles Vizzini*
Cynthia G. Free, Petitioner/Wife          David C. Vizzini, Respondent/Husband

STATE OF OREGON      )
                     )  ss.
County of Clackamas  )

ON THIS **24** day of May, 2022, the above-signed Cynthia G. Free did appear
before me and acknowledged the foregoing to be her voluntary act and deed.

OFFICIAL STAMP
LEIGH SIOBHAN STAINKEN
NOTARY PUBLIC-OREGON
COMMISSION NO 983367
MY COMMISSION EXPIRES JANUARY 22, 2023

                                           *Leigh A Sta*
                                           Notary Public for Oregon
                                           My Commission Expires: **01/22/2023**

                                           Virginia
STATE OF OREGON      )
                     )  ss.
                     Newport News
County of Clackamas  )

ON THIS 23th  day of May, 2022, the above-signed David C. Vizzini did
appear before me and acknowledged the foregoing to be his voluntary act and deed.

Rushanne E Smith
REGISTRATION NUMBER
7935392
COMMISSION EXPIRES
July 31, 2024

                                           *R. Smith*
                                           Notary Public for Oregon Virginia
                                           My Commission Expires: 07/31/2024

Notarized online using audio-video communication

Page 6 – SUPPLEMENTAL JUDGMENT RE: ATTORNEY FEES (MONEY AWARD)

EATON FAMILY LAW & MEDIATION LLC
Attorneys at Law
21700 Willamette Drive  P O Box 446
West Linn, OR 97068
503.656.0550

**EXHIBIT 10**
**Page 6 of 8**

1

**APPROVED AS TO FORM:**   **PREPARED AND SUBMITTED BY:**

2

LAIDLAW & LAIDLAW, PC         EATON FAMILY LAW & MEDIATION, LLC

3

4

5

Alec J. Laidlaw, OSB #055154    Kristin Winnie Eaton, OSB #982199

6

Of Attorneys for Respondent/Husband  Of Attorneys for Petitioner/Wife

alec.laidlaw.and.laidlaw.com        kristin@eaton-familylaw.com

7

5/24/2022

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 7 – SUPPLEMENTAL JUDGMENT RE: ATTORNEY FEES (MONEY AWARD)

EATON FAMILY LAW & MEDIATION LLC
Attorneys at Law
21780 Willamette Drive · P.O. Box 446
West Linn, OR 97068
503-850-6994

**EXHIBIT 10**
**Page 7 of 8**

## CERTIFICATE OF READINESS UNDER UTCR 5.100

### Supplemental Judgment Re:  Attorney Fees, Costs and Disbursements (Stipulated)(Money Award)

I certify this proposed judgment/order is ready for judicial signature because (check all that apply):

☐ Service is not required under UTCR 5.100(1)(c) because the other party has been found in **default** or an order of default is being required with this proposed judgment/order; because this judgment/order is submitted **ex parte** as allowed by statute or rule; or this judgment/ order is being submitted in **open court** with all parties present.

X Each party affected by this judgment/order has **stipulated** to or **approved** the judgment/order, as shown by the signatures on the judgment/order, or by written confirmation sent to me.

☐ I have **served** (complete service section below) a copy of this judgment/order and the *Notice of Proposed Judgment/order* to all parties entitled to service. *And*:

  ☐ No objection has been served on me within the 7-day time frame.

  ☐ I received objections that I could not resolve with the other party despite reasonable efforts to do so.  I have filed with the court a copy of the  objections I received and indicated which objections remain unresolved.

  ☐ After conferring about objections, the other party agreed to file any remaining objection with the court.

DATED this 24th day of May, 2022.

EATON FAMILY LAW & MEDIATION, LLC

Kristin Winnie Eaton, OSB #982199
Of Attorneys for Petitioner/Wife
kristin@eaton-familylaw.com

Page 1 -  CERTIFICATE OF READINESS

EATON FAMILY LAW & MEDIATION, LLC
Attorneys at Law
21780 Willamette Drive · P.O. Box 446
West Linn, OR 97068
(503) 850-6994

EXHIBIT 10
Page 8 of 8

21CV47955

1

2

3                    IN THE CIRCUIT COURT OF THE STATE OF OREGON

4                        FOR THE COUNTY OF MULTNOMAH

5

| | |
|---|---|
| VERITAS ALLIES LLC, an Oregon | ) Case No. 21CV47955 |
| Limited Liability Company, | ) |
| | ) STIPULATED LIMITED JUDGMENT |
| | ) OF DISMISSAL |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CYNTHIA FREE, an individual, and | ) |
| HEATHER SCHIAPPACASSE | ) |
| | ) |
| Defendants, | ) |
| | ) |

6

7

8

9

10

11

12

13          IT IS STIPULATED between Veritas Allies LLC and Cynthia Free, given the claims
between them are compromised and fully settled, that Defendant Cynthia Free be dismissed
14    with prejudice and without costs or fees to either party.

15          ADJUDGED that Defendant Cynthia Free be dismissed with prejudice and that neither
Veritas Allies LLC, nor Cynthia Free shall recover costs or fees.

16                                          **6/21/2022 9:55:24 AM**

17

18                                          Circuit Court Judge Judith H. Matarazzo Proxy
                                            Signed by MF

19    Dated    6/16/2022              By    /s/Grant T. Engrav
                                            Grant Engrav, OSB No. #133517
20                                          Of Attorneys for Plaintiff

21    Dated    6/16/2022              By    /s/ Daniel S. Sharp
                                            Daniel Sharp, OSB No. #161559
22                                          Of Attorneys for Defendant
                                            Cynthia Free
23

Page 1 -  STIPULATED LIMITED JUDGMENT OF DISMISSAL

**ENGRAV LAW OFFICE, LLP**
1500 SW First Avenue, Suite 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2737
FACSIMILE: (971) 275-1218
WEBSITE: engravlawoffice.com

**EXHIBIT 11**
**Page 1 of 3**

## CERTIFICATE OF READINESS UNDER UTCR 5.100

I certify this proposed judgment or order is ready for judicial signature because:

1. ☒ Each party affected by this order or judgment has stipulated to the order or judgment, as shown by each party's signature on the document being submitted.

2. ☐ Each party affected by this order or judgment has approved the order or judgment, as shown by each party's signature on the document being submitted or by written confirmation of approval sent to me.

3. ☐ I have served a copy of this order or judgment on each party entitled to service and:

   ☐No objection has been served on me.

   ☐I received objections that I could not resolve with a party despite reasonable efforts to do so. I have filed a copy of the objections I received and indicated which objections remain unresolved.

   ☐After conferring about objections, [role and name of objecting party] agreed to independently file any remaining objection.

4. ☐ Service is not required pursuant to subsection of this rule, or by statute, rule, or otherwise.

5. ☐ This is a proposed judgment that includes an award of punitive damages and notice has been served on the Director of the Crime Victims' Assistance Section as required by subsection (5) of this rule.

6. ☐ Other: _____.

Dated this 16 day of June 2022.

By: /s/ *Grant Engrav*
Grant Engrav, OSB No. 133517
Of Attorneys for Plaintiff

**EXHIBIT 11**
**Page 2 of 3**

## CERTIFICATE OF SERVICE

I hereby certify that on **June 16th, 2022**, I served the preceding **STIPULATED LIMITED LIMITED JUDGMENT OF DISMISSAL WITH PREJUDICE** (Case Number 21CV47955) on:

    **Attorneys for Defendant Cynthia Free**
    Peter Hicks and Daniel Sharp
    Peter.hicks@jordanramis.com
    Daniel.sharp@jordanramis.com
    lydia.paterson@jordanramis.com

    **Attorneys for Defendant Heather Schiappacasse**
    Phil Nelson, Keith Pitt, and Theodore James III
    phil@slindenelson.com
    keith@slindenelson.com
    ted@slindenelson.com

___By mailing a true and correct copy thereof by U.S. Postal Service, ordinary first-class mail, addressed to each attorney's last known address and depositing in the U.S. mail at Portland, Oregon on the date set forth above;

___By mailing a true and correct copy thereof by U.S. Postal Service, certified mail, return receipt requested, addressed to each attorney's last-known address and depositing in the U.S. mail at Portland, Oregon on the date set forth above;

___By causing a true and correct copy thereof to be hand-delivered to the above-mentioned attorney's last known office address on the date set forth above;

___By faxing a true and correct copy thereof to each attorney at each attorney's last known facsimile number on the date set forth above. At the time of service, the attorney maintained a facsimile device at the attorney's office and the device was working at the time of service. Attached to this Certificate of Service is a printed confirmation of receipt of the message generated by my office's facsimile transmitting machine.

_X_ By emailing a true and correct copy thereof to each attorney at each attorney's email address. Prior to service, the attorney's had agreed in writing to accept service via email.

Dated this 16th day of June 2022.

                By:   /s/*Grant Engrav*
                      Grant Engrav, OSB No. 133517
                      Of Attorneys for Plaintiff

**EXHIBIT 11**
**Page 3 of 3**