Philip Nelson, OSB No. 013650
phil@slindenelson.com
Keith A. Pitt, OSB No. 973725
keith@slindenelson.com
SLINDE NELSON
425 NW 10th Avenue Suite 200
Portland, OR  97209
Telephone: (503) 417-7777
    *Of Attorneys for Defendant Heather Schiappacasse*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| VERITAS ALLIES LLC, an Oregon Limited Liability Company, | Case No.: 3:22-cv-00903-YY |
| Plaintiffs, | **SUPPLEMENTAL DECLARATION OF KEITH A. PITT** |
| v. | |
| CYNTHIA FREE, an individual, and HEATHER SCHIAPPACASSE, an individual, | |
| Defendants. | |

I, Keith A. Pitt, do hereby state as follows:

1.       I am one of the attorneys for Defendant Heather Schiappacasse. I make this Declaration on personal knowledge (or on information and belief where otherwise indicated) and am competent to testify to the matters herein. Further, I make this Declaration in support of Defendant's Motion for Summary Judgment.

2.       Attached as **Exhibit 1** is a true and correct copy of email correspondence dated April 5, 2023 to Counsel Grant Engrav.

**SLINDE NELSON**
425 NW 10th Avenue, Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

3.      Attached as **Exhibit 2** is a true and correct copy of Plaintiff's Response to Defendant Heather Schiappacasse's First Request for Production dated August 19, 2022.

4.      Attached as **Exhibit 3** is a true and correct copy of Plaintiff's Response to Defendant Heather Schiappacasse's First Request for Interrogatories dated August 19, 2022.

5.      Attached as **Exhibit 4** is a true and correct copy of Leading Edge Administrators "About Us" web page located on https://www.leadingedgeadmin.com/about-us/.

6.      Attached as **Exhibit 5** placeholder for document under seal.

7.      Attached as **Exhibit 6** is a true and correct copy of the Equitas DX, LLC registry from the Oregon Secretary of State.


**I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.**

DATED: April 25, 2023.


SLINDE NELSON
By:  _/s/ Keith A. Pitt_
Philip Nelson, OSB No. 013650
phil@slindenelson.com
Keith A. Pitt, OSB No. 973725
keith@slindenelson.com
*Attorneys for Defendant Heather Schiappacasse*

**Slinde Nelson**
425 NW 10th Avenue, Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **SUPPLEMENTAL DECLARATION OF**

**KEITH A. PITT** on:

> Grant T. Engrav
> Engrav Law Office, LLP
> 1500 SW First Avenue, Suite 11700
> Portland, OR 97201

by the following indicated method(s):

☐  by **faxing** full, true, and correct copies thereof to said attorney to the fax number noted above, which is the last known fax number for said attorney, on the date set forth below.

☒  by **emailing** full, true, and correct copies thereof to said attorney to the email address noted above, which is the last known email address for said attorney, on the date set forth below.

☐  by notice of electronic filing using the CM/ECF system (LR 100.7(a)(2)).

☐  by causing full, true and correct copies thereof to be **mailed** to the attorney(s) at the attorney(s) last-known office address(es) listed above on the date set forth below.

DATED:  April 25, 2023.

> SLINDE NELSON
> By:  _/s/ Keith A. Pitt_
> Keith A. Pitt, OSB No. 973725
> keith@slindenelson.com
> *Attorneys for Defendant Heather Schiappacasse*

**SLINDE NELSON**
425 NW 10th Avenue, Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

**From:** Keith Pitt <keith@slindenelson.com>
**Subject: Re: Veritas v. Schiappacasee**
**Date:** April 5, 2023 at 4:11:40 PM PDT
**To:** Grant Engrav <grantengrav@engravlawoffice.com>
**Cc:** Natalie Laguna <NLaguna@slindenelson.com>, Tasi Misaalefua
<frontdesk@engravlawoffice.com>, Phil Nelson <phil@slindenelson.com>

Grant:

  In follow-up to the email(s) below—and in advance of the call tomorrow—please note the following regarding to Plaintiff's present objections/responses and production to Defendant's discovery requests to Plaintiff.

  By way of initial introductory comment, Plaintiff filed suit claiming an alleged tortious interference and purported "damages" with its existing/prospective business relationships. At its core, as framed by Plaintiff's own complaint, this is a financial case, which Plaintiff has directly placed at issue in this litigation.

  Accordingly, Plaintiff's financial performance—from the date of its inception to the present day—is clearly a relevant (if not central) matter of discovery in this matter. Indeed, insofar as Plaintiff is alleging Defendant caused its business to suffer by interfering with its "business relationships," Defendant is entitled to test—through searching discovery—the "cause and effect" grounding of those allegations.

  With that context set, I direct your attention the near total failure/refusal to produce relevant documents in the following categories:

  **Defendant's Request No. 3** seeks documents regarding "Communications with David Cardwell, head of 'Account Advocacy' at EquitasDX, regarding the Self Insurance Institute of America conference

**EXHIBIT 1**
**Page 1 of 7**

held in Austin, Texas in October 2021." Defendant has objected to providing what are otherwise clearly relevant documents in response to this request.

**Defendant's Requests 4, 5, 6, 8 and 10** seek all documents regarding all "existing" and "potential" clients of Plaintiff from January 1, 2021 through the present. These requests are not limited to but also include those Plaintiff contends terminated their relationship with Plaintiff or did not renew their relationship with Plaintiff due to Defendant's alleged interference. To date, Plaintiff has objected to those requests and/or failed to provide any documents whatsoever.

**Defendant's Request No. 7** seeks documents to "quantify the gross revenues, net revenues, and profitability of all existing or potential Veritas clients" that Plaintiff contends were damaged by Defendant's alleged conduct. To date, Plaintiff has objected to that request and/or failed to provide any documents whatsoever.

**Defendant's Request No. 9** seeks the similar documents related to the allegations pertaining to the "registration" of the similar Veritas name by Ms. Fee. So too with **Defendant's Request No. 1.** To date, Plaintiff has objected to that request and/or failed to provide any documents whatsoever.

**Defendant's Request No. 11** seeks documents regarding "one of [Plaintiff's] largest clients" alleged in Paragraph 6 of the Complaint. Although Plaintiff's response to **Defendant's Interrogatory No. 4** identifies Mary Beth Donalson from Diversified Benefit Administrators, Defendant is entitled discovery of any written "communications" with Ms. Donalson supporting or pertaining to that allegation in Plaintiff's Complaint. To date, Plaintiff has objected to that request and/or failed to provide any documents whatsoever.

**Defendant's Request No. 13** seeks all "communications" regarding Defendant and occurring between Plaintiff/David Vizini/Shane Barnes and Jean Gordon. Plaintiff has simply objected to that request, a curious objection when Plaintiff itself requested communications between Defendant and Jean Gordon. So too with Plaintiff's failure to provide any response to **Defendant's Interrogatory No. 8** regarding the current contact information for Jean Gordon.

**Defendant's Request No. 14** seeks documents regarding its alleged "damages" and the purported "redirecting [employees] away from revenue generating services" as alleged in Paragraph 17 of the Complaint, as well as documents "identifying" those specific employees. To date, Plaintiff has objected to that request and/or failed to provide any documents whatsoever.

**Defendant's Request No. 17** seeks all "local, state, and federal tax return, including all schedules, attachments and extensions" for the tax years 2018-2021. To date, Plaintiff has simply objected to this request, despite the Stipulated Protective Order which is in place

**Defendant's Requests No. 18-22** seeks documents regarding Plaintiff's corporate structure, financial information and balance sheets, investors, marketing, organizational charts, shareholder agreements, operating agreements. To date, Plaintiff has simply objected to these requests, despite the Stipulated Protective Order and which is in place.

Again, Plaintiff has elected to place its business successes, failures, and performance directly at issue in this litigation. To the extent Plaintiff is truly intending to continue with this litigation and to ask a jury to determine Defendant somehow "caused" Plaintiff's business to suffer "damages," especially as to alleged failures to renew by Plaintiff's "existing" clients and/or elections to not contract with Plaintiff by "prospective" clients, Defendant is entitled to test all those allegations.

This, of course, includes all documents to pertaining to <u>both</u> Plaintiff's existing business prior to and at the time of the Conference in 2021, as well as any changes to Plaintiff's business model and/or prospective clients afterwards. Once again, Defendant is entitled to test all aspects of any alleged

**EXHIBIT 1**
**Page 2 of 7**

"causation" and/or "damages" Plaintiff claims it suffered as a result of acts it attributes to Defendant.  On this last point, Plaintiff's objections to and refusal to provide substantive responses to **Defendants' Interrogatories No.5, 6 and 7** are not well taken and should be withdrawn and answered, in full.

Notwithstanding, as noted last week, it seems prudent from a cost perspective to avoid expensive discovery disputes and extensive depositions of Plaintiff's principals, employees, investors, and various third-parties, pending resolution of Defendant's Motion for Summary Judgment which will moot these matters.

I look forward to speaking with you tomorrow.

Keith

On Apr 4, 2023, at 6:14 AM, Keith Pitt <keith@slindenelson.com> wrote:

Grant:

Thursday at 4 pm is fine with me. Please call my cell itv 503-330-8097 when you are ready at that time.'

I will send an email detailing defendant's concerns regarding plaintiff's discovery responses/production by tomorrow as well.

Thanks.

Keith

On Apr 3, 2023, at 3:33 PM, Grant Engrav <grantengrav@engravlawoffice.com> wrote:

Keith,

I'll propose Thursday at 4pm for a call.  If you could email me your discovery concerns prior, that would be helpful.

Thanks,
Grant

**From:** Keith Pitt <Keith@slindenelson.com>
**Sent:** Friday, March 31, 2023 8:55 AM
**To:** Grant Engrav <grantengrav@engravlawoffice.com>
**Cc:** Natalie Laguna <NLaguna@slindenelson.com>
**Subject:** Re: Veritas v. Schiappacasee

Grant:

**EXHIBIT 1**

**Page 3 of 7**

I was out of the office the first half of this week with my family and have not had an opportunity to evaluate your email below.  A few preliminary observations, however.

As to the limited redactions to the text messages, I will note those relate to minor children and are entirely irrelevant to this litigation. This is unsurprising given these text claims and communications are of an inherently personal nature. If required, I am more than happy to submit un-redacted versions to Judge You (in camera) for her review.

As to discovery issues generally, if you want to pursue these issues now, I suggest we schedule a general conferral call sometime mid to late next week to discuss discovery responses and purported "deficiencies' identified below, as well as in connection with Plaintiff's near complete failure to provide any substantive documents/responses to Defendant's discovery requests. In that fashion, we can each put our respective discovery deputies before Judge You for resolution.  At this time, I think I am generally available Wednesday through Friday of next week.

Having said that, it seems prudent and efficient to not incur those costs and expenses until after the motion for summary judgment is resolved. Nor have I had an opportunity to substantively evaluate the deposition excerpts and matters referred to your email below. I have a hearing and other matters today, and will not be able to begin that review until early next week.

Finally, please copy my legal assistant, Natalie Laguna, on all emails as she keeps my calendar and it helps avoid having emails fall through the cracks. I have added Natalie to this chain.

Thanks as always,

Keith A. Pitt

On Mar 27, 2023, at 2:58 PM, Grant Engrav
<grantengrav@engravlawoffice.com> wrote:

Keith,

I'm writing to address discovery in this matter, and some production deficiencies of Defendant.

1. On Page 42 of the deposition transcript, Defendant testified as to her personal and business calendars she keeps.
2. On Page 42 of the deposition transcript, Defendant testified regarding various phone

4

**EXHIBIT 1**
**Page 4 of 7**

numbers and email addresses listed below.  Plaintiff requests a search for the following terms for each platform below:  The following terms will suffice for the search:  Vizzini, Shane or Barnes, Veritas, Equitas, litigation, Cynthia or Free.

   a.  313 614-9018
   b.  hschiappacasse@yahoo.com
   c.  hs@hconsultinglcc.com
   d.  Heather.schiappacasse@payermatrix.com

3. On Page 64 of the deposition transcript, Defendant testified that she has not performed a search on her cell phone for text messages where she discusses the litigation with third parties.  Plaintiff requests that Defendant does so, the request is covered by RFP 1, 2, 3, 5, and 10.

   a.  The following terms will suffice for the search:  Vizzini, Shane or Barnes, Veritas, Equitas, litigation, Cynthia or Free.

4. On Page 66 of the deposition transcript Ms. Schiappasee testifies that she has not searched her payermatrix email for communications between her and plaintiff or David Vizzini.  The request is covered by several RFPs and production is demanded.

5. On Page 134 of the deposition transcript, Defendant testifies that, "she reached out to all of my people who know him, and he's going to definitely feel that pressure business-wise".  This statement is memorialized via text message as well.

   a.  Any such outreaches are clearly responsive to multiple requests in Plaintiff's first RFP.  Any documents or recordings demonstrating the outreaches should be produced.  If the outreaches were via phone, Plaintiff requests phone records identifying who was contacted and the duration of the call.

6. On several of the text messages between Ms. Free and Defendant there are several redactions.  It appears Defendant sent several of these censored texts (see deposition page 136).  I'm requesting a redaction/privilege log identifying the reason for privilege.  Alternatively, produce the documents without redactions.

**EXHIBIT 1**

**Page 5 of 7**

7. On Page 66 of the depo transcript, Defendant testifies that she does not delete any linkedin messages.

    a. On Page 137 Defendant testifies she corresponded with Jean Gordon on linked in.  Please produce the messages. (also see page 164)

    b. On page 158-159 Defendant testifies about her correspondence with John Hennessy.  Please produce the messages.

    c. On Bates 395, and depo page 236, Defendant states, "I can't tell you how many calls I've gotten from people and how many people hit me up on LinkedIn over this.  He really has screwed with so many people."  Please conduct a search with same terms as in paragraph 3, and produce and all responsive messages.

8. On Page 172, Defendant testifies about the Ms. Free's website pertaining to veritas allies.  Please produce any images, documents, or communications pertaining to the website.

9. In documents produced, Defendant mentions text messages she sent to Josh Bailer, president of Veritas Allies.  We are requesting the text messages, and any other messages she sent Mr. Bailer be produced.

Please let me know defendant's position on these matters by Friday March 31st, 2023.

Thanks,
Grant

Keith A. Pitt  | Slinde Nelson
425 NW 10th Ave., Ste. 200
Portland, Oregon 97209
503.417.7777 | Fax 503.417.4250

Confidentiality Notice: This message and any accompanying attachments contains confidential communications and privileged information.  If you have received this communication in error, please notify me and delete the original and all copies from your system.
CIRCULAR 230 DISCLOSURE: Pursuant to regulations governing practice before the Internal Revenue Service, any tax advice contained herein is not intended or written to be used and cannot be used by a taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer

**EXHIBIT 1**

**Page 6 of 7**

Keith A. Pitt  | Slinde Nelson
425 NW 10th Ave., Ste. 200
Portland, Oregon 97209
503.417.7777 | Fax 503.417.4250

Confidentiality Notice: This message and any accompanying attachments
contains confidential communications and privileged information.  If you have received
this communication in error, please notify me and delete the original and all copies
from your system.
CIRCULAR 230 DISCLOSURE: Pursuant to regulations governing practice before the
Internal Revenue Service, any tax advice contained herein is not intended or written to
be used and cannot be used by a taxpayer for the purpose of avoiding tax penalties that
may be imposed on the taxpayer

Keith A. Pitt  | Slinde Nelson
425 NW 10th Ave., Ste. 200
Portland, Oregon 97209
503.417.7777 | Fax 503.417.4250

Confidentiality Notice: This message and any accompanying attachments contains confidential
communications and privileged information.  If you have received this communication in error, please
notify me and delete the original and all copies from your system.
CIRCULAR 230 DISCLOSURE: Pursuant to regulations governing practice before the Internal Revenue
Service, any tax advice contained herein is not intended or written to be used and cannot be used by a
taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer

Keith A. Pitt  | Slinde Nelson
425 NW 10th Ave., Ste. 200
Portland, Oregon 97209
503.417.7777 | Fax 503.417.4250

Confidentiality Notice: This message and any accompanying attachments contains confidential communications and
privileged information.  If you have received this communication in error, please notify me and delete the original and all
copies from your system.
CIRCULAR 230 DISCLOSURE: Pursuant to regulations governing practice before the Internal Revenue Service, any
tax advice contained herein is not intended or written to be used and cannot be used by a taxpayer for the purpose of
avoiding tax penalties that may be imposed on the taxpayer

**EXHIBIT 1**

**Page 7 of 7**

Grant T. Engrav, OSB No. 133517
Engrav Law Office, LLP
1500 SW 1st Ave, Suite 1170
Portland, OR 97201
Email: grantengrav@engravlawoffice.com
Phone: (971) 339-2737

      Counsel for Plaintiff


# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| VERITAS ALLIES LLC, an Oregon Limited Liability Company, | Case No.: 3:22-cv-00903-YY |
| Plaintiff, | **PLAINTIFF'S RESPONSE TO DEFENDANT HEATHER SCHIAPPACASSE'S FIRST REQUEST FOR PRODUCTION** |
| v. | |
| CYNTHIA FREE, an individual, and HEATHER SCHIAPPACASSE, an individual, | |
| Defendants. | |

    Plaintiff Veritas Allies LLC., an Oregon Limited Liability Company, by and through its

undersigned attorneys of record, submit the following responses to Defendant Heather

Schiappacasse's Request for Production, Set One ("Discovery").


## **GENERAL OBJECTIONS**

    Plaintiff object to each request contained in Defendant's Requests for Production, Set

One, as if fully set forth in each response, on the following grounds:


Page 1 – PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR
PRODUCTION

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

**EXHIBIT 2**
**Page 1 of 17**

1.    Plaintiff objects to and decline to be bound by Defendant's requests, definitions, or instructions to the extent that they attempt to impose obligations inconsistent with or that exceed those imposed by Oregon law, rules of this Court, or other applicable law;

2.    Plaintiff objects to the Discovery to the extent that it seeks or may be deemed to seek the production of information or documents protected from disclosure by the attorney/client privilege or other recognized privilege, including martial privilege, the work product doctrine and/or protection afforded mental impressions, conclusions, opinions or legal theories of one or more attorneys and/or representatives for the employer concerning this litigation;

3.    Plaintiff objects to the Discovery to the extent that it seeks or may be deemed to seek the production of documents, the disclosure of which or the contents of which, by one other than the person or entity to whom or to which the contents of said documents pertain, might constitute an improper invasion of such person's or entity's right to privacy;

4.    Plaintiff objects to the Discovery to the extent that it is so broad in scope as to be unduly burdensome and oppressive;

5.    Plaintiff objects to the Discovery to the extent that it exceeds the permissible scope of discovery as set forth in the applicable court rules in that literal compliance with such request would require Plaintiff to conduct an unreasonable investigation on Defendant's behalf to locate and obtain copies of test results, findings or documents which were neither generated by Plaintiff or are not within Plaintiff's possession, custody or control;

6.    Plaintiff objects to the Discovery to the extent that it is vague, ambiguous, and unintelligible, fails to describe the information sought with reasonable particularity, or is so, unintelligible that Plaintiff cannot respond or must speculate as to the information sought. Unless instructed otherwise, Defendants shall give the terms of the Discovery their ordinary and plain

Page 2 – PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

**EXHIBIT 2**
**Page 2 of 17**

meanings. Plaintiff shall not be held responsible where their interpretation of the Discovery does not comport with Defendant's intentions.

7.      Plaintiff objects to the Discovery to the extent that the requests seek or may be deemed to seek information or the production of documents, the furnishing of which would violate any court order, protective order and/or stipulation of confidentiality or other confidentiality agreement that has been entered into with respect to such documents.

8.      Plaintiff objects to the Discovery to the extent it seeks information or documents that are irrelevant, immaterial, unreasonably cumulative or duplicative, not directly related to a claim or defense of any party in the above-entitled action, or reasonably calculated to lead to the discovery of admissible evidence.

9.      Plaintiff objects to the Discovery to the extent that it seeks electronically-stored information that is not reasonably accessible by Plaintiff because of undue burden or cost, or otherwise.

10.     Plaintiff objects to the Discovery as unduly burdensome to the extent the burden or expense of the discovery sought outweighs any likely benefit.

11.     Plaintiff objects to the Discovery to the extent that it seeks information not in Plaintiff's possession, custody, or control.

12.     Plaintiff objects to the Discovery to the extent it seeks information or documents already in Defendant's possession, custody, or control, information or documents that are publicly available, or information or documents that are otherwise obtainable from some other source that is more convenient, less burdensome, or less expensive.

13.     Plaintiff  objects  to  the Discovery to the extent a request is compound, via conjunctive or disjunctive statements, or is otherwise unintelligible.

Page 3 – PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

**EXHIBIT 2**
**Page 3 of 17**

14.     Plaintiff objects to the terms "any," "all," and "each" as used in the Discovery requests as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff will make a good faith, reasonable, and diligent effort to provide responsive answers and locate responsive documents, consistent with any General or Specific Objections.

15.     Plaintiff object to each and every Discovery request that seeks confidential, proprietary, or sensitive information, because no protective order has been entered in this case.

16.     Plaintiff reserves the right to modify or supplement these objections and responses to the extent allowed by the Oregon law, rules of this Court, or any other applicable law.

17.     The fact that Plaintiff has responded to part or all of the Discovery is not intended to and shall not be construed as a waiver by Plaintiff of any objection to such Discovery.

18.     In agreeing to provide information or produce documents in response to the Discovery, Plaintiff is not representing that responsive documents in fact exist or that Defendant actually possesses or can obtain the information, document, or class of documents.

19.     No incidental or implied admissions are intended by any response by Plaintiff to the Discovery. Unless otherwise expressly stated, that Plaintiff has responded to the Discovery is not an admission that Defendants accept or admit the existence of any alleged facts set forth in or assumed by such Discovery.

20.     Discovery in this action is ongoing, and Plaintiff reserve the right to rely on and introduce at trial information in addition to any information provided in response to this Discovery. Plaintiff reserves the right to supplement these responses at appropriate times throughout this litigation without prejudice and/or to otherwise make available to Defendant such

Page 4 – PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR
PRODUCTION

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

**EXHIBIT 2**
**Page 4 of 17**

information. Plaintiff also reserve the right to change, modify, or enlarge the preceding or following objections and/or responses based on amendments to pleadings, additional information, further analysis, and/or in light of other events in this litigation

## **REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**  All Documents and Communications regarding the administrative dissolution of, Veritas Allies, LLC, Oregon Secretary of State Registry Number 168560895 and the subsequent reinstatement of said registration.

    **RESPONSE:**

    Plaintiff objects to this request to the extent it seeks information in the possession of, known to, or otherwise equally available to Defendant. Subject to the foregoing general and specific objections, Plaintiff will not produce documents related to this request.

**REQUEST FOR PRODUCTION NO. 2:**    All Your Communications with Defendant from January 1, 2021 to the present.

    **RESPONSE:**  Plaintiff objects to this request to the extent it seeks information in the possession of, known to, or otherwise equally available to Defendant. Subject to the foregoing general and specific objections, Plaintiff will not produce documents related to this request.

**REQUEST FOR PRODUCTION NO. 3:**  All Your Communications with David Cardwell, head of "Account Advocacy" at EquitasDX, regarding the Self Insurance Institute of America conference held in Austin, Texas in October 2021.

Page 5 – PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

**EXHIBIT 2**
**Page 5 of 17**

**RESPONSE:**    Plaintiff objects to this request to the extent that it seeks information protected by privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. Plaintiff further objects to this request to the extent that it is unduly burdensome, overly broad, vague, and ambiguous. Plaintiff will not produce documents related to this request.

**REQUEST FOR PRODUCTION NO. 4**:  Documents sufficient to identify all existing clients of Veritas as of January 1, 2021. Documents responsive to this request include Documents sufficient to identify the names, addresses, phone numbers and email addresses, of employees, agents, owners, members, representatives, lawyers, accountants, or persons acting or purporting to act on their behalf, who are familiar with the client's relationship with Veritas.

**RESPONSE:**  Plaintiff objects to this request to the extent that it is not reasonably calculated to leave to the discovery of admissible evidence. Plaintiff further objects to this request to the extent that it is unduly burdensome, overly broad, vague, ambiguous, and seemingly drafted to harass and cause hardship to Plaintiff. Plaintiff will not produce documents related to this request.

**REQUEST FOR PRODUCTION NO. 5**:  Documents sufficient to identify all existing clients of Veritas as of August 1, 2021. Documents responsive to this request include Documents sufficient to identify the names, addresses, phone numbers and email addresses, of employees, agents, owners, members, representatives, lawyers, accountants, or persons acting or purporting to act on their behalf, who are familiar with the client's relationship with Veritas

**RESPONSE:**    Plaintiff objects to this request to the extent that it is not reasonably calculated to leave to the discovery of admissible evidence. Plaintiff further objects to this request to the extent that it is unduly burdensome, overly broad, vague, ambiguous, and seemingly drafted to harass and cause hardship to Plaintiff. Plaintiff will not produce documents related to this request.

**ENGRAV LAW OFFICE, LLP**
1500 SW First Avenue, Suite 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

**EXHIBIT 2**
**Page 6 of 17**

**REQUEST FOR PRODUCTION NO. 6:**    Documents sufficient to **identify** all existing or potential Veritas clients that either ended their business relationships with Veritas or chose not to engage Veritas' services due to the actions by the Defendant as alleged in the Lawsuit, at or after the Self Insurance Institute of America conference held in Austin, Texas in October 2021. Documents responsive to this request include Documents sufficient to identify the names, addresses, phone numbers and email addresses, of employees, agents, owners, members, representatives, lawyers, accountants, or persons acting or purporting to act on their behalf, who are familiar with the client's relationship with Veritas.

   **RESPONSE:**    Plaintiff objects to this request to the extent that it is not reasonably calculated to leave to the discovery of admissible evidence. Moreover, Plaintiff objects because this request seeks information about third parties about information not within Plaintiff's possession, custody, control, or personal knowledge. Plaintiff objects to this request as containing a compound and conjunctive request. Plaintiff further objects to this request to the extent that it is unduly burdensome, overly broad, vague, ambiguous, and seemingly drafted to harass and cause hardship to Plaintiff.  Subject to and without waiving the foregoing general and specific objections, Plaintiff will provide responsive documents relevant to this request.


**REQUEST FOR PRODUCTION NO. 7:**  Documents sufficient to **quantify** the gross revenues, net revenues, and profitability, of all existing or potential Veritas clients that either ended their business relationships with Veritas or chose not to engage Veritas' services due to the actions by the Defendant, as alleged in the Lawsuit, at or after the Self Insurance Institute of America conference held in Austin, Texas in October 2021.

   **RESPONSE:**    Plaintiff objects to this request to the extent that it is not reasonably calculated to leave to the discovery of admissible evidence. Moreover, Plaintiff objects because

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

**EXHIBIT 2**
**Page 7 of 17**

this request seeks information about third parties about information not within Plaintiff's possession, custody, control, or personal knowledge. Plaintiff objects to this request as containing a compound and conjunctive request. Plaintiff further objects to this request to the extent that it is unduly burdensome, overly broad, vague, ambiguous, and seemingly drafted to harass and cause hardship to Plaintiff.  Subject to and without waiving the foregoing general and specific objections, Plaintiff will provide responsive documents relevant to this request.

**REQUEST FOR PRODUCTION NO. 8:**  Documents sufficient to **identify** all existing or potential Veritas clients that either ended their business relationships with Veritas or chose not to engage Veritas' services due to the registration of Veritas Allies, LLC by Ms. Cynthia. Documents responsive to this request include Documents sufficient to identify the names, addresses, phone numbers and email addresses, of employees, agents, owners, members, representatives, lawyers, accountants, or persons acting or purporting to act on their behalf, who are familiar with the client's relationship with Veritas.

**RESPONSE:**  Plaintiff objects because this request seeks information about third parties about information not within Plaintiff's possession, custody, control, or personal knowledge. Plaintiff objects to this request as containing a compound and conjunctive request. Plaintiff further objects to this request to the extent that it is unduly burdensome, overly broad, vague, ambiguous, and seemingly drafted to harass and cause hardship to Plaintiff.  Subject to and without waiving the foregoing general and specific objections, Plaintiff will provide responsive documents relevant to this request.

**REQUEST FOR PRODUCTION NO. 9:**  Documents sufficient to **quantify** the gross revenues, net revenues, and profitability, of all existing or potential Veritas clients that either ended their business relationships with Veritas or chose not to engage Veritas' services due to the registration of Veritas Allies, LLC by Ms. Cynthia Free.

Page 8 – PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

**EXHIBIT 2**
**Page 8 of 17**

**RESPONSE:**   Plaintiff objects to this request to the extent that it is not reasonably calculated to leave to the discovery of admissible evidence. Moreover, Plaintiff objects because this request seeks information about third parties about information not within Plaintiff's possession, custody, control, or personal knowledge. Plaintiff objects to this request as containing a compound and conjunctive request. Plaintiff further objects to this request to the extent that it is unduly burdensome, overly broad, vague, ambiguous, and seemingly drafted to harass and cause hardship to Plaintiff. Plaintiff further objects to this request to the extent that it seeks proprietary and/or confidential business information.  Plaintiff will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 10:**    All Documents and Communications regarding Veritas clients cancelling or reducing their business relationship with Veritas Allies as a result of Defendant's alleged actions.

**RESPONSE:**   Plaintiff objects to this request to the extent that it is not reasonably calculated to leave to the discovery of admissible evidence. Moreover, Plaintiff objects because this request seeks information about third parties about information not within Plaintiff's possession, custody, control, or personal knowledge. Plaintiff objects to this request as containing a compound and conjunctive request. Plaintiff further objects to this request to the extent that it is unduly burdensome, overly broad, vague, ambiguous, and seemingly drafted to harass and cause hardship to Plaintiff. Plaintiff further objects to this request to the extent that it seeks proprietary and/or confidential business information.  Discovery is ongoing and Plaintiff is still conducting its own investigation. Subject to and without waiving the foregoing general and specific objections, Plaintiff will provide responsive documents relevant to this request

**REQUEST FOR PRODUCTION NO. 11:**   All Communications with "one of our largest clients," as described at ¶ 6 of the March 7, 2022 *Declaration of Shane Barnes in Response to*

Page 9 – PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

**EXHIBIT 2**
**Page 9 of 17**

*Defendant Schiappacasse's Motion to Dismiss*, regarding Ms. Schiappacasse and the allegation that Ms. Schiappacasse "attempted to get her to cancel her business with Veritas." Documents responsive to this request include Documents sufficient to identify the name, address and phone number of "one of our largest clients", and the names, address, phone number, email addresses, of Veritas' contacts at "one of our largest clients."

**RESPONSE:** Plaintiff objects because this request seeks information about third parties about information not within Plaintiff's possession, custody, control, or personal knowledge. Plaintiff further objects to this request to the extent that it is unduly burdensome, overly broad, vague, ambiguous, and seemingly drafted to harass and cause hardship to Plaintiff. Plaintiff further objects to this request to the extent that it seeks proprietary and/or confidential business information. Subject to and without waiving the foregoing general and specific objections, Plaintiff will provide responsive documents relevant to this request.

**REQUEST FOR PRODUCTION NO. 12:** All Documents and Communications regarding the alleged "marketing agreement," described in ¶ 3 of the March 7, 2022 *Declaration of David Vizzini In Response To Defendant Schiappacasse's Motion to Dismiss*, allegedly entered into between "a subsidiary of Veritas" and the Defendant, "On or around 2020." Documents responsive to this request include those relating to the alleged renewal of the alleged agreement "the subsequent year" as alleged at page 2, lines 8-9 of the March 7, 2022 *Plaintiff Veritas Allies LLC Response to Heather Schiappacasse's Motion to Dismiss*.

**RESPONSE:** Plaintiff objects to this request to the extent it seeks information in the possession of, known to, or otherwise equally available to Defendant. Subject to and without waiving the foregoing general and specific objections, Plaintiff will provide responsive documents relevant to this request.

Page 10 – PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST
FOR PRODUCTION

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

**EXHIBIT 2**
**Page 10 of 17**

**REQUEST FOR PRODUCTION NO. 13:**    All Communications between You and Ms. Jean Gordon regarding the Defendant, including but not limited to all Communications between Vizzini and Ms. Jean Gordon and all Communications between Shane Barnes and Ms. Jean Gordon.

**RESPONSE:** Plaintiff objects to this request to the extent that it seeks information protected by privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. Plaintiff objects to this request to the extent that it is not reasonably calculated to leave to the discovery of admissible evidence. Plaintiff objects to this request as containing a compound and conjunctive request. Plaintiff further objects to this request to the extent that it is unduly burdensome, overly broad, vague, and ambiguous.

Plaintiff will not produce documents related to this request.

**REQUEST FOR PRODUCTION NO. 14:**    All Documents and Communications regarding Veritas employees being redirected "away from their revenue generating services" to "focus their efforts on remedying" alleged damage, as alleged in ¶ 17 of Plaintiff's Complaint.  Documents responsive to this request include, but are not limited to, Documents sufficient to identify the individual employees referred to, quantify the "revenue generating services" they were allegedly redirected away from, and evidence/describe the alleged "efforts [to] remedy."

**RESPONSE:**  Plaintiff objects to this request to the extent that it is unduly burdensome, overly broad, vague, ambiguous, and seemingly drafted to harass and cause hardship to Plaintiff. Plaintiff further objects to this request to the extent that it seeks proprietary and/or confidential business information. Subject to and without waiving the foregoing general and specific objections, Plaintiff will provide responsive documents relevant to this request

**REQUEST FOR PRODUCTION NO. 15:**    The agenda for the Self Insurance Institute of America conference held in Austin, Texas in October 2021, as well as the list of attendees.

Page 11 – PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

**EXHIBIT 2**
**Page 11 of 17**

**RESPONSE:**  Plaintiff objects to this request to the extent that it is unduly burdensome, overly broad, vague, ambiguous, and seemingly drafted to harass and cause hardship to Plaintiff. Plaintiff objects to this request to the extent it seeks information in the possession of, known to, or otherwise equally available to Defendant. Subject to the foregoing general and specific objections, Plaintiff will not produce documents related to this request.

**RESQUEST FOR PRODUCTION NO. 16:**  All itemized travel receipts, hotel receipts, bar receipts, restaurant receipts, registration receipts, and entertainment receipts for all Veritas employees and representatives who attended the Self Insurance Institute of America conference held in Austin, Texas in October 2021.

**RESPONSE:** Plaintiff objects to this request to the extent that it is unduly burdensome, overly broad, vague, ambiguous, and seemingly drafted to harass and cause hardship to Plaintiff. Plaintiff further object to this request to the extent that it seeks information that is neither relevant to the subject matter involved in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 17:**  All Veritas' local, state and federal tax returns, including all schedules, attachments, and extensions, that have either been prepared for filed by You or Your from for calendar years 2018, 2019, 2020, and 2021.

**RESPONSE:**  Plaintiff objects to this request to the extent that it seeks information protected by privilege, including but not limited to the attorney-client privilege and/or the work product doctrine.  Plaintiff objects to this request to the extent that it is unduly burdensome, overly broad, vague, ambiguous, and seemingly drafted to harass and cause hardship to Plaintiff.  Plaintiff will not produce documents responsive to this request.

Page 12 – PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST
FOR PRODUCTION

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

**EXHIBIT 2**
**Page 12 of 17**

**REQUEST FOR PRODUCTION NO. 18:**  All annual historical financial statements. including income statement and balance sheet, both management prepared and audited, for Veritas from January 2018 to the present.

**RESPONSE:**  Plaintiff objects to this request to the extent that it seeks information protected by privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. Plaintiff objects to this request to the extent that it is unduly burdensome, overly broad, vague, and ambiguous. Plaintiff further objects to this request to the extent that it seeks information that is neither relevant to the subject matter involved in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further object to this request to the extent that it seeks proprietary and/or confidential business information.

**REQUEST FOR PRODUCTION NO. 19:**  All Veritas' capitalization tables representing the period of January 1, 2018 to the present.

**RESPONSE:**  Plaintiff objects to this request to the extent that it seeks information protected by privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. Plaintiff objects to this request to the extent that it is unduly burdensome, overly broad, vague, and ambiguous. Plaintiff further objects to this request to the extent that it seeks information that is neither relevant to the subject matter involved in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further object to this request to the extent that it seeks proprietary and/or confidential business information.

**REQUEST FOR PRODUCTION NO. 20:**  Organizational/ownership charts of the Veritas entities which detail the ownership structure and operating relationship amongst each.

**RESPONSE:**  Plaintiff objects to this request to the extent that it seeks information protected by privilege, including but not limited to the attorney-client privilege and/or the work

Page 13 – PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION

ENGRAV LAW OFFICE, LLP
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

**EXHIBIT 2**
**Page 13 of 17**

product doctrine. Plaintiff objects to this request to the extent that it is unduly burdensome, overly broad, vague, and ambiguous. Plaintiff further objects to this request to the extent that it seeks information that is neither relevant to the subject matter involved in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further object to this request to the extent that it seeks proprietary and/or confidential business information. Subject to and without waiving the foregoing general and specific objections, Plaintiff will provide responsive documents relevant to this request.

**REQUEST FOR PRODUCTION NO. 21**: All operating agreements and shareholder agreements for Veritas.

    **RESPONSE:** Plaintiff objects to this request to the extent that it is unduly burdensome, overly broad, vague, and ambiguous. Plaintiff further objects to this request to the extent that it seeks information that is neither relevant to the subject matter involved in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further object to this request to the extent that it seeks proprietary and/or confidential business information. Subject to and without waiving the foregoing general and specific objections, Plaintiff will provide responsive documents relevant to this request.

**REQUEST FOR PRODUCTION NO. 22**: All marketing materials, pitch decks, and investor presentations for Veritas which have been contemporaneously prepared by management within the past four years.

    **RESPONSE:** Plaintiff objects to this request to the extent that it is unduly burdensome, overly broad, vague, and ambiguous. Plaintiff further objects to this request to the extent that it seeks information that is neither relevant to the subject matter involved in this litigation, nor

Page 14 – PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST
FOR PRODUCTION

**ENGRAV LAW OFFICE, LLP**
1500 SW First Avenue, Suite 1170
Portland, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

**EXHIBIT 2**
**Page 14 of 17**

reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further object to this request to the extent that it seeks proprietary and/or confidential business information.

**REQUEST FOR PRODUCTION NO. 23:**  All Documents and Communications relating to an alleged potential investment by Defendant in Veritas, as described in ¶ 5 of the March 7, 2022 *Declaration of David Vizzini In Response To Defendant Schiappacasse's Motion to Dismiss.*

**RESPONSE:**  Plaintiff objects to this request to the extent that it is unduly burdensome, overly broad, vague, and ambiguous. Plaintiff further objects to this request to the extent that it seeks information that is neither relevant to the subject matter involved in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further object to this request to the extent that it seeks proprietary and/or confidential business information.

///

///

///

Page 15 – PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

**EXHIBIT 2**
**Page 15 of 17**

**REQUEST FOR PRODUCTION NO. 24:**  All transcripts, recordings, and other Documents relating to the Microsoft Teams calls referred to in ¶ 4 of the March 7, 2022 *Declaration of David Vizzini In Response To Defendant Schiappacasse's Motion to Dismiss*.

    **RESPONSE:**   Plaintiff object to this request to the extent that it seeks information protected by privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. Plaintiff further object to this request to the extent that it seeks information that is neither relevant to the subject matter involved in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request to the extent that it is unduly burdensome, overly broad, vague, and ambiguous. Discovery is continuing, and Plaintiff  reserve the right to supplement this request.

Dated this 19th day of AUGUST, 2022.

                  ENGRAV LAW OFFICE, LLP

                By:  /s/ Grant T. Engrav
                     GRANT T. ENGRAV, OSB No. 133517
                     grant@engravlawoffice.com
                     Of Attorneys for Plaintiff

Page 16 – PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST
      FOR PRODUCTION

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

**EXHIBIT 2**
**Page 16 of 17**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 19, 2022, I served the preceding **PLAINTIFF'S RESPONSE to DEFENDANT'S FIRST REQUEST FOR PRODUCTION** on:

> Philip Nelson, OSB No. 013650
> phil@slindenelson.com
> Keith A. Pitt, OSB No. 973725
> keith@slindenelson.com

\_\_\_\_By mailing a true and correct copy thereof by U.S. Postal Service, ordinary first-class mail, addressed to each attorney's last known address and depositing in the U.S. mail at Portland, Oregon on the date set forth above;

\_\_\_\_By mailing a true and correct copy thereof by U.S. Postal Service, certified mail, return receipt requested, addressed to each attorney's last-known address and depositing in the U.S. mail at Portland, Oregon on the date set forth above;

\_\_\_\_By causing a true and correct copy thereof to be hand-delivered to the above-mentioned attorney's last known office address on the date set forth above;

\_\_\_\_By sending a true and correct copy thereof by overnight courier, addressed to each attorney's last known office address on the date set forth above;

\_\_\_\_By faxing a true and correct copy thereof to each attorney at each attorney's last known facsimile number on the date set forth above.  At the time of service the attorney maintained a facsimile device at the attorney's office and the device was working at the time of service. Attached to this Certificate of Service is a printed confirmation of receipt of the message generated by my office's facsimile transmitting machine.

\_X\_\_By emailing a true and correct copy thereof to each attorney at each attorney's email address. Prior to service, the attorney's had agreed in writing to accept service via email.

Dated this 19th day of August 2022.

> **ENGRAV LAW OFFICE, LLP**
>
> By: /s/ Grant T. Engrav
> Grant T. Engrav, OSB No. 133517
> Of Attorney for Plaintiff

Page 17 – CERTIFICATE OF SERVICE

**ENGRAV LAW OFFICE, LLP**
1500 SW FIRST AVENUE, SUITE 1170
PORTLAND, OR 97201
TELEPHONE: (971) 339-2741
FAX: (971) 275-1218
EMAIL: Grant@engravlawoffice.com

**EXHIBIT 2**
**Page 17 of 17**

DocuSign Envelope ID: 27DC4218-G95F-456D-AEA4-A5DD14339863

Grant T. Engrav, OSB No. 133517
Engrav Law Office, LLP
1500 SW 1st Ave, Suite 1170
Portland, OR 97201
Email: grantengrav@engravlawoffice.com
Phone: (971) 339-2737

    Counsel for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| VERITAS ALLIES LLC, an Oregon Limited Liability Company, | Case No.: 3:22-cv-00903-YY |
|         Plaintiff, | **PLAINTIFF'S RESPONSE TO DEFENDANT HEATHER SCHIAPPACASSE'S FIRST REQUEST FOR PRODUCTION** |
|   v. | |
| CYNTHIA FREE, an individual, and HEATHER SCHIAPPACASSE, an individual, | |
|         Defendants. | |

Plaintiff Veritas Allies LLC., an Oregon Limited Liability Company, by and through its undersigned attorneys of record, responds and objects to Defendants' First Set of Interrogatories to Plaintiff.

## **OBJECTIONS AND RESPONSES TO INTERROGATORIES**

Page 1 – RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF

**EXHIBIT 3**
**Page 1 of 10**

**INTERROGATORY NO. 1:**  Please identify and provide contact information, including the company names, primary contact names, addresses, phone numbers, and email addresses for all existing or potential Veritas clients that either ended their business relationships with Veritas, reduced their business relationship with Veritas,  or chose not to engage Veritas' services due to the actions by the Defendant as alleged in the Lawsuit, at or after the Self Insurance Institute of America conference held in Austin, Texas in October 2021.

**RESPONSE:**

Plaintiff objects to this interrogatory for the following reasons:

1. The interrogatory is overly broad and contains a compound and conjunctive question.

2. The interrogatory calls for plaintiff to make a legal conclusion.

3. The interrogatory seeks information from third parties about information not within plaintiff's possession, custody, control, or personal knowledge.

4. The interrogatory requests information that will not be known until after additional discovery is completed.

-Payer Matrix: Michael.jordan@payermatrix.com, dr.vincent@payermatrix.com,

- HC Consulting:  bweinberg@agentra.com, jc@hcconsultingllc.com,

- Leading Edge Admin: Tom Cardwell, 224-532-8613

- DBA: Mary Beth Donalson, marybeth@dbainc.org

-90 Degree Benefits: Lori Brown, lori.brown@90degreebenefits.com

- VBA: Georgeann Seuffert, gseuffert@vbasoftware.com

-Rocky Mountain Admin:  Luanne Gentilini & Preston Bostrom,

-Luanne.gentilini@rockymaountainadministrators.com

-preston.bostrom@rockymountainadministrators.com

-Providence Admin Services: Robin Clark, rclark@pristx.com

-Free Market Admin: Hershel Head, hhead@freemarketadmin.com

Page 2 – RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF

**EXHIBIT 3**
**Page 2 of 10**

-Point 6 Healthcare: Brian Scott & Judy Mateer, brian.scott@point6healthcare.com, judy.mateer@point6healthcare.com

-Crum & Forster: Vicki Burgess, vicki.burgess@cfins.com

-Good Root: Chris Childs, cchilds@goodrootinc.com

-MBA Admin: Michael Brady, mbrady@mbaadmin.com

-Careington: Greg Rudisill, rudisill@careington.com

**INTERROGATORY NO. 2:**  For each of the parties and individuals identified in response to Interrogatory #1, please describe in detail the nature and specifics of the interactions between Defendant and those parties that are in any way relevant to the allegations in the Lawsuit.

**RESPONSE: (2 questions)**

Plaintiff objects to this interrogatory for the following reasons:

The interrogatory is unduly broad and burdensome and is not accompanied by even the slightest attempt to make it reasonably or narrowly tailored.  The interrogatory is a "contention interrogatory", which is prohibited. LR 33.1(d); *see* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* §2167 (2d ed 1994) (supplemented periodically). Thus, "[b]road general interrogatories, such as those which ask an opposing party to 'state all facts on which a contention is based' or to 'apply law to facts,' are not permitted." LR 33.1(d).  Defendant has already raised a substantially similar issue at its Rule 21 Motion in circuity court, and lost on the motion.  Moreover, Plaintiff is conducting discovery, including a deposition of Defendant, which is expected to provide additional information in response to the request.

**INTERROGATORY NO. 3:**  For each of the parties and individuals identified in response to Interrogatory #1, please describe in detail the nature and specifics of the interactions between Plaintiff and those parties that are in any way relevant to the allegations in the Lawsuit.

**RESPONSE:**

Page 3 – RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF

**EXHIBIT 3**
**Page 3 of 10**

Plaintiff objects to this interrogatory for the following reasons:

The interrogatory is unduly broad and burdensome and is not accompanied by even the slightest attempt to make it reasonably or narrowly tailored. The interrogatory is a "contention interrogatory", which is prohibited. LR 33.1(d); *see* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* §2167 (2d ed 1994) (supplemented periodically). Thus, "[b]road general interrogatories, such as those which ask an opposing party to 'state all facts on which a contention is based' or to 'apply law to facts,' are not permitted." LR 33.1(d). Defendant has already raised a substantially similar issue at its Rule 21 Motion in circuity court, and lost on the motion.

**INTERROGATORY NO. 4:**  Please identify and provide the contact information, including place of business, address, phone number, and email address for the individual described as "one of our largest clients," as described at ¶ 6 of the March 7, 2022 *Declaration of Shane Barnes in Response to Defendant Schiappacasse's Motion to Dismiss.*

**RESPONSE:**

Diversified Benefit Administrators

2024 E Pinetree Blvd, STE D, Thomasville, GA 31792

(844) 200-7422

Mary Beth Donalson marybeth@dbainc.org

CONTACT (dbainc.org)


**INTERROGATORY NO. 5:**  Please identify, describe the role, and provide the contact information, including the current address, phone number, email address, date of hire or engagement, and date of termination or disengagement for all Veritas employees, agents, representatives, managers, and owners from January 2020 to the present.

**RESPONSE:**

Plaintiff objects to this interrogatory for the following reasons:

Page 4 – RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF

**EXHIBIT 3**
**Page 4 of 10**

1. Plaintiff objects to this interrogatory because the only possible purpose of this request is to harass and cause hardship to plaintiff.

2. The interrogatory is overly broad and contains multiple compound and conjunctive questions. Counsel is willing to confer on what precisely is needed from Defendants in its defense.

**INTERROGATORY NO. 6:** Please identify and provide the contact information, including the current address, phone number, and email address for all entities or individuals providing investment funding, whether in the form of equity or debt, for Veritas.

   **RESPONSE:**

Plaintiff objects to this interrogatory for the following reasons:

1. Plaintiff objects to the entirety of this interrogatory because it is not reasonably calculated to lead to the discovery of admissible evidence.

2. This interrogatory goes beyond the scope of this lawsuit and is therefore irrelevant.

3. The only possible purpose of this request is to harass and cause hardship to plaintiff.

**INTEROGATORY NO. 7:** Please identify, describe the role, and provide the contact information, including current address, phone number, and email address, for all Veritas employees, representatives, or agents who attended the Self Insurance Institute of America conference held in Austin, Texas in October 2021.

   **RESPONSE:**

Plaintiff objects to this interrogatory for the following reasons:

1. The interrogatory seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

2. The interrogatory contains several compound and conjunctive questions.

Page 5 – RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF

**EXHIBIT 3**
**Page 5 of 10**

3. The interrogatory seeks information in the possession of, known to, or otherwise equally available to defendant.


**INTERROGATORY NO 8:**  Please identify and provide contact information for all witnesses to the events occurring at the Self Insurance Institute of America conference held in Austin, Texas in October 2021.alleged in ¶¶ 7,8,9 of Plaintiffs Complaint, including, but not limited to all those present in the Marriot Hotel Bar.

      **RESPONSE:**

Plaintiff objects to this interrogatory for the following reasons:

1. The interrogatory is overly broad and unduly burdensome and contains a compound and conjunctive question.

2. The interrogatory seeks information from third parties about information not within plaintiff's possession, custody, control, or personal knowledge.

3. The interrogatory requests information that will not be known until after additional discovery is completed.

The following is a list of those persons known at this time:

- Shane Barnes (sbarnes@veritasallies.com) (503) 610-0080

- David Vizzini (dvizzini@veritasallies.com) (503) 610-0080

- Mary Beth Donalson (marybeth@dbainc.org) (844) 200-7422

- Mickey Warhola (Mwarhola@veritasallies.com)

- Joshua Bailer (Jbailer@veritasallies.com) (503) 610-0080

- Sharon Snyder (ssnyder@veritasallies.com) (503) 610-0080

- Luanne Gentilini (Luanne.gentilini@rockymaountainadministrators.com)

- Preston Bostrom (preston.bostrom@rockymountainadministrators.com)


Page 6 – RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF

**EXHIBIT 3**
**Page 6 of 10**

**INTERROGATORY NO. 9:**  Please provide the contact information, including the current work address, work phone number, work email address, home address, home phone number, and personal email address for Ms. Jean Gordon.

**RESPONSE:**

Respectfully submitted this 19th day of August, 2022.


ENGRAV LAW OFFICE LLP

*s/ Grant T. Engrav*
GRANT T. ENGRAV, OSB No. 133517
Grant@engravlawoffice.com
Telephone: (971) 339-2737
Facsimile: (971) 275-1218

Attorneys for Plaintiff

Page 7 – RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF

**EXHIBIT 3**
**Page 7 of 10**

Page 8 – RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO
PLAINTIFF

**EXHIBIT 3**
**Page 8 of 10**

# VERIFICATION BY PARTY

Pursuant to Fed. R. Civ. P. 33(b) and 28 U.S.C. § 1746, I, **David Vizzini** declare under penalty of perjury that, I am the CEO for Veritas Allies LLC.  I have read the foregoing responses, know the contents thereof, and believe the same to be true and accurate, to the best of my knowledge and belief.

Date: 8/19/2022

DocuSigned by:

*David Vizzini*

143F160B9A60434...

Title: CEO

Page 9 – RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF

**EXHIBIT 3**
**Page 9 of 10**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 19, 2022, I served the preceding **Response to Defendant's First Interrogatory** on:

>        Philip Nelson, OSB No. 013650
>        phil@slindenelson.com
>        Keith A. Pitt, OSB No. 973725
>        keith@slindenelson.com

\_\_\_\_By mailing a true and correct copy thereof by U.S. Postal Service, ordinary first-class mail, addressed to each attorney's last known address and depositing in the U.S. mail at Portland, Oregon on the date set forth above;

\_\_\_\_By mailing a true and correct copy thereof by U.S. Postal Service, certified mail, return receipt requested, addressed to each attorney's last-known address and depositing in the U.S. mail at Portland, Oregon on the date set forth above;

\_\_\_\_By causing a true and correct copy thereof to be hand-delivered to the above-mentioned attorney's last known office address on the date set forth above;

\_\_\_\_By sending a true and correct copy thereof by overnight courier, addressed to each attorney's last known office address on the date set forth above;

\_\_\_\_By faxing a true and correct copy thereof to each attorney at each attorney's last known facsimile number on the date set forth above.  At the time of service the attorney maintained a facsimile device at the attorney's office and the device was working at the time of service. Attached to this Certificate of Service is a printed confirmation of receipt of the message generated by my office's facsimile transmitting machine.

 X   By emailing a true and correct copy thereof to each attorney at each attorney's email address. Prior to service, the attorney's had agreed in writing to accept service via email.

Dated this 19th day of August 2022.

>        **ENGRAV LAW OFFICE, LLP**
>
>        By:  /s/ Grant T. Engrav
>        Grant T. Engrav, OSB No. 133517
>        Of Attorney for Plaintiff

Page 1 – CERTIFICATE OF SERVICE

**EXHIBIT 3**
**Page 10 of 10**



Home    About    Why Self-Fund?    Shared Savings Program    Price Transparency    Contact Us    Members    Providers



## About Us

Leading Edge Administrators is a Third Party Administrator of medical benefits with deep backgrounds in Underwriting, Finance, Information Technology, and Actuarial Sciences.

Leading Edge was formed in April 2010 with the goal of offering a wider array of options to Plan Sponsors responsible for the efficient operation of their plans. To achieve this, we set out to become an independent payer-advocate with the flexibility to truly act in the best interests of our clients - avoiding the inherent conflicts of carrier-owned TPAs, or ASO relationships (where the network is the TPA).

We have relationships with almost all the major national networks (Aetna, Anthem, Cigna, First Health, Multiplan, etc.) as well as regional networks. This access gives us the ability to select the network which best matches the needs of each client, allowing us to find that "sweet spot" of the right combination of cost containment and participant coverage.

Built from the ground up on leading edge proprietary auditing and claims processing technology, our Health Benefits Administration is administered by experts unequalled in the business. To meet our clients' coverage needs, as well as their bottom line, Leading Edge provides the access, services, and pricing of a large company, while maintaining the intimate, highly responsive level of customer service that is part of our DNA.

Our first client was a Taft-Hartley union benefit fund, with over 300 participating employers and seven plan designs across nearly 3,000 employee lives.

Since then, our family of valued clients has grown to almost 100 self-insured entities, representing tens of thousands of insured lives, in a wide range of businesses from educational institutions, to home furnishing manufacturers, environmental testing companies, home health care agencies, and even a poultry farm.

## LEADING EDGE



Leading Edge Administrators has SOC2 accreditation, the same security rating given to the large carriers.

| Corporate Headquarters | Tampa Location |
|---|---|
| 14 Wall Street, Suite 5B | 8162 Woodland Center Blvd. |
| New York, NY 10005 | Tampa, FL 33614 |

© 2022 Leading Edge Administrators. All Rights Reserved. Privacy Statement

Corporate Headquarters: 14 Wall St.—Ste. 5B, New York, NY 10005

Tampa Office: 8162 Woodland Center Blvd., Tampa, FL 33614



**EXHIBIT 4**
**Page 1 of 1**

# EXHIBIT 5

# FILED UNDER SEAL

# Business Registry Business Name Search

## Business Entity Data

New Search

04-15-2023
21:57

| Registry Nbr | Entity Type | Entity Status | Jurisdiction | Registry Date | Next Renewal Date | Renewal Due? |
|---|---|---|---|---|---|---|
| 1490775-96 | DLLC | ACT | OREGON | 10-29-2018 | 10-29-2023 | |
| **Entity Name** | EQUITAS DX LLC | | | | | |
| **Foreign Name** | | | | | | |

## Associated Names

New Search

| Type | PPB | PRINCIPAL PLACE OF BUSINESS | | |
|---|---|---|---|---|
| **Addr 1** | 7140 NW SKYLINE BLVD | | | |
| **Addr 2** | | | | |
| **CSZ** | PORTLAND | OR | 97229 | **Country** UNITED STATES OF AMERICA |

*Please click here for general information about registered agents and service of process.*

| Type | AGT | REGISTERED AGENT | | **Start Date** | 10-29-2019 | **Resign Date** | |
|---|---|---|---|---|---|---|---|
| **Name** | DAVID | | VIZZINI | | | | |
| **Addr 1** | 7140 NW SKYLINE BLVD | | | | | | |
| **Addr 2** | | | | | | | |
| **CSZ** | PORTLAND | OR | 97229 | | **Country** | UNITED STATES OF AMERICA | |

| Type | MAL | MAILING ADDRESS | | |
|---|---|---|---|---|
| **Addr 1** | 7140 NW SKYLINE BLVD | | | |
| **Addr 2** | | | | |
| **CSZ** | PORTLAND | OR | 97229 | **Country** UNITED STATES OF AMERICA |

| Type | MEM | MEMBER | | **Resign Date** | |
|---|---|---|---|---|---|
| **Name** | SHANE | | BARNES | | |
| **Addr 1** | 3765 FAIRHAVEN DRIVE | | | | |
| **Addr 2** | | | | | |
| **CSZ** | WEST LINN | OR | 97068 | **Country** UNITED STATES OF AMERICA | |

| Type | MGR | MANAGER | | **Resign Date** | |
|---|---|---|---|---|---|
| **Name** | DAVID | | VIZZINI | | |
| **Addr 1** | 8708 NW TERRACEVIEW CT | | | | |
| **Addr 2** | | | | | |
| **CSZ** | PORTLAND | OR | 97229 | **Country** UNITED STATES OF AMERICA | |

**EXHIBIT 6**
**Page 1 of 2**

Business Registry Business Name Search                          https://egov.sos.state.or.us/br/pkg_web_name_srch_inq.show_detl?p_be...

New Search                    Name History

| Business Entity Name | Name Type | Name Status | Start Date | End Date |
|---|---|---|---|---|
| EQUITAS DX LLC | EN | CUR | 10-29-2018 | |

Please read before ordering Copies.

New Search                  Summary History

| Image Available | Action | Transaction Date | Effective Date | Status | Name/Agent Change | Dissolved By |
|---|---|---|---|---|---|---|
| | AMENDED ANNUAL REPORT | 10-19-2022 | | FI | | |
| | AMENDED ANNUAL REPORT | 09-13-2021 | | FI | | |
| | AMENDED ANNUAL REPORT | 10-26-2020 | | FI | | |
| | AMENDED ANNUAL REPORT | 10-29-2019 | | FI | Agent | |
| | ARTICLES OF ORGANIZATION | 10-29-2018 | | FI | Agent | |

© 2023  Oregon Secretary of State.  All Rights Reserved.

4/15/23, 9:58 PM

**EXHIBIT 6**
**Page 2 of 2**